United States District Court
Southern District of Ohio
Western Division
Cincinnati, Ohio

Darlington Amadasu,

    Plaintiff,

vs.

Mercy Franciscan Hospital, et al.,

    Defendants.

Case No. C-1-01-182

Judge Spiegel/Magistrate Judge Black

**SUPPLEMENTAL RULE 26(f) REPORT OF THE PARTIES**

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>May 11, 2006</u>, and was attended by:

   Plaintiff Darlington Amadasu, *pro se* ("Plaintiff")

   Karen A. Carroll, Counsel for Defendants Mercy Franciscan Hospital-Western Hills, Mercy Franciscan Hospital-Mt. Airy, Steven Grinnell, Charles Lobeck, June Bronhert, n/k/a/ (Gatzke), Judy Daleiden, Connie McCoy and Jane(s) Doe(s) Nurses Mercy Franciscan Hospital-Mt. Airy ("Mercy Defendants")

   Jennifer O. Mitchell, Counsel for Defendant Ravi B. Berry, M.D. ("Dr. Berry")

2. **The parties:**

   <u>Defendants state</u> that they have exchanged the discovery disclosures required by Rule 26(a)(1) and did so on the following dates: (1) Mercy Defendants: <u>July 6, 2001</u> (and thereafter supplemented); (2) Dr. Berry: <u>July 3, 2001</u>. *Plaintiff objects.*

   ** <u>Plaintiff states</u> that Defendants have not provided all of the disclosures required by Rule 26(a)(1). Plaintiff proposes Defendants provide the required disclosures on or before <u>June 30, 2006</u>. Defendants object and state that *initial and* supplementation is not necessary because they have fully complied. *Plaintiff states that complied. Supplementation are necessary because Defendants have not*

   <u>Defendants state</u> that Plaintiff has not provided all of the disclosures required by Rule 26(a)(1). Plaintiff provided some disclosures on <u>July 23, 2001</u> and <u>August 9, 2001</u>, but these were deficient. Plaintiff still owes initial disclosures to satisfy Rule 26(a)(1)(B) and (C) and, in the past, refused to provide Defendants with authorizations. Defendants propose Plaintiff provide the required disclosures on or before <u>June 30, 2006</u>. Defendants also propose that, if Plaintiff fails to do so, this case be dismissed for failure to prosecute. *Plaintiff objects and states defendants' propositions is inappropriate and violates the Civil Rules & due process*

MAY 22 PM 2:44

\*\* Plaintiff objects and states that he has provided all of the disclosures required by Rule 26(a)(1) and that he did so on <u>July 23, 2001</u> and <u>August 9, 2001</u>.

3. **Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:**

Defendants recommend <u>October 1, 2001</u> (as previously set by the Court). *Plaintiff objects*

Plaintiff requests that this date be reopened. Defendants object to Plaintiffs' request.

4. **Recommended Discovery Plan:**

   1. Describe the subjects on which discovery is to be sought and the nature and extent of discovery that each party needs to: (1) make settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:

      Plaintiff's partial requests from the Mercy Defendants are:

      a. Published qualifications for positions of (i) ultrasound technologist, (ii) echo tech, and (iii) Regional Director of Epidemiology.
      b. Published qualifications for second-year family practice resident position.
      c. All documents respecting McCoy job interview of Plaintiff.
      d. All documents respecting Daleiden job interview of Plaintiff.
      e. All document respecting Plaintiff doing and passing employment Echo scanning test.
      f. All documents respecting communications between McCoy and Daleiden relating to Plaintiff.
      g. All documents respecting communications between McCoy and Daleiden and the hiring manager relating to Plaintiff.
      h. All documents respecting communications between hiring manager and vice-president of the human resources relating to Plaintiff.
      i. All documents respecting communications between the Hospital and the purported Crisis Stabilization Center relating to Plaintiff's transfer thereto.
      j. List and identification of specific witnesses with names, titles, positions, addresses and subjects of testimonies.
      k. The Hospital's policy and procedures on informed consent.
      l. The Hospital's policy and procedures on transfer and referral of patients.
      m. Copies of insurance policies that will be used to cover damages.

Plaintiff's partial requests from Dr Berry are:

    a. All records of communications between Berry and transferee physician of the purported Crisis Stabilization Center regarding transfer of Plaintiff by Berry.
    b. Copies of diplomas and or certificates from all educational and professional institutions attended.
    c. Copies of all licenses to practice medicine from Ohio and other states or countries where licensed.
    d. All of Berry's tax returns, with schedules, for years 1990 to the present.
    e. List and identification of specific witnesses with names, titles, positions, addresses and subjects of testimonies.
    f. All records of communications between Berry and the Hospital relating to Plaintiff.
    g. Copy of Plaintiff's signed informed consent for transfer to the purported Crisis Stabilization Center.
    h. Documents reflecting all that you told Plaintiff in order for him to make informed consent for transfer to Crisis Stabilization Center.

Defendants collectively request from Plaintiff the following:

    a. Identification of all lawsuits in which Plaintiff has been a party from 1990 to present.
    b. All correspondence between Plaintiff and Defendant hospitals regarding Plaintiff.
    c. All correspondence between Plaintiff and any other individual or entities related to issues in this case.
    d. Identification of all of Plaintiff's employers, educational facilities and health care providers from 1990 to the present.
    e. All documents related to Plaintiff's employment from 1990 to the present, including but not limited to wage records and personnel records.
    f. All records reflecting health care provided to Plaintiff from 1990 to the present, including but not limited to records of charges for same and related payment information.
    g. All records relating to Plaintiff's education received from 1990 to the present, including but not limited to medical residency training.
    h. All of Plaintiff's tax returns, with schedules, for the years 1990 to the present.
    i. Complete responses to the discovery requests previously served on Plaintiff, including authorizations so Defendants may obtain relevant documents on their own.
    j. All documents relating to and an itemization of Plaintiff's income from every source from 1990 to present, including income from disability payments and other financial assistance received by Plaintiff.

3

The parties reserve their respective rights to object to certain of these requests for discovery.

2. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the S.D. Ohio Civ. Rules, including the limitations to 25 interrogatories, 40 requests for admissions, and the limitation of ten depositions, each lasting no more than one seven-hour day?

Defendants state that the standard limitations on interrogatories and requests for admissions are appropriate. Plaintiff request 40 interrogatories per defendant. Defendants object to this request.

The parties agree that more than ten depositions will be needed per party, as the number of witnesses identified by the parties in their initial disclosures exceeds that number, such that the number of depositions should equal the number of witnesses identified. *Plaintiff objects to repeated or redundant depositions because Berry and Hospital defendants had deposed [plaintiff]* In addition, Defendants believe that certain depositions are likely to exceed one seven-hour day; in particular, the deposition of Plaintiff will last longer, given the number of claims asserted, the manner in which Plaintiff's first deposition session progressed, the evasiveness of Plaintiff's responses to questions asked, and Plaintiff's unwillingness to provide relevant documents or authorizations so that Defendants might obtain such documents. *Plaintiff objects.*

*NB by Berry and hospital defendants and Plaintiffs again.*

Plaintiff objects and will not accept any deposition that goes beyond 7 hours. Plaintiff "will not accept any abuse or misuse of the deposition or Defendants asking questions to harass him." *Plaintiff will not accept a deposition of Maunty by Berry and the hospital defendants collectively or singly.*

3. Additional recommended limitations on discovery:

All information designated by the parties as "confidential" shall be used only for the purposes of this case.

4. Describe the areas for which expert testimony is expected and indicate whether each expert will be specially retained within the meaning of Fed. R. Civ. P. 26(a)(2).

Plaintiff has identified no primary experts to testify in this case. *Plaintiff objects. Plaintiff will identify experts.*
Defendants anticipate their experts will testify on: 1) standards of care by hospitals, nurses and/or physicians rendering psychiatric care; 2) causation issues raised by Plaintiff; 3) damage issues raised by Plaintiff; and 4) qualifications for employment positions at issue in this case.

4

It is Defendants' position that Plaintiff should not be permitted to identify any primary experts in this case, as his deadlines for doing so passed under the Court's prior calendar order.

Plaintiff objects. It is Plaintiff's position that he should be permitted to identify and will identify experts to testify on: 1) standards of care by hospitals, nurses and/or physicians rendering psychiatric care; 2) policies and procedures regarding transfer of a patient from one facility to another; 3) ethics in psychiatric care; 4) protection of a patient; and 5) issues of patient informed consent.

5. **Recommended date for identifying primary experts:**

Defendants recommend: Plaintiff - <u>November 30, 2001</u>; Defendants - <u>March 15, 2002</u> (as previously set by the Court). *plaintiff objects.*

Plaintiff recommends: Plaintiff - <u>June 30, 2006</u>. Defendants object; however, if Plaintiff is allowed additional time to identify primary experts, Defendants' deadline for identifying primary experts should be 60 days after Plaintiff's, or <u>August 30, 2006</u>.

6. **Recommended date for producing primary expert reports:**

Defendants recommend: Plaintiff - <u>January 15, 2002</u> (as previously set by the Court); Defendants - <u>June 30, 2006</u> (as the Court's prior deadline of April 15, 2002, had not expired as of the date this case was stayed). *plaintiff objects*

Plaintiff recommends: Plaintiff - <u>August 15, 2006</u>. Defendants object; however, if Plaintiff is allowed additional time to produce primary expert reports, Defendants' deadline for producing reports should be <u>October 13, 2006</u>.

7. **Recommended date for identifying rebuttal experts:**

Defendants recommend: Plaintiff - <u>June 30, 2006</u>; Defendants: <u>August 30, 2006</u>.

Plaintiff recommends: Plaintiff - <u>September 29, 2006</u>; Defendants object; however, if Plaintiff is given until September 29, 2006, Defendants' deadline for identifying rebuttal experts should be <u>November 22, 2006</u>.

8. **Recommended date for producing rebuttal expert reports:**

Rebuttal expert reports be produced on the date of rebuttal expert identification for each side.

9. **Recommended discovery cut-off date:**

Defendants recommend: <u>November 17, 2006</u> (if none of Plaintiffs' requested deadlines are adopted). Plaintiff objects.

5

Plaintiff recommends: <u>January 30, 2007</u>. Defendants object.

5. **Recommended Dispositive Motion Deadline date:**

   Defendants recommend 60 days after the discovery cut-off date or <u>January 15, 2007</u>; or, if Plaintiffs' requested deadlines are adopted, <u>March 30, 2007</u>.

   Plaintiff objects to dispositive motions and requests trial. If the Court sets a dispositive motion deadline, Plaintiff requests an evidentiary hearing on any motion.

6. **Final pretrial conference and trial dates shall be set by the office of Judge Spiegel after all dispositive motions are ruled on.**

7. **Other matters for the Court:**

   Defendants raise the following additional matters for the Court's consideration and resolution:

   1. Plaintiff has refused to sign authorizations allowing Defendants to seek his records from health care providers, employers, tax authorities, the Social Security Administration, educational institutions (in connection with his purported medical training), and workers compensation bureaus; thus, Defendants request the Court's assistance in obtaining same or providing orders requiring the production of such records.

   2. Plaintiff has been non-cooperative with discovery in the past. Defendants are looking to the Court for its assistance in moving this case toward resolution, either by an order putting Plaintiff on notice that his case will be dismissed for any continued failure to cooperate and/or prosecute his case or otherwise, as the Court deems appropriate under the circumstances.

   Plaintiff objects and raises the following additional matters for the Court's consideration and resolution:

   1. Defendants have refused to provide proper identification and list of witnesses that they expect to testify and on what subject matters.

   2. Defendants have been non-cooperative with disclosures and discovery in the past. Therefore, Plaintiff requests to the court to put defendants on notice that their answers will be stricken and default judgment entered against them should they continue to fail to cooperate fully and completely in discovery and should they violate any of the Rules of Procedures and court Orders.

   Defendants object and state that they have fully complied with the required disclosures under Rule 26(a)(1) and that Plaintiff has not served any discovery to which Defendants have not fully and appropriately responded. Defendants further object and state that Plaintiff's request that the Court put them on notice (as indicated above) is inappropriate and improper under the Civil Rules.

The parties agree they may also need a protective order entered for the protection of information designated "confidential" by the parties.

SIGNATURES:
Plaintiff, *Pro Se*

_____

Attorneys for Defendants:

*Jennifer O. Mitchell* (No agreement as to the handwritten additions by Plaintiff. JOM)

Deborah R. Lydon, Esq.
Ohio Bar # 0013322
Jennifer Orr Mitchell, Esq.
Ohio Bar # 0069594
Trial Attorneys for Defendant Dr. Berry

*Karen A. Carroll* / JOM (by consent 5/22/06) (No agreement as to the handwritten additions by Plaintiff. KAC / JOM)

Karen A. Carroll, Esq.
Ohio Bar # 0039350
Trial Attorney for the Mercy Defendants

### CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing has been forwarded via regular U.S. mail, postage prepaid, this 23rd day of May 2006, to the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
*Plaintiff, pro se*

Karen A. Carroll, Esq.
Kohnen & Patton, LLP
201 E. Fifth St., Suite 800
Cincinnati, OH 45202
*Trial Attorney for the Mercy Defendants*

_____
Jennifer O. Mitchell

7