**Expert Report of Darlington Amadasu, MS, MD, MPH, RDMS.**
*Amadasu v. Mercy Franciscan Hospital - Western Hills, et al.*
U.S. District Court, S.D. Ohio, Western Div., Case No. C-1-O1-182
June 26, 2006

## I.   INTRODUCTION AND QUALIFICATIONS

I am a general and family medicine practitioner, Board-eligible occupational and environmental medicine physician; and a board-certified sonographer. I have been engaged in both private and employed practice of general and family medicine, primary care psychiatry, inpatient and out patient psychiatric care in Nigeria and in the United States from 1980 to 1998. I have education, training and over 10 years of experience in the field of psychiatric care. Currently, I am preparing for my board certification. I was an associate medical director of Abua Nwaefuna Medical Centre, Lagos, Nigeria, and a staff physician of Mesmer (Psychiatric) hospital, Lagos, Nigeria. Attached as Exhibit 1 is a copy of my Curriculum Vitae.

I am very familiar with the claims being made against the defendants, Mr. Berry, Psychiatrist and the hospital in the above-captioned lawsuit and the claims being asserted by me against them. I am qualified to render expert opinions in this matter with regard to the medical and psychiatric treatment; transfer of patient; informed consent; respect; federal, state and the hospital mental patient/patient bill of rights; and confidentiality issues raised in this matter and I am prepared to render expert opinions on the following topics:

(1) The emergency, medical and psychiatric care and treatment rendered to me while I was an emergency patient and inpatient at Mercy Franciscan Hospital at Western Hills and Mt. Airy, in April 2000;

(2) The standard of care applicable to emergency and inpatient care in general and to my presentation in April 2000, in particular;

(3) Whether the care and treatment rendered to me by Mr Ravi B. Berry and the hospital was within the applicable standard of care;

(4) Whether the standard or requirements of informed consent/refused were satisfied

(5) Whether the standard of patient referral and transfer was satisfied when I was transferred to the Crisis Stabilization Center

(6) My experience of the operation of the Crisis Stabilization Center and whether it was the proper facility for me;

(7) Whether my referral to the Crisis Stabilization Center was appropriate when considering my psychiatric condition vis-à-vis the psychiatric conditions of the type of patients met to belong there.

(7) Whether my claimed damages are likely to be attributable to the care and

treatment by Mr Berry and the hospital while at Mercy Franciscan Hospital, Western Hills and Mt. Airy in 2000; and

(9) The standard for maintaining the confidentiality of psychiatric patients' conditions, information and medical records in the state of Ohio.

(10) Whether Mr Berry and the hospital afforded me my due federal, state and the hospital patient bill of rights

Based upon my education, training and experience in the field of medicine in general and psychiatry in particular, the facts of which I have personal firsthand knowledge, and the facts I have learned from my review of the materials described below, I am qualified to render expert opinions on these subjects. All of the opinions stated in this report are made to a reasonable degree of medical/psychiatric certainty.

## II. DATA AND OTHER INFORMATION CONSIDERED

In preparing my opinions in this case, I considered information personally known by me as a result of being the patient who received the treatment in April 2000. I also obtained factual information as to my course of treatment by reviewing the documents described in Exhibit, which include, among others, those medical records pertaining to me that were available to me. The medical records consist of medical records from defendant hospital and comparable medical records from the Tri-Health Hospital pertaining to my comparable inpatient psychiatry treatment there in 2002. The Bye Laws, Rules and Regulations, Policies and Procedures The Mercy Hospital.

## III. **OPINIONS**

1. Standard of Care

    The care and treatment rendered to me in April 2000 deviated from the applicable standard of care. Given the nature of my conditions, the treatment plan developed for me, and the length of my emergency room and in-patient stay at Mercy Franciscan Hospital (MFH), Western Hills and Mt. Airy, my care and treatment was outside the applicable standard of care. I base this conclusion on the comparison of care and treatment I received from Mercy Franciscan Hospital and Mr Berry on one hand and from Tri-Health Hospital and its psychiatrist on the other hand, my review of my available medical records, and partially, practice guidelines, ethical standards, bills of rights, MFH-policies and procedures, clinical texts, clinical literatures, clinical journal articles, medical websites, and my education, training, and experience in the field of medicine including psychiatry.

2. Crisis Stabilization Center ("CSC")

      The Crisis Stabilization Center was an inappropriate facility to which they could have transferred me. No documentation of nature, form, mode or means of transfer from MFH to CSC

3. Informed-Refused or Consent To Transfer To Crisis Stabilization Center
   There is no informed consent in the medical records, as the medical records do not reflect any documented informed consent to be transferred to CSC. The MFH and Mr Berry failed to follow the standards for transfer of patients prescribed in (a) MFH's Byelaws, Rules, Regulations, Policies and Procedures, (b) in medical texts, clinical journals and treatise, (c) EMTALA, (d) COBRA, etc.

4. Rights of Mental Health Patients
   My rights as a mental health patient were violated, in my opinion.

5. Referral
   Medical records do not reflect any documentation of referral from Mr Berry and MFH to a psychiatrist and CSC

6. Proximate Cause
   The records do support causal link between claimed injuries and the care and treatment rendered to me.

7. Medical Records Confidentiality
   Documents in this case support my allegations applicable confidentiality standards were breached.

8. Medical Records Documentation
   Medical records incomplete and or improper

IV. **PROFESSIONAL FEES**
I am not charging for my review and testimony as an expert witness in this case.

V. **PRIOR TESTIMONY**
I have not testified as an expert witness, either at trial or by deposition, in the past 8 years.

                                            Respectfully submitted,

                                            Darlington Amadasu, MD, MPH