**B**

Case 1:01-cv-00182-SAS-TSB    Document 59-5    Filed 08/30/2006    Page 1 of 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARLINGTON AMADASU, pro se | : Case No.: C-1-01-182 |
| Plaintiff, | : |
| v. | : Judge Spiegel/Mag. Sherman |
| | : PLAINTIFF AMADASU'S RESPONSE TO |
| MERCY FRANCISCAN HOSPITAL - WESTERN HILLS, et al. | : **DEFENDANT RAVI B. BERRY, M.D.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST REQUESTS FOR ADMISSIONS TO** |
| Defendants. | : **PLAINTIFF DARLINGTON AMADASU** |

Defendant Ravi B. Berry, M.D., by his attorneys and pursuant to Fed. Rules Civ. Pro. 34 and 36, hereby serves on Plaintiff Darlington Amadasu the following Requests for Production of Documents and Requests for Admissions which must be responded to, in writing, within thirty (30) days. Please send copies of the documents requested to Defendant's counsel at her address below.

### Instructions and Definitions

The following instructions and definitions are applicable for purposes of these discovery requests:

a. "You" and "your" and "Plaintiff" refer to the Plaintiff, Darlington Amadasu, to whom these requests are directed, and includes all agents, representatives and/or attorneys of the Plaintiff.

b. "Defendants" refers, collectively, to all Defendants named by Plaintiff in the above-captioned matter, including Mercy Franciscan Hospital-Western Hills, Mercy Franciscan Hospital- Mt. Airy, Steven Grinnell, June Bronhert, Judy Daleiden, Connie McCoy, Charles Leubeck, and Ravi B. Berry, M.D.

c. "Defendant Berry" refers to Ravi B. Berry, M.D.; "Defendant Grinnell" refers to Steven Grinnell; "Defendant Bronhert" refers to June Bronhert; "Defendant Daleiden" refers to Defendant Judy Daleiden; "Defendant McCoy" refers to Connie McCoy; and "Defendant Leubeck" refers to Charles Leubeck.

d. "Defendant hospitals" refers to Mercy Franciscan Hospital-Western Hills and Mercy Franciscan Hospital-Mt. Airy.

e. "Defendant Mt. Airy" refers to Mercy Franciscan Hospital-Mt. Airy.

f. "Defendant Western Hills" refers to Mercy Franciscan Hospital-Western Hills.

g. The term "documents" means any document or thing including, but not limited to, records, writings, notes, letters, correspondence, memoranda, microfilms, drawings, graphs, charts, tape recordings, data stored in a computer, computer run or printout, photographs, phonorecords, video recordings, and every other data compilation from which information can be obtained.

h. Please furnish all documents available to you or within your control, including any documents in the possession of agents, attorneys, or any other person acting on your behalf.

i. You are required to utilize all available resources to provide answers to these Requests for Admissions, including all information in your possession and/or in the possession of agents, attorneys, or any other person acting on your behalf.

j. If you deny and/or object to any of the Requests for Admissions, please state in detail the reasons why you cannot truthfully admit or deny the matter or why you object to the request.

k. These discovery requests are continuing in nature and require supplementation as additional information becomes known to you and/or your agents, attorneys, or any other person(s) acting on your behalf.

NB: PLAINTIFF RESERVES THE RIGHT TO WITHDRAW, MODIFY OR RESCIND HIS RESPONSES TO THIS AND OTHER DISCOVERIES.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Please identify and produce copies of any transcripts in which you have given testimony, from 1990 to the present, including but not limited to testimony in depositions, trials, court hearings, administrative hearings, and/or other proceedings.

**RESPONSE:**
Objection: overbreadth, burdensome.

Plaintiff has no copies. Inasmuch as you know them to be public records you could easily obtain same.

2. Please produce all correspondence between you and Defendants.

**RESPONSE:**
PL00006, PL00007, PL00008, PL00009, PL000I0, PL000II, You already have these. As when others are identified They will be supplemented.

3. Please produce all correspondence between you and any other individual or entity, to the extent such correspondence is related to any issue involved in this case.

**RESPONSE:**
As and When discovered or identified will be presented.

4.  Please identify and produce each and every document that in any way relates to your past and present employment, from 1990 to the present, including but not limited to wage records and personnel records.

**RESPONSE**:

    Objection by reason of overbreadth and irrelevant to issues at bar

5.  Please identify and produce each and every document that in any way relates to your formal education from 1990 to the present, including but not limited to any medical residency programs or internships in which you were enrolled or for which you applied.

**RESPONSE**:

    Objection by reason of overbreadth and burdensome However, PL00022 - A copy of A degree of Master of Public Health (Univ. Utah) PL00023  Acopy of Residency diploma (Univ. Cincinnati, Ohio)

 are hereto supplied

6.  Please identify and produce all records reflecting health care provided to you from 1990 to the present, including but not limited to all medical records, records of charges for health care, and related payment information.

**RESPONSE:** Objection, overbreadth and privileged
You already had medical records Mercy Mt. Airy and Westernhill relating to the claims and issues at bar. Record of Charges from Mercy you could easily obtain from your client(s). Payments are made by third parties payors.

7.  Please identify and produce each and every document which shows any effort by you to mitigate your damages, and the results of those efforts, in connection with the allegations set forth in Plaintiff's Complaint, including but not limited to all correspondence, inquiries, notes of telephone conversations, or other documentation related to such efforts.

**RESPONSE**: Objection:overbroad, burdenson, oppressive , however documents identified as PL00024 - PL00050 are annexed hereto.

8. Please provide all documentation relating to each and every item of damages allegedly incurred by you in connection with the allegations contained in Plaintiff's Complaint.

**RESPONSE**:
Objection: vague and ambiguous

9. Please produce each and every Exhibit you intend to introduce at the trial of this matter.

**RESPONSE**:
Refer to Plaintiff's initial and subsequent discovery documents, as well as these hereto annexed.
As and when other documents are identified including but not limited to those in defendants' possessions as well as those in their attorneys' possession they will be presented.

10. Please produce all documents relating to any insurance applicable to your hospitalization at issue in this case.

**RESPONSE**:
Medicare only

11. Please produce each and every document in your possession, custody or control related to Defendant hospitals, Defendant Berry, and/or any affiliated individual or entity, including but not limited to all documentation that in any way supports your answers to the Interrogatories propounded upon you by co-Defendants in this case, to the extent such documents have not previously been provided.

**RESPONSE**:
Objection
No interrogatories received or responded to yet

12. Please produce all of your tax returns, with schedules, for the years 1990 to the present.

**RESPONSE:**
```
Objection, overbreadth and irrelevant. However,
No tax returns in my posseesion
```

13. Please produce all expert reports obtained by you in connection with the allegations set forth in Plaintiff's Complaint.

**RESPONSE:**
```
Pending
```

14. Please produce each and every document related to any charges of discrimination you filed with the U.S. Equal Employment Opportunity Commission and Ohio Civil Rights Commission from 1990 to the present.

**RESPONSE:**
```
Objection; overbreadth,too'fishy'. However you already
had the one relating to the issues at bar in this action
```

15. Please sign the attached authorizations so that Defendants may obtain copies of your complete records that are related to the allegations in Plaintiff's Complaint.

**RESPONSE:**
```
Objection: You already had multiple signed authorizations
to obtain medical records pertinent and relevant to this
case. Other records are privileged.
```

# REQUESTS FOR ADMISSIONS

1. Admit that Defendants were not negligent in any respect with regard to their care and treatment of you.

**ANSWER:** Objection argumentative:

No admission

2. Admit that Defendants did not breach any applicable standard of care in connection with services provided you.

**ANSWER:** Objection argumentative

No admission

3. Admit that no act or omission of Defendants proximately caused any injury to you.

**ANSWER:** Objection argumentative

No admission

4. Admit that Defendants have no liability for any of the allegations contained in Plaintiff's Complaint.

**ANSWER:** Objection argumentative

No admission

5. Admit that you have no valid claim against any of the Defendants named in Plaintiff's Complaint.

**ANSWER:** Objection argumentative
No admission

6.  Admit that you have no evidence to support any of Plaintiff's allegations against Defendant Berry, as set out in Paragraphs 19, 20, and 21 of Plaintiff's Complaint.

**ANSWER:**  Objection argumentative
             No admission

7.  Admit that you have no evidence to support Plaintiff's allegation in Paragraph 14 of Plaintiff's Complaint that Plaintiff was not hired by Defendant Mt. Airy "because of his race, age, disability, heavy African accent, national origin and place of medical education."

**ANSWER:**  Objection argumentative:
             No admission

8.  Admit that you have no evidence to support Plaintiff's allegations in Paragraph 16 of Plaintiff's Complaint that Plaintiff "received one of the worst standard of care, was starved, and subjected to research program without his consent" at Defendant Western Hills and that Defendant Western Hills "neglected and failed to inform plaintiff the nature of the inpatient facility he was being transferred to."

**ANSWER:**  Objection argumentative
             No admission

9.  Admit that you have no evidence to support Plaintiff's allegations in Paragraph 18 of Plaintiff's Complaint that "while on admission in the worst restricted and most hostile environment, Mercy-Mt. Airy, its staff, doctors, nurses, servants and employees subjected plaintiff to the worst humiliation, ridicules, abuses, neglect, assault, starvation, harassment, inhumane and disrespectful treatment, as well as violated plaintiff's rights."

**ANSWER:**  Objection argumentative
             No admission

10. Admit that you have no evidence to support Plaintiff's allegations against Defendant Mt. Airy, as set out in Paragraphs 22 and 23 of Plaintiff's Complaint.

**ANSWER:**   Objection argumentative:

   No admission

11. Admit that you were not qualified for any of the positions for which you allege to have applied at Defendant Western Hills on or about August 2000.

**ANSWER:**

   Objection argumentative:

   No admission

12. Admit that you made material misrepresentations of fact to Defendants regarding your qualifications and medical training and experience.

**ANSWER:**   Objection argumentative

   No admission

13. Admit that you have no evidence to support Plaintiff's allegations in Paragraphs 26, 27, and 28 of Plaintiff's Complaint regarding Defendants Daleiden and McCoy.

**ANSWER:**   Objection argumentative:
   No admission

14. Admit that you have no evidence to support Plaintiff's allegations in Paragraph 30 of Plaintiff's Complaint regarding Defendant Leubeck.

**ANSWER:**   Objection argumentative:

   No admission

15. Admit that you have no evidence to support Plaintiff's allegations in Paragraph 34 of Plaintiff's Complaint that "Mercy Partner continued to give several, unsubstantiated, inconsistent, baseless, illegitimate, and conflicting excuses for not complying with the legitimate and lawful request for medical records" and that "they intentionally, negligently, recklessly and deliberately frustrated and distressed plaintiff without justification" and that "they continue to embarrass, ridicule, verbally abuse, make racial slur and epithet at plaintiff without any provocation."

**ANSWER:** Objection argumentative:
No admission

16. Admit that you have no evidence to support Plaintiff's allegations against Defendants, as set out in Paragraphs 36, 37, 38, 39, 40, 41, 42, 43 and 45 of Plaintiff's Complaint.

**ANSWER:** Objection argumentative:
No admission

17. Admit that you have no evidence to support Plaintiff's allegations in Paragraph 47 of Plaintiff's Complaint that "since the incidences plaintiff's health conditions has deteriorated" and that Plaintiff "had suffered and continue to suffer extreme humiliation, aggravation, frustration, depression, mental anguish, flashbacks, nightmares, sleeplessness, weight loss, pain and suffering, etc. as a result of the systematic and a pattern of employment/training discrimination, patient abuse, humiliation, beginning from February 2000, continuing, and culminating through October 2000."

**ANSWER:** Objection argumentative:
No admission

18. Admit that Defendant Berry, Defendant Grinnell, Defendant Bronhert, Defendant Daleiden, Defendant McCoy, and Defendant Leubeck are not state actors and at no time relevant to Plaintiff's Complaint acted under color of state law.

**ANSWER:**
```
Yes admit but upon joinder of appropriate defendant
who is a state actor, the defendant hospitals are
indirectly state actors by virtue of their contractual
affiliations with the direct state actor.
```

19. Admit that you have no evidence to support Count One of Plaintiff's Complaint (Civil Rights Violation) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection argumentative
         No admission

20. Admit that you have no evidence to support Count Two of Plaintiff's Complaint (Intentional Discrimination, Equal Rights, Deprivation of Rights, Privileges, Immunities) as to any of the Defendants named in this lawsuit.

**ANSWER:**
         Objection argumentative:

         No admission

21. Admit that you have no evidence to support Count Three of Plaintiff's Complaint (Conspiracy to Interfere with Civil Rights, and Neglect to Prevent) as to any of the Defendants named in this lawsuit.

**ANSWER:**  Objection argumentative:
         No admission

22. Admit that you have no evidence to support Count Four of Plaintiff's Complaint (Age Discrimination) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection, argumentative:
No admission

23. Admit that you have no evidence to support Count Five of Plaintiff's Complaint (Americans with Disabilities Act) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection argumentative:
No admission

24. Admit that you have no evidence to support Count Six of Plaintiff's Complaint (Federal Mental Health Rights and Advocacy, "Bill of Rights") as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection argumentative:
No admission

25. Admit that you have no evidence to support Count Seven of Plaintiff's Complaint (Violation of the Fourth Amendment) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection argumentative
No admission

26. Admit that you have no evidence to support Count Eight of Plaintiff's Complaint (Violation of the Fifth Amendment) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection argumentative:
No admission

27. Admit that you have no evidence to support Count Nine of Plaintiff's Complaint (Non-Hiring as Violation of State and Federal Public Policy) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection, argumentative:
No admission

28. Admit that you have no evidence to support Count Ten of Plaintiff's Complaint (Violation of HIPAA) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection argumentative:
Unable to respond to this untill further development

29. Admit that you have no evidence to support Count Eleven of Plaintiff's Complaint (Violation of Ohio Civil Rights) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection argumentative:
No admission

30. Admit that you have no evidence to support Count Twelve of Plaintiff's Complaint (Violation of Ohio Disability Discrimination Code) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection, argumentative:
No admission

31. Admit that you have no evidence to support Count Thirteen of Plaintiff's Complaint (Violation of Ohio Mental Health Act) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection argumentative:

No admission

32. Admit that you have no evidence to support Count Fourteen of Plaintiff's Complaint (Violation of Standard of Care) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection argumentative:

No admission

33. Admit that you have no evidence to support Count Fifteen of Plaintiff's Complaint (Violation of Hospital-Patient, Physician-Patient Relationships; Confidentiality) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection argumentative:

No admission

34. Admit that you have no evidence to support Count Sixteen of Plaintiff's Complaint (Invasion of Privacy) as to any of the Defendants named in this lawsuit.

**ANSWER:** Objection argumentative:
No admission

35. Admit that you have no evidence to support Count Seventeen of Plaintiff's Complaint (Breach of Contract and Breach of Ohio Consumer Protection Law) as to any of the Defendants named in this lawsuit.

**ANSWER:**   Objection argumentative

No admission

36. Admit that you have no evidence to support Count Eighteen of Plaintiff's Complaint (Intentional and Knowing Patient Abuse, Neglect and Assault) as to any of the Defendants named in this lawsuit.

**ANSWER:**   Objection argumentative

No admission

37. Admit that you have no evidence to support Count Nineteen of Plaintiff's Complaint (Defamation and Malicious False Accusation) as to any of the Defendants named in this lawsuit.

**ANSWER:**   Objection: argumentative

No admission

38. Admit that you have no evidence to support Count Twenty of Plaintiff's Complaint (Misuse of Police and Abuse of the Criminal Process, Harassment, False Imprisonment) as to any of the Defendants named in this lawsuit.

**ANSWER:**   Objection argumentative

No admission

39. Admit that you have no evidence to support Count Twenty-One of Plaintiff's Complaint (Intentional Infliction of Emotional Distress) as to any of the Defendants named in this lawsuit.

**ANSWER:**   Objection argumentative

No admission

40. Admit that you have no evidence to support Count Twenty-Two of Plaintiff's Complaint (Tortious Interference) as to any of the Defendants named in this lawsuit.

**ANSWER:**   Objection: argumentative

No admission

Respectfully submitted,

_____
Darlington Amadasu,
Plaintiff, Pro Se.

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing and the annexed documents/exhibits were served upon the defendants' attorneys on records by hand delivery on October 1st, 2001

_____

# The University of Utah

Upon the Recommendation of the Faculty
has conferred on

## Darlington O Amadasu

the Degree of

## Master of Public Health

with all its Rights, Honors and Responsibilities
Given at Salt Lake City in the State of Utah, on the sixth day of August
nineteen hundred and ninety-nine

Cecelia H. Foxley
Commissioner of Higher Education

[signature]
Chair, Utah State Board of Regents

UNIVERSITY OF UTAH — MDCCCL

J. Bernard Machen
President of the University

H E Scruggs
Chair, Board of Trustees

PL00022

# University of Cincinnati College of Medicine
## The University Hospital

This is to certify that

### DARLINGTON O. AMADASU, M.D.

successfully completed a

**Residency**

in

**OCCUPATIONAL MEDICINE**

June 15, 1999 – June 30, 2000

In witness whereof, we have hereunto affixed our names and attached the official seals of the University and Hospital.

*Dean, College of Medicine*
*University of Cincinnati*

*Senior Vice President*
*The University Hospital*

*Professor and Chairman*
*Department of Environmental Health*

*Director of Residency Training*

University of Cincinnati
College of Medicine

The University Hospital
Health Alliance

PL000023