C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DARLINGTON AMADASU,** | : | Case No. 1:01CV182 |
| | : | |
| | : | Judge S. Arthur Spiegel |
| **Plaintiff,** | : | Magistrate Judge Timothy S. Black |
| | : | |
| v. | : | |
| | : | |
| | : | **ORDER AND JUDGMENT ENTRY** |
| **MERCY FRANCISCAN HOSPITAL, et al.,** | : | **GRANTING DEFENDANTS' JOINT** |
| | : | **MOTIONS TO STRIKE AND FOR** |
| | : | **SUMMARY JUDGMENT** |
| **Defendants.** | : | |

This matter came to be heard on the Joint Motions of Defendants to Strike Plaintiff's Expert Identification and for Summary Judgment, pursuant to Fed. R. Civ. P. 56(C). Having considered the briefs of all parties and having determined that oral argument thereon is not necessary, it is hereby ORDERED that:

1. The expert identification of Plaintiff Darlington Amadasu ("Plaintiff" or "Amadasu") is hereby stricken. Amadasu, who identified himself as an expert, does not qualify as an expert under Ohio R. Evidence 601(D), nor would his opinions (as reflected in his Report) meet the requirements set forth by Fed. R. Evidence 702 or *Daubert v. Merrell Dow Pharm., Inc.* and its progeny for the admission of expert testimony.

2. Accordingly, Amadasu has failed to name a qualified expert and the time allowed for him to do so has passed. Accordingly, there is no genuine issue of material fact remaining for trial, even when construing the facts of this case in a light most favorable to Plaintiff, thereby entitling Defendants to judgment as a matter of law on all claims requiring expert testimony.

3. All of Plaintiff's claims against Dr. Berry sound in medical negligence and, therefore, require expert testimony, such that this order resolves all of Plaintiff's claims against Dr. Berry in favor of Dr. Berry and against Plaintiff.

**IT IS SO ORDERED.**

Dated: _____          _____