IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

06 SEP -8 PM 3: 52

| | |
|---|---|
| DARLINGTON AMADASU<br>        Plaintiff<br>v.<br><br>MERCY FRANCISCAN HOSPITAL<br>WESTERN HILLS, et al<br>        Defendants. | Case No.: C-1-01-182<br>[Spiegel/Black]<br><br>**PLAINTIFF'S MOTION FOR: (I) STAY OF JOINT MOTION OF DEFENDANTS TO STRIKE DARLINGTON AMADASU'S EXPERT IDENTIFICATION; (II) STAY OF JOINT MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT; (III) STAY PLAINTIFF'S RESPONSE; (IV) ADHERENCE TO & CORRECTION OF CALENDAR ORDER; (IV) EXTENSION OF TIME TO RESPOND; (V) CONSOLIDATION OR SEPARATE DEFENSE** |

Plaintiff Pro Se Darlington Amadasu moves this court for Orders:

1. Stay of Joint Motion of Defendants to Strike Darlington Amadasu's Expert Identification pending submissions of all reports of all identified experts, and completion of discovery

2. Stay of Joint Motion of Defendants for Summary Judgment As To All Claims Requiring Expert Testimony pending submissions of all reports of all identified experts, and completion of discovery

3. Stay Plaintiff's response to the joint motions of defendants pending submissions of all reports of all identified experts, and completion of discovery

4. Adherence to the milestones and correction of the Amended Calendar Order ("ACO")

5. Extension of time to respond to all of the joint motions to strike and for partial summary judgment, and for plaintiff to file his cross-motion for summary judgment by 01/15/07

6. Consolidation of defense with one lead defense attorney or separate and independent defenses by the defendants

7. Any and all present and future discovery by defendants on all claims that may require expert opinion are forever foreclosed and terminated upon them by their Defendants' joint motion for summary judgment on those claims.

The grounds for these relief and set forth in the following memorandum:

1

## MEMORANDUM

Following the commencement of this action, on or about 8/1/01, Calendar Order ("CO") was issued for this case (Doc.12). From or about 4/16/02 to 9/28/05, the Court granted Defendant Berry multiple stays of proceedings, that is, for more than 3 years until 10/3/05 when the stay proceedings was lifted.

On or about 5/23/06, the Court issued Amended Calendar Order ("ACO"), which set forth the milestones to which all parties must adhere as follow:

Discovery deadline is set for 11/17/06 and various dates were set for disclosure of parties' experts, expert reports, rebuttal expert and rebuttal reports

On 6/30/06, Plaintiff identified his expert and on 8/14/06 he provided expert report.

On or about 9/5/06, Plaintiff received by ordinary mail Joint Motion of Defendants to Strike Darlington Amadasu's Expert Identification and Joint Motion of Defendants for Summary Judgment As To All Claims Requiring Expert Testimony, which were purportedly served on 8/29/06. On same date 9/5/06, Plaintiff received expert disclosures by mail separately and independently from defendant Berry and Hospital Defendants. Berry and Hospital defendants identified a total of eight (8) experts who have not yet filed or served their reports. The expert disclosures, their reports and rebuttal reports are set to close on 11/22/06.

The dispositive motion deadline is set on 1/15/07.

While discovery, expert disclosures, expert reports, and rebuttal reports are ongoing, pending, and outstanding, defendants collusively filed their joint motions for the relief sought therein without allowing completion of the milestones set by the court in the ACO.

Plaintiff has not obtained, and he is absolutely entitled to obtain, reports and rebuttal reports from defendants' identified experts. Plaintiff has not completed, and he is absolutely entitled to fully complete, his discovery upon the defendants and defendants' identified experts and or witnesses.

Plaintiff is unable, cannot, and will be unable to (1) make adequate preparation of his case for trial, (2) make his responses to said joint motions of the defendants, (3) make his entitled dispositive motions including his cross-motion for summary judgment.

**Stay of Joint Motion of Defendants to Strike Darlington Amadasu's Expert Identification; Stay of Joint Motion of Defendants for Summary Judgment As To All Claims Requiring Expert Testimony; and Stay Plaintiff's response to the joint motions of defendants**

Based on the totality of circumstances set forth above, the court should stay joint motions of defendants to strike Darlington Amadasu's expert identification, and for summary judgment on all claims requiring expert testimony; and plaintiff response(s) thereto pending submissions of all initial and rebuttal reports of all identified experts, completion of the sequence of disclosures of expert testimony, and completion discovery pursuant to FRCP 26(a)(2)(A, B, C) and the ACO.

**Adherence to the milestones and correction of the Amended Calendar Order ("ACO")**

**Adherence:** Defendants are not exempted from the obligation and duty of adhering to the milestones, which the court had mandated in the ACO. FRCP 26(a)(2)(C) provides that: "these disclosures shall be made at the times and sequence directed by court."

**Correction:** There is a clerical error in the chronology and sequence of expert disclosure set forth in the ACO, as follows:

> Deadline for defendants to provide expert reports was mistakenly written as 10/13/06 instead of 9/29/06, therefore, this should be corrected to read 9/29/06
>
> Deadline for plaintiff to provide rebuttal experts and provide reports, was mistakenly written
> As 9/29/06 instead of 10/13/06, therefore, this should be corrected to read 10/13/06

Rule 16(f) provides for sanctions for failing to comply with Calendar/Scheduling Order. Upon motion or on the court's own initiative, the court will impose sanctions to force parties to comply with scheduling and pretrial orders and to compensate parties for expenses caused by an opposing party's noncompliance. Garlepied v. Main, 2001 WL 305264 (E.D.La.2001)

**Extension of time to respond to all of the joint motions to strike and for partial summary judgment, and for plaintiff to file his cross-motion for summary judgment by 01/15/07**

For the reasons set forth above the court should extend time for plaintiff to respond to the said joint motions by 01/15/07. The court has not fixed any date for hearing on the joint motions, however, FRCP 56(c)

3

provides that the motion shall be served at least 10 days before the time fixed for the hearing, and the adverse party (in this case, plaintiff) prior to the day of hearing may serve opposing affidavit. Thus, Plaintiff reserves the right to file his cross-motion for summary judgment by 01/15/06. Court may not deprive a party of the procedural protections of Rule 56 by granting summary judgment, see, e.g., Rogan v. Menino, 175 F.3d 75, 80 (1st Cir.1999); cert denied, 528 U.S.1062, 120 S.Ct. 616 (1999)

### Consolidation of defense with one lead defense attorney or separate and independent defenses by the defendants

Defendants have habit, custom and practice of consolidating their defensive litigations on some occasions and in other occasions they separately and independently conduct defensive litigations. This conduct of "picks and choose" when and when-not to consolidate litigation of defenses with impunity in highly prejudicial and confusing to plaintiff. Two separate and independent law firms represent Defendant Berry and Hospital defendants respectively. There are also multiple (too-many-cooks-that-spoil-the-soup) attorneys in each of the two law firms that are off-record and shadowing as defense attorneys for the defendants, they also are causing prejudice and confusions to plaintiff. There can only be one lead-counsel from each of the two law firms for each group of defendants, namely, Berry and Hospital defendants.

FRCP 42(a) permits the consolidation of actions that pose common questions of law or fact. Judicial economy generally favors consolidation, see Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir.1990), but the Court must conduct a careful inquiry in this regard that balances the prejudices and confusion that consolidation might entail against the waste of resources, the burden on the parties, and risk of inconsistent judgments that separate proceedings could engender, In re Orbital Sciences Corp. Securities Litigation, 188 FRD 237 (E.D.Va.1999) (quoting, *Arnold v. Eastern Airlines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982)).

The two groups are entitled to have different lawyers if they so desire, but they are not necessarily entitled to have two sets of law firms control the management of the litigation as a whole in such an inefficient way—id, In re Orbital, *supra*, so as to prejudice, and confuse plaintiff.

If defendants wish to consolidate their defenses, the proper and legal way is to make motion on notice pursuant to FRCP 7(b) and FRCP 42(a), then they must select one Lead Counsel from one of the two sets of law

4

firm to manage their litigation, otherwise, they must litigate separately and independently without occasional consolidation and separation of defenses. Under these circumstances, the only appropriate solution is for the court to direct defendants to move to consolidate their defenses with one selected Lead Counsel or litigate separately and independently with one selected Lead Counsel for each group of defendants.

The purpose of the statute favors the choice of one law firm to act in this capacity absent a specific reason to use multiple firms (or lawyers acting in concert)—id, In re Orbital, (quoting, *In re Milestone Scientific Sec. Liti.*, 187 FRD 165, 180 (DNJ 1999)).

**Any and all present and future discovery by defendants on all claims that may require expert opinion are forever foreclosed and terminated upon them by their Defendants' joint motion for summary judgment on those claims.**

The said joint motion of defendants for summary judgment on all claims that may require expert opinion has in effect, or in essence, forever foreclosed and terminated upon the defendants all present and future discovery on all claims that may require expert opinion, thus, the defendant cannot conduct any discovery upon plaintiff relating to all claims that may require expert opinion. The defense, by their motion..., in effect, "closed" the pleadings (discovery).... it is more correctly put, however, to say that facts alleged by Plaintiffs stand undisputed. The facts alleged by plaintiffs being undisputed, the question for the Court is whether those facts entitled the moving parties to a judgment as a matter of law." Levy v. University of Cincinnati, No. C-860780 (1st Dist. Ct. App., Hamilton, Nov.4, 1987) (1987 Ohio App. Lexis 9448)

Plaintiff is entitled to fully conduct all the tools of discovery upon the defendants and their identified experts and obtain all the facts, information, materials, documents, opinions, reports, tangibles from defendants pursuant to FRCP 26(b) et seq. before responding to the joint motions.

Respectfully submitted,

Darlington Amadasu
Plaintiff

5

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on the following:
Deborah R. Lydon, Dinsmore & Shohl LLP, 1900 Chemed Center, 255 East Fifth Street, Cincinnati, OH 45202 by Fax 513-977-8141 and Karen A. Carroll, Kohnen & Patton LLP, 201 East Fifth St., Cincinnati, OH 45202 by Fax: 513-381-5823 on 9/8/06