UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARLINGTON AMADASU, | Case No. 1:01CV182 |
| Plaintiff, | Judge S. Arthur Spiegel<br>Magistrate Judge Timothy S. Black |
| v. | |
| MERCY FRANCISCAN HOSPITAL, et al., | JOINT RESPONSE OF DEFENDANTS IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY |
| Defendants. | |

**I.   Introduction**

Defendants Ravi B. Berry, M.D. ("Dr. Berry"), Mercy Franciscan Hospital - Western Hills, Mercy Franciscan Hospital - Mt. Airy, Steven Grinnell, Charles Lobeck, June Bronhert, n/k/a/ Gatzke, Judy Daleiden, Connie McCoy and Jane(s) Doe(s) Nurses (collectively, "the Mercy Defendants")(together, "Defendants") jointly renew their request that this Court strike Plaintiff Darlington Amadasu's ("Amadasu") expert identification and grant summary judgment in their favor on all claims requiring expert testimony. Amadasu is not qualified to testify in any expert capacity and his identification should be stricken. His claims are unsupported by any expert testimony and the time allowed to identify experts has passed.

Rather than file a substantive response to Defendants' motions, Amadasu filed a motion to stay the court's consideration of the motions, claiming, among other things, that Defendants had an obligation to wait until the close of all discovery prior to filing their motion for summary judgment and that Defendants' joint motion had somehow confused him. Amadasu's motion is without merit and his arguments are unpersuasive and unsupported. Accordingly, Amadasu's

Motion to Stay should be denied and he should be ordered to respond to Defendants' Motion for Summary Judgment immediately. Alternatively, Defendants' Motion to Strike and Motion for Summary Judgment should be granted as unopposed.

## II.    Law and Argument

### A.    Amadasu Has Not Demonstrated A Need For Additional Discovery to Respond to Defendants' Motion for Summary Judgment.

Contrary to Amadasu's assertions, no further discovery is necessary to respond to Defendants' Motion for Summary Judgment. Defendants' motion is premised on the inability of Amadasu to support his claims with qualified expert testimony. As explained in that motion, Amadasu is not qualified under Ohio or federal law to serve as an expert witness regarding the psychiatric care rendered to him by Defendants.

Defendants' argument is a legal one, not a factual one. No amount of discovery by Amadasu to Defendants can overcome his lack of qualifications as an expert.[1] Moreover, the time for Amadasu to name qualified expert witnesses to support his case has passed. Granting Amadasu's Motion to Stay would only result in unnecessary delay and expenses being incurred by all parties. Eliminating this needless waste of resources was the very reason Defendants moved for summary judgment so far in advance of the deadline set by this Court. Accordingly, Amadasu's Motion to Stay should be denied and Defendants' Motion to Strike and Motion for Summary Judgment should be granted as unopposed if Amadasu does not submit a response.

### B.    Amadasu Failed to Comply With the Requirements of Fed. R. Civ. P. 56(f).

In addition to not being warranted factually, Amadasu's request that this Court stay consideration of Defendants' motions fails because he did not comply with the requirements of Fed. R. Civ. P. 56(f). Amadasu did not file an affidavit setting forth the reasons more discovery

---

[1] Defendants note Amadasu makes no effort to contradict the fact that he is not licensed in any U.S. jurisdiction. This fact alone renders it legally impossible for him to testify as an expert witness on a medical claim.

2

is needed, nor did he indicate to the Court what material facts he hopes to uncover. Instead Amadasu makes only general and conclusory statements regarding his need for more discovery. These unsupported assertions do not meet the requirements of R. 56(f) and accordingly, Amadasu's request for more time to conduct additional discovery should be denied.

Under Fed. R. Civ. P. 56(f), "should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery be had or may make such other order as is just." Courts interpreting this rule have required "a party invoking [Rule 56(f)] protections [to] do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of genuine fact."[2] More specifically, a party making a Rule 56(f) request must "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered this information."[3]

Amadasu makes no such showing in his Motion for Stay. Instead, he merely makes an unsupported assertion that he is "unable, cannot, and will be unable to (1) make adequate preparation for his case for trial, (2) make his responses to said joint motions of the defendants, (3) make his entitled dispositive motions including his cross-motion for summary judgment."[4] Nowhere in his motion does Amadasu give any details about what type of information he

---

[2] *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998).
[3] *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). See also, *Allen v. CSX Transport*, 325 F.3d 768, 775 (6th Cir. 2003) ("a party who opposes a motion for summary judgment by seeking additional discovery under [FRCP] 56(f) . . . has no absolute right to additional time for discovery . . . . The nonmoving party must show how postponement of a ruling on the motion will enable him to rebut the motion for summary judgment.")
[4] Plaintiff's Motion for Stay, p. 2, ¶ 9.

requires or expects to discover that will allow him to rebut the fact that he is not qualified to testify as an expert witness. Indeed, it is difficult to imagine how *any* information in the possession of ***Defendants*** could aid Amadasu's case in this regard. Defendants are not attacking the substance of Amadasu's "expert" Report, but are instead attacking his ability to offer a report *at all*. Where, as here, a Plaintiff's filing "makes only general and conclusory statements regarding the need for more discovery and does not show how an extension of time would have allowed [relevant] information . . . to be discovered," denial of the Rule 56(f) motion is appropriate.[5] Accordingly, Amadasu's request for more time to complete discovery under Rule 56(f) (if it can even be construed as one[6]) must be denied.

### C. Defendants Did Not Need to Wait for the Expert Deadlines to Pass Before Filing Their Motion for Summary Judgment.

As explained above, Defendants moved for summary judgment in this case in order to avoid further unnecessary expenditures of time and expense in defending against Amadasu's unsupported claims. Amadasu's Motion for Stay appears to stem in part from a fundamental misunderstanding of the purpose of this Court's scheduling order. Amadasu appears to believe that the deadlines set by this Court in its scheduling order must pass and discovery must be completed before Defendants can move for summary judgment. This reading is in direct conflict with the Federal Rules of Civil Procedure and with the accepted practices of Courts in this Circuit.

Fed. R. Civ. P. 1, in setting forth the scope and purpose of the rules, states that the rules "shall be construed and administered to secure just, speedy, and inexpensive determination of

---

[5] *Cacevic*, at 489, quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999).
[6] Some courts have suggested that a Rule 56(f) motion may not be considered at all absent an affidavit. However, as Amadasu failed to comply with either the form or the substance of Rule 56(f), such a distinction is immaterial. See, *Cacevic*, at 488, quoting *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) ("[a] reference to Rule 56(f) and to the need for additional discovery in a memorandum in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit . . . and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.")

every action." Forcing Defendants to wait for the expert deadline to pass and discovery to be completed prior to moving for summary judgment would result in a needless waste of time and resources by all parties. If granted, no claims requiring expert testimony will remain and no reason would exist for Defendants to incur the needless expense of obtaining expert reports. If denied, Defendants would comply with this Court's scheduling order and provide expert reports and complete discovery. Amadasu is not prejudiced in any way by this Court considering Defendants' Motion for Summary Judgment at this time.

Amadasu attempts to support his claim that Defendants' Motion is premature by citing to *Garlepied v. Main*[7] for the proposition that district courts may impose sanctions to force parties to comply with scheduling orders. While courts no doubt have this power, such a statement never appears in *Garlepied* and its application to the present case is dubious at best. Courts may, in their discretion, sanction parties for failing to comply with discovery schedules once deadlines have passed, pursuant to Rule 37, but nowhere in the Rules does it state that parties are required to wait until all deadlines have passed before proceeding with other portions of their case. Indeed, such a requirement would seem to be precisely contrary to the purpose of the Rules in securing a "just, speedy, and inexpensive determination of every action."

Requiring Defendants to wait until after discovery and expert deadlines had passed prior to moving for summary judgment would also directly conflict with Rule 56 itself. Under Rule 56(b), defendants in an action "may, ***at any time***, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." (Emphasis added.) Nothing in the Rule limits Defendants to moving for summary judgment only after all deadlines in the scheduling order have passed.

---

[7] 2001 WL 305264 (E.D. La. 2001).

Defendants moved for summary judgment as soon as it became apparent that Amadasu did not name a qualified expert to support his claims and the time had passed for him to do so. Such an action was entirely proper. Under Ohio law, medical claims like the ones at issue in this case must be supported by the testimony of an expert witness.[8] Without such support, Amadasu has failed to established an essential element of his case and his claims must fail as a matter of law.

The "plain language of [FRCP] 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[9] As such, Defendants were well within their rights to move for summary judgment when they did, and further delays of this Court's proceedings would be unnecessary and contrary to the clear language of the Rules. Accordingly, Amadasu should be ordered to respond to Defendants' Motion for Summary Judgment immediately or risk having it granted as unopposed.

### D. There Was No Error in the Court's Order Regarding Defense/Rebuttal Experts.

Contrary to Amadasu's claims in his Motion to Stay, there was no "clerical error" in this Court's scheduling order regarding defense/rebuttal experts. The dates ordered by the Court were the dates recommended by the parties. Amadasu recommended September 29, 2006 as his deadline for identifying rebuttal experts. Defendants recommended October 13, 2006 as their deadline for providing expert reports. The Court adopted the recommendations made by each

---

[8] See, *Bruni v. Tatsumi*, 46 Ohio St. 2d 127, 130, 346 N.E.2d 673 (S. Ct. Ohio 1976), ([t]he issue as to whether the physician and surgeon has proceeded in the treatment of a patient with the requisite standard of care and skill must ordinarily be determined from the testimony of medical experts); see also, *Alexander v. Mt. Carmel Medical Center*, 56 Ohio St. 2d 155, 162, 383 N.E.2d 564 (S. Ct. Ohio 1978), ("A medical malpractice case is generally one of the classic examples of the *necessity* of expert opinion testimony as to the ultimate issue")

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

party.[10]  No reason exists for requiring Defendants to provide expert reports in advance of the date ordered by the Court in its scheduling order.

>  E.  There is No Basis for Amadasu's Claims Regarding Improper "Consolidation of Defenses."

In his Motion to Stay, Amadasu complains to this Court that Defendants' choice to move for summary judgment in a joint motion rather than separately is "highly prejudicial and confusing" to him.  While Amadasu attempts to bolster these claims by citing case law from other districts around the country, he cites bits and pieces of law taken out of context that do not support his argument.  His complaints have no relevant basis and should be disregarded by this Court.  Defendants are entitled to as many attorneys as they desire to represent them.  The fact the Defendants have each chosen a law firm to represent them in no way prejudices the Plaintiff.  Defendants chose to file a joint motion in this case because the issues addressed by the Motion were germane to all Defendants' defenses.  Defendants are attempting to streamline this case by filing this Motion and, by doing so jointly, Amadasu only needs to file one response instead of multiple ones.

If anyone is attempting to confuse the issues in this case, it is Amadasu.  The case law he cites to this Court as supporting his position is irrelevant, taken out of context, and misconstrued.  FRCP 42 is not applicable because there are not multiple cases to consolidate.  Rule 42 has nothing to do with the ability of multiple Defendants in a single case to file a joint motion, and, accordingly, Amadasu's case law on this point should be disregarded as well, as it does not apply here.

Similarly, Amadasu's demand that Defendants designate one lead counsel to act on behalf of all of them is inaccurate and unsupported by law.  The case cited by Amadasu in support of

---

[10] See, Supplemental Rule 26(f) Report.

7

his assertions, *In re Orbital Sciences Corp. Securities Litigation*[11], relates to class actions and is inapplicable to the present case. There is no class action in this case and the case can proceed efficiently with Defendants each retaining their own counsel to represent their interests. The fact that Defendants have chosen to seek efficiency by filing a joint motion on issues relevant to all Defendants has no bearing on Amadasu's ability to respond to the motion and does not prejudice him in any way.

    F.    **Future Discovery By Defendants is Not Foreclosed By Their Moving for Summary Judgment.**

Amadasu's claim that Defendants' Joint Motion for Summary Judgment somehow terminated their right to seek discovery from Amadasu on the claims which are subject to the Motion is completely unsupported. The case cited by Amadasu in his brief, *Levy v. University of Cincinnati*[12], does not in any way support this claim and is inapplicable. The statement which appears in quotation marks immediately preceding Amadasu's citation to the case does not appear anywhere in the case. Amadasu's representations to the Court on this issue are inaccurate at best and sanctionable at worst. Contrary to Amadasu's mistaken belief, his claims are not undisputed. Defendants all filed proper Answers upon being served with Amadasu's Complaint and, like the rest of his claims, Amadasu's claims on this point should be rejected.

## III. Conclusion

Amadasu's Motion to Stay, along with the myriad related demands and assertions made by Amadasu in it, should be denied. Amadasu has failed to show this Court why a delay is needed or what information he hopes to gain through further discovery. In addition, Amadasu's complaints about the actions of Defendants in defending this case are unsubstantiated and unsupported by any legal authority. Accordingly, Defendants respectfully request this Court

---

[11] 188 FRD 237 (E.D. Va. 1999).
[12] 187 Ohio App. LEXIS 9448 (1st Dist. Ohio).

**DENY** Amadasu's Motion to Stay in its entirety, order to him to immediately respond to Defendants' Motion for Summary Judgment, and grant it as unopposed if he fails to do so.

                                               Respectfully submitted,

                                               /s/ Deborah R. Lydon
                                               Deborah R. Lydon (0013322)
                                               Jennifer Orr Mitchell (0069594)
                                               Matthew S. Arend (0079688)
                                               DINSMORE & SHOHL LLP
                                               1900 Chemed Center
                                               255 East Fifth Street
                                               Cincinnati, OH 45202
                                               (513) 977-8200
                                               *Counsel for Defendant Dr. Berry*

                                               /s/ Karen A. Carroll
                                               Karen A. Carroll
                                               Kohnen & Patton LLP
                                               PNC Center, Suite 800
                                               201 East Fifth Street
                                               Cincinnati, Ohio 45202
                                               (513) 381-0656
                                               *Counsel for the Mercy Defendants*

## CERTIFICATE OF SERVICE

      I certify that on September 25, 2006 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all except Defendant Darlington Amadasu. I also sent the foregoing via U.S. mail to Defendant Amadasu at the address listed below:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206

      /s/ Jennifer Orr Mitchell
      Jennifer Orr Mitchell
      DINSMORE & SHOHL LLP
      1900 Chemed Center
      255 East Fifth Street
      Cincinnati, OH 45202
      (513) 977-8200 (telephone)
      (513) 977-8141 (facsimile)
      Email: Jennifer.Mitchell@dinslaw.com
      *Counsel for Defendant Dr. Berry*