UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DARLINGTON AMADASU,** : | |
| : | Case No. 1:01CV182 |
| : | |
| Plaintiff, : | |
| : | Judge S. Arthur Spiegel |
| : | Magistrate Judge Timothy S. Black |
| v. : | |
| : | |
| : | **JOINT MOTION OF DEFENDANTS** |
| **MERCY FRANCISCAN HOSPITAL, et al.,** : | **TO STRIKE PLAINTIFF** |
| : | **DARLINGTON AMADASU'S** |
| : | **SUPPLEMENTAL DISCLOSURE** |
| Defendants. : | **OF EXPERT & LAY WITNESSES** |
| : | |

Defendants Ravi B. Berry, M.D. ("Dr. Berry"), Mercy Franciscan Hospital - Western Hills, Mercy Franciscan Hospital - Mt. Airy, Steven Grinnell, Charles Lobeck, June Bronhert, n/k/a/ Gatzke, Judy Daleiden, Connie McCoy and Jane(s) Doe(s) Nurses (collectively, "the Mercy Defendants")(together, "Defendants") respectfully move this Court to strike the supplemental expert identification of Plaintiff Darlington Amadasu ("Plaintiff" or "Amadasu").

Amadasu, who identified only himself as an expert initially, has now also identified as his own experts those experts identified by Defendants. Not only had his time for identifying experts expired, Amadausu cannot rely solely on Defendants' experts to prove his case. Amadasu has the burden of proof and must demonstrate with his own expert testimony that Defendants are liable to him on his claims against them. This Amadasu cannot do. For these reasons, his supplemental identification should be stricken and Defendants' previously-filed Motion for Summary Judgment should be granted.

Respectfully submitted,

/s/ Deborah R. Lydon
Deborah R. Lydon (0013322)
Jennifer Orr Mitchell (0069594)
Matthew S. Arend (0079688)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8200
*Counsel for Defendant Dr. Berry*

/s/ Karen A. Carroll
Karen A. Carroll
Kohnen & Patton LLP
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 381-0656
*Counsel for the Mercy Defendants*

**MEMORANDUM OF LAW**

I.   **Introduction.**

Amadasu has no support for his claims against Defendants and, in a desperate attempt to avoid summary judgment, has listed Defendants' experts as his own. As required by this Court's scheduling order, Amadasu was to identify his expert witnesses by June 30, 2006 and provide expert reports by August 15, 2006. He did so, identifying himself as a purported expert and supplying a report containing his "expert" opinions. For the reasons stated in Defendants' Joint Motions, Defendants moved to strike Amadasu's expert identification and asked that this Court grant summary judgment in their favor as to Amadasu's claims requiring expert testimony.

Rather than respond substantively, on September 8, 2006, Amadasu filed a frivolous Motion for Stay, which Defendants have addressed separately. At the same time, Amadasu

submitted a "Supplemental Disclosure of Expert and Lay Witnesses of Plaintiff."[1] Unfortunately for Amadasu, his time for identifying experts has long-expired, he did not submit expert reports from the defense experts listed in his supplemental expert disclosure, and he cannot rely solely on defense experts to prove his claims against Defendants.

II.  **Law and Argument.**

As stated in Defendants' Joint Motion for Summary Judgment, in order to establish a *prima facie* case, Amadasu must establish (a) the prevailing standard of care; (b) the defendant's deviation from that standard of care; and (c) that such deviation proximately caused him injury.[2] In other words, **Amadasu** is required to provide his own expert testimony establishing the standard of care and that it was not met.[3] Where, as here, a plaintiff has not identified any qualified experts in his own rite, the defendants need not even call any experts on their own behalves. Simply put, Amadasu cannot rely on Defendant's experts to support his claims.[4] His attempt to do so by identifying them as his own experts should, therefore, be stricken.

Moreover, Amadasu's supplemental disclosure came well after the established deadline for his identification of expert witnesses. He was required to identify his experts, if any, by June 30, 2006. He was required to provide expert reports, if any, by August 15, 2006. Amadasu's supplemental disclosure was filed, without supporting expert reports, on September 8, 2006, in derogation of Fed. R. Civ. P. 26(a)(2).

Federal Rule 26(a)(2) states:

(2)   *Disclosure of Expert Testimony.*

---

[1] Docket Nos. 61 and 62.
[2] *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 131-132, 346 N.E.2d 673, 677-678; see also, *Ramage v. Cent. Ohio Emergency Serv., Inc.* (1992), 64 Ohio St.3d 97, 102, 592 N.E.2d 828, 832.
[3] *Bruni* at 130.
[4] *Buerger v. Ohio Dept. of Rehabilitation and Correction* (10th App. Dist. 1989), 64 Ohio App.3d 394, 581 N.E.2d 1114

(A) In addition to the disclosures required by paragraph (1), a party **shall disclose** to the other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall...be accompanied by a written report prepared and signed by the witness. ...

(C) These disclosures shall be made at the times and in the sequence directed by the court. ...[5]

Amadasu is not entitled to rely upon his eleventh hour identification of Defendants' experts in order to survive summary judgment. Assuming for purposes of this argument that Defendants' experts would offer testimony favorable to Amadasu (which they would not), his supplemental disclosure was not made in the time and sequence directed by the court and was not accompanied by expert reports. Defendants should not be forced to litigate meritless claims that lack adequate expert support. Accordingly, Amadasu's supplemental expert disclosure should be stricken on these additional bases.

### III. Conclusion.

For the foregoing reasons, Defendants respectfully request that this Court strike the Supplemental Disclosure of Expert Witnesses by Plaintiff and reiterate their request that this Court grant their Joint Motion for Summary Judgment.

Respectfully submitted,

/s/ Deborah R. Lydon
Deborah R. Lydon (0013322)
Jennifer Orr Mitchell (0069594)
Matthew S. Arend (0079688)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8200
*Counsel for Defendant Dr. Berry*

---

[5] Fed. R. Civ. P. 26(a)(2)(emphasis added).

/s/ Karen A. Carroll
Karen A. Carroll
Kohnen & Patton LLP
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 381-0656
*Counsel for the Mercy Defendants*

## CERTIFICATE OF SERVICE

I certify that on September 25, 2006 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all except Defendant Darlington Amadasu. I also sent the foregoing via U.S. mail to Defendant Amadasu at the address listed below:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206

/s/ Jennifer Orr Mitchell
Jennifer Orr Mitchell
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8200 (telephone)
(513) 977-8141 (facsimile)
Email: Jennifer.Mitchell@dinslaw.com
*Counsel for Defendant Dr. Berry*

5