IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

06 OCT 18 PM 12:

| | |
|---|---|
| DARLINGTON AMADASU<br>Plaintiff<br><br>v.<br><br>MERCY FRANCISCAN HOSPITAL<br>WESTERN HILLS, et al<br>Defendants. | Case No.: C-1-01-182<br>[Spiegel/Black]<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR: (I) STAY OF JOINT MOTION OF DEFENDANTS TO STRIKE DARLINGTON AMADASU'S EXPERT IDENTIFICATION; (II) STAY OF JOINT MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT; (III) STAY PLAINTIFF'S RESPONSE; (IV) ADHERENCE TO & CORRECTION OF CALENDAR ORDER; (IV) EXTENSION OF TIME TO RESPOND; (V) CONSOLIDATION OR SEPARATE DEFENSE** |

Plaintiff Darlington Amadasu submits this Reply Memorandum in support of his above captioned motion and in response to defendants' joint response thereto.

### MEMORANDUM OF LAW & AUTHORITIES

### Amadasu's FRCP 56(f) motion is barred while discovery is ongoing & has not closed

Defendant Berry and his attorney, Deborah R. Lydon (Lydon), and Mercy defendants and their attorney, Karen A. Carroll (Carroll), misunderstood the timing and applicability of FRCP 56(f).

The discovery in this action is ongoing and will terminate after 11/17/06 pursuant to the amended Calendar Order dated 5/23/06. While the discovery is still ongoing motion pursuant to FRCP 56(f) would be untimely premature and may invite sanctions under inherent power of the court.

If, for some specific reason, the non-moving party is currently unable to obtain a factual affidavit to defeat summary judgment, the non-moving party may file an affidavit to that effect with the court only after the discovery deadline has passed. In turn, the court may grant at least a temporary reprieve from summary judgment in order to permit **further discovery.** Plaintiff cannot claim insufficient discovery or seek court's leave for further discovery while the discovery is still ongoing. FRCP 56(f) motion is specifically for court's leave for further discovery after the scheduled or calendared discovery has closed. See, e.g., C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 44 (1st Cir.1998). The U.S. Supreme Court has established a principle that summary judgment is only properly entered after an adequate time for discovery. Celotex Corp. v. Catrett, 477 US 317, 322 (1986)

**Too Premature to Satisfy the Elements of FRCP 56(f),
Defendants are yet to respond to Plaintiff's Discovery Requests**

The courts will generally require a Rule 56(f) movant to make three showings: (1) a description of the particular discovery the movant intends to seek; (2) an explanation showing how that discovery would preclude the entry of summary judgment; and (3) a statement justifying why this discovery had not been or could not have been obtained earlier during the scheduled discovery. Cacevic v. City of Hazel Park, 226 F.3d 483, 488-89 (6th Cir.2000). Plaintiff cannot make an affidavit satisfying any of these elements because: (1) the discovery is still on going and will closed on 11/17/06; (2) plaintiff is ongoing conducting his discovery; (3) plaintiff is propounding Rules 33, 34, and 36 discovery requests upon the defendants who are yet to respond to them; (4) plaintiff cannot count his "chickens when the eggs have not hatched or are yet to hatch" i.e., plaintiff cannot make description of the particular discovery he intends to seek where defendants are yet to respond to plaintiff's discovery requests.

Summary judgment is granted in only rare cases where the plaintiff has not had the opportunity for discovery. Miller v. Wolpoff & Abramson, LLP, 321 F.292, 303-04 (2d Cir.2003). With defendants' early premature motions, the courts recognize that the Rule 56(f) affiant may not be capable of framing its postponement request with great specificity. See, e.g., Burlington No. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773-74 (9th Cir. 2003) (noting that affiant cannot be expected to frame motion with great specificity as to nature of discovery likely to develop useful information because ground foe such specificity has not yet been laid)

Accordingly, the court should grant the relief plaintiff sought.

Respectfully submitted,

*/s/ Darlington Amadasu*
Darlington Amadasu

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on the following:
Deborah R. Lydon, Dinsmore & Shohl LLP, 1900 Chemed Center, 255 East Fifth Street, Cincinnati, OH 45202 and Karen A. Carroll, Kohnen & Patton LLP, 201 East Fifth St., Cincinnati, OH 45202 by delivery to their respective receptionists on 10/16/06