IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, pro se | : | Case No.: C-1-01-182 |
| Plaintiff, | : : | Judge Spiegel |
| v. | : : | Magistrate Judge Black |
| | : : | **EMERGENCY MOTION TO TAKE DEPOSITION OF PLAINTIFF |
| MERCY FRANCISCAN HOSPITAL - WESTERN HILLS, et al. | : : : | DARLINGTON AMADASU** *(Immediate Hearing Requested Hereon)* *(Attached Affidavit of Jennifer O. Mitchell)* |
| Defendants. | : | |

Defendant Ravi B. Berry, M.D. ("Defendant Dr. Berry") hereby moves this Court, on an emergency basis, for an Order allowing his attorneys to continue the deposition of Plaintiff Darlington Amadasu ("Plaintiff"), pursuant to Federal Civil Rule 30(a)(2)(B), (d)(2) and (d)(3). Plaintiff's deposition was continued in progress when it was taken on March 28, 2002.[1] An additional deposition is needed for a fair examination of Plaintiff due to the length of time this matter was stayed and because Plaintiff delayed and impeded his examination at his prior deposition.[2] The following date and time for Plaintiffs' deposition have been scheduled by defense counsel:

**Deponent:** **Plaintiff Darlington Amadasu**
**Date and Time:** **Wednesday, November 8, 2006 at 9:00 a.m.**
**Place:** **Dinsmore & Shohl LLP**
**1900 Chemed Center, 255 E. Fifth St.**
**Cincinnati, OH 45202**[3]

---

[1] Affidavit of Jennifer Orr Mitchell ("Mitchell Aff.") at ¶2.
[2] Mitchell Aff. at ¶3.
[3] Mitchell Aff. at ¶4.

Despite repeated requests prior to his March 28, 2002 deposition, Plaintiff failed to provide documents and discovery responses so that defense counsel could fully prepare to take his deposition.[4] Nevertheless, the deposition went forward with defense counsel hoping to obtain the information Plaintiff had to that point refused to provide.[5] At the deposition, however, Plaintiff continued in his refusal to provide answers to questions and authorizations to which Defendants are entitled.[6] In addition, Plaintiff was non-cooperative and argumentative for the duration of his examination, causing delay and impeding Defendants' ability to effectively depose him.[7]

For example, Plaintiff refused to provide standard background information (such as the names, ages, addresses, etc., of his children), information on his prior psychiatric care in New York and Salt Lake City, authorizations for the release of the records of the Crisis Stabilization Center (the facility to which he claims Dr. Berry's referral of him was improper), authorizations for the release of records relating to his residency programs, information on his insurance coverage relating to the hospitalization at issue in this lawsuit, information on the damages he alleges he suffered, and other such information necessary for Defendants to fully evaluate Plaintiff's claims.[8]

Despite the deposition lasting nearly 6 ½ hours, Defendants were not able to get beyond the basics due to Plaintiffs' antics.[9] Thereafter, as the Court is aware, this case was stayed for approximately 3 years due to liquidation proceedings involving Defendant Dr. Berry's insurer.[10]

---

[4] Mitchell Aff. at ¶5.
[5] Id.
[6] Mitchell Aff. at ¶6.
[7] Id.
[8] Mitchell Aff. at ¶7.
[9] Mitchell Aff. at ¶8.
[10] Mitchell Aff. at ¶9.

Plaintiff's continuation deposition is necessary to obtain updated information from Plaintiff, in addition to information on those topics he was not willing to address at his prior deposition.[11]

Defendant Dr. Berry anticipates that Plaintiff will continue with his evasive behavior at the continuation of his deposition, which defense counsel intend to take on November 8, 2006.[12] Given that the discovery cut-off is November 17, 2006 and Plaintiff has not responded to correspondence requesting supplementation of his deficient discovery responses and a date for his deposition, Defendant Dr. Berry was forced to choose a date that was agreeable to defense counsel and file this Motion, requesting an immediate hearing, if necessary.[13] Defendant Dr. Berry has not yet filed a Motion to Compel with respect to Plaintiff's deficient and evasive written discovery responses in the hopes that Plaintiff will cooperate and supplement as required by Federal Civil Rule 26. However, if Plaintiff does not do so in the immediate future, Dr. Berry will file such a motion prior to the discovery cut-off date, in accordance with Judge Spiegel's standing orders.

If the Court does not require a hearing on this Motion, Defendant Dr. Berry respectfully requests that this Court grant his Motion and Order the deposition of Plaintiff to be taken on November 8, 2006. A proposed Order is attached, for the Court's convenience.

Finally, given Plaintiffs' conduct, Defendant Dr. Berry requests that this Court award him his reasonable costs and attorneys fees relating to this Motion and the prior deposition, pursuant to Federal Civil Rule 30(d)(3).

---

[11] Id.
[12] Mitchell Aff. at ¶10.
[13] Mitchell Aff. at ¶11.

Respectfully submitted,

/s/ Jennifer Orr Mitchell
Deborah R. Lydon (0013322)
Jennifer Orr Mitchell (0069594)
Matthew S. Arend (0079688)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8200
*Counsel for Defendant Dr. Berry*

## CERTIFICATE OF SERVICE

I certify that on October 27th, 2006 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all except Plaintiff Darlington Amadasu. I also sent the foregoing via U.S. mail to Plaintiff at the address listed below:

Darlington Amadasu, pro se
P.O. Box 6263
Cincinnati, OH 45206

/s/ Jennifer Orr Mitchell
Jennifer Orr Mitchell