UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DARLINGTON AMADASU, pro se,** | : | Case No. 1:01cv182 |
| | : | |
| Plaintiff, | : | (Judge Spiegel) |
| | : | (Magistrate Judge Black) |
| vs. | : | |
| | : | |
| **MERCY FRANCISCAN HOSPITAL –** | : | **DEFENDANTS' JOINT** |
| **WESTERN HILLS, et al.,** | : | **MOTION TO DISMISS** |
| | : | |
| Defendant. | : | |
| | : | |

## MOTION

Come now Defendants, Ravi Berry, M.D., Mercy Franciscan Hospital – Western Hills, Mercy Franciscan Hospital – Mt. Airy, Steven Grinnell, Charles Lobeck, June Bronhert aka Gatzke, Judy Daleiden, Connie McCoy and Jane Doe Nurses (referred to collectively as "Defendants"), by and through their respective counsel, and hereby jointly request, pursuant to Federal Rules of Civil Procedure 37 and 41(b), that this honorable Court dismiss Plaintiff, Darlington Amadasu's, action as a result of Plaintiff's ongoing failure to cooperate in discovery.

Respectfully submitted:

/s/ Karen A. Carroll
Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH  45202
Email:  kcarroll@kplaw.com
Phone: (513) 381-0656/381-5823
TRIAL COUNSEL FOR DEFENDANTS, MERCY
FRANCISCAN HOSPITAL – WESTERN HILLS,
MERCY FRANCISCAN HOSPITAL – MT. AIRY,
S. GRINNEL, C. LOBECK, J. BRONHERT,
J. DALEIDEN, C. MCCOY, AND JANE(S)
DOE(S) NURSES MERCY FRANCISCAN HOSPITAL – MT. AIRY

/s/Jennifer Mitchell
Deborah R. Lydon (0013322)
Jennifer Mitchell (0069594)
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio  45202
Phone: (513) 977-8344/977-8141
TRIAL COUNSEL FOR DR. BERRY

**MEMORANDUM OF LAW**

I.  **INTRODUCTION AND BACKGROUND**

The instant action is premised upon a plethora of alleged state and federal claims, which Plaintiff has asserted against the various named and unnamed Defendants referenced above.[1] It was commenced in 2001. Due to rehabilitation proceedings in the Commonwealth of Pennsylvania involving an insurer of one of the Defendants, this matter was stayed for an extended period of time. On October 3, 2005, this matter was returned to the Court's active docket. Prior to the stay the Defendants made numerous attempts to obtain preliminary discovery from the Plaintiff. He failed to provide all of his required initial Rule 26 disclosures and refused to respond to Defendants' requests for information. Efforts were made on the part of defense counsel to confer with Plaintiff and resolve these disputes, all of which were unsuccessful.[2] Plaintiff also repeatedly evaded efforts to schedule his discovery deposition, at one point going so far as to claim that he had decompensated and would not be competent to testify at the time Defendants recommended for deposition.[3] Plaintiff also failed to appear before the Court for a conference that was specifically scheduled to address ongoing discovery disputes, which led to the issuance of a Show Cause Order. These are just some of the discovery disputes to which Defendants have been needlessly subjected. A comprehensive description of the pre-stay discovery complications can be found in Defendants' Joint Motion to Compel, which was filed with this Court on March 6, 2002.

Unfortunately, the hiatus that was imposed as a result of the stay did nothing to improve matters. When the stay was lifted, the parties reinitiated discovery and submitted a Supplemental Rule 26(f) Report (a copy of which is attached hereto as "Exhibit A"), in which Plaintiff asserted a host of supererogatory objections. Therein, the parties set forth proposals

---

[1] Plaintiff has asserted no less than thirty-two different causes of action, including claims for civil rights violations, employment discrimination, defamation, medical malpractice, breach of contract claims, invasion of privacy, and "abuse of the criminal process," just to name a few. See Plaintiff's First Amended Complaint, ¶ 15, 59-118.
[2] See Defendants' Joint Motion to Compel (March 6, 2002), p. 5; Lydon Affidavit, ¶ 9 (attached to Defendants' 2002 Joint Motion to Compel); Carroll Affidavit, ¶ 6 (attached to Defendants 2002 Joint Motion to Compel).
[3] See Plaintiff's Notice of Request to Chage Date of Deposition (February 25, 2002) (attached to Defendants' 2002 Joint Motion to Compel).

for adoption of an amended discovery plan and the extent to which additional discovery would be necessary. Taking the foregoing into consideration, on October 3, 2005, this Court placed of record an Amended Calendar Order, identifying deadlines for, among other things, the identification of experts and completion of discovery. Plaintiff has failed to adhere to certain deadlines[4] and continues to engage in inexcusable behavior, obstructing the reasonable development of issues and the progression of this case whenever possible.

Since this matter's inception, Plaintiff has been uncooperative, recalcitrant and evasive. He has refused to authorize the release of his relevant medical and employment records, as requested by Defendants. He has failed to properly respond to Defendants' reasonable written discovery requests. He also recently failed to appear at a Court-ordered deposition, in spite of his knowledge of the same. In short, Plaintiff has pursued an obstructive course, resisting at virtually every turn the Defendants' efforts to conduct reasonable discovery.

As unfortunate as it may be, Plaintiff's conduct in this matter should not come as a surprise. Plaintiff has a long history as a *pro se* litigant. He has filed numerous actions in both federal and state courts. The record in each demonstrates a theme of recurring contumacy, which is plainly reflected in the record of this matter. Vexation and delay are Plaintiff's *modus operandi*. The former is his sword; the latter, his shield. Plaintiff wields both with effective abandon, using them to repeatedly frustrate the efficient and effective course of litigation.

By way of example, consider the matter of <u>Amadasu v. The Health Alliance of Greater Cincinnati, et al.</u>,[5] a matter previously pending before this Court, assigned to Judge Spiegel. Therein, Plaintiff repeatedly evaded discovery and refused to cooperate in scheduling or appearing for his own deposition – much as he has done in this matter. As a result, defense counsel was forced to move the Court for dismissal.[6]

---

[4] Defendants presently have pending a Joint Motion for Summary Judgment as a result of Plaintiff's failure to identify any qualified expert witnesses to support his claims.
[5] U.S. District Court No. C-1-01-284 (S.D. Ohio 2001).
[6] See <u>Id</u>. (<u>Defendants' Motion to Dismiss and Affidavit of Defense Counsel</u> attached as "Exhibit B").

Not long thereafter, Plaintiff took the same approach in litigating state court claims which he filed against United Dairy Farmers in the Hamilton County, Ohio Court of Common Pleas.[7] In that matter, Plaintiff repeatedly evaded deposition. As a result, defense counsel was forced to file a similar motion to dismiss.[8] These are not isolated incidents.

More recently, this Court dismissed an action that Plaintiff filed against Tri-County Medical Management, inc., Physician Sales & Service / World Medical, Inc., and a host of individual defendants.[9] In that case, as here, Mr. Amadasu repeatedly evaded discovery and failed to appear at his scheduled deposition. The defendants filed motions to dismiss based upon Amadasu's failure to cooperate with discovery. Upon consideration of the defendants' motions, the Magistrate Judge issued a report and recommendation to the District Court, advising that they be granted.[10] Amadasu objected. Nevertheless, the District Court adopted the recommendation of the Magistrate Judge and dismissed Amadasu's case in its entirety. On appeal, the Sixth Circuit Court of Appeals affirmed, finding that the evidence supported a finding that Amadasu had willfully failed to cooperate with discovery.[11]

As it relates to his discovery deposition in this case, Plaintiff had ample notice of both the need for and likelihood that he might be compelled to give deposition testimony. Counsel for Defendants had issued requests for Plaintiff's cooperation in responding to outstanding discovery and/or scheduling his deposition, all of which were ignored or rebuffed.[12] Thus, on October 27, 2006, with the discovery deadline looming on the horizon, Defendant, Ravi Berry, M.D., filed an Emergency Motion to Take Plaintiff's Deposition, which was served to Plaintiff's designated mailing address. On November 2, 2006, this Court issued an Order granting Plaintiff until 12:00 p.m. on November 6, 2006 to file a memorandum contra or other opposition to Defendant's motion. That too was served to Plaintiff at his designated mailing

---

[7] Amadasu v. United Dairy Farmers, Hamilton County Common Pleas No. A0106671 (2001).
[8] See Id. (Motion to Dismiss attached as "Exhibit C").
[9] See Amadasu v. Macheret, et al., U.S. Dist. Ct. No. C-1-02-263 (2002).
[10] See Id. (Report and Recommendation that Defendants' Motions to Dismiss be Granted attached as "Exhibit D").
[11] See Amadasu v. Macheret, et al., Appellate Ct. No. 05-3222 (6th Cir. 2005) (attached as "Exhibit E").
[12] See Mitchell Correspondence of October 17, 2006 (attached as "Exhibit F"); Carroll Correspondence of October 26, 2006 (attached as "Exhibit G")

address. When no opposition to Defendant's motion was forthcoming, this Court granted the request and issued an Order compelling Plaintiff to appear and testify at his scheduled deposition on November 8, 2006. That Order was also served to Plaintiff's designated mailing address. In addition to the foregoing, on November 7, 2006, Plaintiff received a courtesy telephone call from defense counsel wherein he was personally advised as to the scheduled deposition and the Court's Order compelling his participation.[13] In spite of the foregoing, Plaintiff did not appear as Ordered.

Plaintiff recently filed a Motion to Vacate and Set Aside the Court's Order which authorized his deposition. Therein, rather remarkably, Plaintiff disavows knowledge of the fact that he was ordered to give deposition testimony. He states in his supporting Affidavit, "I habitually check my mailbox daily and I received no defendant's motion to depose me to the present."[14] Plaintiff conveniently fails to acknowledge that he received telephonic notice of the deposition from counsel. While it strains credulity to think that none of these pleadings or orders were received by Plaintiff in advance of his November 8, 2006 deposition, Plaintiff's course of conduct and efforts to avoid both responsibility and duty are completely consistent with his past practices. Based upon Plaintiff's failure to cooperate with discovery in this matter and ongoing evasiveness, Defendants are left with no alternative but to seek appropriate sanctions from the Court.

II.   **LAW AND ARGUMENT**

Federal Rule of Civil Procedure 37 is specifically designed to provide a remedy in those instances where a party fails to cooperate in discovery. Under Civil Rule 37(b), sanctions are appropriate if a deponent fails to comply with an order of the court to permit discovery. Civil

---

[13] See November 8, 2006 Transcript of Proceedings (attached as "Exhibit H") (by her signature to and submission of this Motion to Dismiss, counsel for Defendant Berry, Jennifer Mitchell, Esq., hereby affirms and attests that the statements which she made on the record regarding Plaintiff's failure to appear at his November 8, 2006 deposition are true and accurate).
[14] Amadasu Affidavit, ¶ 10 (attached to Plaintiff's Motion to Vacate and Set Aside the Court's Order).

5

Rule 37(c) likewise warrants sanctions where a party "without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by 26(e)(2)."[15] Failure by a party to attend his or her own deposition also necessitates the imposition of sanctions.[16] Recourse for non-compliance is not limited to Civil Rule 37. Pursuant to Civil Rule 41(b), a defendant may move for dismissal of any action or claim where the plaintiff fails to prosecute, fails to comply with the Civil Rules, or fails to comply with an order of the court. Dismissal or entry of default judgment is not an abuse of discretion if a party has the ability to comply with discovery orders but fails to do so.[17]

In this particular instance, all of the above apply. Plaintiff has failed to identify any qualified expert witnesses to support his allegations against the Defendants. Despite repeated requests, dating back to 2001, Plaintiff has failed to provide information regarding, among other things, his education, employment, income and medical histories, all of which are directly relevant to his claims in this matter.[18] This information was requested via written discovery responses propounded at the outset of this matter and, more recently, by way of direct correspondence.[19] Plaintiff gave a partial deposition on March 28, 2002, during which he patently refused to provide adequate responses to reasonable questions. As a result, his deposition was not completed.[20] In light of the foregoing, combined with the extensive time that has passed due to the stay of proceedings, additional discovery is necessary. Defendants, therefore, recently sought to schedule a time to complete Plaintiff' deposition prior to the discovery deadline.[21] When Plaintiff refused to cooperate, Defendants moved this Court for an

---

[15] Fed. R. Civ. P. 37(c)(1)
[16] Fed. R. Civ. P. 37(d)
[17] See Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067 (6th Cir. 1990).
[18] See Mitchell Correspondence of October 17, 2006 (by her signature to and submission of this Motion to Dismiss the undersigned hereby attests to the authenticity and accuracy of the same); Carroll Correspondence of October 26, 2006 (by her signature to and submission of this Motion to Dismiss the undersigned hereby attests to the authenticity and accuracy of the same); Mitchell Affidavit, ¶ 5 (attached to Defendant's Motion to Take Emergency Deposition of Plaintiff).
[19] See Id.; Mitchell Aff., ¶ 11.
[20] Mitchell Aff., ¶ 6.
[21] Mitchell Aff., ¶¶ 4, 5, 10.

order compelling Plaintiff to submit to deposition.[22] The motion was granted and Plaintiff was ordered to submit to deposition on November 8, 2006.[23] Plaintiff did not appear as ordered, despite notice from this Court and a telephone call from defense counsel, Jennifer Mitchell, Esq., on November 7, 2006, wherein Plaintiff was advised of the time and location of his deposition and the Court's Order authorizing the same.[24]

Courts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs.[25] The authority to order sanctions in appropriate cases is a necessary component of that capability.[26] Cases would not progress toward resolution and courts would be incapable of functioning efficiently if litigants were permitted to disobey rules and lawful orders with impunity.[27] "The sanction of dismissal is an important part of the armamentarium that the law makes available to trial courts."[28] "Moreover, in the federal system, the Civil Rules reinforce and augment the inherent power of district courts to dismiss cases for disregard of judicial orders."[29] "While leniency is generally accorded to *pro se* litigants, all litigants, include *pro ses*, have an obligation to comply with court orders."[30] "If a plaintiff's unwillingness to appear in person results in non-compliance with a legitimate order of the court respecting discovery or other matters, [he] will be exposed to the same sanctions as any uncooperative party."[31]

Consider the matter of Murray v. Target Dept. Stores.[32] Therein, the plaintiff filed an employment discrimination action under Title VII of the Civil Rights Act of 1964 (akin to one of the multiple causes of action asserted by Mr. Amadasu in the instant action). The trial court graciously allowed several extensions of time in which to complete discovery. The plaintiff's

---

[22] See Defendant's Motion to Take Emergency Deposition of Plaintiff
[23] See Order (November 7, 2006).
[24] See November 8, 2006 Transcript of Proceedings
[25] Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123 (1991).
[26] HMG Prop. Investors, Inc. v. Parque Inds. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988).
[27] Id.
[28] Young v. Gordon, 330 F.3d 76 (1st Cir. 2003) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-631, 82 S. Ct. 1386 (1962).
[29] Id. at 81 (citing Fed. R. Civ. P. 37(b), 41(b)).
[30] Samman v. Conyers, 231 F.R.D. 163, 166 (S.D. N.Y. 2005).
[31] Degen v. U.S., 517 U.S. 820, 827, 116 S. Ct. 1777 (1996) (superseded on other grounds).
[32] 56 Fed. Appx. 246 (6th Cir. 2003).

deposition was scheduled the day before the final deadline for completing all non-expert discovery (like here where Mr. Amadasu's deposition was scheduled nine days prior to the discovery deadline). The plaintiff failed to attend her deposition without good cause. As a result, the trial court granted the defendant's motion to dismiss plaintiff's claims. On review, the Sixth Circuit Court of Appeals affirmed, stating, "If a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion."[33] The Sixth Circuit Court of Appeals has affirmed dismissals under similar circumstances, all of which directly parallel those at issue herein.[34]

As this Court well knows, "[t]he timing of discovery is as important as its content."[35] Plaintiff has had several years to respond to routine written discovery requests, and has not. Plaintiff had ample opportunity to respond to Defendants' questions at his initial deposition, which took place nearly five years ago, and did not. Plaintiff was required to identify qualified expert witnesses to support his sundry claims and did not. Plaintiff was ordered by this Court to appear for deposition on November 8, 2006 and did not. Plaintiff has failed to provide any information of substance regarding the true gravamen of his claims, or any expert testimony in support thereof. As the result of Plaintiff's willful failure to cooperate with discovery, the Defendants have been materially prejudiced and repeatedly deterred in their efforts to defend the myriad claims that Plaintiff has asserted against them in this matter. As such, dismissal of his action for failure to comply and/or meaningfully prosecute is appropriate.[36]

## III. CONCLUSION

Plaintiff has repeatedly opposed, resisted and evaded meaningful discovery in this action, just as he has done in other matters which he has filed. Defendants have patiently

---

[33] Id. (quoting Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 1541 (6th Cir. 1988).
[34] See Stamtec, Inc. v. Anson, 2006 U.S. App. LEXIS 22772 (6th Cir. 2006); Moses v. Sterling Commerce, Inc., 122 Fed. Appx. 752 (6th Cir. 2005); Wittman v. Wilson, 95 Fed. Appx. 752 (6th Cir. 2004).
[35] Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 179 F.R.D. 77, 81.
[36] See Hickman v. Fox Television Station, Inc., 231 F.R.D. 248 (S.D. Texas 2005) (stating that sanctions under Civil Rules 41(b) and 37(b) are appropriate responses to a plaintiff's "repeated omissions and inaction").

abided by his numerous objections, delays and evasive responses. The matter at bar is now reaching its sixth year on the Court's docket. Although the matter was under a mandatory stay for at least half of that time as the result of issues beyond the control of any of the litigants, after nearly three years of meaningful discovery, Defendants know little more today about Plaintiff and his claims than they did the day that this matter was commenced. They should not be subjected to further onus or expense associated with this incessantly unproductive and unsubstantiated litigation. For the foregoing reasons, Defendants respectfully request, in accordance with Civil Rules 37 and 41(b), that this Court dismiss Plaintiff's action as an appropriate remedy for his refusal to engage in meaningful discovery and his disregard for the authority, rules and orders of this Court.

Respectfully submitted:

| | |
|---|---|
| /s/ Karen A. Carroll | /s/Jennifer Mitchell |
| Karen A. Carroll (0039350) | Deborah R. Lydon (0013322) |
| 201 E. Fifth Street, Suite 800 | Jennifer Mitchell (0069594) |
| Cincinnati, OH 45202 | 1900 Chemed Center |
| Email: kcarroll@kplaw.com | 255 East Fifth Street |
| Phone: (513) 381-0656/381-5823 | Cincinnati, Ohio 45202 |
| TRIAL COUNSEL FOR DEFENDANTS, MERCY | Phone: (513) 977-8344/977-8141 |
| FRANCISCAN HOSPITAL – WESTERN HILLS, | TRIAL COUNSEL FOR DR. BERRY |
| MERCY FRANCISCAN HOSPITAL – MT. AIRY, | |
| S. GRINNEL, C. LOBECK, J. BRONHERT, | |
| J. DALEIDEN, C. MCCOY, AND JANE(S) | |
| DOE(S) NURSES MERCY FRANCISCAN HOSPITAL – MT. AIRY | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 17th day of November electronically through the Court's ECF system and/or by regular U.S. mail upon the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
PLAINTIFF, PRO SE

Deborah R. Lydon, Esq.
Jennifer Orr Mitchell, Esq.
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
TRIAL COUNSEL FOR DR. BERRY

/s/ Karen A. Carroll
Karen A. Carroll (0039350)

277448.1:CA042.AM001