# EXHIBIT "B"

FILED

DEC 4 2001

KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DARLINGTON AMADASU,      )     CASE NO. C-1-01-284
                                     :

**Plaintiff,**             )     **Judge Spiegel**
                                       :     **Magistrate Judge Sherman**

**v.**                    )
                                       :

**THE HEALTH ALLIANCE OF GREATER** )     **DEFENDANTS'**
**CINCINNATI, et. al.,**             :     <u>**MOTION TO DISMISS**</u>
                                       )

**Defendants.**             :

     The Defendants, The Health Alliance of Greater Cincinnati, The Christ Hospital, **Tom**

Kemme, and David Parlato, move this Court, pursuant to Fed. R. Civ. P. 37 and 41(b) **for an**

order dismissing plaintiff's Complaint with prejudice as a sanction for **plaintiff's**

noncooperation in discovery and failure to comply with this Court's prior orders. A trial **Court**

has the discretion to dismiss an action as a sanction for a noncooperation. *Regional Refuse*

*Systems, Inc. v. Inland Reclamation Company* 842 F. 2d. 150 (6th Cir. 1988). Plaintiff's

noncooperation and disregard of this Court's orders is astounding. The Defendants, **therefore,**

request that the Court dismiss the Complaint with prejudice and require plaintiff to **pay the**

reasonable expenses, including attorney fees, caused by his conduct.

OF COUNSEL:                           Respectfully submitted,

GRAYDON HEAD & RITCHEY LLP        Michael A. Roberts (0047129)
1900 Fifth Third Center                  Trial Attorney for Defendants
P.O. Box 6464                            GRAYDON HEAD & RITCHEY LLP
Cincinnati, OH 45201                1900 Fifth Third Center
(513) 621-6464                         P.O. Box 6464
                                         Cincinnati, OH 45201
                                         (513) 629-2799
                                         *Attorneys For Defendants*

<u>**MEMORANDUM IN SUPPORT OF MOTION**</u>

The Christ Hospital employed plaintiff for three weeks in 2000. Following his termination, plaintiff filed this action asserting 25 different claims for relief. In the seven (7) months since the plaintiff filed the Complaint, the following procedural events have taken place:

1. Defendants filed an Answer to the Complaint on June 25, 2001.

2. On August 31, 2001, the Defendants requested the opportunity to take plaintiff's deposition. (*See, Exhibit 1, Affidavit of Defense Counsel*).

3. On September 1, 2001, the plaintiff filed an "Objection" to the taking of his deposition. (*Doc. 7*).

4. In the "Objection," plaintiff argued that the deposition was "not convenient" because defendants' counsel did not confer with the plaintiff about the place, date, and time for a deposition. *Id.* Plaintiff represented in his Objection that "upon notice from the Court regarding Preliminary Pretrial Conference . . . [plaintiff] shall confer to determine dates and place convenient to all parties" for plaintiff's deposition. *Id.*

5. During a phone call of September 5, 2001, plaintiff refused to engage in a Rule 26 discovery planning meeting and refused to advise defendants' counsel of a convenient time for the discovery planning meeting. (*Exh. 1; See also, Doc. 9*).

6. On September 6, 2001, the Court issued the Notice of Preliminary Pretrial Conference (*Doc. 8*), which plaintiff had requested in his "Objection" before he would agree to a date and time for his deposition. (*Doc. 7*).

7. On September 7, 2001, since the Court had issued the Notice plaintiff requested, defense counsel re-noticed plaintiff's deposition for September 21, and invited plaintiff to participate in a discovery planning meeting "*at any time.*" (*Exh. 1*).

8. On September 10, 2001, defense counsel wrote plaintiff and advised plaintiff that since the Court required the parties to file a Report of the Planning Meeting by September 20, they would need to meet. *Id.* Defense counsel again invited plaintiff to participate in such a meeting *at any time*. *Id.* Defense counsel also sent plaintiff a draft Report for plaintiff to comment on and revise. *Id.* Plaintiff, nonetheless, refused to meet defense counsel. *Id.*

9. On September 17, 2001, plaintiff filed another "Objection" ("Objection2") to his re-noticed deposition and requested that defense counsel "confer with plaintiff before setting . . . the deposition." (*Doc. 9*). Importantly, in Objection2, plaintiff represented that he was available on, among other dates, December 7, 2001. *Id.*

10.    On September 18, 2001, the Court granted that part of Objection2 which requested the Court to reschedule the Preliminary Pretrial Conference, but the Court denied plaintiff's request for an order rescheduling plaintiff's September 21, deposition. (*Doc. 10*).

11.    On receipt of Doc. 10, defense counsel phoned plaintiff to advise plaintiff that the Court declined plaintiff's request to reschedule his deposition. (*Exh. 1*). Defense counsel had the Order hand-delivered to plaintiff that day. *Id.* During the phone call, plaintiff stated that he refused to be deposed and "would not appeal the Order." *Id.* Defense counsel advised plaintiff that if he failed to appear on the 21st, defense counsel would seek the dismissal of his case as a sanction. *Id.*

12.    Plaintiff failed to appear for his deposition on September 21. (*See, Exhibit 2*).

13.    Plaintiff finally agreed to appear for a discovery planning meeting on November 15, 2001, the final day possible in advance of the December 6 Preliminary Pretrial Conference, which had been rescheduled at plaintiff's request. (*Exh. 1*). At the planning meeting, plaintiff gave defense counsel a list of discovery demands. *Id.*

14.    Following the planning meeting, defense counsel sent plaintiff a draft of a meeting Report, and invited plaintiff to make additions or corrections. *Id.* Plaintiff later informed defense counsel that the draft was "unacceptable." *Id.* Plaintiff does, however, admit that counsel for the parties agreed to exchange their FRCP 26(a)(1) pretrial disclosures on or before November 29, 2001.[1] *Id.* As of December 7, plaintiff has nonetheless failed to supply defense counsel with the required and agreed Rule 26 disclosures. *Id.*

15.    Following the planning meeting, defense counsel noticed plaintiff's deposition for December 7, 2001. *Id.* Importantly, this is a day that plaintiff had earlier advised would be convenient with his schedule. *Id.* After receiving this notice, plaintiff called defense counsel and stated that, despite his earlier representation, plaintiff would not appear on December 7. *Id.* In response, defense' counsel asked plaintiff to "pick a date" when he was available. *Id.* Plaintiff refused to respond. *Id.*

16.    On December 6, defense counsel spoke to plaintiff and reminded him of the deposition noticed for December 7. *Id.* Plaintiff again advised that he had no intention of appearing. *Id.*

17.    On December 7, 2001, plaintiff failed to appear for his deposition. *Id.*

---

[1]    In his November 27 response to defense counsel's earlier draft of the planning meeting report plaintiff intentionally misrepresented defense counsel's response to plaintiff's demand for discovery at the November 15 meeting. Defense counsel repeatedly advised plaintiff that defendants would produce on November 29 that information required by Rule 26 and that if plaintiff wanted other documents he would need to request them through Rule 34. Despite this clear and repeated statement, plaintiff intentionally misrepresented in his November 27 response to the draft of the planning report that defense counsel "agreed" to supply plaintiff with a list of 21 categories of documents and records.

In his September 1, 2001, "Objection," plaintiff represented that "upon notice from the Court regarding preliminary pretrial conference . . . [plaintiff] shall confer to determine dates and place convenient to all parties." (*Doc. 7, emphasis added*). The Notice plaintiff referred to was issued on September 6, yet to this day - three (3) months later - plaintiff has failed to "confer" with defense counsel about a convenient deposition date, despite his representation in the Objection. And in late November, defendants' counsel noticed plaintiff's deposition for December 7, a date which plaintiff stated he was available in Objection2 filed with the Court. (*Doc. 9*). In Objection2, plaintiff also represented that he would "confer with plaintiff [about] setting . . . the deposition." *Id.* Nonetheless, when requested to appear for deposition on December 7, plaintiff refused despite his admitted availability and refused to even "pick a date" for his deposition as invited to do by defense counsel.

Plaintiff has filed several pro se lawsuits in federal and state court in the past year.[2] His tactic is to file an outrageous suit with fees waived (in this action he alleges 25 separate causes of action stemming from just 2 weeks of employment) and dodge the discovery process as long as possible. This strategy is clear from the motions for sanctions filed by counsel in other matters filed by Mr. Amadasu. (*See, e.g., Exhibit 3*). Amazingly, this is not the first action in which Mr. Amadasu has been requested to appear for deposition on up to four occasions. *Id.*

Under Fed. R. Civ. P. 37, if a party fails to attend its own deposition after proper notice, "the [trial] court . . . may make such orders in regard to the failure as are just, and . . . may . . . dismiss the action . . . or render a judgment by default against the disobedient party." The

---

[2]    Plaintiff also has recently filed in this Court and in the Hamilton County Court of Common Pleas several additional lawsuits: *Amadasu v. University of Cincinnati et. al.* (J. Spiegel Case # 01-CV-210); *Amadasu v. Mercy Franciscan Hospital et. al.* (J. Spiegel Case # 01-CV-182); *Amadasu v. University of Utah et. al.* (J. Weber Case # 01-CV-70); *Amadasu v. Committee of Interns* (J. Pollak, E.D. N.Y. Case # 97-CV-4965); *Amadasu v. Donnett, et. al.,* (J. Crush, Hamilton County Common Pleas, Case # A 99 07219); *Amadasu v. United Dairy Farmers* .

sanction of dismissal is appropriate when a party *willfully and deliberately* disobeys the discovery process.[3]  In the Sixth Circuit, a trial Court has the discretion to dismiss an action as a sanction for a plaintiff's noncooperation. ***Regional Refuse Systems, Inc. v. Inland Reclamation Company*** 842 F. 2d. 150 (6th Cir. 1988).

Plaintiff's conduct is outrageous.  Defendants accordingly request that the Court dismiss plaintiff's complaint with prejudice and impose sanctions against plaintiff, including an award of reasonable expenses and attorneys' fees to the defendants.

OF COUNSEL

Respectfully submitted,

Michael A. Roberts (0005551)
Trial Attorney for Plaintiff

GRAYDON, HEAD & RITCHEY
1900 Fifth Third Center
P.O. Box 6464
Cincinnati, OH 45201
(513) 621-6464

GRAYDON, HEAD & RITCHEY
1900 Fifth Third Center
P.O. Box 6464
Cincinnati, OH 45201
(513) 629-2734

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was hand delivered to Darlington Amadasu, 2680 Wendee Apt. 2303, Cincinnati, OH 45238 this 7th day of December, 2001.

---

[3]    *See*, ***Trans World Airlines v Hughes***, 332 F. 2d 602, 614 (2nd Cir. 1964) (when a party deliberately chooses not to appear for his deposition, a trial court is fully justified in dismissing that party's claims).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | ) | CASE NO. C-1-01-284 |
| | : | |
| Plaintiff, | ) | Judge Spiegel |
| | : | Magistrate Judge Sherman |
| v. | ) | |
| | : | |
| THE HEALTH ALLIANCE OF GREATER | ) | AFFIDAVIT OF DEFENSE COUNSEL |
| CINCINNATI, et. al., | : | MICHAEL A. ROBERTS |
| | ) | |
| Defendants. | : | |

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | ss. |
| COUNTY OF HAMILTON | ) | |

The affiant, Michael A. Roberts, after being duly cautioned and sworn states the following to be true on the basis of his own personal knowledge.

1.   Defendants filed an Answer to the Complaint in this action on June 25, 2001.

2.   On August 31, 2001, the Defendants requested the opportunity to take plaintiff's deposition. (*A true and correct copy of my letter and Notice are attached*).

3.   On September 1, 2001, the plaintiff filed an "Objection" to the taking of his deposition. (*A true and correct copy is attached*).

4.   Plaintiff represents in his Objection that "upon notice from the Court regarding Preliminary Pretrial Conference . . . [plaintiff] shall confer to determine dates and place convenient to all parties" for plaintiff's deposition.

5.   During a phone call I had with plaintiff on September 5, 2001, plaintiff refused to engage in a Rule 26 discovery planning meeting and refused to advise me of a convenient time for the discovery planning meeting.

6.   On September 6, 2001, the Court issued the Notice of Preliminary Pretrial Conference (*Doc. 8, attached*), which plaintiff had requested in his "Objection" before he would agree to a date and time for his deposition.

7.   On September 7, 2001, since the Court had issued the Notice plaintiff requested, I re-noticed plaintiff's deposition for September 21, and invited plaintiff to participate in a discovery planning meeting *"at any time."* (*A true and correct copy of my letter and Notice is attached*).

8.  On September 10, 2001, I wrote plaintiff and advised him that since the Court required the parties to file a Report of the Planning Meeting by September 20, we would need to meet, and I again invited plaintiff to participate in such a meeting _at any time_. (*A true and correct copy of my letter is attached*). I also sent plaintiff a draft Report for plaintiff to comment on and revise. (*See, attached*). Plaintiff, nonetheless, refused to meet with me.

9.  On September 17, 2001, plaintiff filed another "Objection" ("Objection2") to his re-noticed deposition and requested that defense counsel "confer with plaintiff before setting . . . the deposition." (*Doc. 9, attached*). Importantly, in Objection2, plaintiff represented that he was available on, among other dates, December 7, 2001.

10. On September 18, 2001, the Court granted that part of Objection2 which requested the Court to reschedule the Preliminary Pretrial Conference, but the Court denied plaintiff's request for an order rescheduling plaintiff's September 21, deposition. (*Doc. 10, attached*).

11. On receipt of Doc. 10, I phoned plaintiff to advise him that the Court declined his request to reschedule his deposition. I also had the Order hand-delivered to plaintiff that day. During the phone call, plaintiff stated that he refused to be deposed and "would appeal the Order." I advised plaintiff that if he failed to appear on the 21st, I would seek the dismissal of his case as a sanction.

12. Plaintiff failed to appear for his deposition on September 21. Attached as Exhibit 2 to the Motion to Dismiss is a true and accurate copy of the Deposition transcript from that day.

13. Plaintiff finally agreed to appear for a discovery planning meeting on November 15, 2001, the final day possible in advance of the December 6 Preliminary Pretrial Conference, which had been rescheduled at plaintiff's request. At the planning meeting, plaintiff gave me a list of discovery demands which I refused to consider and requested that plaintiff make any such demand pursuant to Rule 34.

14. Following the planning meeting, I sent plaintiff a draft of a meeting Report, and invited him to make additions or corrections. He later informed me that the draft was "unacceptable." Plaintiff does, however, admit that we had agreed to exchange FRCP 26(a)(1) pretrial disclosures on or before November 29, 2001. As of December 7, plaintiff has nonetheless failed to supply defense counsel with the required and agreed Rule 26 disclosures.

15. Following the planning meeting, I noticed plaintiff's deposition for December 7, 2001. (*Attached is a true and correct copy of the letter and Notice served on plaintiff*). Importantly, this is a day that plaintiff had earlier advised would be

convenient with his schedule. After receiving this notice, plaintiff called me and stated that, despite his earlier representation, plaintiff would not appear on December 7. In response, I asked plaintiff to "pick a date" when he was available but he refused to respond.

16.    On December 6, I spoke to plaintiff and reminded him of the deposition noticed for December 7. Plaintiff again advised that he had no intention of appearing.

17.    On December 7, 2001, plaintiff failed to appear for his deposition.

18.    I have personally spoken to other attorneys who are or were defending at least three other actions brought by plaintiff, and I have reports of others. Attached as **Exhibit 3** to the Motion to Dismiss are true and accurate copies of documents I secured from the

Further Affiant Sayeth Naught.

Michael A. Roberts

### Notary Public

Before me appeared Michael A. Roberts who after being duly cautioned and sworn signed his name above.

STEPHEN L. BLACK
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Date Section 147.03 R.C.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was hand delivered to Darlington Amadasu, 2680 Wendee Apt. 2303, Cincinnati, OH 45238 this 7th day of December, 2001.

**Graydon
Head &
Ritchey
LLP**

# FILE

*Attorneys at Law*

Michael A. Roberts
Direct Dial: (513) 629-2799
E-Mail: mroberts@graydon.com

August 31, 2001

*Via Hand Delivery and Regular Mail*
Darlington Amadasu
2680 Wendee, Apt. 2303
Cincinnati, Ohio 45238

    *Re:   Amadasu v. The Christ Hospital, et. al.*

Dear Mr. Amadasu:

    Enclosed is a copy of a Notice Of Deposition. I expect to see you in my office on **the** appointed day and time.

                Very truly yours,

                GRAYDON HEAD & RITCHEY LLP

                Michael A. Roberts

MAR/nc

www.graydon.com   *Mailing Address*   *Cincinnati Office*   *Kentucky Office*
P.O. Box 6464   1900 Fifth Third Center   8100 Burlington Pike
Cincinnati, Ohio 45201-6464   511 Walnut Street   Suite 480
   Cincinnati, Ohio 45202-3157   Florence, Kentucky 41042-1212
   telephone (513) 621-6464   telephone (859) 282-8800
   fax (513) 651-3836   fax (859) 525-0214

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | ) | CASE NO. C-1-01-0284 |
| | : | |
| Plaintiffs, | ) | Judge Spiegel |
| | : | |
| v. | ) | |
| | : | NOTICE OF DEPOSITION |
| THE CHRIST HOSPITAL, et. al., | ) | |
| | : | |
| Defendants. | ) | |

TO:    Darlington Amadasu
       2680 Wendee, Apt. 2303
       Cincinnati, Ohio 45238

Please take notice that, pursuant to the Federal Rules of Civil Procedure, Rule 30, **the**

defendants in the above matter will take your deposition on Friday, September 7, **2001,**

beginning at 9:00 a.m. at the offices of Graydon, Head & Ritchey, 511 Walnut Street, **Suite**

1900, Cincinnati, Ohio 45202, and will be recorded by stenographic means before a **Notary**

Public.

Respectfully submitted,

_____

Michael A. Roberts (0047129)

OF COUNSEL                            GRAYDON, HEAD & RITCHEY LLP

GRAYDON, HEAD & RITCHEY LLP          1900 Fifth Third Center
1900 Fifth Third Center              511 Walnut Street
511 Walnut Street                    Cincinnati, Ohio 45202
Cincinnati, Ohio 45202               (513) 629-2799
(513) 621-6464

## CERTIFICATE OF SERVICE

The foregoing was delivered, via hand delivery and ordinary U.S. mail, postage prepaid, to Darlington Amadasu, 2680 Wendee, Apt. 2303, Cincinnati, Ohio 45238, this 31st day of September, 2001.

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU                                   CASE NO. C-1-01-0284
                Plaintiff

        V.                                           (judge Spiegel)

                                            OBJECTION TO DEPOSITION NOTICE.
THE CHRIST HOSPITAL, et al.                 COMPLIANCE REMINDER REGARDING
                Defendants                  PRELIMINARY PRETRIAL CONFERENCE
                                            MANDATORY INITIAL DISCLOSURES

Now comes plaintiff, Darlington Amadasu, hereby objects to the Notice of Deposition served on him by defendants attorney for the following reasons:

1.        The defendants' Notice of Deposition is premature.

2.        Defendants neglected and or failed to comply with the <u>Mandatory Discovery Conference</u> of counsel and pro se party required by Federal Rule of Civil Procedures (FRCP) 26 (f).

3.        Defendants neglected and or failed to comply with the <u>Mandatory Initial Disclosures</u> required by FRCP 26(a)(1) et seq. These items 2 and 3 have become mandatory effective December 1, 2000 before any deposition is contemplated.

4.        Preliminary pretrial conference, scheduling and planning pursuant to FRCP 16 et seq must take place after item #2 ,supra, took place, and items #2 and #3, supra, must precede any deposition.

5.        The defendants' deposition notice is dictatorial because they failed and or neglected to confer with the plaintiff about place, date and time convenient to all parties. Consequently, the premature notice of deposition set for September 7, 2001 at the defendants' attorney's office is arbitrary and is not convenient for the plaintiff, and is premature for the reasons stated supra.

6.        Upon notice from the Court regarding preliminary pretrial conference pursuant to FRCP 16, parties shall confer to determine dates and place convenient to all parties for the items #2 and 3, supra, as well as for item #4 supra.

Dated: September 1, 2001.

                                            _____
                                            Darlington Amadasu, Plaintiff Prose

**CERTIFICATE OF SERVICE:**
        The foregoing was delivered to Michael A. Roberts, defendants' attorney, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, OH 45202 by ordinary US mail, postage prepaid. On September 1, 2001.

                                            _____
                                            D. Amadasu



FILED
KENNETH J. MURPHY

01 SEP -6 PM 1:07

SOUTHERN DIST OHIO
WEST DIV CINCINNATI

**United States District Court**
**Southern District of Ohio**
**Western Division**
**Cincinnati, Ohio**

Darlington Amadasu,
Plaintiff

Civil Action No.    C-1-01-284

vs.

Spiegel, J.; Sherman, M.J.

Health Alliance, et al.,
Defendant

## PRELIMINARY PRETRIALCONFERENCE NOTICE
## PURSUANT TO FED. R.CIV.P. 16 AND 26(f)

YOUR ATTENTION IS CALLED TO THE FOLLOWING: Effective December 1, 2000, significant revisions were made to the Federal Rules of Civil Procedure, with the result that the Southern District of Ohio no longer has the authority to opt-out of either the MANDATORY DISCLOSURE RULES of Fed. R. Civ. P. 26(a)(1), or the MANDATORY DISCOVERY CONFERENCE of counsel and any *pro se* parties required by Fed. R. Civ. P. 26(f). Accordingly, as soon as practicable, but, in any event, no later than receipt of notice of the Preliminary Pretrial Conference by the Court, all counsel and any *pro se* parties shall agree on a date for their Discovery Conference as required by Fed. R. Civ. P. 26(f), which must be held not later than 21 days before the Preliminary Pretrial Conference. In addition, the parties must file the Report required by said Rule (*see* attached form) not later than 14 days after the Discovery Conference, but in any event, no later than 7 days before the Preliminary Pretrial Conference. Unless otherwise agreed in the Discovery Plan, the parties shall make the disclosures required by Fed. R. Civ. P. 26(a)(1) at or within 14 days after the Discovery Conference.

The Court has scheduled a Preliminary Pretrial Conference in the above matter on **September 27, 2001 at 10:30 a.m., via telephone**. The Court will initiate the conference call to the following list of parties on that date. It is the responsibility of the parties to advise the Court of any additions or deletions to the list of participants, or to supply substitute phone numbers for this communication. You may contact Janet Lahley, Courtroom Deputy to the undersigned, at 513-564-7646, regarding any changes.

Plaintiff: Darlington Amadasu, pro se, at 662-7547
Defendant: Michael Roberts, Esquire at 629-2799

Jack Sherman, Jr.
United States Magistrate Judge



**Graydon
Head &
Ritchey
LLP**

# FILE COPY

*Attorneys at Law*

Michael A. Roberts
Direct Dial: (513) 629-2799
E-Mail: mroberts@graydon.com

September 7, 2001

Mr. Darlington Amadasu
2680 Wendee, Apt. 2303
Cincinnati, Ohio 45238

     **Re:**    *Amadasu v. The Christ Hospital*

Dear Mr. Amadasu:

     I received your Objection To Notice Of Deposition Compliance Reminder Regarding Preliminary Pretrial Conference Mandatory Initial Disclosures ("Objection"). I also have learned that the Court has scheduled a Pretrial Conference to occur within the next four weeks.

     Although your Objection is inappropriate, in deference to your Objection, I have canceled your deposition scheduled for September 7, 2001, and have rescheduled your deposition for September 21, 2001. An Amended Notice is enclosed.

     In response to your Objection, be advised that Fed. R. Civ. P. 26(f) provides that:

> "the parties *must, as soon as practicable and in any event at least 21 days before a scheduling conference* is held . . . confer . . . to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan . . . the attorneys of record and all unrepresented parties . . . are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan . . . a court may order that the parties or attorneys attend the conference in person."

On September 5, 2001, during our telephone call, I asked that you agree to "Confer" with me at that time as suggested in Rule 26(f). You declined. I then asked that you let me know what time would be convenient with you for us to Confer. You refused to respond. As you can see above, we each have an obligation to "arrange" the conference and the conference "must" be held "as soon as

www.graydon.com    *Mailing Address*
P.O. Box 6464
Cincinnati, Ohio 45201-6464    *Cincinnati Office*
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
telephone (513) 621-6464    *Kentucky Office*
8100 Burlington Pike
Suite 480
Florence, Kentucky 41042-1212
telephone (859) 282-8800

practicable." We also each have a duty of "good faith" in accomplishing this task. Your refusal to Confer or even indicate a time convenient for a conference violates Rule 26(f). Since there is no reason why we cannot now Confer and develop a proposed discovery plan, let me know within the next week when it would be convenient with you for us to meet and Confer between now and September 21, 2001, during which time I am available to Confer with you (in person or over the phone) pursuant to Fed. R. Civ. P. 26(f).

If I do not hear from you and/or if you fail to appear for your deposition on September 21, 2001, and do so without permission of the Court, I will request that the Court sanction your conduct by dismissing your claims with prejudice.

Sincerely,

GRAYDON HEAD & RITCHEY LLP

Michael A. Roberts

MAR/ndc
Enclosure
*Copy*: Ms. Sharon Evans

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | ) | CASE NO. C-1-01-0284 |
| | : | |
| Plaintiffs, | ) | Judge Spiegel |
| | : | |
| v. | ) | **AMENDED** |
| | : | **NOTICE OF DEPOSITION** |
| THE CHRIST HOSPITAL, et. al., | ) | |
| | : | |
| Defendants. | ) | |

TO:    Darlington Amadasu
       2680 Wendee, Apt. 2303
       Cincinnati, Ohio 45238

Please take notice that, pursuant to the Federal Rules of Civil Procedure, Rule 30, the

defendants in the above matter will take your deposition on Friday, September 21, 2001,

beginning at 9:00 a.m. at the offices of Graydon Head & Ritchey LLP, 511 Walnut Street, Suite

1900, Cincinnati, Ohio 45202, and will be recorded by stenographic means before a Notary

Public.

Respectfully submitted,

OF COUNSEL

GRAYDON, HEAD & RITCHEY LLP        Michael A. Roberts (0047129)
1900 Fifth Third Center            GRAYDON, HEAD & RITCHEY LLP
511 Walnut Street                  1900 Fifth Third Center
Cincinnati, Ohio 45202             511 Walnut Street
(513) 621-6464                     Cincinnati, Ohio 45202
                                   (513) 629-2799

### CERTIFICATE OF SERVICE

The foregoing was delivered via ordinary U.S. mail, postage prepaid, to Darlington
Amadasu, 2680 Wendee, Apt. 2303, Cincinnati, Ohio 45238, this 7th day of September, 2001.

**Graydon
Head &
Ritchey
LLP**

FILE COPY

*Attorneys at Law*

Michael A. Roberts
Direct Dial: **(513) 629-2799**
E-Mail: mroberts@graydon.com

September 10, 2001

Mr. Darlington Amadasu
2680 Wendee, Apt. 2303
Cincinnati, Ohio 45238

> *Re:   Amadasu v. The Health Alliance, et al., Case No. C-1-01-284*

Dear Mr. Amadasu:

        Enclosed is a copy of a Preliminary Pretrial Conference Notice, which I received from the Court. As you can see, the Court <u>requires</u> that we meet immediately <u>and</u> that we file **a** report of our meeting *prior to* September 20, 2001. Accordingly, I have begun the preparation of a Report and have enclosed it herein. You and I must meet (in person or over the **phone)** to finalize the enclosed before September 20. I am generally available to speak with **you** between now and September 20. Therefore, call me at your earliest opportunity to discuss **this** further.

                    Sincerely,

                    GRAYDON HEAD & RITCHEY LLP

                    Michael A. Roberts

MAR/ndc
Enclosure

CN_LIB.266369 1

www.graydon.com    *Mailing Address*          *Cincinnati Office*          *Kentucky Office*
                   P.O. Box 6464             1900 Fifth Third Center     8100 Burlington Pike
                   Cincinnati, Ohio 45201-6464  511 Walnut Street        Suite 489
                                              Cincinnati, Ohio 45202-3157  Florence, Kentucky 41042-1212
                                              telephone (513) 621-6464    telephone (859) 282-8800

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,    )    CASE NO. C-1-01-0284
        :
    Plaintiffs,    )    Judge Spiegel
        :    Magistrate Sherman
    v.    )
        :
THE CHRIST HOSPITAL, et. al.,    )    **RULE 26(f) REPORT OF THE PARTIES**
        :
    Defendants.    )

1.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on _____, and was attended by:

Darlington Amadasu, Pro se

Michael A. Roberts, Counsel for the defendants, The Health Alliance of Greater Cincinnati, The Christ Hospital, Tom Kemme, and David Parlato

2.    The parties:

    \_\_\_    have exchanged the discovery disclosures required by Rule 26(a)(1)
    \_\_\_    will exchange such disclosures by _____
    \_\_\_    are exempt from disclosure under Rule 26(a)(1)(E)
    \_\_\_    have agreed not to make initial disclosures.

3.    The parties:

    \_\_\_    unanimously consent to the jurisdiction of, and entry of judgment by, the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c)
    \_\_\_    do not unanimously consent to the jurisdiction of, and entry of judgment by, the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)

4.    Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: _____

5.    Is this case appropriate for mediation after a
limited discovery period?    _____
Will the parties request the services of a court mediator?    _____
Has a settlement demand bee made?    _____
Date by which a settlement demand can be made?    _____
Date by which a response can be made to settlement demand?    _____

6.     Recommended Discovery Plan:

   A.     Describe the subjects on which discovery is to be sought and the nature and
          extent of discovery that each party needs to: (i) make a settlement evaluation;
          (ii) prepare for case dispositive motions; and (iii) prepare for trial:

          _____

   B.     What changes should be made, if any, in the limitations on discovery imposed
          under the Federal Rules of Civil Procedure or the S.D. Ohio Civ. Rules,
          including the limitations to 25 interrogatories, 40 requests for admission, and
          the limitation of ten depositions, each lasting no more than one seven-hour day?

          _____

          _____

          _____

   C.     Additional recommended limitations on discovery:

          _____

   D.     Describe the areas for which expert testimony is expected and indicate whether
          each expert will be specially retained within the meaning of Fed. R. Civ. P.
          26(a)(2).

          _____

          _____

   E.     Recommended date for identifying primary experts: _____

   F.     Recommended date for producing primary expert reports: _____

   G.     Recommended date for identifying rebuttal experts: _____

   H.     Recommended date for producing rebuttal expert reports: _____

   I.     Recommended discovery cut-off date: _____

7.     Recommended Dispositive Motion Deadline date: _____

8.     Recommended date for Final Pretrial Conference: _____
       (at least 4 months after Dispositive Motion Deadline)

9.     Recommended date for trial: _____
       (at least two weeks after Final Pretrial Conference)

10.    Other matters for the attention of the Court:


Respectfully submitted,


_____
Darlington Amadasu, pro se

_____
Michael A. Roberts (Ohio Bar #0047129)
Trial Attorney for Defendants
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, Ohio 45202
(513) 629-2799
Fax: (513) 651-3836

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

DARLINGTON AMADASU
    Plaintiff

V.

THE CHRIST HOSPITAL, et al.
    Defendants

CASE NO. C-1-01-0284

( Spiegel/Sherman)

OBJECTION TO AMENDED DEPOSITION.
MOTION TO RESCHEDULE PRELIM.
PRETRIAL CONFERENCE

JUDICIAL NOTICE OF DEFENDANTS'
ATTORNEY UNSOUND ATTITUDES AND
PARTIES DIFFERENCE ON CONFERENCE

---

### OBJECTION TO AMENDED NOTICE OF DEPOSITION

Now comes plaintiff. Darlington Amadasu, hereby objects to the amended notice of deposition served on him by defendants' attorney for the following reasons:

1.    Plaintiff hereby repeats and incorporates some or all of the reasons given for plaintiff's objection filed 9/4/2001 to defendants' first notice of deposition for September 7, 2001.

2.    In addition, plaintiff further objects to the amended notice of deposition pursuant to Rule 26 **(d)** regarding Timing and Sequence of Discovery.

3.    Again defendants' attorney arbitrarily and dictatorially setting amended notice of deposition for September 21, 2001 without prior consultation with the plaintiff as to his convenient date. place and time is not only premature but also inconvenient to the plaintiff. Plaintiff, therefore. hereby request defendants' attorney to confer with plaintiff before setting any date. place and time for deposition. and for any other matter or conferences in future instead of dictating to plaintiff.

### MOTION TO DEFER & RESCHEDULE PRELIMINARY PRETRIAL CONFERENCE

Now comes plaintiff, hereby moves this court for an order to defer the telephonic preliminary pretrial conference that this court scheduled for September 27, 2001 at 10.30 a.m., and to reschedule the said conference for any of the following suggested dates: **October 29, 30, and 31, 2001 or December 6, 7, 10, 11, 12, 13, 14, & 17, 2001. [NB: Plaintiff is unavailable in all of November 2001].**

#### GROUNDS FOR DEFERENCE AND RESCHEDULING:

The court set date, 9/27/2001 for the prelim. Pretrial conference conflicts with my medical treatment schedules. As already indicated above I am unavailable for any date in November 20001. I had earlier left

message in the answering machine of Ms Janet Lahley, the Courtroom Deputy to Magist. Judg. Jack Sherman, Jr regarding these changes after defendants' attorney refused to cooperated with me on this request.

Wherefore Plaintiff prays this court to defer and reschedule the prelim. Pretrial conference.

## JUDICIAL NOTICE OF UNSOUND ATTITUDES OF DEFENDANTS' ATTORNEY MR MICHAEL ROBERTS, AND THE PARTIES' DIFFERENCES OVER MUTUALLY CONVENIENT DATES FOR DISCOVERY CONFERENCE UNDER RULE 26(f) AND PRELIM. PRETRIAL CONFERENCE (RULE 16).

On September 5, 2001 defendants' attorney, Mr. Michael A. Roberts, (Roberts) during his first phone call to me, failed to show the elementary or basic courtesy, respect and regard to me. On the phone he arrogantly said. " Roberts.........Roberts" without properly introducing himself in spite of my repeatedly asking who was Roberts. He hesitantly and arrogantly said, "Roberts attorney for Christ Hospital." Next he demanded that I instantly confer with him under Rule 26(f). I told him that he could not just call without professional courtesy and demand instant conference. I politely advised him to review the Rules 16 and 26 and upon the court scheduling preliminary pretrial conference date convenient to all parties then we could set mutually convenient date. place and time for the mandatory discovery conference but as he continued to press for the impromptu conference I told him that it was not convenient to. me

On September 11, 2001, at about 2.05 pm during our telephone call, as usual Mr. Roberts would not show the elementary courtesy. When I requested him to mutually agree to defer the court scheduled prelim. Pretrial conference and reschedule it for time and date convenient to all parties and the judge, despite my suggested dates above noted, he refused to agree to defer and reschedule the conferences. Instead, Mr. Roberts unduly resorted to ridicule, threaten, hostile and adverse to me. He made the following unprofessional comments: That since I decided to follow the rules strictly and having filed three lawsuits, he was not going to defer the conferences and give me any respite. In presence of an ear-witness, he insinuated that as an attorney and officer of the court, he could easily ingratiates himself to the favor, attention and preferential treatment of Judges Spiegel and Sherman because he and Judges Spiegel and Sherman are white and he would be discriminating against me because he is white. He further affirmed that Judges Spiegel and Sherman were aware that I have been using delaying tactics in this and other cases before this court. These are false statements and unnecessary innuendoes. Mr. Roberts's unprofessional and unethical behavior, rudeness, threatening and intimidating plaintiff are not necessary for the defense of his clients. I told Mr. Roberts that I would let the court take judicial notice of his unprofessional and discourtesical attitudes and behaviors. I hope this court note this and take appropriate remedial action.

## CONCLUSION:

Based on the foregoing. plaintiff prays this court to grant the relief requested and for other and such relief as this court deem proper.

Respectfully submitted,

Darlington Amadasu, plaintiff pro se.

**CERTIFICATE OF SERVICE**

    The foregoing was delivered by U.S. mail, postage prepaid, to Michael Roberts, defendants'

attorney at his address on record, on September17, 2001.

FILED
KENNETH J. MURPHY

01 SEP 18 PM 1: 13

CLERK COURT
SOUTH DIST OHIO
WEST DIV CINCINNATI

**United States District Court**
**Southern District of Ohio**
**Western Division**

Darlington Amadasu,
    Plaintiff

    No.  C-1-01-284

vs.

    Spiegel, J.; Sherman, M.J.

Christ Hospital, et al.,
    Defendant

    **ORDER**

    This matter is before the Court on Plaintiff's "Objection to Amended Deposition.

Motion to Reschedule Preliminary Pretrial Conference." (Doc. 9).  That portion of plaintiff's

motion relating to rescheduling of the Preliminary Pretrial Conference is GRANTED and it

shall be continued from September 27, 2001, to December 6, 2001 at 10:00 a.m.


Jack Sherman, Jr.
United States Magistrate Judge

1

**Graydon
Head &
Ritchey
LLP**

**FILE COPY**

*Attorneys at Law*

Michael A. Roberts
Direct Dial: (513) 629-2799
E-Mail: mroberts@graydon.com

November 14, 2001

Mr. Darlington Amadasu
2680 Wendee, Apt. 2303
Cincinnati, Ohio 45238

       *Re:*    *Amadasu v. The Health Alliance, et al., Case No. C-1-01-284*

Dear Mr. Amadasu:

      This letter confirms our agreement that you will come to my office on **Thursday, November 15 at 1:00 p.m.** for the conduct of our discovery planning meeting. **Thank you for your cooperation.** My office is located on the 19th floor of the Fifth Third Center on Fountain Square in downtown Cincinnati. I will look for you promptly at 1:00.

      Sincerely,

      GRAYDON HEAD & RITCHEY LLP

      Michael A. Roberts

MAR/ndc

| www.graydon.com | *Mailing Address*<br>P.O. Box 6464<br>Cincinnati, Ohio 45201-6464 | *Cincinnati Office*<br>1900 Fifth Third Center<br>511 Walnut Street<br>Cincinnati, Ohio 45202-3157<br>telephone (513) 621-6464<br>fax (513) 651-3836 | *Kentucky Office*<br>8100 Burlington Pike<br>Suite 480<br>Florence, Kentucky 41042-1212<br>telephone (859) 282-8800<br>fax (859) 525-0214 |

**Graydon**
**Head &**
**Ritchey**
**LLP**

# FILE

*Attorneys at Law*

Michael A. Roberts
Direct Dial: (513) 629-2799
E-Mail: mroberts@graydon.com

November 16, 2001

Mr. Darlington Amadasu
2680 Wendee, Apt. 2303
Cincinnati, Ohio 45238

   Re: *Amadasu v. The Christ Hospital, et al.;*
     *Case No. C-1-01-0284*

Dear Mr. Amadasu:

  Enclosed is a proposed Report of Parties' Planning Meeting, which I have prepared **for** filing with the Court. If it is acceptable, sign it and return it to me, and I will file it **with the** Court. If you have any additions/corrections, call me.

      Sincerely,

      GRAYDON HEAD & RITCHEY LLP

      Michael A. Roberts

MAR/ndc
Enclosure

*Mailing Address*
P.O. Box 6464
Cincinnati, Ohio 45201-6464

*Cincinnati Office*
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
telephone (513) 621-6464
fax (513) 651-3836

*Kentucky Office*
8100 Burlington Pike
Suite 480
Florence, Kentucky 41042-1212
telephone (859) 282-8800
fax (859) 525-0214

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | ) | CASE NO. C-1-01-0284 |
| | : | |
| Plaintiffs, | ) | Judge Spiegel |
| | : | Magistrate Sherman |
| v. | ) | |
| | : | REPORT OF PARTIES' PLANNING |
| THE CHRIST HOSPITAL, et. al., | ) | MEETING UNDER FED. R. CIV. P. 26(F) |
| | : | |
| Defendants. | ) | |

1.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on November 15, 2001, and was attended by the plaintiff, *pro se*, and Michael A. Roberts, Esq., Counsel for the Defendants.

2.    The parties agreed to exchange their pretrial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before, November 29, 2001.

3.    The parties recommend the following track:    Standard.

4.    This case is suitable for one or more of the following Alternative Dispute Resolution (ADR) mechanisms: Early Neutral Evaluation and Mediation

5.    Recommended Discovery Plan:

(a)    Discovery will be sought on all matters "relevant and pertinent" to the claims and defenses.

(b)    The discovery cut-off date shall be August 15, 2002.

6.    Recommended dispositive motion date:    September 1, 2002.

7.    Recommended cut-off date for amending the pleadings and/or adding additional parties: No date.

8.    Other matters for the attention of the Court. Defendants have on several occasions attempted and noticed plaintiff for deposition but plaintiff has not appeared for deposition as noticed. Most recently, Defendants noticed plaintiff for a deposition (the fourth time) to take place on Friday, December 7, 2001. On Friday November 16, 2001, plaintiff received the notice called defendants counsel and said he would not be appearing for deposition on the 7th of December. Defendants counsel asked for a convenient date and plaintiff would not comply. The defendants' request an order requiring plaintiff to appear for deposition.

Respectfully submitted,

_____
Plaintiff

OF COUNSEL

GRAYDON, HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464

_____
Michael A. Roberts (0047129)
GRAYDON, HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 629-2799
*Attorneys For Defendants*

# Graydon
# Head &
# Ritchey
# LLP

FILE COPY

*Attorneys at Law*

**Michael A. Roberts**
**Direct Dial: (513) 629-2799**
**E-Mail: mroberts@graydon.com**

November 7, 2001

Mr. Darlington Amadasu
2680 Wendee, Apt. 2303
Cincinnati, Ohio 45238

　　Re:　*Amadasu v. The Health Alliance, et al., Case No. C-1-01-284*

Dear Mr. Amadasu:

　　　Pursuant to the Court's September 18, 2001, Order resetting the **Preliminary Pretrial** Conference for December 6, 2001, at 10:00 a.m. and pursuant to Fed. R. **Civ.** P. 26(a)(1) and 26(f), you and I must agree on a date for our discovery **conference,** which conference <u>must</u> be held not later than 21 days before the Preliminary **Pretrial** Conference (i.e., Thursday, November 15, 2001). We must also file our Report on **the** conference no later than Thursday, November 29, 2001. I have previously provided **you** with a draft of a Report. I am free to meet with you for a discovery conference **anytime** between now and November 15. Call me and let me know what time would **be** convenient with your schedule.

　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　GRAYDON HEAD & RITCHEY LLP

　　　　　　　　　　　　　Michael A. Roberts

MAR/ndc

www.graydon.com　　*Mailing Address*　　*Cincinnati Office*　　*Kentucky Office*
　　　　　　　　　　P.O. Box 6464　　　　1900 Fifth Third Center　　8100 Burlington Pike
　　　　　　　　　　Cincinnati, Ohio 45201-6464　511 Walnut Street　　　Suite 980
　　　　　　　　　　　　　　　　　　　Cincinnati, Ohio 45202-3157　Florence, Kentucky 41042-1212
　　　　　　　　　　　　　　　　　　　telephone (513) 621-6464　telephone (859) 282-8800
　　　　　　　　　　　　　　　　　　　fax (513) 651-3836　　　fax (859) 525-0214

*By (HAMI)*

2680 Wendee drive; #2303
Cincinnati. OH 45238
November 27, 2001

Michael A. Roberts
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202

**Re:    Amadasu V. Christ Hospital, et al; Case No. C-1-01-0284**

Dear Mr Roberts:

Regarding your letter of November 16, 2001 with attached purported report of Parties' planning Meeting, I disagree with many of your misrepresentations in the said report, and is therefore unacceptable to me.

Under #2 parties agreed to exchange their pretrial disclosures required by FRCP 26(a)(1) on or before 11/29/2001 and further defendants by and through their attorney received from and agreed to provide to plaintiff on or before 11/29/2001 the following discoverable documents:

    a) All documents regarding advertisement, recruiting, interviewing, selection and hiring for positions, which plaintiff applied for.

    b) Manual of Byelaws, rules, regulations, policies, procedures, guidelines and criteria that must be followed at Christ hospital and at the Health Alliance regarding (i) advertisement, recruiting, selection, interviewing, hiring; (ii) Corporate Orientation: (iii) Radiology Department and Vascular Laboratory mandatory orientations; (iv) Objective performance and remedy; (v) disciplinary procedures; (vi) termination: (vii) Grievance procedures; (viii) Radiology department rules, regulations, policies, procedures, guidelines and criteria; (ix) Vascular laboratory procedures, guidelines, criteria, protocols etc; (x) on-the-job training, cross training, in-service training,   in general and specifically for Ultrasonographers.

    c) Copy of corporate orientation executed

    d) Copy of radiology and vascular laboratory orientations requirements manual

    e) Copy of radiology dept. performance review

    f) Copy of Vascular laboratory orientation executed

    g) Copy of Vascular lab. Performance review executed

    h) Copy of plaintiff's oral complaint that was written by Ms Evans, H.R. Director, and by H.R. Consultants

    i) Copy of investigation report conducted by Ms Evans, Director of Human Resources

    j) Supervisor' s Manual

    k) Manager's Manual

    l) Employee's manual

    m) Copy of Contract with Recruiting Agency by name Med-Tracker

    n) Defendants' response to EEOC's charge regarding plaintiff's complaint to EEOC

    o) Copy of job description of Vascular Technologist

    p) Copy of job description of General Sonographer

    q) Copy of job description of Echocardiographer

    r) Copy of written communication between Parlato and Thomas Kemme

    s) Copy of written communication between Director of Radiology dept and Kemme

    t) Copy of communication between Kemme and the Human Resources

    u) Copy of communication between Director of Radiology and Human Resources

On matters of attention of the Court, I never discussed deposition with you on the November 15, 2001.

I have consistently advised you that you have to deal with me on two levels. First, you must accord to me professional courtesy that lawyers traditionally and customarily accord colleagues because I am my own lawyer, and secondly, you must deal with me as the plaintiff and pro se.

You cannot arbitrarily set a deposition date without consultation with me as to the convenient location, date, and time and mode of the deposition. I object to video recording of the deposition.

For meaningful deposition to take place you must consult with me as to convenient location, date, time and method, and the initial disclosures should be effectuated.

As for your letter of 11/26/2001, the draft of the planning report was misrepresented by you and is unacceptable.

Sincerely,

Darlington Amadasu

**Graydon
Head &
Ritchey
LLP**

# FILE COPY

*Attorneys at Law*

**Michael A. Roberts**
**Direct Dial: (513) 629-2799**
**E-Mail: mroberts@graydon.com**

November 15, 2001

Mr. Darlington Amadasu
2680 Wendee, Apt. 2303
Cincinnati, Ohio 45238

> **Re:** *Amadasu v. The Christ Hospital, et al.;*
> *Case No. C-1-01-0284*

Dear Mr. Amadasu:

Enclosed please find the Amended Notice of Deposition. If you have any questions, please call.

Sincerely,

GRAYDON HEAD & RITCHEY LLP

Michael A. Roberts

MAR/ndc
Enclosure

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | ) | CASE NO. C-1-01-0284 |
| | : | |
| Plaintiffs, | ) | Judge Spiegel |
| | : | |
| v. | ) | **AMENDED** |
| | : | NOTICE OF DEPOSITION |
| THE CHRIST HOSPITAL, et. al., | ) | |
| | : | |
| Defendants. | ) | |

TO:    Darlington Amadasu
       2680 Wendee, Apt. 2303
       Cincinnati, Ohio 45238

Please take notice that, pursuant to the Federal Rules of Civil Procedure, Rule 30, the defendants in the above matter will take your deposition on Friday, December 7, 2001, beginning at 9:00 a.m. at the offices of Graydon Head & Ritchey LLP, 511 Walnut Street, Suite 1900, Cincinnati, Ohio 45202, and will be recorded by videographic and stenographic means before a Notary Public. The deposition will be conducted day-to-day until completed.

Respectfully submitted,

Michael A. Roberts (0047129)

OF COUNSEL

GRAYDON, HEAD & RITCHEY LLP            GRAYDON, HEAD & RITCHEY LLP
1900 Fifth Third Center                1900 Fifth Third Center
511 Walnut Street                      511 Walnut Street
Cincinnati, Ohio 45202                 Cincinnati, Ohio 45202
(513) 621-6464                         (513) 629-2799

## CERTIFICATE OF SERVICE

The foregoing was delivered via ordinary U.S. mail, postage prepaid, to Darlington Amadasu, 2680 Wendee, Apt. 2303, Cincinnati, Ohio 45238, this 15th day of November, 2001.

**Graydon
Head &
Ritchey
LLP**

FILE COPY

*Attorneys at Law*

Michael A. Roberts
Direct Dial: (513) 629-2799
E-Mail: mroberts@graydon.com

November 26, 2001

Mr. Darlington Amadasu
2680 Wendee, Apt. 2303
Cincinnati, Ohio 45238

> *Re:* *Amadasu v. The Christ Hospital, et al.;*
> *Case No. C-1-01-0284*

Dear Mr. Amadasu:

May I hear from you prior to November 29 regarding the draft of the Planning Report, which I previously mailed to you?

Sincerely,

GRAYDON HEAD & RITCHEY LLP

Michael A. Roberts

MAR/ndc

CN_LIB:275442.1

www.graydon.com

**Mailing Address**
P.O. Box 6464
Cincinnati, Ohio 45201-6464

*Cincinnati Office*
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
telephone (513) 621-6464
fax (513) 651-3836

*Kentucky Office*
8100 Burlington Pike
Suite 480
Florence, Kentucky 41042-1212
telephone (859) 282-8800
fax (859) 525-0214

1

1            UNITED STATES DISTRICT COURT

2            SOUTHERN DISTRICT OF OHIO

3               WESTERN DIVISION

4  - - - - - - - - - - - - - - -

    Darlington Amadasu,        :

5                          :

                          :

6            Plaintiff,    :

    vs.                  :   Case No. C-1-01-284

7                      :  (Judge S. A. Spiegel)

    CHRIST HOSPITAL, et al.,  :

8

                          :

9          Defendant.    :

  - - - - - - - - - - - - - -   ORIGINAL

10

11

12        Scheduled deposition of DARLINGTON

13  AMADASU, plaintiff herein, called by the defendant

14  for cross-examination, pursuant to the Federal Rules

15  of Civil Procedure, taken before me, Wendy L. Welsh,

16  a Registered Merit Reporter and Notary Public in and

17  for the State of Ohio, at the offices of Graydon,

18  Head & Ritchey, 1900 Fifth Third Center, 511 Walnut

19  Street, Cincinnati, Ohio, on Friday, September 21,

20  2001, at 9:20 AM.

21

22

23

24

2

```
 1  APPEARANCES:

 2       On behalf of the Plaintiff:

 3            (No one present.)

 4
         On behalf of the Defendant:
 5
              Michael A. Roberts, Esq.
 6            Graydon, Head & Ritchey
              1900 Fifth Third Center
 7            511 Walnut Street
              Cincinnati, Ohio  45202-3157
 8            Phone:  (513) 621-6464

 9  -

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

3

1

2          MR. ROBERTS:   We're here on the record in

3     the case of Darlington Amadasu versus the

4     Christ Hospital, et al. case number C-1-01-284,

5     United States District Court, Southern District

6     of Ohio, Western Division, on September 21,

7     2001.  It is presently 9:20 on Friday.

8          My name is Mike Roberts.  I represent the

9     defendants, the Health Alliance of Greater

10    Cincinnati, Christ Hospital, Tom Kemme, and

11    David Parlato.

12          The plaintiff in this action filed his

13    Complaint in the spring of 2001.  In August of

14    2001, representing the defendants, I noticed

15    plaintiff for a deposition to take place on

16    September 7th.  The plaintiff filed a request

17    in court to postpone that deposition and spoke

18    to me about postponing that deposition because

19    the parties had not conducted the required

20    discovery conference and the Court had not

21    issued a preliminary pretrial conference

22    notice.

23          Subsequent to my conversation with the

24    plaintiff that week, the Court did issue a

4

1    notice.  The Court scheduled the preliminary

2    pretrial conference for September 27th.  By

3    rule then, the parties have an obligation to, in

4    good faith, meet to have their discovery

5    conference and to have filed a discovery report

6    prior to September 20.

7        When The Court scheduled the hearing or

8    the conference for September 27th, I wrote a

9    letter to Mr. Amadasu on or about September 6th

10    advising Mr. Amadasu of our mutual obligation

11    to meet, to confer, to create a discovery plan

12    and to file that report prior to

13    September 20th.  I advised Mr. Amadasu in that

14    letter that I would be free at any time to

15    conduct the discovery conference between

16    September 6th and September 20th.  I could do

17    it in person or I could do it by phone any time

18    he wished.  I received no response to the

19    letter.

20        I then called Mr. Amadasu, explained to

21    him our mutual obligation.  He indicated that

22    he didn't want to meet with me, he did not want

23    to have his deposition taken.  Rather, he filed

24    an objection to both the conduct of the

5

1    preliminary pretrial conference in September of

2    2001, and also an objection to having to appear

3    at his deposition here on September 21st.  He

4    filed that objection, I believe, on Tuesday,

5    September 18th, which would have been three

6    days ago.

7         Yesterday I received an order from the

8    Court indicating that the Court would look

9    favorably on Mr. Amadasu's objection to the

10   conduct of the preliminary pretrial conference

11   on September 27th but was only granting the

12   objection or the motion as to that.  It's my

13   opinion that the Court has not granted

14   Mr. Amadasu permission to not appear at today's

15   deposition.

16        When I received the Court's order, and I

17   believe this was Wednesday of this week, I

18   phoned Mr. Amadasu, advised him that I had

19   received the order, asked that he had.  He said

20   he had not.  So I ensured that he received a

21   copy by hand delivery that day and I got

22   confirmation from our process server that he

23   had received it.

24        Nonetheless, I advised Mr. Amadasu during

6

1   our phone conversation of Wednesday,

2   September 19th that the Court had granted his

3   request for an extension of pretrial conference

4   but had clearly not extended him permission to

5   not appear today at the deposition. I further

6   advised Mr. Amadasu that if he failed to appear

7   today here at the deposition I would go on

8   record, document the history of this particular

9   procedure, and then follow that up with a

10  motion to the Court requesting that the Court

11  sanction Mr. Amadasu and dismiss his claims

12  with prejudice.

13       Notwithstanding that notice from me, he

14  continued to state that he did not intend to

15  appear for his deposition. I understand from

16  other counsel who have represented defendants

17  in actions filed by Mr. Amadasu, pro se, that

18  this is a pattern—and there are documents I'll

19  be filing with this transcript that indicate

20  this pattern of failure to appear for

21  deposition.

22       It's now 9:27 and we'll conclude

23  Mr. Amadasu's deposition now in progress.

24  (Deposition continued in progress at 9:27 AM.)

7

```
 1          C E R T I F I C A T E
 2   STATE   OF   OHIO  :
                           SS:
 3   COUNTY OF HAMILTON  :

 4       I, Wendy L. Welsh, a duly qualified and

 5   commissioned notary public in and for the State of

 6   Ohio, do hereby certify that the above 7 pages

 7   constitute a true and correct transcript; that the

 8   foregoing pages were taken by me in stenotypy and

 9   transcribed under my supervision; that I am neither

10   a relative of nor attorney for any of the parties to

11   this litigation, nor relative of nor employee of any

12   of their counsel, and have no interest whatsoever in

13   the result of this litigation.  I further certify

14   that I am not, nor is the court reporting firm with

15   which I am affiliated, under a contract as defined

16   in Civil Rule 28 (D).

17       IN WITNESS WHEREOF, I  hereunto set my hand and
     official  seal of office, at  Cincinnati, Ohio, this
18   24th day of September, 2001.

19                         Wendy L. Welsh

20   MY COMMISSION EXPIRES:  WENDY L. WELSH, RMR-CRR
     NOVEMBER 20, 2005.      NOTARY PUBLIC, STATE OF OHIO
21

22

23

24
```