# EXHIBIT "D"

# EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,

    Plaintiff,

vs.

LEONID MACHERET, et al.,

    Defendants.

Case No. 1:02-cv-263

Dlott, J.
Black, M.J.

### REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTIONS TO DISMISS (DOCS. 56, 57, 62) BE GRANTED AND THIS CASE CLOSED

This matter is before the Court on Defendants' Leonid Macheret, Partners in Wellness, Inc., Donald F. Forrester, and Forrester & Menning, Inc. (hereinafter collectively referred to as "Defendants") motion to dismiss pursuant to Fed. R. Civ. P. 37 as a result of Plaintiff's failure to appear for his third noticed deposition. (Doc. 56).[2] Plaintiff has filed a memorandum in opposition to Defendant's motion. (Doc. 68).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Defendants Tri-County Medical Management and Kay Tube and Defendants PSS World Medical, Inc. and Jeff Mattox have also filed motions to dismiss pursuant to Rule 37, which are also currently before the Court. (*See* docs. 57, 62). Because all three motions contain identical factual and legal arguments regarding dismissal under Rule 37, they will be addressed herein jointly by the Court. Moreover, Plaintiff's response in opposition to Macheret's motion (doc. 68) also addresses the motions by the other Defendants.

## STATEMENT OF THE CASE

Plaintiff, Darlington Amadasu, initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 2000e-5, 42 U.S.C §§ 1981, 1985, and 1986. (Doc. 2). Plaintiff's complaint also alleges violations of the Fourth, Fifth and Thirteenth Amendments and various state law claims. *Id.* Plaintiff's allegations arise out of an alleged written and oral agreement he entered into with Defendant Leonoid Macheret and/or Partners in Wellness, Inc.

## FACTS

On May 18, 2003, counsel for Defendants Leonid Macheret, Partners in Wellness, Inc., Donald F. Forrester, and Forrester & Menning, Inc. (hereinafter collectively referred to as "Macheret") served Plaintiff with a notice to take his deposition. (Doc. 57, Ex. 1). According to the notice, Plaintiff was required to appear for his deposition at defense counsel's office on June 6, 2003. *Id.* In response to the notice, Plaintiff requested and Macheret agreed to reschedule the deposition for June 27, 2003. (Doc. 56, Ex. A, Declaration of Kevin Feazel, ¶ 5). However, without any notice, Plaintiff failed to appear for his deposition on June 27, 2003. (Doc. 56. Ex. B).

Thereafter, Macheret sent a letter to Plaintiff informing him that he failed to appear for his June 27, 2003 deposition and had failed to provide defense counsel with any excuse or explanation for his failure to appear. Enclosed with the letter from Macheret's counsel was a second amended notice of deposition, rescheduling Plaintiff's deposition for September 12, 2003, at 9:00 a.m. (Doc. 56, Ex. C). However, despite being noticed

-2-

for his deposition for a third time, Plaintiff failed to appear on September 12, 2003. *Id.* at Ex. C.

Plaintiff left a voicemail message for Macheret's counsel indicating that he would not appear for his September 12, 2003 deposition because he considered the notice of the deposition to be null and void. *Id.*

On December 29, 2003, at a scheduling conference, Magistrate Judge Novotny made it clear to Plaintiff that he is required to appear for his deposition:

> THE COURT: . . . There are a few special requirements within that discovery period, however. The first is that the plaintiff shall make himself available for deposition by the defendants on February 2nd.
>
> PLAINTIFF: The first week.
>
> MR. KIRCHER: And 3rd.
>
> THE COURT: On February 2nd until the conclusion of that deposition. If plaintiff is unable to attend that deposition on February 2nd, he shall notify defendants' counsel immediately within five days of this date and also notify the Court.
>
> \*\*\*
>
> THE COURT: With regard to Mr. Amadasu's deposition, I will note that Mr. Amadasu does not have his calendar with him here and is not entirely certain that he's going to be available on the 2nd of February. However, barring some very important date on that calendar, I will be ordering Mr. Amadasu to make his appearance and to sit for that deposition beginning on February 2nd.
>
> I will note that Mr. Amadasu has been noticed twice before for depositions and while mostly based on misunderstanding, I think, on his part, he did not appear for the first of those depositions or the second of those depositions.
>
> Mr. Amadasu there are a couple of things I want to remind you of with regard to your deposition, and I do not do this for any purpose except

> to assist you. I do not mean in any way to be reprimanding you or accusing you of anything. I'm doing this simply to instruct you. Hopefully this instruction will assist the deposition to go smoothly.
>
> The first is I want to remind you that if you fail to appear, that ultimately this case could be dismissed. Not only could the case be dismissed, but you could be required to pay the attorneys' fees of these various defendants. Appearing at your deposition is very, very important. If you do not appear, as I say, the sanctions could be quite severe.

(Doc. 56, Ex. D).

Judge Novotny memorialized her comments at the scheduling conference in an Order wherein the Court ordered Plaintiff to be available for deposition on February 2, 2004, and if unavailable for deposition at that time, ordered Plaintiff to notify both the Court and opposing counsel of his unavailability within five days of the filing date of the Order. The Order was filed on January 5, 2004. (Doc. 38).

Consistent with the Court's Order, Macheret's counsel served Amadasu with a third amended notice of deposition instructing him to appear on February 2, 2004, at 9:00 a.m. in Macheret's counsel's office. (Doc. 56, Ex. F, Defendant's Ex 1). Counsel for Defendants and a court reporter were all present at 9:00 a.m. on February 2, 2004 for the deposition of Plaintiff. However, after waiting approximately thirty minutes for Plaintiff to appear or make some effort to contact opposing counsel regarding his absence, opposing counsel noted on the record that Plaintiff had not yet appeared for his deposition and had not contacted opposing counsel regarding his absence. (Doc. 56, Ex. E).

At approximately 9:45 a.m., a short time after the deposition was adjourned and

the court reporter was dismissed, Plaintiff appeared in opposing counsel's office. (Doc. 56, Ex. A, ¶ 3). Plaintiff spoke with an assistant and said that he suffered a severe illness earlier that morning that required immediate attention and that he is could not testify at his deposition. *Id.* at ¶ 3. Later that same day, Plaintiff faxed a letter to the other Defendants in this matter stating the same. As a result of Plaintiff's failure to appear for his third noticed deposition, Defendants filed the instant motion to dismiss on March 2, 2004. (Doc. 56).

However, Plaintiff offers a very different account of the facts surrounding his failure to attend his scheduled depositions. Plaintiff maintains that on June 16, 2003, he underwent surgery that left him "totally incapacitated" and that he had a post-operative follow up on June 27, 2003, the date of his scheduled deposition. Plaintiff further maintains that on June 19, 2003, he and opposing counsel for Macheret and PSS agreed that his June 27 deposition was not feasible. However, according to the transcript from the June 27 deposition, defense counsel for Macheret stated: "I have not heard from Mr. Amadasu indicating that he's running late or intends to appear or not to appear." (Doc. 56, Ex. B).

With respect to his deposition scheduled for September 12, 2003, Plaintiff maintains that he did not appear for the deposition because he considered the deposition notice null and void because the discovery deadline allegedly expired on June 30, 2003.

Finally, regarding his failure to appear on September 12, 2003, Plaintiff maintains that the morning of his deposition he developed a severe asthma attack. Plaintiff states

-5-

that around 8:00 a.m he left messages with opposing counsel regarding his inability to attend the deposition as a result of his newly developed medical condition. However, according to Plaintiff, after taking his asthma medication, he was driven to opposing counsel's office where he allegedly arrived at 8:55 a.m. At that point, Plaintiff alleges that opposing counsel refused to talk with him, and, as a result, Plaintiff left a message with the receptionist stating that he was unable to attend his deposition and needed immediate medical treatment because his symptoms were beginning to worsen. Plaintiff maintains that he was then rushed to the emergency room at Deaconess Hospital where he was treated for asthma. Thus, Plaintiff argues that he made a good faith effort to appear for the February 2, 2004 deposition.

## STANDARD OF REVIEW

Under Fed.R.Civ.P. 37(d), when a party fails to appear before the officer who is to take his deposition after being served with a proper notice, the court in which the action is pending on motion may make such orders in regard to the failure as are just. Further, subdivision (b)(2)(c) of Rule 37 specifically authorizes the imposition of sanctions, including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(c).

A trial court, in exercising its discretion in the imposition of sanctions for such violation, must do so in light of the particular facts of the case before it. To determine the proper sanction, the Court must look to the party's reasons for such failure to comply. Central to the determination of the appropriate sanction is the willfulness or good faith

manifested by the party's conduct. *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). Willful failure has been defined as any intentional or conscious failure as distinguished from involuntary non-compliance. *United States v. 3963 Bottles, More or Less*, 265 F.2d 332, (7th Cir.), *cert. denied*, 360 U.S. 931, 79 S.Ct. 1448, 3 L.Ed.2d 1544 (1959). This requirement of willfulness is particularly essential when the Court is faced with the possibility of imposing the harsh sanction of dismissing an entire action. *Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974);. *see also Moore v. Island Creek Coal Co.*, 375 F.2d 732 (4th Cir. 1967) (dismissal warranted where plaintiff failed to appear at time and place designated for taking of deposition and plaintiff failed to appear at hearing on defendant's motion to dismiss).

## DISCUSSION

The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future. *National Hockey League*, 427 U.S. at 642-43, 96 S.Ct. at 2780-81. Dismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order. *Id.*

Four factors should be considered when deciding whether to dismiss under Rule

37(b)(2): (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Bass,* 71 F.3d at 241; *Bank One of Cleveland,* 916 F.2d at 1073.

Here, the Court finds that Plaintiff's failure to attend his scheduled depositions was willful and in bad faith. Although Plaintiff offers several excuses for his failure to attend his deposition, the evidence of record does not support his allegations. Specifically, with respect to his deposition scheduled for February 2, 2004, Plaintiff maintains that he left several messages with opposing counsel. However, the transcript from Plaintiff's scheduled deposition reveals that none of the attorneys for any of the Defendants were contacted the morning of February 2, 2004. (Doc. 56, Ex. E). Moreover, in his affidavit, Steven Ray, Esq., counsel for Jeff Mattox and PSS World Medical Inc., states:

> After missing his deposition, Plaintiff telephoned me at approximately 2:30 pm on February 2, and said they he was calling from the emergency room and that he did not appear at his deposition because he had a serious medical condition that necessitated a trip to hospital. Plaintiff sent a confirming letter the same day. . . . However, Plaintiff never explained (1) why he failed to telephone anyone before the deposition, (2) how he was able to appear at the law office of Cors & Basset for his deposition at 9:45 am instead of 9:00 am as required by the Notice of Deposition, (3) why he then demanded from Mr. Feazell's assistant that the deposition must proceed immediately, or (4) if he really had a medical emergency before the deposition, why he went to an emergency room after he appeared at Cors & Bassett.

(Doc. 57, Affidavit of Steven Ray, ¶¶ 10, 11).

Here, there is substantial evidence offered by the Defendants indicating that Plaintiff's failure to appear at his deposition on February 2, 2004 was done in bad faith. Plaintiff's version of events the day of February 2, 2004 is clearly contradicted by the evidence of record, and the Court finds Plaintiff's intentional misrepresentation to be unacceptable.

Next, it must be determined whether Plaintiff's actions have prejudiced opposing counsel. Clearly, Plaintiff's actions are prejudicial. As a result of Plaintiff's failure to appear for deposition, opposing counsel has been unable to complete discovery, identify witnesses and mount a defense, and generally prepare for trial.

Moreover, on December 29, 2003 at a scheduling conference, Plaintiff was told by Magistrate Judge Novotny that Plaintiff's failure to appear for his deposition could result in dismissal. A January 9, 2004 Order also stated that Plaintiff's failure to appear for his deposition would result in dismissal. Plaintiff was warned of the consequences, yet choose to disobey an Order of the Court. Dismissal is therefore appropriate. *See Thomas v. Victoria's Secret Stores,* 141 F.R.D. 456, 458-59 (S.D.Ohio 1992) ("[w]here a party demonstrates bad faith by failing to meet dates set by the Court for compliance with discovery, despite being warned about possible sanctions, the Court does not abuse its discretion in finding that such 'callous disregard' of discovery orders justifies dismissal.")

Finally, Plaintiff has been amply warned that his failure to cooperate could lead to

-9-

dismissal. Given Plaintiff's obstinate refusal to cooperate in discovery or comply with the Court's orders, a less drastic sanction than dismissal will be of no effect.

## IT IS THEREFORE RECOMMENDED THAT:

Defendants' motions to dismiss (docs. 56, 57, 62) should be **GRANTED**; all other pending motions should be **DENIED AS MOOT**; and this case should be **CLOSED**.


Date:   September 22, 2004                     s/ Timothy S. Black
                                               Timothy S. Black
                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU,

    Plaintiff,

vs.

LEONID MACHERET, *et al.*,

    Defendants.

Case No. 1:02-cv-263

Dlott, J.
Black, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).