# EXHIBIT "E"

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

FILED

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 02-263

No. 05-3222

DEC 0 7 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LEONARD GREEN, Clerk

| | |
|---|---|
| DARLINGTON AMADASU, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | ON APPEAL FROM THE |
| v. ) | UNITED STATES DISTRICT |
| ) | COURT FOR THE SOUTHERN |
| LEONID MACHERET, MD, et al., ) | DISTRICT OF OHIO |
| ) | |
| Defendants-Appellees. ) | |
| ) | |

O R D E R

Before: BOGGS, Chief Judge; BATCHELDER, Circuit Judge; and COHN, District Judge.[*]

Darlington Amadasu, an Ohio resident proceeding pro se, appeals the dismissal of his civil complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Seeking monetary and injunctive relief, Amadasu filed a complaint pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. §§ 1981, 1985 and 1986 against Leonid Macheret; Partners in Wellness, Inc.; Donald Forrester, Forrester & Menning, Inc.; Jeff Mattox, Physician Sales & Service/World Medical, Inc.; Copelco Capital, Inc. (Copelco); and Tri-County Medical Management, Inc., alleging violations of his Fourth, Fifth and Thirteenth Amendment rights and violations of various state laws relating to alleged written and oral agreements he entered into with Macheret and Partners in Wellness.

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 05-3222
- 2 -

On February 4 and February 10, 2004, Amadasu filed motions for entry of default and entry of a default judgment against Copelco, alleging that Copelco failed to respond timely to his amended complaint. A magistrate judge issued a report and recommendation, advising the district court to deny the motions because the motion for default was filed before Copelco was required to answer. Amadasu filed objections; however, the district court adopted the recommendation of the magistrate judge. Amadasu also filed a motion to compel, to determine the sufficiency of the responses, for an evidentiary hearing, for sanctions, for default judgment for failing to comply with discovery, and for a continuance. The district court denied these motions.

Thereafter, the defendants, with the exception of Copelco, filed motions to dismiss, arguing that Amadasu willfully failed to comply with discovery when he did not appear for his third scheduled deposition. A magistrate judge issued a report and recommendation, advising the district court to grant the motions to dismiss because Amadasu refused to cooperate with discovery or comply with court orders after being warned that failure to cooperate could lead to the dismissal of his case. Amadasu filed objections; however, the district court adopted the recommendation of the magistrate judge and dismissed the case in its entirety. Amadasu now appeals, arguing that his motion for default judgment and various discovery motions should have been granted and that the defendants' motions to dismiss should not have been granted.

The district court did not abuse its discretion when it denied Amadasu's February 4th and February 10th, 2004, motions for entry of default and entry of default judgment because Amadasu filed the motions prior to Copelco's answer deadline. Fed. R. Civ. P. 55(a).

The district court also did not abuse its discretion when it dismissed the case pursuant to Fed. R. Civ. P. 37(b)(2), because the evidence presented supports a finding that Amadasu willfully failed to cooperate with discovery, that the defendants were prejudiced by the continued delay, that Amadasu had been warned that his case could be dismissed if he missed another scheduled deposition, and that lesser sanctions would not deter Amadasu's behavior. *See Bass v. Jostens, Inc.*,

No. 05-3222
- 3 -

71 F.3d 237, 241 (6th Cir. 1995). As the district court did not abuse its discretion in dismissing the case, Amadasu's claim regarding the district court's denial of his discovery motions is moot.

For the foregoing reasons, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

_____
/Clerk