**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DARLINGTON AMADASU, pro se,** | : | Case No. 1:01cv182 |
| | : | |
| Plaintiff, | : | (Judge Spiegel) |
| | : | (Magistrate Judge Black) |
| vs. | : | |
| | : | |
| **MERCY FRANCISCAN HOSPITAL –** | : | **DEFENDANTS' JOINT** |
| **WESTERN HILLS, et al.,** | : | **MOTION TO COMPEL** |
| | : | |
| Defendant. | : | |

**MOTION**

Come now Defendants, Ravi Berry, M.D., Mercy Franciscan Hospital – Western Hills, Mercy Franciscan Hospital – Mt. Airy, Steven Grinnell, Charles Lobeck, June Bronhert aka Gatzke, Judy Daleiden, Connie McCoy and Jane Doe Nurses (referred to collectively as "Defendants"), by and through their respective counsel, and, in the alternative to their pending Joint Motion to Dismiss, hereby request that this honorable Court compel Plaintiff, Darlington Amadasu, to immediately provide complete, verified responses to all of Defendants' outstanding written discovery requests, appear for deposition at a time and location agreeable to Defendants, and to cooperate in completing any other reasonable discovery that may be requested by Defendants with respect to the above referenced matter. This motion is more fully supported by the attached Memorandum of Law.

Respectfully submitted:

/s/ Karen A. Carroll
Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH 45202
Email: kcarroll@kplaw.com
Phone: (513) 381-0656/381-5823
Trial Counsel for Defendants, Mercy
Franciscan Hospital – Western Hills,
Mercy Franciscan Hospital – Mt. Airy,
S. Grinnel, C. Lobeck, J. Bronhert,
J. Daleiden, C. McCoy, and Jane(s)
Doe(s) Nurses Mercy Franciscan Hospital – Mt. Airy

/s/Jennifer Mitchell
Deborah R. Lydon (0013322)
Jennifer Mitchell (0069594)
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8344/977-8141
Trail Counsel for Dr. Berry

## MEMORANDUM OF LAW

I.    **STATEMENT OF RELEVANT FACTS**

This matter was commenced by Plaintiff in 2001 and has been pending on the Court's docket since that time.   In the interest of economy and brevity, Defendants incorporate by reference, as if fully rewritten herein, the facts and conclusions set forth in their Joint Motion to Dismiss, which equally support the instant request for relief.   In short, Plaintiff has taken a position of obstinate resistance to discovery since the inception of this matter.   He has been repeatedly uncooperative, recalcitrant and evasive.   Plaintiff has refused to authorize the release of his relevant medical and employment records, as requested by Defendants.   He has failed to properly respond to Defendants' reasonable written discovery requests.   Plaintiff also recently failed to appear at a Court-ordered deposition, in spite of his knowledge of the same.   In short, Plaintiff has employed obstructive measures with respect to each of the Defendants' efforts to conduct reasonable discovery.

II.    **LAW AND ARGUMENT**

Federal Rule of Civil Procedure 37(a)(2)(A) provides, in pertinent part, that, "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." The objective of Civil Rule 37(a) is the prevention of delay and costs to other litigants caused by the filing of groundless motions.[1] Civil Rule 37(c)(1) regarding disclosure of discoverable information requires absolute compliance with Civil Rule 26(a), that is, it "mandates that a trial court punish a party for discovery violations in connection with Civil Rule 26 unless the violation was harmless or is substantially justified."[2] The Circuits that have put the burden on the potentially sanctioned party to prove harmlessness.[3]

---

[1]  Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 208, 119 S. Ct. 1915 (quoting Eastern Maico Distributors, Inc. v. Maico-Fahrzeugfabrik, G.m.b.h., 658 F.2d 944, 949-950).

[2]  Vance v. U.S., 1999 U.S. App. LEXIS 14943, 1999 WL 455435, at *3 (1999); see also, Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998) (noting that "the sanction of exclusion is automatic and

In his Complaint, Plaintiff has asserted no less than thirty-two different causes of action, implicating a plethora of diverse factual and legal issues. Nevertheless, Plaintiff refuses to actively cooperate in discovery essential to the matters which he has placed at issue. Although Plaintiff has literally had years within which to make full disclosure and comply with the Defendants' discovery requests, he has not. Plaintiff's persistent pattern of prevarication and delay over the course of several years have deprived Defendants of the opportunity to prepare a meaningful defense to the many claims against them. Although Defendants contend that this matter should be dismissed by the Court in light of Plaintiff's ongoing course of conduct, if the Court should determine otherwise, Defendants are entitled to Plaintiff's full cooperation and disclosure in completing discovery. Accordingly, Defendants jointly move this Court for an order compelling the same and awarding them the reasonable costs, fees and expenses associated with the pursuit of all such relief.

## III.    CONCLUSION

For those reasons set forth above and more fully discussed in Defendants' Joint Motion to Dismiss, if, as an appropriate sanction for Plaintiff's ongoing contumacy and disregard, this matter is not dismissed, Defendants' submit that their Joint Motion to Compel should be granted and their rights to conduct additional discovery should be preserved.

---

mandatory unless the sanctioned party can show that its violation of Civil Rule 26(a) was either justified or harmless").

3  See Salgado, supra, 150 F.3d at 741-742; Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001); Heidtman v. County of El Paso, 171 F.3d 1038, 1040 (5th Cir. 1999).

Respectfully submitted:

/s/ Karen A. Carroll                                    /s/Jennifer Mitchell

Karen A. Carroll (0039350)                             Deborah R. Lydon (0013322)
201 E. Fifth Street, Suite 800                         Jennifer Mitchell (0069594)
Cincinnati, OH  45202                                  1900 Chemed Center
Email: kcarroll@kplaw.com                              255 East Fifth Street
Phone: (513) 381-0656/381-5823                         Cincinnati, Ohio  45202
TRIAL COUNSEL FOR DEFENDANTS, MERCY                    Phone: (513) 977-8344/977-8141
FRANCISCAN HOSPITAL – WESTERN HILLS,                   TRAIL COUNSEL FOR DR. BERRY
MERCY FRANCISCAN HOSPITAL – MT. AIRY,
S. GRINNEL, C. LOBECK, J. BRONHERT,
J. DALEIDEN, C. MCCOY, AND JANE(S)
DOE(S) NURSES MERCY FRANCISCAN HOSPITAL – MT. AIRY

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 17th day of November electronically through the Court's ECF system and/or by regular U.S. mail upon the following:

> Darlington Amadasu
> P.O. Box 6263
> Cincinnati, OH  45206
> PLAINTIFF, PRO SE
>
> Deborah R. Lydon, Esq.
> Jennifer Orr Mitchell, Esq.
> Dinsmore & Shohl
> 1900 Chemed Center
> 255 East Fifth Street
> Cincinnati, OH 45202
> TRIAL COUNSEL FOR DR. BERRY

/s/ Karen A. Carroll
Karen A. Carroll (0039350)

277575.1:CA042.AM001