UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



06 DEC -7 PM 3:52

DARLINGTON AMADASU

        Plaintiff

Vs

MERCY FRANCISCAN HOSPITAL-WESTERN HILL, et al
        Defendants

CASE No.: C-1-01-182
[Spiegel/Black]

**PLAINTIFF'S OMNIBUS OBJECTIONS TO &
MOTION TO DISMISS DEFENDANTS' JOINT
MOTIONS TO COMPEL and TO DISMISS**

---

Now comes, Darlington Amadasu, Plaintiff, lay Pro se and submits his omnibus objections to and motion to dismiss (1) Defendants' Joint Motion to Compel, and (2) Defendants' Joint Motion to Dismiss that were filed contemporaneously on the same date in violation of the federal and local rules.

### I.    PRELIMINARY STATEMENT

Defendants' joint motions are not permitted by Local Rules 37.1, and 37.2, and federal rules thus their motions are null and void, and "dead on arrival" at the court. It has been held, "Absent local rule permitting such filings, "filings" are deemed null and of no legal effect"" In re Fisherman's Wharf Fillet, Inc., 83 F.Supp.2d 651, 657 (E.D.Va.1999), as will be shown below. Plaintiff reserves the right to file Rule 37(a) motion to compel after S.D. Ohio Civ.R. 37.1 informal conference with the judge.

### II.    PARTIAL STATEMENT OF RELEVANT FACTS

Plaintiff started this action 03/26/01. Defendants filed answers in May 2001. Plaintiff made Rule 26(a) initial disclosures and productions in good faith without waiting for Defendant's Rule 34 requests so as to expedite discovery and proceedings based on information and documents reasonably available to him. On 08/01/01, the court made Calendar Order (CO) {Doc.12}. Subsequent to the CO and before the case was put in abeyance, defendants virtually completed all their Rules 30, 33, 34 and 36 discovery requests to which plaintiff made full and complete responses and productions to best of his ability, knowledge and the information and documents reasonably available to him pursuant to Rule 26(a)(1)(D). Defendants jointly subjected plaintiff to and conducted completely their gruesome, oppressive, embarrassing, harassing, disrespectful and annoying Rule 30 deposition on 3/28/02 during

which Plaintiff fully and completely cooperated and answered to the best of his ability and knowledge notwithstanding the unprofessional, bad-faith, rude, provocative and disrespectful conducts of the defendants' counsels. Defendants jointly moved for and the court granted indefinite stay of proceedings against plaintiff's objections from 4/16/02 through 10/3/05 when the stay was lifted by court order (Doc.52).

At the second Rule 26(f) parties' meeting and in the Rule 26(f) report plaintiff reminded defendants to produce outstanding documents but they affirmatively said that they would not provide them to plaintiff. On 05/23/06 the court made another Calendar Order (CO) setting discovery deadline on 11/17/06. For almost six (6) months defendants have the time and opportunity to utilize but neglected, failed, refused, waived and forfeited to utilize any of the Rules 33, 34, and 36 discovery tools. In the eleventh-hour of discovery deadline, without leave of the court under Rule 30(a)(2)(B) and without any notice to and serving plaintiff, defendants jointly filed contemporaneously both Notice of Deposition and Emergency motion to take deposition. By exparte communications to and undue influences upon the court, defendants' counsels fraudulently and collusively obtained two orders. The said orders dated 11/2/06 and 11/7/06 respectively sent by ordinary mail without post office postmarks were belatedly delivered to plaintiff on 11/11/06, i.e., 3days after the date of the deposition. On 11/15/06, plaintiff filed unopposed memorandum and declaration to vacate and set aside the said order. (Doc.76), which are hereby incorporated by reference. The Post office acknowledged mistake in not delivery mails into plaintiff's mailbox (Exhibit 1).

Plaintiff propounded Rules 33, 34 and 36 discovery requests upon the defendants who provided evasive, incomplete, insufficient answers, responses and/or absolutely non-responses. For some examples, defendants' counsels, instead of defendants, answered and signed plaintiff's discovery requests; particularly Rule 33 interrogatories without notarized verifications by defendants thereby violated the Rule 33(b)(2) requirements; they failed and refused to admit under Rule 36, inter alia, the existence of federal land/benchmark standard for transfer of patient as required under EMTALA/COBRA; the truth of material matters; genuineness of documents.

In compliance with S.D. Ohio Civ.R. 37.1, after plaintiff fruitlessly attempted to confer and resolve the discovery issues with defendants by phone and writing (Exhibit 2 & 3), he requested all parties' conference with notice thereof served and filed. On 12/01/06, during the conference, defendants' counsels were generally, arrogantly, flagrantly and adamantly quite obstructive, evasive, uncooperative and not forthright. They refuse to amend their prior responses to plaintiff's discovery requests as required by Rule 26(e)(2). After they refused to cooperate and provide all of their required

2

outstanding Rule 26 initial disclosures, Rule 34 productions, Rule 33 responses, and sufficient Rule 36 answers, plaintiff requested conference with the judge and 12/11/06 was set for the conference.

The facts and claims alleged in the original complaint remain the same from the filing through stay of proceedings and to the present as there were no amendment, supplementation, joinder of claims and persons that would have invoked re-deposition of plaintiff who had been deposed by defendants. Defendants' counsels collusively, willfully, deliberately and purposefully failed and refused to first seek leave of the court to re-depose plaintiff pursuant to Rule 30(a)(2)(B) before filing and serving notice of re-deposition. Defendants' counsels collusively, willfully, deliberately and purposefully failed and refused to serve plaintiff their illegitimate notice of re-deposition and baseless emergency motion for re-deposition in order to work and did work fraud upon plaintiff and the court. If plaintiff had received the notice of and motion for re-deposition he certainly would have exercised his rights to challenge them and make Rule 26(c) motion for protective order; and he would have challenged the court orders if he had received them. However, upon belated receipt of the orders, plaintiff diligently moved unopposed to vacate and set aside the orders.

Since this action started and continuing to the present, defendants' counsels have positioned themselves as witnesses, litigants, prosecutors, lawyers, judges and executioners and they have been obstructive, uncooperative, intimidating, threatening dismissal, unprofessional and virtually impeding, frustrating plaintiff's efforts to conduct reasonable discovery. They have been obfuscating plaintiff's due process right. They flooded plaintiff with barrages of baseless and premature motions during the discovery period so as to prevent plaintiff from conducting his discovery. The have been and are still violating local and federal rules of procedure. By way of example, they violated   S.D. Ohio Civ.R. 37.1; and FRCP 26-37 et seq. as will be shown below.

Plaintiff signed several authorization/release forms that authorized the disclosures; releases of and defendants have obtained relevant and irrelevant medical records, employment records and other documents from several sources. In attempts to engage in undue fishing expeditions, defendants' counsels sent plaintiff blank authorization/lease forms without endorsing to and from whom and where to send the forms and obtain information and documents about plaintiff. Example of such blank authorization for disclosure that defendants want plaintiff to sign is annexed as (Exhibit 4). Plaintiff has the right to know from whom and where defendants seeks information and documents about him and their relevance before signing authorization to release them.

Defendants' unclean-hands and failure to comply with the statutory procedural step-by-step prerequisite requirements for notice of re-deposition, motions to compel and dismiss bar them and their said notice, motions and the relief they seek.

3

## III.    ARGUMENT, LAW & AUTHORITIES

### STATUTORY STANDARDS FOR DISCOVERY ISSUES AND SANCTIONS

Federal Rules of Civil Procedure ("FRCP" or "Rule") and the Local Court Rules of the United States District Court, Southern District of Ohio ("S.D.Ohio Civ.R." or "Local Rule") prescribe the standards and procedural steps, methodology that litigants, lawyers, judges, court personnel and the Court per se must follow in civil cases, and specifically in discovery issues. The discovery Rules 26-37, and S.D.Ohio Civ.R.37.1 –37.2 prescribe discovery methodology, steps, enforcements and sanctions.

See Rule 37(b) provisions and analysis below under <u>R.W. Intern. Corp. v. Welch Foods, Inc.</u>, 937 F.2d 11 (1st Cir.1991)

**1. Defendants' non-compliance with, and violation of S.D. Ohio Civ.R. 37.1 and 37.2 foreclose and preclude their Rule 37et seq. motion for dismissal**

S.D.Ohio Civ.R.37.1 in pertinent part,
> Provides that motions, applications, and requests relating to discovery shall not be filed in this court, under Rules 26 and 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences about discovery have been exhausted, then in lieu of immediately filing a motion under Rules 26 & 37, any party may first seek an informal telephone conference with the judicial officer assigned to supervise discovery in the case

S.D.Ohio Civ.R.37.2 in pertinent part,
> Provides that to the extent that all extrajudicial means of resolution of differences have not disposed of the matter, parties seeking discovery may then proceed with filing of a motion to compel discovery pursuant to Rule 37(a). A supporting memorandum shall accompany such motion and by an affidavit of counsel setting forth the extrajudicial means which have been attempted to resolve differences. [See; also Rule 37(a)(2)(B)]

The record is devoid of any evidence of defendants' full compliance with these local rules requirements before hastily filing motions to compel and dismiss Amadasu's claims thereby warranting squashing of their motions. It has been held, "Court will not take under consideration any motions to compel discovery where the party requesting discovery does not initiate a conference with the opposite party in an attempt to mediate their discovery differences." <u>Meyers v. Ca Hardware, Inc.</u>, 95 FRD 145, appeal dismissed 812 F.2d 1407 (D.C.Ohio 1982).

2. **Absent defendants' specific discovery motion to compel discovery under Rule 37(a); defendants' non-compliance with, and violation of Rule 37(a) of Federal Rules of Civil Procedure (FRCP), defendants' Rule 37 motion for dismissal is foreclosed and precluded**

Rule 37(a) in pertinent part,
> requires a party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery.

The Advisory Committee's Notes to 1970 Amendment states that Rule 37(a) provides relief to a party seeking discovery against one who, with or without stated objections, fails to afford the discovery sought. It has always fully served this function in relation to depositions. Further, Rule 37(a)(2)(B) requires defendants to file certification that they have in good faith conferred or attempted to confer with Amadasu in an effort to secure the information or material without court action. But defendants neglected and failed to make Rule 37(a) motion with the certification or their certification failed to shown that they initiated conference with plaintiff as required by S.D.Ohio Civ.R.37.1 and S.D.Ohio case-law—id. Meyers v. Ca Hardware, Inc.; thus warranting rejecting their motions.

3. **Defendants made motion to dismiss before motion to compel or simultaneously made both motions.**

Motion for sanction (dismissal) for failure to comply with discovery requests was appropriately denied by district court, where motion was made prior to any motion to compel discovery. Markham v. Colonial Mortg. Service Co., Associates, Inc., 605 F.2d 566, 196 U.S. App.D.C.50. (1979). Also see the holdings and analysis in **R.W. Intern. Corp. v. Welch Foods, Inc.**, 937 F.2d 11 (1st Cir.1991) support this argument as shown below.

4. **Absent Rule 37(a) proper & specific discovery motion to compel, the trial court has no foundation and authority to compel discovery**

As Amadasu shows below, the trial court has no foundation and authority to target, single out and confront Amadasu with discovery issues absent defendants' Rule 37(a) proper and specific discovery motion on notice to compel discovery and opportunity for Amadasu to respond. See e.g., the holdings and analysis in **R.W. Intern. Corp. v. Welch Foods, Inc.**, 937 F.2d 11 (1st Cir.1991) support this argument.

5. **Absent Rule 37(a) proper motion, 05/23/06 Calendar Order containing general directives on reopening discovery does not qualify as specific Rule 37(a) order to compel discovery so as to support Rule 37 sanctions**

Court will not to compel discovery that were not tabled by proper motion under Rule 7(b) and Rule 37(a). Rule 37(a) proper motion authorizes or empowers the court to get involve in discovery issues and process.

It has been held, "Generally, judicial management and involvement in discovery process is not required unless one party challenges activity of an adversary; sanctions aspect of rule governing discovery provides for alternative approaches by court to ensure that spirit and object of discovery under the rules are maintained." State of Ohio v. Crofters, Inc., 75 FRD 12, affirmed 570 F.2d 1370, cert. denied 99 S.Ct. 114, 439 U.S. 833 (1977). Where as here, because there are no defendants' Rule 37(a) proper motions to compel and Amadasu's response thereto before the court, the 05/23/06 calendar order (Doc.55) containing general directive does not qualify as specific mandatory Rule 37(a) order so as to support Rule 37(b) dismissal. Other than setting forth guidelines to enable counsel [litigants] to arrange for orderly sequence of depositions and other discovery, court would not establish specific sequence of discovery events but would allow counsel [litigants] to agree on deposition schedule. Continental Illinois Nat. Bank & Trust Co., of Chicago v. Caton, 130 FRD 145 (D.Kan.1990). Here, parties disagreed on re-deposition of plaintiff (Doc.77, Ex.A, p.4). Also see the holdings and analysis in **R.W. Intern. Corp. v. Welch Foods, Inc., 937 F.2d 11 (1st Cir.1991)** support this argument as shown below.

**6. Absent Rule 37(a) specific discovery motion and order to compel discovery in effect; and absent Amadasu's violation of Rule 37(a) specific discovery order to compel discovery, the trial court has no foundation and authority to dismiss the action under Rule 37**

Defendants' baseless emergency motion to re-depose plaintiff does not qualify as proper Rule 37(a) motion to compel and the orders dated 11/2/06 and 11/7/06 do not qualify as specific Rule 37(a) order compelling discovery. There must be specific Rule 37(a) order to compel in effect predicated on defendants' specific Rule 37(a) proper motion accompanied by affidavit and or certification of their unsuccessful extrajudicial efforts, including conferencing with plaintiff, to resolve discovery issues; and Amadasu must have violated the specific Rule 37(a) order before the trial court can have foundation and authority to impose sanctions under Rule 37(b)(2) that mandates Rule 37(a) order be in effect. Defendants and the court do not meet these prerequisites; thus, the dismissal of Amadasu's complaint is not warranted.

In absence of evidence of...attempt by defendants to precede their dismissal motion with motion to compel plaintiff to attend deposition was in contempt of specific court order, dismissal of pro se plaintiff's action was not warranted. Dean v. Ellington, 115 FRD 576, affirmed 856 F.2d 199

(N.D.Ga.1987). Also see the holdings and analysis in **R.W. Intern. Corp. v. Welch Foods, Inc.**, 937 F.2d 11 (1st Cir.1991) support this argument as it is shown below.

7. **The court abuses its discretion failing to afford Amadasu hearing under Rule 37(a)(4) and imposing a particular sanction. but also the court, under the applicable rules and prevailing circumstances in this case, has no authority to impose the sanction.**

Under the applicable Rule 37 provisions and the prevailing circumstances in this case, the trial court has no authority to dismiss Amadasu's case. Dismissal is an abuse of discretion, under rule governing failure to make or cooperate in discovery, if party does not have ability [knowledge and materials] to comply with request. Bell v. Lakewood Engineering & Mfg. Co., 15 F.3d 546 (C.A.6 1994). Also see the holdings and analysis in **R.W. Intern. Corp. v. Welch Foods, Inc.**, 937 F.2d 11 (1st Cir.1991) support this argument as shown below.

8. **The dismissal of plaintiff's claims under Rule 37 will not stand absent compliance by defendants and the court with the step-by-step mechanisms for dismissal under Rule 37**

Local Rule 37.1 and FRCP 37 prescribe sequential or consecutive step-by-step procedures for sanctions under Rule 37et seq., to wit, defendants must: first, initiate conference with plaintiff; second, file and served Rule 37(a) proper motion to compel; third, the court makes specific Rule 37(a) order to compel predicated on Rule 37(a) motion to compel; fourth, Rule 37(a) order while in effect, must be violated by plaintiff without justification; fifth, a hearing under Rule 37(a)(4); and sixth, if necessary, Rule 37 range of sanctions may be imposed. It is held, "The district court's disposition is to comply with rules 26-37 of these rules, not only literally, but also in spirit, and to endeavor to carry out their intended purpose, but not enlarge them, or stretch them out of proportion." U.S. v. New Wrinkle, Inc., 16 FRD 35 (D.C.Ohio1954).

9. **HOLDINGS AND ANALYSIS APPLICABLE TO THIS ACTION**

The holdings in R.W**. Intern. Corp. v. Welch Foods, Inc.**, 937 F.2d 11 (1st Cir.1991) (rehearing and rehearing en banc denied 7/29/91) is analogous to this case at bar. The analysis and holdings of United States Court of Appeals First Circuit set controlling standards for discovery issues resolution and sanctions in **R.W. Intern. Corp. v. Welch Foods, Inc.**, 937 F.2d 11 (1st Cir.1991), which are applicable in this Amadasu's action. In that action based on allegedly unjustified termination of distributorship agreement, defendant filed motions seeking dismissal and sanctions. The United States District Court for District of Puerto Rico, 129 FRD 25, ordered sanctions. Thereafter, the

7

District Court, 133 FRD 8, granted reconsideration in part and denied it in part. Plaintiff appealed. The First Circuit held that: (1) dismissal of suit could not be sustained based upon deponent's refusal to answer certain questions, *where no order compelling answers to those questions existed*, and deponent had appeared for deposition; (2) scheduling order containing general instructions on scope of discovery did not qualify as order compelling deponents to answer particular questions posed at his deposition, so as to support dismissal of suit based on deponent's refusal to answer those questions; (3) compliance with scheduling order containing general directive that plaintiffs produce information …was not so minimal as to constitute outright failure to obey order, so suit should not have been dismissed; (4) before federal rule authorizes dismissal for failure to obey discovery order, court order to compel must be in effect, and then be violated. FRCP 37(b)(2)(C). The court reversed and remanded because plaintiff did not violate any specific Rule 37(a) order of the court. Where, as here Amadasu violates no specific Rule 37(a) order in effect.

For analysis, holdings and application to this case at bar, please review the following.
Applying the analysis and holdings in **R.W. Intern. Corp. v. Welch Foods, Inc.**, **937 F.2d 11, 12-13 (1st Cir.1991)**, the question is not only whether the court abused its discretion, but also whether under the applicable rules and the circumstances obtaining, had the authority to impose the sanction.

The answer is "**NO**"; the trial court has no authority to impose sanction because:

(a) "Sanctions for failure to appear for deposition authorized by federal rule apply only when deponent literally fails to appear for deposition session, as distinct from when deponent refuses to answer specific questions." FRCP 37(d). Id, at 12. Where as here, Amadasu appeared at the time and place of deposition on 3/28/02 during which defendants have complete and more than fair examination of plaintiff who fully cooperated, non-argumentative, causing no delay or impeding defendants to depose him, provided answers to questions to his ability and information reasonably available to him; provide several authorizations to defendants and defendants acknowledged that the deposition went onto completion that that date. (Doc.77).

(b) "Dismissal of suit could not be sustained based upon deponent's refusal to answer certain questions, where no order compelling answers to those questions existed" Id. Similarly here, Amadasu had appeared for scheduled deposition and he never refused to answer questions. Thus dismissal of Amadasu's action will be improper

The R.W. Intern court started its discourse by parsing the rule 37(b)(2)(C) that defendants

specifically relied and the trial court specifically identified as the source of its authority:

> **Rule 37(b)(2)** provides:
>
> > If a party…fails to obey an order to provide or permit discovery, **including an order made under subdivision (a) of this rule**…the court in which the action is pending may make such orders in regard to the failure as are just:
> >
> > …

(c) <u>R.W. Intern</u> court held, "The rule's language clearly requires two things as conditions precedent to engaging the gears of the rule's sanction machinery: a court Rule 37(a) order must be in effect, and then must be violated, before the enumerated sanctions can be imposed" *Id,* at 15. That is, the trial court's specific Rule 37(a) order must be in effect prompted by and predicated upon defendants' Rule 37(a) motion to compel, and Amadasu must violate the Rule 37(a) order, before the range of sanctions could be imposed but these Rule 37 conditions precedent are not yet satisfied. Defendants' emergency motion is not Rule 37(a) motion to compel and 11/7/06 court order is not Rule 37(a) order thereby forecloses engaging the gears of rule 37 sanctions.

(d) <u>R.W. Intern</u> court held, "The decided cases, and the commentators, are consentient in the view that Rule 37(b) plain language means exactly what it says. See, e.g., <u>Badalamenti v. Dunham's Inc</u>, 896 F.2d 1359, 1362 (Fed.Cir.), cert. denied,--U.S.--, 111 S.Ct. 142, 112 L.Ed.2d 109 (1990); <u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1131 (2d Cir.1986); <u>Laclede Gas Co. v. G.W. Warnecke Corp.</u>, 604 F.2d 561, 565 (8th Cir.1979); 4A J. Moore & J. Lucas, Moore's *Federal Practice* para 37.03(2), at 37-62 to 37-64 (2d ed.1991); 8 C. Wright & A. Miller, *Federal Practice and Procedure*, Sect.2289, at 790 (1970) *Id,* at 15. "In this case, therefore, the propriety of dismissing plaintiff's complaint under Rule 37(b) hinges on the answer to the following question: Did either Ward's refusal to answer the tax exemption questions during his deposition or the plaintiffs' failure to produce the Impex documents transgress "an order to provide or permit discovery," …, then in effect?"" *Id,* at 15. Where as here, did defendants' alleged Amadasu's refusal to answer at deposition questions transgress "a Rule 37(a) order to provide or permit discovery then in effect under the rule?" In this instant case, the answer is no because there was no Rule 37(a) discovery order premised on Rule 37(a) motion to compel discovery then in effect and violated; thus, Amadasu did not violate any specific Rule 37(a) order to warrant any sanctions, such as dismissal under the Rule 37.

(e) <u>R.W. Intern</u> court held, "Should a deponent,…refused to answer certain specific questions,

the examiner is not remediless. See FRCP 37(a)(2)—'if a deponent fails to answer a question propounded...the discovering party may move for an order compelling an answer...[and] the proponent of the question may...adjourn the examination before applying for an order. If the court thereafter finds that the refusal was not "substantially justified, the examiner will receive the amount of reasonable attorney's fees."" FRCP 37(a)(4). Id, at 15.  Where as here, if Amadasu allegedly refused to answer questions at deposition defendants were not remediless, after they completed the deposition, they should have made immediate Rule 37(a) motion to compel answer to their specifically identified unanswered questions and if after hearing, the court thereafter finds that was not substantially justified, defendants then the court may exercise its discretions under Rule 37(a)(4) but defendants never made it

(f) R.W. Intern court held, "The taxonomy of Rule 37 is progressive. If an order to answer is issued under Rule 37(a), and then disobeyed, Rule 37(b)(2) comes into play, authorizing the trial court to impose further sanctions, including the ultimate sanction of dismissal" Id, at 15. Where as here, there was no Rule 37(a) order made that was disobeyed by Amadasu, thereby preclude dismissal.

(g) R.W. Intern court held, "In this instance, the initial hurdle was never cleared. Although Ward's deposition was included within the discovery timetable set forth in the scheduling order, that order was not violated. Ward appeared for his deposition on November 15 as scheduled. When he refused to answer the questions..., no Rule 37(a) order to compel answers to those questions was extant" Id, at 15. Where as here, defendants neglected and failed to clear the initial Rule 37(a) hurdle. Amadasu deposition was not included within the discovery timetable set forth in the scheduling order, When he allegedly refused to answer questions, Amadasu violates no Rule 37(a) order to compel in effect; thus, Rule 37 sanctions could not be invoked absent Rule 37(a) motion and Rule 37(a) order to compel in effect.

(h) R.W. Intern court held, "Instead of following the protocol limned in Rule 37, that is, adjourning the deposition and seeking an order to compel Ward to respond to the questions and to pay the expenses ancillary thereto. Welch's counsel elected to bypass Rule 37(a) and seek immediate dismissal of the suit." Id at 15. Where as here, similarly, instead of defendants' counsels following the protocol limned in Rule 37, that is, adjourning the deposition and seeking an order to compel Amadasu to answer allegedly unanswered questions or to be deposed, defendants by their counsels elected to bypass Rule 37(a) and seek immediate dismissal of the suit thereby violated Rule 37 requirements

(i) <u>R.W. Intern</u> court held, "In the circumstances at bar, that was tantamount to a ball player sprinting from second base to home plate, without bothering to round, let alone touch, third base. Under such circumstances, the district court's premature resort to Rule 37(b)(2) cannot be upheld (Accord <u>Salahuddin,</u> 782 F.2d at 1131-32)". <i>Id</i>, at 15. Similarly, in this instant case, this court premature resort to Rule 37(b)(2) cannot be sustained as matter of law and case laws.

(j) <u>R.W. Intern</u> court held, "The appellees make two arguments in an effort to repair the damage done by their rush to judgment. They pointed out, first, that Ward had been forewarned of possible dismissal because he had previously been sanctioned for failing to attend a deposition. We find wholly disingenuous the claim that this circumstance somehow relieved the court from following the step-by-step progression delineated in Rule 37 and, in the bargain, nullified the express command of Rule 37(b)(2)" <i>Id</i>, at 15. Where as here, defendants made similar baseless arguments in an effort to repair the damage done by their rush to judgment. They pointed out that Amadasu has been sanctioned in other unrelated cases. This is wholly disingenuous claim that this circumstance somehow relieved the defendants from following the step-by-step progression delineated in Rule 37 and, in their collusion, nullified the express command of Rule 37(b). That is, the defendants and the court must follow the Rule 37 step-by-step progression requirements otherwise any dismissal constitutes reversible error.

(k) <u>R.W. Intern</u> court held, "Having once committed a discovery violation, a party does not thereby forfeit the ordinary procedural prophylaxis of the Civil Rules" <i>Id</i>, at 15. Where as here, similarly, because of the alleged Amadasu's discovery violation, Amadasu did/does not thereby forfeit or waive the ordinary procedural prophylaxis of the Civil Rules. That is, plaintiff has not forfeited or waived the protection inherent in the procedural prophylaxis of the Civil Rules 37.

(l) <u>R.W. Intern</u> court held, "In the absence of Rule 37(a) order... Ward's track record though blemished, could not by itself animate Rule 37(b)(2)." <i>Id</i>, at 15. Where as here, similarly, in the absence of a Rule 37(a) order, the alleged Amadasu's track record, could not by itself invoke Rule 37 sanctions. That is, the court cannot impose sanctions absent Rule 37(a) motion, Rule 37(a) order in effect, and violation thereof.

(m) <u>R.W. Intern</u> court warned, The court should be "mindful of the strong policy favoring disposition of cases on the merits" <i>Id</i>, at 16 (citing <u>Velazquez-Rivera</u>, 920 F.2d at 1075), "We are especially reluctant to read a specific order by implication into such general language when the

sanction sought is dismissal." Id, at 16. That is, the court should not read a specific Rule 37(a) order by implication into such general language when the sanction sought is dismissal.

(n) R.W. Intern court held, "Once the defendants eschewed the essential interim step exemplified by Rule 37(a), the gateway to utilizing Rule 37(b)(2) in respect to Ward's failure to answer a particular series of question at his deposition was blocked" Id at 16. Where as here, similarly, once defendants avoided the essential interim step mandated by Rule 37(a), they were precluded, forbidden and blocked from utilizing Rule 37 in respect to Amadasu's case; thus, defendants lack standing to move for Rule 37 sanctions in the absence of their compliance with Rule 37(a) command.

(o) R.W. Intern court held, "The district court therefore lacked legal authority to dismiss the case under the latter rule [Rule 37] based on Ward's recalcitrance" Id, at 16. Similarly as here, the court lacks legal authority to dismiss Amadasu's complaint under Rule 37 based on untrue, and unproven allegations of defendants against plaintiff.

(p) R.W. Intern court held, "Both sides agree that the plaintiffs complied to some extent with the general directive that they produce information" Id, at 16. Where as here, there is no court order in effect compelling Amadasu to produce information and material that he violated; defendants concede that Amadasu complied substantially to their discovery requests and deposition questions but plaintiff asserts that he has fully and completely provided responses to the defendants' discovery requests and deposition questions. See, e.g., Fox v. Studebaker-Worthington, Inc., 516 F.2d 989 (C.A.Minn.1975) (holding, Where there was at least attempted compliance by plaintiff with all forms of discovery, where defendants never sought court order to compel discovery…sanction imposed by trial court was improper).

(q) R.W. Intern court held, "In such a situation…unless the failure of discovery is absolute, or nearly so, Rule 37(b)(2) sanctions are unripe, (citing Badalamenti, 896 F.2d at 1363; Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 995 (8th Cir.1975); 8 *Wright & Miller, supra* Section 2291, at 809-10)." Id, at 17. Similarly as here, because defendants' untrue and arguably alleged Amadasu's failure of discovery is not absolute, or nearly so, Rule 37(b)(2) sanctions is unripe.

(r) R.W. Intern court held, "…the district court cannot dismiss without first entering an order

12

commanding production of the specific materials" *Id*, at 17. Where as here, similarly, the court cannot dismiss Amadasu's case without first entering Rule 37(a) order commanding responses to discovery requests and answers to deposition questions, if any.

(s) R.W. Intern court held, "We do not believe that...compliance was so minimal as to constitute an outright failure to obey the dictates of the Scheduling Order. Thus, the court's resort to Rule 37(b)(2) was premature" *Id*, at 17. Similarly as here, Amadasu's compliance was not so minimal as to constitute an outright failure of responses to defendants' discovery requests thus the court cannot resort prematurely to Rule 37 sanctions. Also R.W. Intern court held, "Rule 37(d) sanctions is improper where a written response to a request to inspect documents is made but is not satisfactory; if interrogatory answers are evasive or incomplete, a Rule 37(a) motion is the appropriate anodyne"(citing *GFI Computer*, 476 F.2d at 3). *Id*, at 18. Thus Rule 37(b), (c), or (d) are not anodyne

(t) R.W. Intern court held, "The rule provides a detailed methodology for enforcement—a methodology, which ties back into Rule 37(a). The reference, of course, necessarily incorporates the preconditions already described as a prelude to Rule 37(b)(2) sanctions. If a general discovery directive could satisfy Rule 37(b)(2)'s requirement that a party must disobey "an order to provide or permit discovery" before his case can be dismissed thereunder, the carefully crafted prophylaxis of...Rule 37 would be severely eroded and the way paved for case management in *terrorem*" *Id*, at 18. Where as here, if the undelivered 11/7/06 order could satisfy Rule 37(b)(2) requirements that plaintiff must obey the carefully crafted prophylaxis of...Rule 37 requirements would be severely eroded and the way paved for case management in *terrorem*,

(u) R.W. Intern court held, "We applaud the district court's determination that the Civil Rules not be 'trivialized," (citing, *RWI*, 129 FRD at 31), and its view that scheduling orders serve an important function in the systematic administration of cases." Id, at 18. Thus, as here defendants must not trivialize the Rules as they have been doing in the course of the proceedings.

(v) R.W. Intern court held, "Nonetheless, laudable ends do not justify precipitate means." *Id*, at 18. Similarly as here, dismissal of Amadasu's case shall not justify the collusive and fraudulent precipitate means being employed by defendants' counsels.

(w) R.W. Intern court held, "We are, therefore, disinclined to allow broad-brush scheduling

13

orders to serve as snares whereby even innocent misunderstandings or inadvertent omissions may lead to summary dismissal." *Id*, at 18. Similarly as here, the court should disincline to allow defendants' collusive and fraudulent emergency motion for re-deposition and the belatedly delivered 11/07/06 court order to serve as snares whereby misunderstanding, manipulations, misinterpretation and misapplication or intentional omission of the Rules lead to summary dismissal of Amadasu's case.

(x) <u>R.W. Intern</u> court held, "We are equally as reluctant to permit the pressing need for case management to undercut the orderly processes of Rule 37—a rule which is itself an important case management tool." *Id*, at 18.

(y) <u>R.W. Intern</u> court held, "In fine, Rule 37 sets forth a clear path to be followed if a party believes that another litigant is not cooperating in the discovery process." *Id*, at 18. Where as here, Amadasu in good faith has been following the Rule 37 set forth path but defendants do not.

(z) <u>R.W. Intern</u> court held, "When the plaintiffs failed to produce…documents not specifically called for in the Scheduling Order—the defendants should have filed a motion to compel their production. That motion would have provided the court with the power, should it have found the failure to make production to be substantially unjustified, to award reasonable expenses…to the movant. See e.g., Rules 16(f), 37(a)(4)" *Id*, at 19. Similarly as here, when plaintiff allegedly and arguably failed to respond to defendants' discovery requests or answer questions at deposition (which is untrue), the defendants should have filed Rule 37(a) motion to compel discovery, which would provide the court the authority and power, should it finds failure of discovery to be substantially unjustified, to engage the gears of Rule 37 relief of compelling discovery, but not summary dismissal of Amadasu's case.

(aa)    <u>R.W. Intern</u> court held, "If, thereafter, the plaintiffs had refused to comply with the specific order for production, sanctions could appropriately have been imposed under Rule 37(b)(2) to dismiss the case" *Id*, at 19. Similarly as here, if thereafter, Amadasu refuses to obey the specific Rule 37(a) order predicated on Rule 37(a) motion to compel, sanctions could be imposed under Rule 37 et seq. if plaintiff disobeyed Rule 37(a) order.

(bb)    <u>R.W. Intern</u> court held, "Had the defendants taken the first step [Rule 37(a) motion] and secure a Rule 37(a) order, then the totality of the plaintiff's conduct would justifiably weigh in the balance when the court select a sanction for an ensuring violation of that order." *Id*, at 19. Where as

14

here, defendants has not taken the first step—Rule 37(a) motion, or if taken, court has not ruled on it to secure Rule 37(a) order to compel

(cc)    R.W. Intern court held, "In the absence of preexisting order to compel, however, the court had no authority under Rule 37(b)(2) or [37(d)] to dismiss the case." Id, at 19. Similarly as here, in the absence of the court's preexisting Rule 37(a) order to compel, however, the court has no authority under Rule 37 et seq. to dismiss the case for alleged, arguable and untrue failure to provide residual or supplemental responses, if any.

(dd)    The R.W.Intern Court also held that "Indeed, the cases cited by the appellees—Fashion House, Inc v. K Mart Corp., 892 F.2d 1976 (1st Cir.1989)(order compelling responsive answers to interrogatories); and Damiani v. Rhode Island Hosp., 704 F.2d 12 (1st Cir.1983)(orders compelling answer to interrogatories and document production)—stand for this very proposition; in each of them, Rule 37(a) motion was made, a specific discovery Rule 37(a) order was in effect and was thereafter violated. "These holdings are fully consistent with the proposition that an order [to compel] must be in effect, and then violated, before the gears of Rule 37(b)(2) can be engaged." Id, at 19. We then looked to the rest of the record and consider the overall behavior of the guilty party to determine whether the particular sanction imposed by the lower court was just." Id, at 19. Where as here, Rule 37(a), if made, has not been decided; Rule 37(a) order has not been made or in effect and has not thereafter been violated by Plaintiff. The record is barren with any evidence that plaintiff has committed the false accusations collusively manufactured by defendants' counsels.

(ee)    The R.W.Intern Court held, "Because no specific discovery order was in effect and thereafter violated by plaintiffs, there was no foundation for dismissing the complaint under Rule 37(b)(2). As the court rested its order expressly and exclusively on that rule, we cannot let the dismissal stand." Id, at 20. Similarly as here, because no specific Rule 37(a) discovery order premised on Rule 37(a) motion to compel is in effect and thereafter violated by plaintiff, there is no foundation and authority for dismissing the complaint under Rule 37 et seq. thereby warrants denying defendants' motion to dismiss as matter of law and case laws.

(ff) The R.W.Intern Court held, "...two wrongs seldom make a right." Id, at 20. Conversely, as

15

here, the record is replete with defendants' discovery abuses, litigation abuses, violations of the Rules 26-37, misrepresentations, omissions, fraud, collusions, falsehood, etc, that the court should not condone but punished them for their misconduct.

(gg)    The R.W.Intern Court concluded, "The order of dismissal is reversed and the case remanded to the district court for further proceedings." Id, at 20. Similarly as here, the court should deny defendants' motions to dismiss and/or compel this case should be allowed to proceed to trial on the merits, which federal courts and the public favor.

Thus, consistent with the foregoing holdings, because defendants failed to initiate conference as required under Local Rule 37.1; failed to serve and file mandatory Rule 37(a) discovery motion to compel or if filed, has not been decided; no specific Rule 37(a) court order to compel in effect, and no violation by plaintiff of any Rule 37(a) discovery order in effect, defendants' motions to dismiss Amadasu's action should be denied as a matter of law and the authorities.

### 1V.    Defendants failed to show nature, substance and materiality of the information & materials they allegedly could not get from plaintiff

Courts will generally require that Defendant moving to compel discovery of information and materials must provide a description of the particular discovery information and materials the movant intend to seek, an explanation how that discovery will support its position and statement justifying why this discovery had not been or could not have been obtained earlier during the scheduled discovery. See, e.g., Cacevic v. City of Hazel Park, 226 F.3d 483, 488-89 (6th Cir.2000). But defendants have failed to make these showings.

### V.    Possibility of Dismissal of a Case Does Not Excuse Defendant's Procedural Obligations

Defedants have affirmative procedural obligations to fully and completely comply with the Rule 37 step-by-step procedure for seeking sanctions. Defendants motivated by the possibility of dismissing the case willfully, intentionally and purposefully ignored the rule procedural obligation. Clearly, the possibility of a sua sponte dismissal of a case does not excuse a moving party of following court procedure in filing a motion to dismiss. See, e.g., Lankler Siffert & Wohl, LLP v. Rossi-BCM, No.02cv10055 (S.D.N.Y.2004), see also Lanker, Siffert & Wohl v. Rossi, 287 F.Supp.2d 398 (SDNY 2003). Thus, defendants' preoccupation with dismissing the case does not excuse defendants' failure of their procedural obligations. Equity mandates that wrongdoers cannot be allowed to benefit from their wrongs.

**VI.    Failure of defendants to follow the Rule 37 and Local Rule 37.1 procedural requirements violated plaintiff's Right of Due Process and equal protection under the law.**

Defendants contemporaneously filed arbitrary, capricious and frivolous emergency motion and notice of deposition for re-deposition of plaintiff without serving plaintiff and made exparte communication with the court to obtain order which was belatedly delivered to plaintiff in obfuscation of plaintiff's due process right. If application of discovery sanctions are shown to be arbitrary and in violation of due process rights, the judgment is void. Brown v. McCormick, 608 F.2d 410 (C.A. Kan.1979); Court's authority to impose any sanction, including a fine, is limited by considerations of due process. J.M. Cleminshaw Co. v. City of Norwich, 93 FRD 338 (D.C.Conn.1981). "While the substantive facts of this case and the substantive legal issues are interesting, they are not relevant to our decision. What is relevant is the procedural posture." WMX Technologies, Inc., v. Miller, 104 F.3d 1133, 1134 (9th Cir.1997).

**VII.    Defendants' motions to dismiss complaint and/or compel discovery are null and void**

Local 37.1 and court holding in Meyers v. Ca Hardware, Inc., 95 FRD 145, appeal dismissed 812 F.2d 1407 (D.C.Ohio 1982), do not permit filing motion to compel or dismiss absent defendants' initiating and holding conference with plaintiff to extrajudicially resolve the discovery issues. "…When such filing was not expressly authorized under the local rules, is whistling past the graveyard"—without a local rule permitting such transmissions (filings), …filings in federal court are dead on arrival." McIntosh v. Antonino, 71 F.3d 29, 34-35 (1st Cir.1995). Absent local rule permitting such filings, "filings" are deemed null and of no legal effect" In re Fisherman's Wharf Fillet, Inc., 83 F.Supp.2d 651, 657 (E.D.Va.1999)

**VIII.    The 2000 Amendment to the Advisory Committee Note to Rule 26(a)(1) provides:**

> A party believing that Rule 26(a)(1) initial disclosures are "not appropriate in the circumstances of the action" may object during the Rule 26(f) discovery conference. The objection should then be stated in the Rule 26(f) discovery plan filed with the court. Disclosures are not required thereafter except as ordered by the court. In ruling on the objection, the court must determine what disclosures, if any, will be made and set the time for such disclosures.

The court never ruled on the parties' Rule 26(f) discovery plan filed with the court as to what disclosures, if any, will be made and set the time for such disclosures.

**IX.    Defendants' discovery requests are unreasonably overbroad, cumulative, duplicative, irrelevant to the issues or to prospective relief & thereby warranting limitations**

Defendants' laundry list of materials requested in parties' Rule 26(f) discovery plan filed with the court and in their 10/17/06 letter are substantially cumulative or duplicative of what plaintiff had previously provided to defendants and thus should be limited or foreclosed. Rule 26(b)(2) provides the court with authority to limit discovery that is unreasonably cumulative or duplicative. Bayer AG v. Betachem, Inc., 173 F.3d 188 (3d Cir.1999). Court may prohibit the taking of a deposition when it believes the information sought is wholly irrelevant to the issues or to prospective relief. Leighr v. Beverly Enterprises-Kansas, Inc., 164 FRD 550, 551 (D.Kan.1996)

**X.    Defendants' grounds for their emergency motion to re-depose plaintiff are non-exigent but constitute fishing expedition and scheme to embarrass, oppress, annoy and unduly burden and cumbersome plaintiff.**

Defendants' grounds for emergency motion to re-depose plaintiff are not exigent to warrant making and granting emergency motion. Their motions are unfounded, meritless, frivolous and vexatious in the light of fact that they produce no evidence to support their conclusory accusations. The emergency motion is part of the defendants' counsel larger collusive scheme to cover up their meritless defenses, trap plaintiff, conduct fishing expedition and to fraudulently obtain dismissal of plaintiff's meritorious claims. For example, defendants seeking to re-depose plaintiff due to the length of stay of proceedings and to obtain updated information from plaintiff (Doc.77) is fishing expedition.

It has been held, "parties are not entitled to conduct a 'fishing expedition.' Koch v. Koch Industries, Inc., 203 F.3d 1202, 1238 (10th Cir.2000), cert. denied, 531 U.S. 926, 121 S.Ct. 302 (2000). Rule 26(c) specifically instructs the court to limit the frequency or extent of discovery if justice so requires to protect a party or witness from annoyance, embarrassment, Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 925 (8th Cir.1999), from oppression, or undue burden or expense, Stagman v. Ryan, 176 F.3d 986 (7th Cir.1999), cert. denied, 528 US 986). The scheduling of a second deposition of the same person without good cause will generally support finding of annoyance and undue burden, and thus allow the entrance of a protective order. Sentry Insurance v. Shivers, 164 FRD 255, 256, (D.Kan.1996).

Rule 26(b)(1) instructs the court to limit the frequency or extent of discovery if: (i) the discovery sought is unreasonably cumulative or is obtainable from a more convenient or less burdensome or expensive source; (ii) the party seeking the discovery has had ample opportunity to obtain the information; or (iii) the discovery is unduly burdensome or expensive taking into account the circumstances of the particular case.

**XI.    The plaintiff's actual or constructive notice of the orders does not satisfy the Rule 4 service requirement thus dismissal is improper**

Plaintiff's actual or constructive notice of the court orders does not satisfy the Rule 4 service requirement because the U.S. Post Office acknowledged that it failed to deliver the court order to appellant or into his post office mailbox. (Exhibit 1). The court in <u>J.O. Alvarez, Inc v. Rainbow Textiles, Inc.</u>, 168 FRD 201 (SD Tex.1996), held, "default judgment not proper against defendants who failed to answer a complaint that was served before it was filed; defendants' actual or constructive notice of lawsuit does not satisfy the Rule 4 service requirements. Here, applying this holding, dismissal of the claims not proper against plaintiff who did not file his opposition due to non-delivery of the order before the deadline by post office; plaintiff's actual or constructive notice of the orders does not satisfy the Rule requirements. The court in <u>Edmond v. United States Postal Service</u>, 727 F.Supp.7 (DDC 1991) held, " service via Federal Express was effective when delivered to litigant's home." Also see <u>Chudasama v. Mazda Motor Corp.</u>, 1995 WL641984, at *16 n.20 (M.D.Ga.1995) (holding that service by private courier is not complete under Rule until the paper is handed to counsel or delivered to counsel's office, *vacated on other grounds*, 123 F.3d 1353 (11th Cir.1997). Here, applying these holdings, service of defendants' notice of and emergency motion for deposition, and the court orders via the post office would be effective when delivered to plaintiff or into his postal mailbox.

**XII.    The plaintiff is prejudiced by lack of service of the notice, motion, and orders before the deadline and the court has authority to protect plaintiff.**

Plaintiff is prejudiced by non-delivery of defendants' notice, motion and court order to him. The court has authority to extend the time to file plaintiff's oppositions or to permit plaintiff to file oppositions after the time to file has expired under FRCP 6, which provides that "the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires"

**XIII.    Unclean-hands doctrine and laches bar defendants' motions to compel & dismiss**

In <u>In re New Valley Corp.</u>, 181 F.3d 517 (C.A.3 NJ 1999), the court held that the primary principle guiding application of unclean hands doctrine is that the alleged inequitable conduct must be connected, i.e., there must be a relationship between inequitable conduct and the claims or matters brought before the court for resolution in order for the unclean hands doctrine to apply.

Defendants lacks clean hands necessary to obtain dismissal of plaintiff's claims, and thus barred from moving to dismiss the claims because: defendants and their counsels are guilty of or

committed, *inter alia,* (1) unilaterally extended the 30 days time limits to respond to Rules 33 and 34 discovery requests, i.e., with impunity they ignore the time limits of the rules. A party cannot with impunity ignore the time limits of the rule, Williams v. Krieger, 61 FRD 142, 145 (DCNY 1973); Without parties' stipulation, only the court can extend time to answer discovery request on a showing of good course, on motion. EEOC v. New Enterprise Stone & Lime Co., 74 FRD 628 (DC.Pa.1977); (2) counsel answering interrogatories addressed to individual defendants. Interrogatories addressed to an individual party must be answered by that party. McDougall v. Dun, 468 F.2d 468, 472 (4th Cir.1972);It is improper for the party's attorney to answer them—Id. (3) unconscionable conduct of not serving plaintiff notice of deposition and purported emergency motion for deposition; (3) deliberate and willful neglect, failure, contumaciousness, and dilatoriness in responding to discovery requests; (4) making waived objections to Rules 33 and 34 requests after 30 days time limit; (5) bad faith in giving false answers to interrogatories; Giving a false answer to an interrogatory is itself sufficient evidence of bad faith to warrant the imposition of sanctions. Evanston v. Union Oil Co. of California, (85 FRD 274 (DC.Minn.1979), etc. These and other conduct of defendants have direct, immediate and necessary relation to the matter at issues that injure Amadasu and affect the balance of equities. Unclean hands doctrine will bar recovery (dismissal) when some unconscionable act of one coming for relief has immediate and necessary relation to the equity that party seeks—id. In re New Valley Corp., *supra.*

The unclean hands doctrine applies (to bar defendants) when the party (defendants) seeking relief (of dismissal) is guilty of fraud, unconscionable conduct, or bad faith directly related the matter at issue that injures the other party (Amadasu) and affects the balance of equities. See, e.g. Paramount Aviation Corp. v. Augusta, (3d Cir. NJ 1999) 178 F.3d 132, certiorari denied, 120 S.Ct.188

Employee who engages in resume fraud does not have clean hands and is not entitled to hold employer liable under theory of promissory estoppels. Armani v. Maxim Healthcare Services, Inc., (D.Colo.1999) 53 F.Supp.2d 1120). Similarly, defendants and their counsels who deliberately perpetrated fraud, dilatoriness, and litigation abuses do not have clean-hands, and thus, are not entitled to dismissal of this action under Rule 37 et seq..

### Defendants fail to demonstrate that they have good and meritorious defense to the claims and come into the court with clean hands

Before a party can have standing in court to raise equitable claim, he must first show that not only has he good and meritorious cause of action (defense), but also he must come into court with

clean hands. <u>Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd.</u>, (E.D.Tex.1999) 49 F.Supp.2d 893. Where as here, Amadasu has undisputable good and meritorious claims whereas defendants fail to show have good and meritorious defense to the claims and they come into the court with unclean hands. Unclean hands have been recognized…may justify denying (defendants' motions). <u>Philip Morris, Inc. v. Allen Distributors, Inc.</u>, (S.D.Ind.1999) 48 F.Supp.2d 844

## CONCLUSION

The defendants failed to follow the step-by-step progression for sanctions as mandated by the very Rule 37 et seq that defendant invoke. The conduct of defendants and their counsels are so negligent, irresponsible, vexatious, contumacious or dilatory as to provide substantial grounds for Rule 37 sanctions against them and constitute "unclean-hand" barring their motions.

In <u>Quonset Hut, Inc. v. Ford Motor Co.</u>, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997) Ohio Supreme Court stated that disposition of cases on merits is favored and that discretion ought to be exercised cautiously and carefully before a case is dismissed.

And for all of the above reasons defendants' motions to compel and dismissed should be denied wholly

Respectfully submitted,

Darlington Amadasu,
Lay Pro se Plaintiff.

**CERTIFICATE OF SERVICE:**
I hereby certify that a true copy of the foregoing was served on Deborah R. Lydon and o.b.o. Karen A. Carroll, by delivering to Lydon's receptionist on 12/07/06