To: State Court of Appeals Clerk:

Please send me a letter on court letterhead explaining why Ms. Amakasu's case is being dismissed. It may have been partially our fault and if the reason for dismissal is <u>solely</u> for responding late, I may provide a letter explaining.

Thank you.

Sincerely,

*Kimberly Foreman*

Kimberly G. Foreman
Supervisor, Walnut Hills Station
(513) 961-3205

Ex. 1

BY Delivery to counsels' receptionists

P.O. Box 6263
Cincinnati, OH 45206
November 21, 2006

Deborah Lydon
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202

Karen Carroll
Roetzel & Andress
PNC Center, Suit 800
201 East Fifth Street
Cincinnati, OH 45202

Amadasu v. Mercy Franciscan Hospital, et al

Re: **Defendant Berry's incomplete, evasive, and/or non responses to plaintiff's discovery requests**

<u>Mr Ravi B. Berry's Failure to Respond & Deficient Responses to Plaintiff's Discovery Requests:</u>

A. Rule 34 Requests for Production: Mr Berry has failed and refused to produce the specific documents requested as follows:

<u>Request #1</u>: Documents requested therein are not in the medical chart previously produced.

<u>Request #2</u>: Hard copies of Berry's diplomas and certificates requested are not obtainable from his purported curriculum vitae

<u>Request #3</u>: Hard copies of Berry's licenses to practice are not obtainable from his purported curriculum vitae

<u>Requests #4 & #5</u>: Hard copies of Berry's personal and office federal tax returns requested are not obtainable his purported general objections

<u>Request #7</u>: Records of communications between Berry and MHA relating to plaintiff are not part of plaintiff's medical chart.

<u>Requests #8 & #9</u>: Plaintiff's signed written informed consent document for transfer to the purported Crisis Stabilization Center and informed disclosure document are not in plaintiff's medical chart previously produced by Mercy

<u>Request #10</u>: Hard copies of Berry's signed "Doctor Certification for Patient-Plaintiff Transfer Order" to Crisis Stabilization Center, if any, is absent from the plaintiff's medical chart previously produced by Mercy

<u>Request #11 through #14</u>: Hard copies of documents requested therein are absent from the plaintiff's medical chart previously produced by Mercy.

<u>Request #15</u>: Copy of the transcript of the deposition of plaintiff is not obtainable from your

EX 2

1

general objections.

Request #16: Copy of policy of Berry's malpractice liability insurance coverage has not been produced.

Documents, which plaintiff requested from Berry in Requests #1, 7, 8, 9, 10, 11, 12, 13, and 14 have never been and are not in plaintiff's medical chart that Mercy provided to plaintiff. Plaintiff has searched the whole medical chart for these documents and could not find them therein.

If you and or defendants have the said documents in the copies of plaintiff's medical chart in your and Mercy's possessions you must provide them to plaintiff. If you never made and/or never had them, please acknowledge so categorically and unequivocally.

**B.      Rule 33 Interrogatory**

Defendant Berry has absolutely failed and refused to answer plaintiff's interrogatories propounded to him pursuant to the requirements of FRCP 33

**C.      Rule 36 Requests for Admission**

Defendant Berry has failed and refused to answer plaintiff's Admission Requests #3 through 40 propounded to him pursuant to the requirements of FRCP 36. Admission Requests #3, 4, 5, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, and 40 are based on the plaintiff's medical chart, which you already had in your possession. Admission Requests #36, 37, 38, 39, and 40 are based on Guidelines for Psychiatric Practice in Public Sector Psychiatric Inpatient Facilities (Psychiatric Guidelines) promulgated by American Psychiatric Association (APA) of which Mr Berry is a member who is obligated to adhere to the psychiatric guidelines. Before defendants' Deposition of plaintiff, defendants' counsels inspected and copied these guidelines together with among other documents. Please find attached another courtesy copy of the guidelines to enable you provide answer to Admission Requests #36 through #40.

For the purpose of extra-judicial resolution of these and other discovery disputes, Plaintiff hereby invites all parties to a conference on one these dates November 28, 29, 30, or December 1, 2006 at 10.00 am at the Office of Deborah R. Lydon. You must in writing confirm one of these dates to plaintiff on before 11/27/06.

This is plaintiff's good faith effort to resolve the discovery issues extra-judicially.

Sincerely,

Darlington Amadasu

Enclosure: APA's Psychiatric Practice Guidelines

2

By Hand-delivery to counsels' receptionists /fax

P.O. Box 6263
Cincinnati, OH 45206
November 24, 2006

Deborah Lydon
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202

Karen Carroll
Roetzel & Andress
PNC Center, Suit 800
201 East Fifth Street
Cincinnati, OH 45202

<u>Amadasu v. Mercy Franciscan Hospital, et al</u>

Re: Incomplete, evasive, and/or non responses to plaintiff's discovery requests by Defendants Mercy Franciscan Hospitals, Western Hills (MFHWH), Mount Airy (MFHMA); Steven Grinnell; Charles Lobeck; Connie McCoy, Judy Deleiden; and June Bronhert

I   **MFHWH** <u>Failure to Respond & Deficient Responses to Plaintiff's Discovery Requests:</u>

   A. Rule 34 Requests for Production: MFHWH has failed and refused to produce the specific documents requested as follows:

   <u>Requests</u> #1 through #20 that were due since 11/16/06

   B. **Rule 33 Interrogatory**

   Defendant MFHWH has <u>absolutely</u> failed and refused to answer plaintiff's interrogatories propounded to it pursuant to the requirements of FRCP 33. The answers thereto were due before or on 11/09/06 thereby outstanding

   C. **Rule 36 Requests for Admission**

   Defendant MFHWH has failed and refused to answer sufficiently plaintiff's Admission Requests #1 through 40 pursuant to the requirements of FRCP 36.

II   **MFHMA** <u>Failure to Respond & Deficient Responses to Plaintiff's Discovery Requests:</u>

   A. Rule 34 Requests for Production: MFHMA has failed and refused to produce the specific documents requested as follows:

   <u>Requests</u> #1 through #27 that were due since 11/6/06 thereby outstanding

1

Ex. 3

### B. Rule 33 Interrogatory

Defendant MFHMA has <u>absolutely</u> failed and refused to answer plaintiff's interrogatories propounded to it pursuant to the requirements of FRCP 33. The answers thereto were due before or on 11/16/06 thereby outstanding

### C. Rule 36 Requests for Admission

Defendant MFHMA has failed and refused to answer sufficiently plaintiff's Admission Requests #1, 2, 4, 6, and 8 through 40 pursuant to the requirements of FRCP 36.

### III   <u>Steven Grinnell</u> Failure to Respond & Deficient Responses to Plaintiff's Discovery Requests:

A. Rule 34 Requests for Production: Grinnell has failed and refused to produce the specific documents requested as follows:

<u>Requests</u> #1 through # 48 that were due since 11/12/06 thereby outstanding

### B. Rule 33 Interrogatory

Defendant Grinnell has <u>absolutely</u> failed and refused to answer plaintiff's interrogatories propounded to him pursuant to the requirements of FRCP 33. The answers thereto were due before or on 11/11/06 thereby outstanding

### C. Rule 36 Requests for Admission

Defendant Grinnell has failed and refused to answer sufficiently plaintiff's Admission Requests #1 through 30; #34 through # 40 pursuant to the requirements of FRCP 36 thereby outstanding

### IV   Charles Lobeck, Connie McCoy, Judy Deleiden; and June Bronhert Failure to Respond & Deficient Responses to Plaintiff's Discovery Requests:

A. Rule 34 Requests for Production: They, **Connie McCoy, Judy Deleiden; and June Bronhert** have failed and refused to produce the specific documents requested as follows:

<u>Requests</u> #1 through # 22 that were due since 11/16/06 thereby outstanding

2

**B. Rule 33 Interrogatory**

Defendant Lobeck has <u>absolutely</u> failed and refused to answer plaintiff's interrogatories propounded to him pursuant to the requirements of FRCP 33. The answers thereto were due before or on 11/17/06 thereby outstanding

Admission Requests #1, through 40 are based in part on the plaintiff's medical chart, which you already had in your possession; based in part on MFH's Rules, Regulations, Policies and Procedures; and based partly on Guidelines for Psychiatric Practice in Public Sector Psychiatric Inpatient Facilities (Psychiatric Guidelines) promulgated by American Psychiatric Association (APA); partly on Standard/guidelines for transfer of patient promulgated federal and state laws and by American College of Emergency Physician (ACEP).

Before defendants' Deposition of plaintiff, defendants' counsels inspected and copied these guidelines together with among other documents that plaintiff voluntarily produced in good faith.

**PLEASE TAKE NOTICE:** For the purpose of extra-judicial resolution of these and other discovery disputes, Plaintiff hereby invites all parties to a conference on one these dates **November 28, 29, 30, or December 1, 2006 at 10.00 am at the Office of Deborah R. Lydon.** You must in writing confirm one of these dates to plaintiff on before 11/27/06.

This is plaintiff's good faith effort to resolve the discovery issues extra-judicially.

Sincerely,

*/s/ Darlington Amadasu*

Darlington Amadasu
Plaintiff Pro se

3

## AUTHORIZATION FOR DISCLOSURE OF MEDICAL INFORMATION

*Pursuant to 45 C.F.R. 164.508*

To: _____

Re: Patient Name:
    Date of Birth:
    Social Security No.:

For purposes pertaining to civil litigation, I authorize and request the Custodian of Records to disclose, furnish and release to Deborah R. Lydon, Jennifer Orr Mitchell, and the agents or designees of the law firm of Dinsmore & Shohl, LLP, 1900 Chemed Center, 255 East Fifth Street, Cincinnati, Ohio 45202 any and all medical and hospital records, including those that may contain protected health information (PHI) regarding the above named individual, whether created before or after the date of signature. This authorization should also be construed to permit Deborah R. Lydon and Jennifer Orr Mitchell, and the agents or designees of the law firm of Dinsmore & Shohl, LLP to copy, inspect and review any and all such records.

Records requested may include, but are not limited to:

> all medical records, physicians' records, office records, surgeons' records, psychological and psychiatric information, consultant's reports, x-rays, CT scans, MRI films, photographs, and other radiological records or films, pathology materials, slides, tissues, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, vital statistic records, communicable disease testing and treatment records, correspondence, prescription and medication records, therapists' notes, social workers' records, insurance records, consent for treatment, statements of account, itemized bills, invoices, and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records.

I understand that the information in these health record may include information relating to sexually transmitted diseases, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

Unless otherwise revoked, this authorization shall be valid for the period of the litigation in *Darlington Amadasu v. Mercy Franciscan Hospital, et al.,* including any appeals. In addition, a copy of this authorization may be used in place of the original.

I understand I have the right to revoke this authorization at any time. If I decide to revoke this authorization I must do so in writing to the individual or organization listed above as authorized to make the disclosure. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the covered entity identified above may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization.

I understand I may inspect or copy the information to be used or disclosed, as provided in C.F.R. 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal or state confidentiality rules.

_____          Date: _____
Signature of Individual and/or Legal Representative


_____          _____
If Signed by Legal Representative,         Signature of Witness
Relationship to Individual

Ex. 4