(SUMMONS RETURNABLE BY 02/01/2007)   Original

SUMMONS IN ACTION IN FORCIBLE ENTRY AND DETAINER

07CV01960

## Hamilton County Municipal Court
### 1000 Main St. Rm.115 Cincinnati, Ohio 45202

TO:  DARLINGTON AMADASU
     3429 TRIMBLE AVE
     CINCINNATI, OH  45207
     (PC )

A complaint to evict you has been filed with this court. No person shall be evicted unless his right to possession has ended and no person shall be evicted in retaliation for the exercise of his lawful rights. If you are depositing rent with the clerk of court, continue to deposit such rent until the time of the court hearing. The failure to continue to deposit such rent may result in your eviction. You may request a jury trial. You have the right to seek legal assistance. If you cannot afford a lawyer, you may contact your local legal aid or legal service office. If none is available, you may contact your local bar association.

You are being sued for eviction by the following plaintiff(s):
SADIE WILKINS
3429 TRIMBLE AVE
CINCINNATI, OH  45207

From the premises known as:  3429 TRIMBLE AVE CINCINNATI, OH  45207

Your court date is scheduled for 02/09/2007 at 09:00 A.M. in Room 263 in the Hamilton County Courthouse, 1000 Main St. Cincinnati, Ohio 45202.

If you do not appear in court at that time to answer the allegations stated in the eviction complaint, you will be evicted based on the plaintiff's evidence.

*PLEASE ALLOW SUFFICIENT TIME TO ENTER COURTHOUSE DUE TO SECURITY CHECK. DELAYS POSSIBLE.*

The following, if any, is the name and address of the attorney for the plaintiff.

--------------------RETURN OF SUMMONS--------------------
I received this summons on ___ 20__ at ___ o'clock __ M|
[ ]Made personal service of it upon _____
[ ]Made residence service of it upon _____
at their usual place of residence with _____,
a person of suitable age and discretion then residing
therein, tendering a copy of the summons, complaint, and
accompanying documents.
[ ]Made service by posting a copy of the complaint in a
conspicuous place on the premises.
[ ]I was unable to serve a copy of the summons upon
_____
for the following reason(s): _____

_____  _____
Date            Deputy Bailiff / Special Process Server

GREGORY HARTMANN, Clerk of Municipal Court
Hamilton County, Ohio

Date: 01/23/2007

By: _____
           Deputy Clerk

SUMMONS RETURNABLE BY: 02/01/2007

N201A

HAMILTON COUNTY MUNICIPAL COURT
CINCINNATI, OHIO

CASE NO.: 07CV01960

SADIE WILKINS
    Plaintiff

Vs.

DARLINGTON AMADASU
    Defendant

**EMERGENCY EX-PARTE MOTION**
1. **TO ACCESS PRESCRIPTION MEDICATIONS**
2. **TO REMOVE PERSONAL PROPERTY FROM PREMISES**
3. **TO APPOINT SHERIFF/POLICE TO ESCORT & OVERSEE**

Now come Defendant Darlington Amadasu pro se moves this court for emergency Orders: for the following emergency relief:

1. For ex parte sua sponte decision that plaintiff had already evicted defendant from the premises by "self-help" since January 22, 2007

2. That plaintiff must immediately allow defendant access to and remove his prescription medications at the plaintiff's premises from which defendant has been prevented access by plaintiff since January 22, 2007

3. That plaintiff must immediately allow defendant access to and remove all his personal property and belongings from plaintiff's premises on either of these **dates January 26, 27, or 28, 2007**

4. Appointing sheriff and or police to escort defendant and to oversee defendant's removing his personal property and belongings from plaintiff's premises

This motion is supported by memorandum and declaration

### MEMORANDUM

### UNDISPUTED PARTIAL RELEVANT FACTS:

Defendant lawfully entered premises at 3429 Trimble Avenue, Cincinnati, OH 45207 as a tenant of the plaintiff under mutual agreement Defendant is current in rent payment. In or about second week of January 2007, without 30-days notice of intent to terminated the rental agreement, plaintiff from California ordered and directed her son, Donald Taylor, grand sons and others in Cincinnati to unlawfully and forcibly evict defendant from the premises. Plaintiff rejected defendant's ongoing requests for 30 days-notice to move out. The defendant immediately started to seek other accommodation. As Plaintiff and her accomplices continued harmful threats, harassments and their attempts to forcibly evict him from the premises defendants called for police protection. Plaintiff and her accomplices ignored Police's advise to them to follow the legal landlord-tenant disengagement process. On or about 01/17/07 arriving from California, plaintiff and her accomplices intensified their harmful threats and attempt to unlawfully and forcibly evict defendant from premises without 30 days and 3 days- notices. Defendant called the police for protection. The police charged plaintiff's son with aggravated menacing. On 01/18/07 defendant filed menacing complaint against plaintiff and her son and

requested for mediation hearing ay the Hamilton County Municipal Court Medication Services and 01/30/07 was set for the mediation hearing. 01/22/07, plaintiff and her accomplices by unlawful "self-help" forcibly ejected defendant from the said premises by lockout of defendant from the premises and changing the locks on the premises' doors. From 01/22/07 and continuously to the present Plaintiff has unlawfully and forcibly evicted defendant from the premises. From 01/22/07 and continuously to the present Plaintiff has unlawfully and forcibly seized and been maintaining unlawful detention of defendant's personal property against defendant's will and consent and has made defendant homeless since then. From 01/22/07 and continuously to the present Plaintiff has cutoff defendant from his prescription medicines for his asthma, clinical depression, low back pain, lumbo-sacral syndromes, etc. Consequently, on 01/22/07 and 01/23/07 defendant suffered bouts of asthma attacks and decompensation of his depression that prompted his admission at the hospital; From 01/22/07 and continuously to the present plaintiff continues to make defendant homeless, unable to change his clothing; cutoff defendant from his life-saving prescription medicines that plaintiff locked-in the premises; cutoff defendant from his regular meals, and money to sustain him.

## ARGUMENT/DISCUSSION

1. **By Her Unlawful Self-Help Plaintiff Has Evicted Defendant From Premises on 01/22/07**
   By unlawful self-help on 01/22/07, plaintiff and her accomplices evicted defendant from the premises

2. **Plaintiff has evicted defendant on 01/22/07 before filing for eviction on 01/23/07**
   Plaintiff has dispossessed defendant of the premises on 01/22/07 before she filed for eviction on 01/23/07.

3. **The court has no eviction issue to decide as plaintiff has already made the decision on 01/22/07**
   Plaintiff has already evicted defendant. Without waiver of his rights, Defendant does not seek to be a tenant of plaintiff any more. Consequently, there is no issue of material fact for trial.

4. **Plaintiff has no basis in law and facts to hold defendant's personal property**
   Plaintiff admittedly pleaded that defendant owes her no rent. Even if defendant owes her rent (which is not) plaintiff still has no authority to hold defendant's personal property and belongings.

5. **The court should grant defendant all the relief sought above and below**
   WHEREFORE, Defendant demands among others:
   (a) Immediate order directing plaintiff to allow defendant access to and remove his belongings from the premises
   (b) Immediate recovery and evacuation of his personal property from the plaintiff said premises
   (c) Appointment of the sheriff and or the Cincinnati Police to escort and protect defendant and oversee the recovery and evacuation of his personal property and belongings