UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLINGTON AMADASU, | : | Case No. 1:01CV182 |
| | : | |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| v. | : | |
| | : | **JOINT RESPONSE OF** |
| | : | **DEFENDANTS IN OPPOSITION** |
| MERCY FRANCISCAN HOSPITAL, et al., | : | **TO PLAINTIFF'S "EMERGENCY** |
| | : | **MOTION JUDICIAL NOTICE &** |
| | : | **STAY OF PROCEEDINGS"** |
| Defendants. | : | |

## I. Introduction

Defendants Ravi B. Berry, M.D. ("Dr. Berry"), Mercy Franciscan Hospital - Western Hills, Mercy Franciscan Hospital - Mt. Airy, Steven Grinnell, Charles Lobeck, June Bronhert, n/k/a/ Gatzke, Judy Daleiden, Connie McCoy and Jane(s) Doe(s) Nurses (collectively, "the Mercy Defendants")(together, "Defendants") respectfully and jointly request that this Court: (1) deny the motion of Plaintiff Darlington Amadasu ("Plaintiff") to indefinitely stay the proceedings in this matter; and (2) grant their pending motions as unopposed. Plaintiff's motion is a waste of this Court's time and resources and is typical of what has become an all-too-familiar pattern of Plaintiff attempting to delay ad infinitum any substantive ruling on the true issues in this case.

## II. Argument

A hearing on Defendants' pending motions was held on December 11, 2006. At that time, Plaintiff had not yet responded in writing to the motions. The Court addressed, on the

record, Plaintiff's repeated efforts to delay the case and failure to cooperate in discovery. The Court ordered Plaintiff to respond to Defendants' pending motions (and file his own motion for summary judgment, if any) no later than January 15, 2007.[1] As that date drew closer, Plaintiff filed a motion for extension of time, claiming he had somehow lost his completed briefs. Plaintiff claimed he would need until January 31, 2007 to redo them. While highly skeptical of these claims, Defendants chose to give Plaintiff the benefit of the doubt and did not oppose his request for a short extension. The Court granted Amadasu an extension until January 31, 2007, as he had requested.

Now, however, Plaintiff is again before this Court offering excuses and asking for more time, rather than responding as ordered. Plaintiff claims he is unable to provide any date by which he will be able to proceed with this case and asks this Court to stay these proceedings indefinitely "until when plaintiff reports to the court the normalization of his condition and situation conducive to continue to litigate this case." Plaintiff's proposal is untenable and unfair to Defendants and this Court. Plaintiff cannot simply suspend his participation in this lawsuit because he has been busy pursuing other legal matters and has not had any time to devote to meeting his court-ordered deadline in this case.

Plaintiff points this Court to an "unforeseen emergency incidence" that, among other things, has allegedly left him "homeless and a squatter," without access to his "case files...and equipment he needs to prepare his responses," and unable to adequately continue with this lawsuit.[2] Plaintiff conveniently fails to tell this Court that this "unforeseen emergency

---

[1] Plaintiff himself chose January 15, 2007 as his date for responding, after being asked by this Court to do so, and assured the Court he would have no problem responding by that date.

[2] Plaintiff appears, at a minimum, to have access to a computer, printer, copy machine, and transportation, despite the claims he makes in his motion. He was able to prepare his present motion, print it out, assemble it with the attachments, and hand-deliver it to Defendants' counsel and the Court. Also, on its face, it appears to have been typed on the exact same equipment Plaintiff has been using throughout this case.

2

incidence" was within his control to prevent, as reflected in numerous court documents detailing the events that have occurred involving Plaintiff and his "landlord," Sadie Wilkins ("Ms. Wilkins"),[3] within the last two weeks. Based on other available evidence, Plaintiff appears to have seriously misled this Court as to the events that have transpired.

On January 18, 2007, this Court granted Plaintiff's motion for extension. Instead of diligently starting to redo his briefs for submission to this Court, that very same day, Plaintiff chose to initiate two new civil complaints, both for menacing by stalking. One of these complaints is against Ms. Wilkins and the other is against another person, Donald Taylor, whom Plaintiff claims is assisting Ms. Wilkins in her efforts to get him to leave the premises he has been "renting" from Ms. Wilkins.[4] Plaintiff has not offered this Court any explanation as to why, prior to January 22, 2007, he was unable to work on redoing his briefs.

On the morning of January 22, 2007, Ms. Wilkins instituted eviction proceedings against Plaintiff. Later that day, Plaintiff was removed from the premises by police officers. Plaintiff claims to this Court that he was turned out of his home by Ms. Wilkins and her "thugs," conveniently failing to mention that those "thugs" were actually police officers. Plaintiff was arrested and taken to the Hamilton County jail for allegedly threatening to kill Ms. Wilkins (more than once) so that he could take ownership of her house. He was criminally charged and, later, released on bond. He is required to return to court on February 5, 2007 for his

---

[3] Plaintiff's relationship with Ms. Wilkins gives rise to serious reservations regarding his truthfulness about his present situation. While Plaintiff refers to Ms. Wilkins simply as "landlord" now, back in 2001, Plaintiff was riding with Ms. Wilkins in her car in New York City when they were involved in an accident. Plaintiff sued her two years later and was able to settle with her insurance carrier for $7,500. Court documents from 2003, as well as the present, show that Ms. Wilkins' address is 3429 Trimble Ave., Cincinnati, OH 45207 -- the same premises from which Plaintiff is currently being "evicted." Relevant documents from the 2003 lawsuit are attached as Exhibit A. There is obviously much more to Plaintiff's relationship with Ms. Wilkins than he has indicated to this Court.

[4] Copies of documents relating to these claims are attached as Exhibit B.

3

arraignment.[5] On January 24, 2007, Ms. Wilkins filed her own civil complaint for menacing by stalking against Plaintiff and got a protective order against him.[6]

Also on January 24, 2007, Plaintiff went to the Hamilton County Municipal Court, waived notice of the eviction summons, and scheduled a hearing for February 9, 2007 in the matter. Two days later, on January 26, 2007, Plaintiff filed an Answer, Emergency Ex-Parte Motion to be permitted to retrieve his personal belongings from the premises, and a Declaration in Support of that motion (all of which were computer generated by him on what, again, appears to be the same computer he has used since the inception of this lawsuit). Although Plaintiff claims to this Court that his personal property has been seized and that it currently remains unavailable to him, the court records, again, shed doubt on that claim. In fact, Plaintiff's Ex-Parte Motion for access to the premises to retrieve his personal effects was granted the same day it was filed -- January 26, 2007.[7]

Plaintiff has had more than enough opportunity to prepare his briefs. Even assuming Plaintiff was denied access to his personal belongings, papers, equipment, etc., from January 22-26, 2007, he still had ample time to complete his briefs before and after that had he chosen to do so. The fact of the matter is that Plaintiff chose to pursue other legal matters during the time granted to him by this Court to prepare his briefs. Plaintiff has tried similar delay tactics in this case in the past and in his other cases across the country (and in this Court).

### III. Conclusion

Defendants' motion for summary judgment was filed on August 30, 2006. This Court has given Plaintiff ample opportunity to respond to Defendants' pending motions. Plaintiff's excuses for his failure to meet this latest deadline set by this Court are dubious, at best, as discussed

---

[5] Copies of documents relating to Plaintiff's criminal case are attached as Exhibit C.
[6] Copies of documents relating to this case are attached as Exhibit D.
[7] Copies of documents relating to the eviction proceedings are attached as Exhibit E.

above. Accordingly, Defendants respectfully request that this Court **DENY** Plaintiff's motion to stay these proceedings indefinitely and **GRANT** Defendants' pending motions as unopposed.

Respectfully submitted,

/s/ Jennifer Orr Mitchell
Deborah R. Lydon (0013322)
Jennifer Orr Mitchell (0069594)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8200
*Counsel for Defendant Dr. Berry*

/s/ Karen A. Carroll
Karen A. Carroll
Kohnen & Patton LLP
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 381-0656
*Counsel for the Mercy Defendants*

## CERTIFICATE OF SERVICE

I certify that on February 2, 2007 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all except Defendant Darlington Amadasu. I also sent the foregoing via U.S. mail to Defendant Amadasu at the address listed below:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206

/s/ Jennifer Orr Mitchell

5