EXHIBIT E



Logged in as: ATT069594 |

Directions | Policies | Sitem

Hamilton County Courthous
1000 Main Street
Cincinnati, OH 45202

| Home | ◢ Court Records | ◢ Court Date | ◢ Forms | ◢ Services | ◢ D |

## Case Summary

Case O

| | | |
|---|---|---|
| **Case Number:** | 07CV01960 | Case History |
| **Case Caption:** | SADIE WILKINS vs. DARLINGTON AMADASU | Case Schedule |
| **Judge:** | Unavailable | Case Documen |
| **Filed Date:** | 1/22/2007 | Party/Attorney I |
| **Case Type:** | G1-EVICTION | New Case Sear |
| **Amount:** | $ | New Name Sea |
| | | Add Case to My |

About the Clerk | FAQ | Links | Directions | Policies | Contact Us | Site Map

Alternate languages: Deutsch | Español | Francais | Italiano

© 2007 Greg Hartmann, Hamilton County Clerk of Courts. All rights reserved.

Hamilton County Municipal Court

HAMILTON COUNTY, OHIO

D71784428 01/26/2007

In the case of

SADIE WILKINS            VS   DARLINGTON AMADASU

case # 07CV01960

ENTRY

DEFENDANT'S EX-PARTE MOTION FOR IMMEDIATE ACCESS TO THE PREMISES LOCATED AT 3429 TRIMBLE AVENUE, CINCINNATI, OHIO 45207 IS HEREBY GRANTED  PLAINTIFF MUST ALLOW DEFENDANT ACCESS TO THE PREMISES AS HER FORCIBLE ENTRY AND DETAINER ACTION HAS NOT BEEN RULED UPON  SHOULD PLAINTIFF NOT ALLOW DEFENDANT ACCESS TO THE PREMISES SHE WILL BE HELD LIABLE FOR A WRONGFUL EVICTION

plaintiff/attorney

defendant/attorney

ORDER
Notice Mailed
To Parties
On 1/26/07
Int

APPROVED AND FILED
FOR JOURNALIZATION

date 1/26/07

Magistrate

Judge

HAMILTON COUNTY MUNICIPAL COURT
CINCINNATI, OHIO

CASE NO.: 07CV01960

SADIE WILKINS
    Plaintiff

Vs.                    ANSWER

DARLINGTON AMADASU
    Defendant

Defendant Darlington Amadasu pro se as for his answer asserts without waiver of all his rights as follows:

### FIRST CLAIM

1. Defendants admits paragraph 1
2. Defendant admits in part that he lawfully entered said premises as a tenant of the plaintiff under mutual agreement and denies the remaining part(s) of this paragraph 2
3. Defendant denies paragraph 3
4. Defendant denies paragraph 4

### OTHER PERTINENT FACTS:

1. On January 22, 2007, by "self-help" plaintiff and her accomplices forcibly ejected defendant from the said premises, that is, plaintiff has already evicted defendant before the return date of 02/09/07.
2. On January 22, 2007 plaintiff lockout defendant and changed the locks on the ingress and egress doors.
3. Defendant has always been and still current in rent.
4. From January 22, 2007 and continuously to the present Plaintiff has unlawfully and forcibly seized and been maintaining unlawful detention of defendant's personal property against defendant's will and consent and has made defendant homeless since then.

WHEREFORE, Defendant demands:
  (a) Immediate order directing plaintiff to allow plaintiff access to and evacuate his belongings from the premises
  (b) immediate recovery and evacuation of his personal property from the plaintiff said premises
  (c) appointment of the sheriff and or the Cincinnati Police to escort and protect defendant and oversee the recovery and evacuation of his personal property.
  (d) Defendant reserves his all rights.

Respectfully submitted,

Darlington Amadasu
P.O. Box 6263, Cincinnati, OH 45206
[Defendant Pro Se]

**CERTIFICATE OF SERVICE**
I certify that a true copy of the foregoing was served on Plaintiff at 3429 Trimble Avenue, Cincinnati, OH 45207 by USPS mail on 01/25/07

D71787152 01/26/2007

HAMILTON COUNTY MUNICIPAL COURT
CINCINNATI, OHIO

CASE NO.: 07CV01960

SADIE WILKINS
    Plaintiff

Vs.

DARLINGTON AMADASU
    Defendant

EMERGENCY EX-PARTE MOTION
1. TO ACCESS PRESCRIPTION MEDICATIONS
2. TO REMOVE PERSONAL PROPERTY FROM PREMISES
3. TO APPOINT SHERIFF/POLICE TO ESCORT & OVERSEE

Now come Defendant Darlington Amadasu pro se moves this court for emergency Orders: for the following emergency relief:

1. For ex parte sua sponte decision that plaintiff had already evicted defendant from the premises by "self-help" since January 22, 2007

2. That plaintiff must immediately allow defendant access to and remove his prescription medications at the plaintiff's premises from which defendant has been prevented access by plaintiff since January 22, 2007

3. That plaintiff must immediately allow defendant access to and remove all his personal property and belongings from plaintiff's premises on either of these **dates January 26, 27, or 28, 2007**

4. Appointing sheriff and or police to escort defendant and to oversee defendant's removing his personal property and belongings from plaintiff's premises

This motion is supported by memorandum and declaration

### MEMORANDUM

### UNDISPUTED PARTIAL RELEVANT FACTS:

Defendant lawfully entered premises at 3429 Trimble Avenue, Cincinnati, OH 45207 as a tenant of the plaintiff under mutual agreement Defendant is current in rent payment. In or about second week of January 2007, without 30-days notice of intent to terminated the rental agreement, plaintiff from California ordered and directed her son, Donald Taylor, grand sons and others in Cincinnati to unlawfully and forcibly evict defendant from the premises. Plaintiff rejected defendant's ongoing requests for 30 days-notice to move out. The defendant immediately started to seek other accommodation. As Plaintiff and her accomplices continued harmful threats, harassments and their attempts to forcibly evict him from the premises defendants called for police protection. Plaintiff and her accomplices ignored Police's advise to them to follow the legal landlord-tenant disengagement process. On or about 01/17/07 arriving from California, plaintiff and her accomplices intensified their harmful threats and attempt to unlawfully and forcibly evict defendant from premises without 30 days and 3 days- notices. Defendant called the police for protection. The police charged plaintiff with aggravated menacing. On 01/18/07 defendant filed menacing complaint against plaintiff and he

requested for mediation hearing ay the Hamilton County Municipal Court Medication Services and 01/30/07 was set for the mediation hearing. 01/22/07, plaintiff and her accomplices by unlawful "self-help" forcibly ejected defendant from the said premises by lockout of defendant from the premises and changing the locks on the premises' doors. From 01/22/07 and continuously to the present Plaintiff has unlawfully and forcibly evicted defendant from the premises. From 01/22/07 and continuously to the present Plaintiff has unlawfully and forcibly seized and been maintaining unlawful detention of defendant's personal property against defendant's will and consent and has made defendant homeless since then. From 01/22/07 and continuously to the present Plaintiff has cutoff defendant from his prescription medicines for his asthma, clinical depression, low back pain, lumbo-sacral syndromes, etc. Consequently, on 01/22/07 and 01/23/07 defendant suffered bouts of asthma attacks and decompensation of his depression that prompted his admission at the hospital; From 01/22/07 and continuously to the present plaintiff continues to make defendant homeless, unable to change his clothing; cutoff defendant from his life-saving prescription medicines that plaintiff locked-in the premises; cutoff defendant from his regular meals, and money to sustain him

## ARGUMENT/DISCUSSION

1. **By Her Unlawful Self-Help Plaintiff Has Evicted Defendant From Premises on 01/22/07**

   By unlawful self-help on 01/22/07, plaintiff and her accomplices evicted defendant from the premises

2. **Plaintiff has evicted defendant on 01/22/07 before filing for eviction on 01/23/07**

   Plaintiff has dispossessed defendant of the premises on 01/22/07 before she filed for eviction on 01/23/07.

3. **The court has no eviction issue to decide as plaintiff has already made the decision on 01/22/07**

   Plaintiff has already evicted defendant. Without waiver of his rights, Defendant does not seek to be a tenant of plaintiff any more. Consequently, there is no issue of material fact for trial.

4. **Plaintiff has no basis in law and facts to hold defendant's personal property**

   Plaintiff admittedly pleaded that defendant owes her no rent. Even if defendant owes her rent (which is not) plaintiff still has no authority to hold defendant's personal property and belongings.

5. **The court should grant defendant all the relief sought above and below**

   WHEREFORE, Defendant demands among others:
   
   (a) Immediate order directing plaintiff to allow defendant access to and remove his belongings from the premises
   
   (b) Immediate recovery and evacuation of his personal property from the plaintiff said premises
   
   (c) Appointment of the sheriff and or the Cincinnati Police to escort and protect defendant and oversee the recovery and evacuation of his personal property and belongings

(d) Immediate order directing plaintiff to allow defendant access to and remove his prescription medicines to treat and control his illnesses.

Respectfully submitted,

*[signature]*

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
[Defendant Pro Se]

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served on Plaintiff at 3429 Trimble Avenue, Cincinnati, OH 45207 by USPS mail on 01/25/07

*[signature]*

HAMILTON COUNTY MUNICIPAL COURT
CINCINNATI, OHIO

CASE NO.: 07CV01960

SADIE WILKINS
    Plaintiff

Vs.

DARLINGTON AMADASU
    Defendant

DECLARATION IN SUPPORT
EMERGENCY EX-PARTE MOTION
1. TO ACCESS PRESCRIPTION MEDICATIONS
2. TO REMOVE PERSONAL PROPERTY FROM PREMISES
3. TO APPOINT SHERIFF/POLICE TO ESCORT & OVERSEE

Defendant Darlington Amadasu pro se declares under penalty of perjury that he has personal knowledge and competence to testify to the facts set forth herein that are true

1. Defendant lawfully entered premises at 3429 Trimble Avenue, Cincinnati, OH 45207 as a tenant of the plaintiff under mutual agreement Defendant is current in rent payment.
2. In or about second week of January 2007, without 30-days notice of intent to terminated the rental agreement, plaintiff from California ordered and directed her son, Donald Taylor, grand sons and others in Cincinnati to unlawfully and forcibly evict defendant from the premises.
3. Plaintiff rejected defendant's ongoing requests for 30 days-notice to move out. The defendant immediately started to seek other accommodation.
4. As Plaintiff and her accomplices continued harmful threats, harassments and their attempts to forcibly evict him from the premises defendants called for police protection.
5. Plaintiff and her accomplices ignored Police's advise to them to follow the legal landlord-tenant disengagement process.
6. On or about 01/17/07 arriving from California, plaintiff and her accomplices intensified their harmful threats and attempt to unlawfully and forcibly evict defendant from premises without 30 days and 3 days- notices required by law
7. Defendant called the police for protection. The police charged plaintiff's son with aggravated menacing.
8. On 01/18/07 defendant filed menacing complaint against plaintiff and her son and requested for mediation hearing ay the Hamilton County Municipal Court Medication Services and 01/30/07 was set for the mediation hearing.
9. 01/22/07, plaintiff and her accomplices by unlawful "self-help" forcibly ejected defendant from the said premises by lockout of defendant from the premises and changing the locks on the premises' doors.
10. From 01/22/07 and continuously to the present Plaintiff has unlawfully and forcibly evicted defendant from the premises.
11. From 01/22/07 and continuously to the present Plaintiff has unlawfully and forcibly seized and been maintaining unlawful detention of defendant's personal property against defendant's will and consent and has made defendant homeless since then.

12. From 01/22/07 and continuously to the present Plaintiff has cutoff defendant from his prescription medicines for his asthma, clinical depression, low back pain, lumbo-sacral syndromes, etc.
13. Consequently, on 01/22/07 and 01/23/07 defendant suffered bouts of asthma attacks and decompensation of his depression that prompted his admission at the hospital;
14. From 01/22/07 and continuously to the present plaintiff continues to make defendant homeless, unable to change his clothing; cutoff defendant from his life-saving prescription medicines that plaintiff locked-in the premises; cutoff defendant from his regular meals, and money to sustain him
15. By unlawful self-help on 01/22/07, plaintiff and her accomplices evicted defendant from the premises
16. Plaintiff has dispossessed defendant of the premises on 01/22/07 before she filed for eviction on 01/23/07.
17. The court has no eviction issue to decide as plaintiff has already made the decision on 01/22/07
18. Plaintiff has already evicted defendant. Without waiver of his rights, Defendant does not seek to be a tenant of plaintiff any more. Consequently, there is no issue of material fact for trial.
19. Plaintiff has no basis in law and facts to hold defendant's personal property
20. Plaintiff admittedly pleaded that defendant owes her no rent. Even if defendant owes her rent (which is not) plaintiff still has no authority to hold defendant's personal property and belongings.
21. The court should grant defendant all the relief sought above and below

WHEREFORE, Defendant demands among others:

(a) Immediate order directing plaintiff to allow defendant access to and remove his belongings from the premises
(b) Immediate recovery and evacuation of his personal property from the plaintiff said premises
(c) Appointment of the sheriff and or the Cincinnati Police to escort and protect defendant and oversee the recovery and evacuation of his personal property and belongings
(d) Immediate order directing plaintiff to allow defendant access to and remove his prescription medicines to treat and control his illnesses.

DATED: 01/25/07

_____
Darlington Amadasu

# HAMILTON COUNTY MUNICIPAL COURT
# CINCINNATI, OHIO



D71765596 01/25/2007

**Plaintiff:** ~~SAP~~ SADIE WILKINS

**CASE NO.** 07CV01960

Entry Waiving Service

vs

**Defendant:** DARLINGTON ANIASTAR

Now comes _Darlington Aniedu_, and hereby waives notice of summons and process of service, in the above captioned case and, if applicable, consents to a hearing on _2/9/07_ at _at 9 a_ in room _263_.

_____
Plaintiff

_____
Defendant

Approved and Filed
For Journalization

Date _____

Magistrate _____

Judge _____

ENTRY WAIVING SERVICE DOC

(SUMMONS RETURNABLE BY 02/01/2007)   Original

SUMMONS IN ACTION IN FORCIBLE ENTRY AND DETAINER                                    07CV01960

## Hamilton County Municipal Court
## 1000 Main St. Rm.115 Cincinnati, Ohio 45202

TO:   DARLINGTON AMADASU
      3429 TRIMBLE AVE
      CINCINNATI, OH  45207
         (P C )

A complaint to evict you has been filed with this court.  No person shall be evicted unless his
right to possession has ended and no person shall be evicted in retaliation for the exercise of
his lawful rights.  If you are depositing rent with the clerk of court, continue to deposit such
rent until the time of the court hearing.  The failure to continue to deposit such rent may result
in your eviction.  You may request a jury trial.  You have the right to seek legal assistance.
If you cannot afford a lawyer, you may contact your local legal aid or legal service office.
If none is available, you may contact your local bar association.

You are being sued for eviction by the following plaintiff(s):
SADIE WILKINS
3429 TRIMBLE AVE
CINCINNATI, OH  45207

From the premises known as:   3429 TRIMBLE AVE  CINCINNATI, OH  45207

Your court date is scheduled for 02/09/2007 at 09:00 A.M. in Room 263
in the Hamilton County Courthouse, 1000 Main St. Cincinnati, Ohio 45202.

If you do not appear in court at that time to answer the allegations stated in the eviction complaint,
you will be evicted based on the plaintiff's evidence.

        *PLEASE ALLOW SUFFICIENT TIME TO ENTER COURTHOUSE DUE TO SECURITY CHECK. DELAYS POSSIBLE.*

The following, if any, is the name and address of the attorney for the plaintiff.


--------------------RETURN OF SUMMONS--------------------      GREGORY HARTMANN, Clerk of Municipal Court
                                                                        Hamilton County, Ohio
I received this summons on ___ 20__ at ___ o'clock __ M|
[ ]Made personal service of it upon _____|       Date: 01/23/2007
[ ]Made residence service of it upon _____|
at their usual place of residence with _____,|
a person of suitable age and discretion then residing   |
therein, tendering a copy of the summons, complaint, and|
accompanying documents.                                 |
[ ]Made service by posting a copy of the complaint in a |
conspicuous place on the premises.                      |
[ ]I was unable to serve a copy of the summons upon     |
_____|
for the following reason(s): _____|

_____ _____|
Date            Deputy Bailiff / Special Process Server|
                                                              By:  _____
                                                                           Deputy Clerk

                                                              SUMMONS RETURNABLE BY: 02/01/2007


N201A

HAMILTON COUNTY MUNICIPAL COURT, HAMILTON COUNTY, OHIO

YOUR NAME: Sadie Wilkins
ADDRESS: 3429 Trimble Ave
CITY, STATE, ZIP CODE: Cinti. Ohio 45207
PLAINTIFF

CASE NO. 07 CV 01960

COMPLAINT FOR EVICTION AND MONEY

VS.

THEIR NAME: Wonkington Amadasy
ADDRESS: 3429 Trimble APT. #
CITY, STATE, ZIP CODE: Cinti Ohio 45207
DEFENDANT

☐ IN ACCORDANCE WITH CIVIL RULE 4.6 (C) OR (D) AND (E), ORDINARY MAIL WAIVER REQUESTED

ORD. MAIL RESIDENCE SERV.   FEB 9 2007

**FIRST CLAIM**

1. Plaintiff(s) states that they are the owner(s) of the premises. The address that the tenant is to be evicted from is: 3429 Trimble Ave apt.# _____ Cincinnati, Hamilton County, Ohio.

2. Defendant(s) entered said premises as a tenant of the plaintiff, and have either entered into an unlawful and forcible entry and detention, or an unlawful and forcible detention after a peaceable or lawful entry of the described premises.

3. Plaintiff served the defendant with a notice in writing on: 1-17-07

4. The date on the notice when the tenants were told to leave was: 1-20-07

**SECOND CLAIM**

1. Plaintiff reiterates and reaffirms all of the allegations in the first claim. The tenant(s) owe rent in the amount of $_____ which includes all rent up to and including the current rental period.

2. Plaintiff is entitled to $_____ per day (divide 1 month's rent by 30 to get amount) as damages for use and occupancy of the premises until the date of judgment, this being the reasonable value for the use of said premises.

**THIRD CLAIM**

1. Plaintiff reiterates and reaffirms all of the allegations in both the first and second claims.

2. Plaintiff may be entitled to money for damages beyond "normal wear and tear", in addition to late charges and utilities, in an amount not to exceed $_____ (you must make an estimate on this amount).

WHEREFORE, PLAINTIFF DEMANDS:

(a) Restitution and recovery of said premises.

(b) Judgment for back rent in the amount of $_____ (See line 1 on second claim).

(c) $_____ per day until date of judgment for use and occupancy of said premises (See line 2 on second claim).

(d) Damages, late charges, and utilities not to exceed $_____ (See line 2 on third claim), and costs.

SIGNATURE: SADIE WILKINS
NAME (PLEASE PRINT): Sadie Wilkins
ADDRESS: 3429 Trimble Ave
CITY, STATE, ZIP CODE: Cinti Ohio
TELEPHONE NUMBER: 961-4977

D71722734

2007 JAN 22 A 9:42
HAMILTON CNTY MUNI
CLERK CIVIL DIVISION

## NOTICE TO LEAVE THE PREMISES
(FOR RESIDENTIAL PROPERTY ONLY)

TO _Darlington Amadasu_ Tenant:

You are hereby notified that I/we want you out on or before _1-20_, _07_

to leave the premises you now occupy and have rented of me/us, situated and described as follows:

_3429 Trimble Ave_
Eviction Address

In Cincinnati, Hamilton County, Ohio.

Grounds: _none payment of rent_

**YOU ARE BEING ASKED TO LEAVE THE PREMISES. IF YOU DO NOT LEAVE, AN EVICTION ACTION MAY BE INITIATED AGAINST YOU. IF YOU ARE IN DOUBT REGARDING YOUR LEGAL RIGHTS AND OBLIGATIONS AS A TENANT, IT IS RECOMMENDED THAT YOU SEEK LEGAL ASSISTANCE.**

_1-17-07_,
Notice given on this date

_Sadie Wilkins_
Owner

_3429 Trimble Ave_
Address

_Cinti Ohio_
City, State, Zip Code

_961 4977_
Telephone Number

2007 JAN 22 A 9:42
HAM. CTY. CLERK MUNI CT
CIVIL DIVISION