UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

CASE NO. 1:01-cv-00182

DARLINGTON AMADASU
　　　Plaintiff

RENEWD EMERGENCY MOTION
TO STAY OF PROCEEDINGS

Vs

MERCY FRANCISCAN HOSP., et al
　　　Defendants

Plaintiff hereby submits renewed Emergency Motion to Stay Proceedings on the grounds set forth in prior plaintiff's emergency motion to stay proceedings (Doc.86) and which are herein incorporated by reference, as well the grounds set forth herein below.

**ONE DAY AFTER STAY OF PROCEDINGS DEADLINE NOT ENOUGH TO FILE MEMORANDA**

In order to avoid repeated motions to stay proceedings, in plaintiff's prior motion (Doc.86) plaintiff requested the court to stay the proceedings pending when plaintiff reports to the court the normalization of plaintiff's unexpected hardships, privations, conditions and situations, instead, the court too-shortly stayed the proceedings up to 2/28/07 and directed plaintiff to file opposing memoranda to all pending motions, and his motion for summary judgment within only **one day** by 03/01/07, that is, the Magistrate Judge allowed plaintiff only one day from the end of the too-short stay to 03/01/07 to file memoranda to all pending defendants' motions, and his motion for summary judgment. Accordingly, plaintiff could not file all the opposition memoranda and his motions because of his ongoing unimproved hardships, privations, handicaps, and circumstances.

**FACTS OF ONGOING EVENTS, HARDSHIPS, PRIVATIONS AFTER THE 1/30/07 EMERGENCY MOTION (Doc.86) WARRANTS CONTINUING STAY OF PROCEEDINGS**

Plaintiff's conditions and circumstances have not changed or improved and plaintiff continues to suffer homelessness, privations and handicaps to the present. Upon the municipal court order granting plaintiff access to his rented premises on 01/26/07 (Ex.1), plaintiff sought Cincinnati Police protection and escort to the premises but the police declined on the grounds that they do not get involve in landlord-tenant matters and prevailing Temporary Order of Protection (TOP) barring

1

plaintiff from the premises. The landlord continues to disobey the court order, unlawfully detains and denies plaintiff access to his properties, the books, documents, case files, copies of case-laws, drafts, exhibits, materials and typing and printing equipment he needs to prepare his responses to defendants' motions and to prepare and file his motions to compel discovery, exclude defendants' purported expert witnesses and their reports, for summary judgment and to continue litigation of this case; The landlord continues to apply ex parte for and the Court of Common Pleas continues to grant TOP to landlord that continues to bar plaintiff from the rented premises and his belongings; plaintiff continues to be homeless as he has no established dwelling home to the present to prepare his court case(s);

Plaintiff's diligent efforts to rent another apartment or dwelling place have been unsuccessful because plaintiff's income falls far below the income limits required by rental landlords. In attempt to overcome this dilemma and hardship, plaintiff has applied for public housing to which plaintiff's income might qualify for renting (Ex.2) so as to get a dwelling place to prepare his case. This notwithstanding, plaintiff is still seeking other rental apartments that may accept his income, and which is currently difficult to find.

In further malicious attempts to prevent plaintiff access to his belongings and papers and equipment, on 2/22/07, the landlord obtained at the Court of Common Pleas Temporary Order of Protection (TOP) that in effect continues to bar plaintiff from the premises and his belongings, papers and equipment to litigate this and other cases and hearing on this TOP is set for **03/26/07** (Ex. 3).

Plaintiff can only hope, not speculate, that upon the hearing on the TOP on **03/26/07**, the TOP might be abated and plaintiff might be able to remove his belongings from the premises for assessment of the loss and or damages to his belongings, papers and equipment.

### LACK OF ACCESS TO DOCUMENTS, PAPERS, MATERIALS AND EQUIPMENT UNLAWFULLY DETAINED BY LANDLORD & NEEDED TO LITIGATE THIS CASE WARRANT STAY

Documents, papers, materials, and equipment unlawfully detained by and in possession of plaintiff's landlord, and needed by plaintiff to prepare his memoranda in opposition to pending defendants' motions, and plaintiff's under-listed motions include without limitations: texts; treatises; copies of researched case laws; drafts of memoranda in oppositions to defendants' motions; drafts of memoranda to compel discovery responses, to exclude defendants' expert witnesses and their reports, and for summary judgment; evidentiary exhibits; plaintiff's medical records from Mercy and Tri-Health Hospital; Defendants' partial responses to plaintiff's discovery requests; printing machine, typewriters, computers, printing stationery, storage diskettes, etc.

2

Plaintiff could not and cannot get access to and obtain or remove those materials from the landlord at the promises while TOP is in effect and until after 03/26/07 hearing and the Hamilton County Court abates the TOP and direct the landlord to release them to plaintiff.

**PLAINTIFF HAS ESTABLISHED HARDSHIPS, PRIVATIONS 7 CIRCUMSTANCES WARRANTING STAY OF PROCEEDINGS**

The plaintiff's hardships, privations and handicaps include without limitations, homelessness, squatter, lack of access to the books, documents, case files, materials and equipment he needs to prepare his response to defendants' motions and to prepare and file his motions to compel, exclude expert witness and for summary judgment and to continue litigation of this case.

Plaintiff has no control over the landlord's and the Hamilton County Courts' conducts.

Plaintiff prepared this paper at the public library where use of computer is time-limited.

An order to stay proceedings ordinarily rests with the sound discretion of the District Court. Ohio Environmental Council v. U.S. Dist. Court, Southern Dist. Of Ohio, Eastern Div. (1977), 565 F2d 393, 396.

**PLAINTIFF RESERVES THE RIGHT & NEEDS TO FILE MOTIONS WHEN HARDSHIPS ABATE**

Plaintiff reserves the right and needs to file the following motions: (1) Motion to compel discovery because during and after the pre-motion discovery conference the court failed to compel defendants to provide plaintiff with outstanding responses to his discovery requests that he needs to support his memoranda in opposition to pending defendants' motions and to support his motions; (2) Motion to exclude some or all of defendants' expert witnesses and their unreliable reports; (3) Motion for summary judgment. Plaintiff cannot file these papers without access to those materials detained by landlord and the TOP, and without getting defendants' outstanding responses to discovery requests.

**WHEREFORE**, plaintiff requests that this court to stay proceedings until plaintiff informs the court that his hardships, privations and handicaps have normalized to enable him litigate this case.

Respectfully submitted,

Darlington Amadasu, Plaintiff

**CERTIFICATE OF SERVICE:** A copy of the foregoing was served on Deborah R. Lydon, & o.b.o. Karen Carroll on 2/28/07 by USPS regular mail to his address on record.