

| COURT OF COMMON PLEAS<br>HAMILTON COUNTY, OHIO | CLASSIFICATION FORM<br>(REV 01-01-06)<br>WWW.COURTCLERK.ORG | GREGORY HARTMANN<br>CLERK OF COURTS |
|---|---|---|

CASE NUMBER: __A0701398__   PLAINTIFF: __DARLINGTON AMADASU__

PURSUANT TO SUPERINTENDENCE RULE 4, THIS CASE WAS ORIGINALLY FILED AND DISMISSED

UNDER CASE NUMBER: _____ BY JUDGE _____

PLEASE INDICATE CLASSIFICATION INTO WHICH THIS CASE FALLS:

( ) OTHER TORT – C360
   ( ) Personal Injury – C310
   ( ) Wrongful Death – C320
   ( ) Vehicle Accident – C370

( ) PROFESSIONAL TORT – A300
   ( ) Personal Injury – A310
   ( ) Wrongful Death – A320
   ( ) Legal Malpractice – A330
   ( ) Medical Malpractice – A340

( ) PRODUCT LIABILITY – B350
   ( ) Personal Injury – B310
   ( ) Wrongful Death – B320

WORKER'S COMPENSATION
   ( ) Non-Compliant Employer – D410
   ( ) Appeal – D420

FORECLOSURE
   ( ) Foreclosure – E510
   ( ) Foreclosure-Taxes – E520
   ( ) Foreclosure-Mechanics Lien – E530

( ) ADMINISTRATIVE APPEALS – F600
   ( ) Appeal Civil Service – F610
   ( ) Appeal Motor Vehicle – F620
   ( ) Appeal Unemployment – F630
   ( ) Appeal Liquor – F640
   ( ) Appeal Taxes – F650
   ( ) Appeal Zoning – F660

(X) OTHER CIVIL – H700-34
   ( ) Appropriation – H710
   ( ) Accounting – H720
   ( ) Beyond Jurisdiction – H730
   ( ) Breach of Contract – H740
   ( ) Cancel Land Contract – H750
   ( ) Change of Venue – H760
   ( ) Class Action – H770
   ( ) Convey Declared Void – H780
   ( ) Declaratory Judgment – H790
   ( ) Discharge Mechanics Lien – H800
   ( ) Dissolve Partnership – H810
   ( ) CONSUMER SALES ACT (1345 ORC) – H820
   ( ) Check here if relief includes declaratory judgment, injunction or class action recovery – H825
   ( ) Habeas Corpus – H830
   ( ) Injunction – H840
   ( ) Mandamus – H850
   ( ) On Account – H860
   ( ) Partition – H870
   ( ) Quiet Title – H880
   ( ) Replevin – H890
   ( ) Sale of Real Estate – H900
   ( ) Specific Performance – H910
   ( ) Restraining Order – H920
   ( ) Testimony – H930-21
   ( ) Environmental – H940
   ( ) Cognovit – H950
   ( ) Menacing by Stalking – H960
   ( ) Repo Title – Transfer of Title Only – H970
   ( ) Repo Title – With Money Claim – H980
   ( ) Injunction Sexual Predator – H990

D72010819 CLF

DATE: _____   ATTORNEY (PRINT): __DARLINGTON AMADASU__

OHIO SUPREME COURT NUMBER: __29997__



D72048517

THE STATE OF OHIO, HAMILTON COUNTY
COURT OF COMMON PLEAS

DARLINGTON AMADASU
_____
Plaintiff

CASE No. A0701398

-vs-

AFFIDAVIT OF INDIGENCY

Emmett O'Neal, M.D. et al
_____
Defendants

FILED 2007 FEB 12 P 2:28
GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY, OH

Darlington Amadasu, the undersigned, being first duly sworn and
_____
Name

cautioned, deposes and states as follows:

1. That he/she is the ~~defendant~~ plaintiff in the above styled case;
2. That he/she is a citizen of the State of Ohio;
3. That he/she is indigent and unable to pay the costs and charges involved in the within matter;
4. That he/she is entitled to the redress that is sought in the above styled action to the best of his/her knowledge and belief.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Plaintiff's Signature

M. MONNIG
Notary Public, State of Ohio
My Commission Expires

SWORN TO AND SUBSCRIBED BEFORE ME, A NOTARY PUBLIC IN AND
FOR THE COUNTY AND STATE THIS  12  DAY OF February , 2007
                                 Date           Month         Year

NOTARY PUBLIC _____

S/Clerk/Cpforms/Affidavit of Indigency

HAMILTON COUNTY COURT OF COMMON PLEAS
CIVIL DIVISION
HAMILTON COUNTY, OHIO



D72010823 INI

DARLINGTON AMADASU, M.D.
P.O. Box 6263
Cincinnati, OH 45206

A0701398

    Plaintiff

-Vs-

EMMETT O'NEAL, M.D.
3009 Clifton Avenue
Cincinnati, OH 45220

EMMETT O'NEAL, M.D.,P.C
3009 Clifton Avenue
Cincinnati, OH 45220

THE DEACONESS HOSPITAL
311 Straight Street,
Cincinnati, OH 45219

Various JOHN DOES(S), and/or JANE DOES(S), M.Ds.

    Defendants
Individually, jointly and/or severally

COMPLAINT
JURY TRIAL DEMANDED

ORIG, COMP, PARTIES, SUMMONS
( ✓) CERT MAIL    ( ) SHERIFF    ( ) WAVE
( ) PROCESS SERVER    ( ) NONE
CLERKS FEES _____ TIC
SECURITY FOR COST _____
DEPOSITED BY _Z9997_.
FILING CODE _H704_

---

Pro se Plaintiff, Darlington Amadasu. M.D., complaining of defendants, alleges as follows:

### NATURE OF THIS ACTION

1. This is a claim for statutory, general, actual and punitive damages for the violations of federal EMTALA/COBRA civil strict liability statute, state informed consent law to perform procedures, negligence per se, civil assault and civil battery, breach of contract and fiduciary. Defendants performed surgical procedures and general anesthesia without plaintiff's informed consent in violation of federal and or state law of informed consent law.

### JURISDICTION & VENUE

2. This court has jurisdiction over all state claims and has concurrent jurisdiction over federal claims. The venue is proper in this action because all the wrongs occurred in this Hamilton County

### PARTIES

3. Plaintiff Darlington Amadasu, M.D. ("Amadasu" or "Plaintiff") is a natural person residing in Hamilton County, Ohio and this district, a consumer as defined in the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. §1345.01 et seq. He is a qualified, licensed and disabled medical doctor

4. Defendant Emmett O'Neal, MD is a medical doctor and urologist. Upon information and belief he was/is licensed to practice as such in Ohio. He had physician-patient relationship with the

1

plaintiff. Upon information and belief he had/has privileges to practice at The Deaconess Hospital. He is the owner and or part owner of Emmett O'Neal, MD, PC. Absent informed consent of plaintiff, he substituted other doctors—John Does and/or Janes Does to perform unauthorized hydrocelectomy on plaintiff

5. Defendant Emmett O'Neal, MD, PC (O'Neal PC) is healthcare business under Ohio law located in Cincinnati, Ohio. It holds itself out as offering and rendering healthcare services, and patients look to it for appropriate care. O'Neal either wholly or partly owns it.

6. Defendant The Deaconess Hospital (The Deaconess) is a corporation doing business under the law of Ohio. It holds itself out as a modern health care business that offers and renders healthcare services, and patients look to it for care, in addition, it is in the best position and has duty to monitor physicians, enforce adherence to policies, procedures and health and hospital statutes. It offers privileges to O'Neal to practice at its facilities. It is a "supplier" as defined in the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. §1345.01 et seq.

7. Defendants John Does and Jane Does are defendants whose names and addresses are not known at this moment and who may have participated as anesthesiologists, surgeons and or nurses in the acts complained of herein unauthorized hydrocelectomy.

## FACTUAL ALLEGATION

8. In or about May 2002, while Plaintiff was admitted at Good Samaritan Hospital (The Samaritan) for evaluation and management of his health problems, his treating physician requested consultation of Urologist, Emmett O'Neal, M.D. (O'Neal) for evaluation and management of fluid collection in plaintiff's scrotum (Hydrocele).

9. On or about 05/13/00, O'Neal saw plaintiff at inpatient room of the Samaritan. Without taking complete problem focused history of the problem he performed incomplete examination of plaintiff's scrotum, made diagnosis of right hydrocele and ordered ultrasound test of the scrotum, which showed simple fluid collection without any anatomic abnormality. Also without prostate focused history, examination and tests, he made subjective diagnosis of Benign Prostate Hypertrophy (BPH) and ordered Prostate specific antigen (PSA) test.

10. Before and after the partial evaluation, plaintiff affirmatively and clearly told O'Neal that he wanted treatment of the hydrocele by ultrasound-guided needle-aspiration of the hydrocele and that he never wanted any surgical operation such as hydrocelectomy. O'Neal accepted plaintiff's request and told plaintiff that upon plaintiff's discharge from the hospital he would perform the ultrasound guided needle-aspiration of the hydrocele at his office.

11. Plaintiff has performed hundreds of ultrasound-guided needle aspiration of hydrocele with no reported sequelae. The procedure is safest, cheapest, fasted and non-disabling procedure.

12. After plaintiff's discharge from the hospital and at O'Neal PC, plaintiff expressly reaffirmed to O'Neal that he desired ultrasound-guided needle-aspiration of the hydrocele, which O'Neal agreed to and told plaintiff that since he had no ultrasound equipment at his office, ultrasound-guided needle-aspiration procedure would be performed at Deaconess with the ultrasound equipment.

13. Neither O'Neal nor Deaconess mentioned Hydrocelectomy and General Anesthesia (GA) to

2

plaintiff and none of them or their employees told plaintiff the benefits and risks of and the alternatives to Hydrocelectomy and GA.

14. Neither O'Neal nor Deaconess or their servants obtained expressed written or oral informed consent from plaintiff for Hydrocelectomy and General Anesthesia.

15. On January 31, 2005, at Deaconess, uninformed and unconsented GA and Hydrocelectomy were performed on him. Before and after the unauthorized procedures, O'Neal never met plaintiff who never saw O'Neal. Plaintiff believes that O'Neal substituted another surgeon to do the hydrocelectomy without plaintiff's authorization. O'Neal did not personally appear and never operated on plaintiff. Nobody informed plaintiff that they would utilize general anesthesia on him and he never consented to administration of general anesthesia to him.

16. At the recovery room, O'Neal or any doctor did not see or talked to plaintiff when he woke up. A nurse improperly gave plaintiff improper severely nauseating narcotic tablet to swallow into his empty stomach while he was still drowsy consequently causing him extreme nausea and bloody vomiting (acute gastritis). Plaintiff was discharged home same day without knowing who operated on him and what procedures were done on him but he was surprise to find a big and tight blood soaked dressing around his scrotum. He was severe pain and suffering, nauseous, anxious, angry and violated.

17. On his way home and at home plaintiff was in severe pain, suffering, very nauseated and vomited many times so that he was unable to eat, hold in food and sleep. Plaintiff was also bleeding profusely from the surgical wound site. They sent plaintiff home without pain and anti-nausea medications and without wound dressing supplies to dress his wound. Neither O'Neal nor Deaconess personnel phoned plaintiff to find out how he was doing after discharging him.

18. From 1/31/05 to 2/1/05 plaintiff suffered nausea and bloody vomiting whenever he attempted to eat or drink. Plaintiff developed post-surgical/post-anesthesia painful acute urinary retention. He continued to have severe pain, anguish, anxieties, and bleeding at the wound site. He was now starving for more than 48 hours. Plaintiff was driven in an ambulance to the Deaconess emergency room (ER) where he was not afforded proper medical screening, stabilization and treatment before he was improperly discharged.

19. Without proper medical screening, stabilization and treatment, the Deaconess ER physician improperly and prematurely discharged and improperly transferred plaintiff at about 6:0am to O'Neal PC. O'Neal came into his office at about 9:0am he publicly scolded, humiliated, embarrassed and scorned plaintiff for coming into his office and he asked plaintiff by whom and why plaintiff was sent to his office. O'Neal called plaintiff into his exam room, violently pulled off the blood-soaked dressing around my scrotum and plaintiff was bleeding profusely from the wound site. O'Neal did not make any attempt to stop the bleeding and he sent plaintiff home bleeding, in severe pain and suffering without dressing to the wound.

20. On or about 02/01/05 without plaintiff's consent or authorization, O'Neal called into his exam room a third-party stranger into his office and revealed plaintiff's medical information and condition to the person

21. Upon being discharge and after discharge O'Neal and Deaconess neglected, refused and failed

3

to provide plaintiff with dressing supplies or prescription for wound dressing supplies.

22. From discharge from Deaconess Recovery Room until 8/15/05 and to the present, O'Neal and/or Deaconess failed to provide post-operative care to plaintiff. Plaintiff requested for but O'Neal refused to give me prescriptions for pains, nausea and bloody vomiting and wound dressing supplies. He sent plaintiff away without giving him follow-up visit appointment

23. During the unauthorized hydrocelectomy, a perfectly normal tissue(s) were unnecessarily excised from plaintiff's body. O'Neal refused to discuss with plaintiff the surgical operation and the pathology report of the tissues that were unnecessarily excised from plaintiff's body in spite of his repeated requests to know. O'Neal and/or Deaconess failed to collect and send the hydrocele fluid for laboratory tests.

24. Consequent upon the authorized procedures, plaintiff has developed permanent right testicular pain and upwardly abnormal position that interfere with plaintiff's daily-living activities, including without limitations, walking, running, sitting, lying, sleeping, dressing/clothing, etc. Plaintiff suffered and continues to suffer physical, mental and psychological pains, sufferings, loss of enjoyment of life, mental anguish, etc, directly and proximately caused by the procedures.

25. On or about 8/15/05, O'Neal stopped to provide any further care to plaintiff without plaintiff's consent and despite that fact O'Neal directly caused the plaintiff's medical conditions needing further care and treatment thereby abandoned plaintiff. O'Neal failed to discuss with plaintiff the report of post-operative ultrasound test of the scrotum that he had ordered.

26. Plaintiff had consultations with some urologists who diagnosed plaintiff with right testicular pain and retraction (Iatrogenic Criptochid). They have recommended surgical correction (Orchidopexy)

27. Plaintiff informed defendants in writing of his intention to seek redress for his injuries proximately caused by defendants

. **Plaintiff repeats, reiterates and realleges each an every allegation contained in the prior applicable paragraphs of this complaint with the same force and effect as though alleged in full in each subsequent paragraph and or count.**

## COUNT 1
### Performance of unauthorized procedures

28. Plaintiff specifically and repeatedly requested ultrasound-guided needle-aspiration of his condition instead, defendants performed unauthorized hydrocelectomy.
29. As result of their acts plaintiff is damaged in amount exceeding the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction.

## COUNT 2
### CIVIL BATTERY & ASSAULT

30. In the course of performing the said unauthorized procedures, the defendant(s) touched portions of plaintiff's body without consent of plaintiff and without any necessity, medical or otherwise, for such touching. Such conducted by the individual defendants constituted: an

4

assault upon the plaintiff, intentional and/or negligent assault upon the plaintiff, a battery; negligent and/or intentional battery upon the plaintiff.
31. Defendant Hospital knew or had reason to know that plaintiff never authorized the procedures performed on him by individual defendants prior to, at and after the unauthorized procedures.
32. Despite its knowledge as aforesaid, defendant Hospital allowed or hired the individual defendants; improperly failed to adequately and/or properly supervise and/or restrict their activities; improperly failed to warn plaintiff.
33. Defendants acted wantonly, recklessly and maliciously with reference to this plaintiff.
34. As a result of the foregoing, the plaintiff was damaged in a sum, which exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction.

## COUNT 3
### Procedures without informed consent

35. Defendants performed the said procedures without plaintiff's informed consent
36. Defendants acted wantonly, recklessly and intentionally
37. As a result of the foregoing, the plaintiff was damaged in a sum, which exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction.

## COUNT 4
### BREACH OF FIDUCIARY

38. There was confidential and fiduciary relationship between O'Neal and plaintiff
39. O'Neal breached his fiduciary duty to plaintiff by substituting another surgeon to perform the unauthorized procedures
40. As a result of the foregoing, the plaintiff was damaged in a sum, which exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction.

## COUNT 5
### Negligence per se violation of statute

41. There is a clear provision under Ohio law for all healthcare provider(s) to obtain informed consent for medical and surgical procedures
42. Such statute serves to protect patients of which plaintiff is one of the patients intended to be protected.
43. The failure of defendants to comply with law constitute negligent per se
44. As a result of the foregoing, the plaintiff was damaged in a sum, which exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction.

## COUNT 6
### Violation of COBRA/EMTALA

45. The COBRA/EMTALA provides for proper medical screening, stabilization, consent and transfer of patient
46. Defendants failed to comply with these provisions and such failure constitutes violation of these statutes and constitutes negligence per se
47. Defendants acted wantonly, recklessly and intentionally
48. As a result of the foregoing, the plaintiff was damaged in a sum, which exceeds the

5

jurisdictional limits of all lower Courts, which might otherwise have jurisdiction.

## COUNT 7
### ABANDONMENT Against O'Neal & Deaconess

49. After the unauthorized procedures, defendants failed to provide post-surgical care and eventually terminated their care of plaintiff without plaintiff's consent.
50. Defendants knew and should have reasons to know that plaintiff still needed care for the conditions created by them
51. They acted wantonly, recklessly and intentionally
52. As a result of the foregoing, the plaintiff was damaged in a sum, which exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction.

## COUNT 8
### Violation of Ohio CSPA

53. Deaconess is a supplier under Ohio CSPA and failed to provide proper services to plaintiff in violation of the act
54. As a result of the foregoing, the plaintiff was damaged in a sum, which exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction.

## COUNT 9
### NEGLIGENCE

55. Defendants have duty of ordinary care to adhere to reasonable wishes and desire of plaintiff and to provide proper and adequate post-operative care but they failed to exercised the duty of ordinary care
56. Their failure to exercise the duty ordinary care is the proximate cause of plaintiff's injuries
57. As a result of the foregoing, the plaintiff was damaged in a sum, which exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction.

## COUNT 10
### CORPORATE NEGLIGENCE

58. Deaconess has independent duty to ensure that physicians and surgeons to whom it offered privileges comply with its Bylaws and the Federal and State Statutes.
59. Deaconess failed to exercise that duty, which proximately caused plaintiff injuries
60. was negligent in offering medical practice privileges to physicians noncompliant with its bylaws and statute governing informed consent; in failing to monitor patient care rendered by all physicians; to develop and or enforce its rules, policies and procedures to ensure patients receive quality care with informed consent of patient. Deaconess had actual or constructive knowledge of the substandard practice, which lead to plaintiff's injury
61. As a result of the foregoing, the plaintiff was damaged in a sum, which exceeds the jurisdictional limits of all lower Courts, which might otherwise have jurisdiction.
62. Defendants acted wantonly, recklessly ad maliciously with reference to the plaintiff.
63. As a result of the foregoing, the plaintiff was rendered sick and disabled, suffered injuries, pain and mental anguish, was compelled to seek medical care and attention, incurred expenses therefor, and was permanently injured and disabled.
64. As a result of the foregoing, the infant plaintiff has been damaged in a sum whi.ch exceeds the

jurisdictional limits of all lower Courts which might otherwise have jurisdiction.

WHEREFORE, plaintiffs demand judgment against the defendants on the counts for compensatory and punitive damages, together with pre and post judgment interests, costs and disbursements of this action.

**JURY DEMAND**
Plaintiff hereby demands jury trial on all issues of this case

Respectfully submitted,

Darlington Amadasu
Plaintiff Pro se

```
                    COURT OF COMMON PLEAS
                    HAMILTON COUNTY, OHIO
```

DARLINGTON AMADASU M D
    PLAINTIFF

                                            Use below number on
                                            all future pleadings

    -- vs --
                                         No.  A 0701398
                                              SUMMONS

EMMETT ONEAL M D
    DEFENDANT

    THE DEACONESS HOSPITAL
    311 STRAIGHT ST                D-3
    CINCINNATI OH 45219

You are notified
that you have been named Defendant(s) in a complaint filed by

    DARLINGTON AMADASU M D
    P O BOX 6263
    CINCINNATI OH 45206

                                                                         Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**GREGORY HARTMANN, 1000 MAIN STREET ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

**Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.**

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.

Name and Address of attorney            GREGORY HARTMANN
DARLINGTON AMADASU M D              Clerk, Court of Common Pleas
P O BOX 6263                                Hamilton County, Ohio
CINCINNATI OH 45206

                                          By   CARL E PIECZONKA
                                                                     Deputy

                                          Date:   February 13, 2007

D72011197

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


DARLINGTON AMADASU M D
    **PLAINTIFF**

            Use below number on
            all future pleadings

  -- vs --

            No.  A 0701398
                SUMMONS

EMMETT ONEAL M D
    **DEFENDANT**


    EMMETT ONEAL M D P C
    3009 CLIFTON AVE           D-2
    CINCINNATI OH 45220


You are notified
that you have been named Defendant(s) in a complaint filed by

    DARLINGTON AMADASU M D
    P O BOX 6263
    CINCINNATI OH 45206

                                          Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**GREGORY HARTMANN, 1000 MAIN STREET  ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

**Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.**

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney          GREGORY HARTMANN
DARLINGTON AMADASU M D              Clerk, Court of Common Pleas
P O BOX 6263                                Hamilton County, Ohio
CINCINNATI OH 45206

                                      By   CARL E PIECZONKA
                                                              Deputy

                                      Date:   February 13, 2007

D72011179

```
                    COURT OF COMMON PLEAS
                    HAMILTON COUNTY, OHIO
```

DARLINGTON AMADASU M D
    PLAINTIFF

                Use below number on
                all future pleadings

    -- vs --

               No.  A 0701398
                    SUMMONS

EMMETT ONEAL M D
    DEFENDANT


    EMMETT ONEAL M D
    3009 CLIFTON AVE           D-1
    CINCINNATI OH 45220


You are notified
that you have been named Defendant(s) in a complaint filed by

    DARLINGTON AMADASU M D
    P O BOX 6263
    CINCINNATI OH 45206

                                              Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**GREGORY HARTMANN, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

**Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.**

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney           GREGORY HARTMANN
DARLINGTON AMADASU M D              Clerk, Court of Common Pleas
P O BOX 6263                                  Hamilton County, Ohio
CINCINNATI OH 45206

                                      By  CARL E PIECZONKA
                                                      Deputy


                                  Date:  February 13, 2007

D72011159

FILED

2007 FEB 20 P 3:55

GREGORY HARTMANN
CLERK OF COURTS
HAM. CNTY. OH

GREGORY HARTMANN
CLERK OF COURTS
1000 MAIN STREET RM 115
CINCINNATI OH 45202-1288

**CERTIFIED MAIL**

7194 5168 6310 0313 0651

RETURN RECEIPT REQUESTED

Article Addressed To:
02/13/2007 SUMMONS & COMPLAINT
A 0701398  D2
EMMETT ONEAL M D P C
3009 CLIFTON AVE
CINCINNATI OH 45220



D72108580

FILED

2007 FEB 20 P 12:14

GREGORY HARTMANN
CLERK OF COURTS
HAM. CNTY. OH

GREGORY HARTMANN
CLERK OF COURTS
1000 MAIN STREET RM 115
CINCINNATI OH  45202-1288

**CERTIFIED MAIL**



7194 5168 6310 0313 0668

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( ☐ Addressee or ☐ Agent)
X _Nancy Bush_

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender.)

Secondary Address / Suite / Apt. / Floor   (Please Print Clearly)

Delivery Address

City      State     ZIP + 4 Code

**RETURN RECEIPT REQUESTED**

Article Addressed To:

02/13/2007 SUMMONS & COMPLAINT
A 0701398  D3
THE DEACONESS HOSPITAL
311 STRAIGHT ST
CINCINNATI OH 45219



D72107177

FILED

2007 FEB 21  A 8: 22

GREGORY HARTMANN
CLERK OF COURTS
HAM. CNTY. OH

GREGORY HARTMANN
CLERK OF COURTS
1000 MAIN STREET RM 115
CINCINNATI OH 45202-1288

**CERTIFIED MAIL**

7194 5168 6310 0313 0644

RETURN RECEIPT REQUESTED

COMPLETE THIS SECTION ON DELIVERY

A. Signature: ☐ Addressee or ☐ Agent

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor   (Please Print Clearly)

Delivery Address

City         State      ZIP + 4 Code

Article Addressed To:
**02/13/2007 SUMMONS & COMPLAINT
A 0701398  D1
EMMETT ONEAL M/D
3009 CLIFTON AVE
CINCINNATI OH 45220**



D72133888