United States District Court
Southern District of Ohio
Western Division

DARLINGTON AMADASU,                              Case No. 1:01-cv-182

    Plaintiff,                                     Spiegel, J.
                                                   Black, M.J

vs.

MERCY FRANCISCAN HOSPITAL, *et al.*,

    Defendants.

**ORDER**

This civil action is before the Court on defendants' joint motion to strike plaintiff's expert identification (doc. 59); plaintiff's motion to amend scheduling order, motion for extension of time, and motion to stay (doc. 61); defendants' joint motion to strike plaintiff's supplemental disclosures of expert and lay witnesses (doc. 64); plaintiff's motion to stay ruling on defendant motions to strike (doc. 67); plaintiff's motion to vacate the Court's Order of November 7, 2006 (doc. 76); and plaintiff's motion to stay the proceedings (doc. 89). Each motion will be addressed in turn.

**I**.

This civil action stems from psychiatric care provided by defendants Dr. Berry and the Mercy Defendants to plaintiff in April of 2000.[1] Plaintiff was admitted to the emergency department of Mercy Franciscan Hospital - Western Hills on or about April 24, 2000 seeking psychiatric treatment. He was later transferred and admitted as a voluntary inpatient at Mercy Franciscan Hospital - Mt. Airy. Defendant Dr. Berry was an

---

[1] Plaintiff's complaint names as defendants: Ravi B. Berry ("Dr. Berry"), Mercy Franciscan Hospital - Western Hills, Mercy Franciscan Hospital - Mt. Airy, Steven Grinnell, Charles Lobeck, June Bronhert, n/d/a Gatzke, Judy Daleiden, Connie McCoy, and Jane(s) Doe(s) Nurses (collectively the "Mercy Defendants").

attending psychiatrist at Mt. Airy and treated plaintiff during his stay there.

Plaintiff became dissatisfied with the care he received at Mercy and filed a 22 count complaint against eight named defendants and a number of unnamed Jane Does. Plaintiff's complaint makes numerous allegations ranging from medical malpractice to employment discrimination.

## II.

A. *Defendants' joint motion to strike plaintiff's expert identification (Doc. 59).*

Plaintiff identified himself as an expert and filed a purported expert report he authored. (*See* Doc. 57.) Defendant Berry and the Mercy Defendants object to plaintiff's expert designation and argue that plaintiff does not qualify as an expert under Ohio Rule of Evidence 601 or Federal Rule of Evidence 702. The Court agrees.

In order to establish medical malpractice, a plaintiff must prove causation through expert medical testimony. *Roberts v. Ohio Permanente Medical Group, Inc.*, 76 Ohio St.3d 483, 485, 668 N.E.2d 480, 482 (Ohio 1996).

Furthermore, because plaintiff's malpractice claims invoke diversity jurisdiction, witness competency issues are properly determined under state law. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938); *See also Legg v. Chopra,* 286 F.3d 286, 289 (6th Cir. 2002).

Ohio Evidence Rule 601(D) governs the competency of persons giving expert testimony on liability issues in a medical malpractice claim, and provides that every person is competent to be a witness **except**:

> A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person by a physician or podiatrist, <u>unless the person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless the person devotes at least one-half of his or her professional time to the active clinical practice in his or her field of licensure, or to its instruction in an accredited school.</u>

Ohio R. Evid. 601(D) (emphasis added).

Moreover, even if a witness is deemed competent to testify under state law as to the substantive issues in the case, such as the standard of care, his testimony shall then be screened by Federal Rule of Evidence 702 to determine if it is otherwise admissible testimony. *Legg*, 286 F.3d at 292. Under Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), district judges are to serve a "gatekeeping role" to ensure that all expert testimony admitted is both relevant and reliable. *Daubert*, 509 U.S. at 589. Fed.R.Evid 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Here, with respect to his formal education, plaintiff has provided documentation of a master's degree in public health from the University of Utah in 1999, and a certificate of completion of a residency in occupational medicine from the University of Cincinnati

in 2000. However, there is no evidence that plaintiff is licensed to practice medicine anywhere in the United States, nor that he devotes at least one-half of his professional time to the active clinical practice in his field of licensure or to its instruction in an accredited school. (*See* Doc. 59, Ex. A, Affidavit of Matthew S. Arend ¶ 3; Doc. 59, Ex. B. at p. 4)). Accordingly, plaintiff cannot be deemed an expert under Ohio R. Evid. 601(D).

Furthermore, there is no evidence that plaintiff has any knowledge, skill, experience, training or education in the field of psychiatry. Accordingly, his proposed expert testimony is properly stricken under Federal Rule of Evidence 702.

> B. *Plaintiff's motion to amend scheduling order, motion for extension of time, and motion to stay (Doc. 61).*

It appears plaintiff is asking the Court to stay/withhold ruling on defendants' motion to strike his expert report and motion for summary judgment until he receives a copy of their expert disclosures and expert reports, and that he needs additional discovery. Plaintiff is also seeking an extension of time to respond to the motion to strike, motion for summary judgment, and to file his cross-motion for summary judgment.

The issues raised in plaintiff's motions were addressed at the Court's December 11, 2006 hearing and the subsequent Order of the same date. (*See* Doc. 83.) Accordingly, plaintiff's motion is denied as moot.

> C.  *Defendants' joint motion to strike plaintiff's supplemental disclosures of expert and lay witnesses (Doc. 64).*

On September 8, 2006, plaintiff filed supplemental expert disclosures identifying as experts the same experts identified by defendants. (Doc. 62.) Pursuant to the Court's Scheduling Order, plaintiff was to identify his expert witnesses by June 30, 2006, and provide expert reports by August 15, 2006. As a result of plaintiff's failures, defendants filed a motion to strike plaintiff's supplemental disclosures.

Defendants assert that plaintiff's disclosures are time-barred, and that plaintiff failed to submit expert reports from the defense experts listed in his supplemental disclosure, and that he cannot rely solely on defense experts to prove his claims against defendants.

Defendants further assert that plaintiff is required to provide testimony of his own expert(s) establishing a *prima facie* case of medical malpractice. As plaintiff did not identify any qualified experts, defendants assert that they are not required to call any experts on their behalf. Asserting that plaintiff cannot rely on defendants' experts to support his claims, defendants move to strike plaintiff's designations.

The Court agrees that plaintiff's expert witnesses disclosure is improper and untimely, and it is stricken.

D. *Plaintiff's motion to stay ruling on defendants' motions (Doc. 67).*

In his motion, plaintiff is again asking the Court to stay/withhold ruling on defendants' motions to strike and their motion for summary judgment until he receives a copy of their expert disclosures and expert reports as well as additional discovery.

As noted above, the issues raised in plaintiff's motions were addressed at the Court's December 11, 2006 hearing and resolved in the subsequent Order of the same date. Accordingly, plaintiff's motion is denied as moot.

E. *Plaintiff's motion to vacate the Court's November 7, 2006 Order* (Doc. 76)

On October 27, 2006, defendant Berry filed an emergency motion to take plaintiff's deposition. (Doc. 71.) Thereafter, on November 2, 2006, the Court issued an Order directing plaintiff to respond to defendant's motion no later than November 6, 2006. (Doc. 72). Plaintiff did not file a memorandum in opposition , and on November 7, 2006, the Court granted defendant's motion to depose plaintiff. (Doc. 73).

Subsequently, plaintiff filed a motion to vacate the Court's November 7, 2006 Order, alleging that he never received defendant's motion and/or the Court's Order directing him to respond to defendant's motion by November 6, 2006.

Plaintiff did not identify the basis for his motion to vacate, but a Rule 60(B) motion is often referred to as a "motion to vacate." *Smith v. Konteh,* 2007 WL 171978, *3 (N.D.Ohio 2007).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Furthermore, an order to vacate a notice of the taking of a deposition is generally regarded as both unusual and unfavorable, and the burden is upon the party seeking non-disclosure or a protective order to show good cause for issuing such an order. *Investment Properties Int'l, Ltd. v. IOS, Ltd.*, 459 F.2d 705, 708 (2d Cir.1972); *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir.1992) (citations omitted).

Here, despite plaintiff's allegations, the evidence of record clearly indicates that plaintiff received notice of defendant's motion and the Court's Order. Also, defense counsel sent plaintiff several letters regarding his November 2006 deposition. Moreover, defense counsel called plaintiff on November 7, 2006, informing him of the Court's Order that he was to be deposed on November 8, 2006.

Accordingly, plaintiff's motion is not well-taken, and it is hereby denied.

F.      *Plaintiff's motion to stay the proceedings (Doc. 89).*

On December 11, 2006, a hearing was held on all pending motions and other outstanding issues, whereupon the Court granted plaintiff an extension of time until January 15, 2007 to file his memoranda in opposition to all pending motions, and his motion for summary judgment. (Doc. 83.)

Thereafter, on January 18, 2007, plaintiff was granted an additional extension of time until January 31, 2007 to file his opposition memoranda. On January 30, 2007, however, plaintiff filed an emergency motion to stay proceedings. The Court granted that motion by granting plaintiff a final extension of time to March 1, 2007 by which to file his opposition memoranda. (Doc. 88.). The Order also stated that no additional extensions would be permitted. *Id.* Nonetheless, plaintiff filed the instant renewed motion to stay the proceedings on March 1, 2007.

The decision to deny an extension of time to respond to a motion for summary judgment is within the district court's discretion. *See* Fed.R.Civ.P. 6(b). As noted above, plaintiff has been granted numerous extensions in this matter. Moreover, the record establishes that plaintiff has engaged in a clear pattern of delay throughout this lawsuit (filed in 2001).

Accordingly, plaintiff's motion renewed motion to stay proceedings is not well-taken, and it is hereby denied.

**III.**

**IT IS THEREFORE ORDERED THAT:**

(1)  Defendants' joint motion to strike plaintiff's expert identification (doc. 59) is **GRANTED**;

(2)  Plaintiff's motion to amend scheduling order, motion for extension of time, and motion to stay (doc. 61) is **DENIED as MOOT**;

(3)  Defendants' joint motion to strike plaintiff's supplemental disclosures of expert and lay witnesses (doc. 64) is **GRANTED**;

(4)  Plaintiff's motion to stay ruling on defendants' motions to strike (doc. 67) is **DENIED as MOOT**;

(5)  Plaintiff's motion to vacate the Court's Order of November 7, 2006 (doc. 76) is **DENIED**; and

(6)  Plaintiff's motion to stay the proceedings (doc. 89) is **DENIED**.


Date: May 10, 2007                               s/Timothy S. Black
                                                 Timothy S. Black
                                                 United States Magistrate Judge