**United States District Court**
**Southern District of Ohio**
**Western Division**

| | |
|---|---|
| DARLINGTON AMADASU, | Case No. 1:01-cv-182 |
| Plaintiff, | Spiegel, J. |
| | Black, M.J |
| vs. | |
| MERCY FRANCISCAN HOSPITAL, *et al.*, | |
| Defendants. | |

### REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT (Doc. 59) AND MOTION TO DISMISS (Doc. 77) BE GRANTED; AND THAT THIS CASE BE CLOSED

This civil action is before the Court on the motion for summary judgment (doc. 59) and the motion to dismiss (doc. 77) of defendants Ravi B. Berry ("Dr. Berry"), Mercy Franciscan Hospital - Western Hills, Mercy Franciscan Hospital - Mt. Airy, Steven Grinnell, Charles Lobeck, June Bronhert, n/d/a Gatzke, Judy Daleiden, Connie McCoy, and Jane(s) Doe(s) Nurses (collectively the "Mercy Defendants").

**I.**

This civil action stems from psychiatric care provided by defendants Dr. Berry and the Mercy Defendants to plaintiff in April of 2000. Plaintiff was admitted to the emergency department of Mercy Franciscan Hospital - Western Hills on or about April 24, 2000 seeking psychiatric treatment. He was later transferred and admitted as a voluntary inpatient at Mercy Franciscan Hospital - Mt. Airy. Dr. Berry was an attending

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

psychiatrist at Mt. Airy and treated plaintiff during his stay there.

On March 25, 2001, Plaintiff filed a *pro se* complaint asserting the following claims:

1. Civil Rights Violation, Title VII 42 U.S. C. 2000 et seq. Race and National Origin;
2. Intentional Discrimination, Equal Rights, Deprivation of Rights, Privileges and Immunities; 42 USC sections 1981 and 1983;
3. Conspiracy to Interfere with civil rights, and Neglect to prevent, 42 USC Sections 1985 and 1986;
4. Age Discrimination, ADEA 1967 as amended;
5. American with Disabilities Act of 1990, 42 USC section 1211 et seq.;
6. Federal Mental Health Rights and Advocacy, "Bill of Rights" 42 USC section 9501;
7. Violation of Fourth Amendment to the US Constitution;
8. Violation of the Fifth Amendment to US Constitution;
9. Non-hiring as Violation of State and Federal Public Policy, 29 USC § 70;
10. Violation of Health Insurance Portablity and Accountablity Act (HIPPA), 1996, as amended and Health and Human Services (HHS) Regulations, as amended;
11. Violation of Ohio Civil Rights, ORC 4112.02, Employment Discrimination;
12. Violation of Ohio Disability Discrimination Code, ORC 4112.5
13. Violation of Ohio Mental Health Act of 1976, as amended; Patients' "Bill of Rights", ORC 5122 *et seq.*;
14. Violation of Standard of Care, Ohio Mental Health Act 1988, ORC 5122 *et seq*; OAC 5122 et seq.;
15. Violation of Hospital-patient, Physician-patient Relationships, Confidentiality, ORC 5122.31;
16. Invasion of Privacy
17. Breach of Contract and Breach of Ohio Consumer Protection Law
18. Violation of ORC 5122.29; 42 CRF 51; Intentional Knowingly Patient Abuse, Neglect and Assault;
19. Defamation and Malicious False Accusation;
20. Misuse of Police and Abuse of the [sic] Criminal Process, Harassment, False Imprisonment;
21. Intentional Infliction of Emotional Distress;
22. Tortious Interference with Employment Relationship and Economic Advantage.

(Doc. 2).²

## II.

On December 11, 2006, the undersigned magistrate judge held a hearing on all pending motions and other outstanding issues, and, at that hearing, granted plaintiff an extension of time until January 15, 2007 to file his memoranda in opposition to all pending motions and to file his motion for summary judgment. (Doc. 83.)

Thereafter, on January 18, 2007, the Court granted plaintiff an additional extension of time until January 31, 2007 to file his memoranda in opposition. On January 30, 2007, plaintiff filed an emergency motion to stay proceedings. In response, the Court granted plaintiff a final extension of time to March 1, 2007 to file his opposition memoranda. (Doc. 88). The Order also stated that no additional extensions would be permitted. *Id.* However, plaintiff filed a renewed motion to stay the proceedings on March 1, 2007. In light of plaintiff's clear pattern of delay, the Court denied plaintiff's renewed motion to stay proceedings.

Now before the Court is defendants' motion for summary judgment (doc. 59) and defendants' motion to dismiss this action pursuant to Rules 37(b) and 41 of the Federal Rules of Civil Procedure, as a result of Plaintiff's failure to cooperate in discovery (doc. 77).

For the reasons that follow, the undersigned finds that defendants' motions are

---

² Plaintiff filed a motion for leave to amend his complaint on March 25, 2002. However, on October 17, 2002, this civil action was stayed. Plaintiff's motion to amend was denied without prejudice subject to renewal after the stay expired. The stay was lifted on October 3, 2005, and plaintiff did not renew his motion to amend.

well-taken.

### III.

#### A.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

#### B.

Under Fed.R.Civ.P. 37(d), when a party fails to appear before the officer who is to take his deposition after being served with a proper notice, the court in which the action is pending on motion may make such orders in regard to the failure as are just. Further, subdivision (b)(2)(c) of Rule 37 specifically authorizes the imposition of sanctions, including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(c).

A trial court, in exercising its discretion in the imposition of sanctions for such violation, must do so in light of the particular facts of the case before it.  To determine the proper sanction, the Court must look to the party's reasons for such failure to comply.  Central to the determination of the appropriate sanction is the willfulness or good faith manifested by the party's conduct.  *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197 (1958).  Willful failure has been defined as any intentional or conscious failure as distinguished from involuntary non-compliance.  *United States v. 3963 Bottles, More or Less*, 265 F.2d 332, (7th Cir.), *cert. denied*, 360 U.S. 931 (1959).  This requirement of willfulness is particularly essential when the Court is faced with the possibility of imposing the harsh sanction of dismissing an entire action.  *Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974); *see also Moore v. Island Creek Coal Co.*, 375 F.2d 732 (4th Cir. 1967).

Furthermore, pursuant to Federal Rule of Civil Procedure 41(b), a defendant may move for dismissal of an action or claim where the plaintiff fails to prosecute, fails to comply with Civil Rules, or fails to comply with an Order of the Court.  *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990).

> i. *Defendant Berry and the Mercy Defendants' motion for summary judgment (doc. 59) is well-taken and should be granted.*

Under Ohio Law, to establish a *prima facie* case of medical malpractice as a result of medical negligence, plaintiff must establish: (1) the prevailing standard of care of doctors under like or similar circumstances; (2) the defendant doctor's deviation from that standard of care; and (3) that such deviation by the defendant doctor proximately caused the plaintiff's injuries. *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 131-32, 346 N.E.2d 673 (Ohio 1976)

The failure to prove that the recognized standards of the medical community were not met or to prove that the failure to meet those minimum standards proximately caused the injury is fatal to a claim of medical malpractice. Because the standards of the medical community are not common knowledge, the general rule is that the plaintiff must prove causation through expert medical testimony. *Roberts v. Ohio Permanente Medical Group, Inc*., 76 Ohio St.3d 483, 485, 668 N.E.2d 480,482 (Ohio 1996).

Here, plaintiff has failed to produce any expert testimony to establish causation.[3]

Accordingly, defendant Berry and the Mercy Defendants are entitled to judgment as a matter of law with respect to plaintiff's malpractice claims.

---

[3] In support of his claims, plaintiff identified himself as an expert and submitted an expert report he authored. However, plaintiff is not qualified as an expert witness under Ohio Rule of Evidence 601(D) or Federal Rule of Evidence 702. Accordingly, the Court has stricken his expert designation and report.

> ii. *Defendant Berry and the Mercy Defendants' motion to dismiss pursuant to Rule 37 and Rule 41 (doc. 77) is well-taken and should be granted.*

The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future. *National Hockey League,* 427 U.S. 639, 642-43 (1976). Dismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order. *Id.*

Here, the record establishes that plaintiff has intentionally engaged in a clear pattern of delay. Throughout this action, plaintiff has consistently failed to provide information relating to his education, employment history, income, and medical history, all of which are directly relevant to his claims against defendants.

Plaintiff failed to provide his required initial Rule 26 disclosures and refused to respond to defendants' requests for information. Plaintiff repeatedly evaded efforts to schedule his deposition, at one point claiming that he had decompensated and would not be competent to testify. (Doc. 23.) Plaintiff also failed to appear before the Court for a conference that was specifically scheduled to address ongoing discovery disputes. (Doc. 13.)

After the stay was lifted in October 2005, plaintiff continued to evade discovery, miss deadlines, and engage in inappropriate behavior. On November 8, 2006, plaintiff

failed to attend his properly noticed and court-ordered deposition.  This case has been on the Court's docked for nearly six years, and plaintiff has yet to submit to a complete deposition.

Given plaintiff's obstinate refusal to cooperate in discovery or comply with the Court's orders, the undersigned finds that a less drastic sanction than dismissal will be of no effect.  Defendant's motion to dismiss is well-taken, and it should be granted.

### IV.

**IT IS THEREFORE RECOMMENDED THAT**: defendants' motion for summary judgment (doc. 59) be **GRANTED**; defendants' motion to dismiss (doc. 77) be **GRANTED**; and this civil action be **CLOSED**.


Date: May 10, 2007                                              s/Timothy S. Black
                                                                Timothy S. Black
                                                                United States Magistrate Judge

**United States District Court**
**Southern District of Ohio**
**Western Division**

DARLINGTON AMADASU,            Case No. 1:01-cv-182

    Plaintiff,                             Spiegel, J.
                                            Black, M.J
vs.

MERCY FRANCISCAN HOSPITAL, *et al.*,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).