UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DARLINGTON AMADASU,** | Case No. 1:01CV182 |
| **Plaintiff,** | Judge S. Arthur Spiegel<br>Magistrate Judge Timothy S. Black |
| v. | |
| **MERCY FRANCISCAN HOSPITAL, et al.,** | **JOINT RESPONSE OF DEFENDANTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND** |
| **Defendants.** | |

## I. Introduction

Defendants Ravi B. Berry, M.D. ("Dr. Berry"), Mercy Franciscan Hospital - Western Hills, Mercy Franciscan Hospital - Mt. Airy, Steven Grinnell, Charles Lobeck, June Bronhert, n/k/a/ Gatzke, Judy Daleiden, Connie McCoy and Jane(s) Doe(s) Nurses (collectively, "the Mercy Defendants")(together, "Defendants") respectfully and jointly request that this Court deny the motion of Plaintiff Darlington Amadasu ("Plaintiff") for extension of time to respond to the Magistrate's Order and Report and Recommendations issued on May 10, 2007. Once again, Plaintiff is wasting this Court's time by engaging in his now all too familiar pattern of delay and his motion should be denied.

## II. Argument

On May 10, 2007, following months of continual delay and refusal to cooperate by Plaintiff, Magistrate Judge Black issued a Report and Recommendation that Plaintiff's Complaint be dismissed for failure to cooperate in discovery and that Defendants be granted

summary judgment for Plaintiffs failure to provide any competent expert testimony to support his claims. Additionally, Magistrate Judge Black issued an Order on the remaining motions pending on the docket, striking Plaintiff's purported expert identification (in which he attempted to rely only on his own "expert" testimony and that of Defendants' identified experts, which is clearly insufficient) and denying his numerous requests for additional extensions of time to respond. The Magistrate's Order and Report and Recommendations were both well reasoned and well supported and should not be disturbed. Plaintiff has no proper grounds for objecting to those decisions and should not be allowed to waste any more time filing baseless motions.

A motion for extension of time to object to a magistrate's decision or set aside a magistrate's order pursuant to R. 53(D)(5) may only be granted upon a showing of "good cause." Rule 53 provides an example of good cause as "including, but not limited to, a failure by the clerk to timely serves the party seeking the extension with the magistrate's order or decision." Clearly, Plaintiff's proffered reason, that he is simply too busy to respond at this time, falls far short of the example given in the rule as constituting good cause. This is especially true, given the fact that the Court's dismissal of which Plaintiff now complains was based, at least in part, upon his long and well established pattern of delay and failure to comply with deadlines.[1] Plaintiff has requested numerous extensions, both before and after the stay in this case, and has continually ignored Court-ordered deadlines and this Court's recent Order on February 6, 2007 that no further extensions would be granted, further abusing the system.

Granting Plaintiff's motion at this point would be tantamount to sanctioning his repeated delays and failures to comply with these deadlines and this Court's orders. This Court has given Plaintiff every benefit of the doubt throughout this case and Plaintiff should not be given any

---

[1] Defendants note that in at least one of the two cases with which Plaintiff claims he is too busy to properly pursue this matter, the briefing now due in that case would have been completed already had it not been for Amadasu's own motion for extension of time. See, Ex. A.

2

more leniency. Plaintiff has not demonstrated that he will do anything to change his behavior towards deadlines in the future and his motion for yet another extension should be denied. Plaintiff's claimed predicament is of his own making and clearly does not rise to a showing of "good cause" contemplated by the rules. Furthermore, Plaintiff has failed to offer even a general description of what his grounds for objecting to the decisions will be or whether he even has any grounds. Accordingly, allowing Plaintiff additional time to object would do nothing more than delay justice for Defendants and waste more of this Court's time.

### III. Conclusion

This Court has given Plaintiff ample opportunities to respond and make his required filings. Each time, Plaintiff ignores his deadlines and offers new excuses for his failure. Nothing in Plaintiff's latest motion for an extension of time can be deemed good cause. Plaintiff's time for responding to Magistrate Black's Order and Report and Recommendations has now expired and accordingly, Defendants respectfully request that this Court **DENY** Plaintiff's motion to extend time to respond and adopt Magistrate Judge Black's Report and Recommendations in its entirety.

Respectfully submitted,


/s/ Jennifer Orr Mitchell
Deborah R. Lydon (0013322)
Jennifer Orr Mitchell (0069594)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8200
*Counsel for Defendant Dr. Berry*


/s/ Karen A. Carroll (email consent 5/25/07)
Karen A. Carroll
Kohnen & Patton LLP
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 381-0656
*Counsel for the Mercy Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 25, 2007 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all except Defendant Darlington Amadasu. I also sent the foregoing via U.S. mail to Defendant Amadasu at the address listed below:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206


/s/ Jennifer Orr Mitchell

1386190v1