8.      Admit that you failed to take and document complete plaintiff's medical and psychiatric histories including all chief complaints, history of present illnesses, past history, family history, review of systems, personal or social history, as you received it or otherwise as you should have taken them

**ANSWER**: Objection, overly broad and ambiguous, and to the extent that the request implies a requirement of practice; and to the extent that the request is improperly direct to this Defendant; without waiving the objection, DENY.

9.      Concerning plaintiff's complaint of respiratory problems such as shortness of breath, chest tightness, for which you prescribed medication(s), admit

a.)     that you failed to follow the accepted standard of care for plaintiffs presenting respiratory problems
b.)     that you failed to document symptoms and medical history given by plaintiff or take your own history
c.)     that you failed to take complete medical history and perform related physical examination on the plaintiff on first and subsequent occasions and failed to make list of your findings.
d.)     That you failed to perform or ordered related diagnostic tests and procedures.
e.)     That you failed to have conversations with the plaintiff during the course of your treating him
f.)     That you failed to make consultation requests to pulmonary/respiratory specialists or other health profession specialist
g.)     That your ordered treatment for the condition was not based on any objective clinical data or findings
h.)     That you failed to monitor or document the course and the progression of the plaintiff's symptoms and signs or response to treatment.

**ANSWER**: Objection, the request is overly broad, ambiguous, oppressive, improperly addressed to this Defendant, and implies that the statements set forth therein are applicable to plaintiff's care and treatment; without waiving the objection,  Defendant cannot admit or deny requests addressed to medical management.

 10.     Admit that oximetry (blood oxygen saturation), peak flow measurement, blood gases, sputum analysis, chest x-rays, and pulmonary function test constitute appropriate medical screenings or tests for plaintiff's respiratory problem, and you failed to perform or ordered the performance of these tests either at the emergency department or inpatient hospitalization

**ANSWER**: Objection, the request is overly broad, ambiguous, oppressive, improperly addressed to this Defendant, and implies that the statements set forth therein are applicable to plaintiff's care and treatment; without waiving the objection,  Defendant cannot admit or deny requests addressed to medical management.

$Ex. 42$

 11.    At any time during your care of the plaintiff for the problem for which you were attending to the plaintiff, you formed the opinion or diagnosis that the plaintiff had developed diarrhea or an infection of the digestive system, admit:

   a.)    That you failed to follow the accepted standard care for evaluation and management of plaintiff's diarrhea or gastro-intestinal problem

   b.)    That you failed to document symptoms and history given by plaintiff and you failed to take related medical history before and during the course of your treating plaintiff

   c.)    That you failed to perform related physical examination on the first and subsequent contacts and you failed to make your findings upon which to make your opinion.

   d.)    That you failed to perform or ordered any related diagnostic tests and procedures.

   e.)    That you failed to make consultation requests to infectious diseases and or gastroenterological specialists to manage or assist in management of the condition.

   f.)    That you failed to monitor and document the course and the progression of the plaintiffs symptoms and signs throughout the course of your treating it.

   g.)    That you failed to take steps to determine the etiology and or organism responsible for the condition

   h.)    That you failed to obtain the data on which you should have based your opinion and prescription, and or take steps to obtain positive identification of the causes and the organism responsible.

**ANSWER:**    Objection, the request is overly broad, ambiguous, oppressive, improperly addressed to this Defendant, and implies that the statements are applicable to plaintiff's care and treatment; without waiving the objection, Defendant cannot admit or deny requests addressed to medical management.

 12.    At any time during your care of the plaintiff for the problem in #11 for which you were attending to the plaintiff, admit:

   a.)    that you prescribed a course of medication, e.g., Flagyl for the treatment or relief of the plaintiff s condition without obtaining data such as taking medical history, performing related physical examination, microbiological tests and making findings:

   b.)    that you failed to make findings or the data, on which you should have based your determination to prescribe the particular anti-microbial medications for the condition,

   c.)    that prior to prescription of medication you failed to obtain stool specimen for fecal leukocytes, cultures and sensitivity, ova and parasites.

   d.)    that you failed to assess whether there was any abatement or relief from the condition following the administration of the medication.

Ex. 43

**ANSWER**: Objection, the request is overly broad, ambiguous, oppressive, improperly addressed to this Defendant, and implies that the statements set forth therein are applicable to plaintiff's care and treatment; without waiving the objection, Defendant cannot admit or deny requests addressed to medical management.



13. Concerning plaintiff's complaint of uro-genital problems such as his scrotal swelling, admit:

    a.) that you failed to follow the accepted standard of care for plaintiffs scrotal swelling

    b.) that you failed to document the history given by plaintiff and taken by you on the first and subsequent contact with plaintiff.

    c.) that you failed to perform the examination relative to the scrotal swelling and failed to make findings.

    d.) That you failed to perform or order diagnostic tests and procedures (e.g., Scrotal Ultrasound) relative to scrotal swelling.

    e.) That you failed to make consultation requests to urologist and or other related specialists

    f.) That you failed to care about or treat the condition

    g.) That you failed to document the course and the progression of the plaintiff's scrotal swelling.

**ANSWER**: Objection, the request is overly broad, ambiguous, oppressive, improperly addressed to this Defendant, and implies that the statements set forth therein are applicable to plaintiff's care and treatment; without waiving the objection, Defendant cannot admit or deny requests addressed to medical management.



14. Concerning plaintiffs complaint of mental and or psychiatric problems, admit:

    a.) that you failed to follow the accepted standard of care for plaintiffs presenting with such mental and or psychiatric conditions

    b.) that you failed to make complete history, including psychiatric history, medical history, physical illnesses history, all complaints, history of present mental condition or illness, past history, family history, review of systems, personal or social history as you received it or otherwise knew it to be on the occasion of your first and later contacts with the plaintiff with regard to the mental conditions for which you were attending the plaintiff

    c.) that you failed to perform any physical and neurological examinations on the plaintiff on first and subsequent occasions of contacts and failed to make fully appropriate findings.

    d.) That you failed to order performance of relevant diagnostic tests and procedures.

    e.) That you failed to perform psychological and projective tests and procedures and failed to produce results of any testing result.

$Ex. 44$

f.) that you failed to have any treatment and discharge planning meeting with plaintiff in course of your treating him

g.) that you failed to make consultation requests to other medical specialists regarding plaintiff's presenting medical and or physical illnesses (i.e., respiratory, urino-genital and gastroenterological illnesses and symptoms)



**ANSWER**: Objection, the request is overly broad, ambiguous, oppressive, improperly addressed to this Defendant, and implies that the statements set forth therein are applicable to plaintiff's care and treatment; without waiving the objection, Defendant cannot admit or deny requests addressed to medical management.

15. Admit that you did not perform any of the following psychological and psychiatric tests or procedures on the plaintiff:

(a) Henet-type intelligence test,

(h) Rorschack Psychodiagnostic test,

(c) Wechsler-type test,

(d)Thematic Apperceptions test,

(e) Blacky pictures test,

(1) Gestalt test,

(g)Goodenough Intelligence test,

(h) Figure drawings or house-Tree-Person drawing test,

(i)Word association test,

(i) Sentence completion test,

(k) Minnesota Multiphasic Personality Inventory



**ANSWER**: Objection, the request is overly broad, ambiguous, oppressive, improperly addressed to this Defendant, and implies that the statements set forth therein are applicable to plaintiff's care and treatment; without waiving the objection, Defendant cannot admit or deny requests addressed to medical management, but admits that Mercy personnel did not perform the listed "tests."

16. Admit that you
   a.) had no treatment and discharge planning sessions or meetings that plaintiff participated in during the period of inpatient hospitalization
   b.) have no reason(s) for not conducting treatment and discharge planning sessions or meetings involving participation of plaintiff
   c.) have no existence of any written notes or recorded duplications of any treatment and discharge planning session or meeting,

**ANSWER**: DENY (a) and (c); (b) is inapplicable.

E4. 45

17.    Concerning the transfer of a patient from one medical facility to another, admit that you have the knowledge of

    a.)    statutory and professional definition of an appropriate transfer of a patient

    b.)    the accepted standard of care for transfer

    c.)    the required steps, components, procedures and phases that must be satisfied to meet the standard

    d.)    your failure to adhere to the required steps of transfer.

**ANSWER:**  Objection, the requests are improperly drafted, (does this apply to multi-part questions) ambiguous, overly broad, and incapable of response as drafted, without waiving the objection, Defendant DENIES any failure on its part with regard to plaintiff's transfer(s).



18.    Admit that you have knowledge of the statutory and professional standard of care for transfer of patient established by:

    a.)    Mercy Franciscan Hospital (MFH) policies, procedures, rules, regulations and guidelines ("Bylaws")

    b.)    Joint Commission on Accreditation of Healthcare Organizations (JCAHO)

    c.)    American College of Emergency Physicians (ACEP)

    f.)    Section 9121 of Consolidated Omnibus Budget Reconciliation Act of 1985, as amended ("COBRA") Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 USC 1395 et seq. or Section 1867 of the Social Security Act. Collectively (" COBRA, EMTALA, or ANTI-DUMPING LAW")

    f.)    American Medical Association ("AMA")

    h.)    American Psychiatric Association ("APA")

    i.)    Ohio Mental Health Law (OHMHL) and Ohio Administrative Code (OAC)— Anti-dumping law

    j.)    Your failure to apply that knowledge to plaintiff's transfer or to adhere to any of them

**ANSWER:**  Objection, the requests are incapable of response as drafted, are overly broad, ambiguous, irrelevant, and objectionable to the extent the requests imply that (a) thru (j) have application to plaintiff's transfer(s); without waiving the objection, Defendant DENIES any failure on its part with regard to plaintiff's transfer(s).



19.    Regarding informed consent of a patient, Admit that you have:

    a.)    Knowledge of the definition of what informed consent' of a patient is

    b.)    knowledge and experience of professional standard of care for informed consent

    c.)    knowledge of Ohio informed consent law

    d.)    knowledge of your MFH informed consent policy and procedure

    e.)    knowledge of the elements, components or requirements fundamental to the concept

$E \not\leftarrow \cdot 46$

c.) failed to apply that knowledge to obtain singed written informed consent of plaintiff for transfer

**ANSWER**: Objection, the requests are overly broad, irrelevant, ambiguous and not properly addressed to this Defendant; without waiving the objection, Defendant DENIES a failure on its part with regard to "informed consent of plaintiff for transfer."

20. Admit Crisis Stabilization Center (CSC),

a.) has no appropriate private rooms. Rather it has shared dormitory or hall of rows of sleeping beds

b.) has no proper organizational structure of the medical and non-medical staff

b.) has no appropriate facilities for providing medical and psychiatric evaluations, diagnosis, treatment and services for plaintiff's problems

c.) has patients and inmates typified and characterized as psychotic, insane, alcoholic, drug-addicts, ex-convicts, homeless, smoking-addicts,

d.) has inmates with type and nature of crisis, illnesses and conditions such as psychosis, alcoholism, insanity, drug-addiction, homelessness, which plaintiff did not have

**ANSWER:** Objection, the request is overly broad, irrelevant, oppressive, ambiguous and incapable of response as drafted.

21. Concerning the transfer of plaintiff from Mercy Franciscan Hospital, Mt. Airy (MFHMA) to the purported Crisis Stabilization Center (CSC), admit:

a.) that you did not execute each required step and procedure in every phase of the transfer

b.) that plaintiff was transported unaccompanied in a taxi to CSC without plaintiffs consent

c.) that no communications, discussions or disclosures were made to plaintiff to elicit his informed consent or plaintiff was not `informed' in order to give `informed consent' to transfer

d.) that plaintiff did not fit into the characteristics of patient and had no type of crisis and illnesses indicative of being transferred to CSC and you had no data upon which you based your determination to transfer

e.) that plaintiff had no crisis or condition whatsoever, indicative of being transferred to CSC and no data on which you based your order to transfer

f.) that plaintiffs medical record was transferred to CSC with plaintiff's authorization

g.) that you never took or executed any of the accepted steps, procedures and processes of professional and statutory standard of care for transfer established by MFH, JCAHO, ACEP, "COBRA, EMTALA, or ANTI-DUMPING LAW", APA, AMA, so state your bases

Ex. 47

**ANSWER**: Objection, the request is overly broad, oppressive, unduly burdensome; without waiving the objection, Defendant DENIES that plaintiff did not consent to transfer to CSC.

22.    At the time you hospitalized the plaintiff for the illnesses or conditions for which you were treating the plaintiff admit

a.)    that you did not inform the plaintiff of any limitation upon the type, scope, or special medicine that defendant Berry was licensed, qualified or willing to practice in your relation with the plaintiff

b.)    that Berry had no limitation,

c.)    that Berry had no reasons for failing to perform medical history, physical examination and diagnostic tests on plaintiff's medical or physical illnesses

**ANSWER**:    Objection, the requests are not properly addressed to this Defendant, ambiguous and incapable of response as drafted.



23.    Admit the medical record shows that (a) you did not request another medical specialist or member of the health care profession for an opinion or for assistance with the plaintiff's medical conditions, other than psychiatric condition; (b) you have no reasons for not seeking such consultations for plaintiff



**ANSWER:** Objection, the request is irrelevant, ambiguous and not properly addressed to this Defendant; without waiving the objection, Mercy ADMITS it did not request any medical consult for plaintiff; Mercy DENIES that it had "no reasons for not seeking such consultations."

24.    Admit that the medical and psychiatric standard of care usually highly correlates with professionally accepted clinical medical and psychiatric textbooks, literatures, journals, treatises, guidelines, and clinical training programs.

**ANSWER:** Objection, irrelevant, ambiguous, overly broad, unduly burdensome and incapable of response as drafted.

25.    Admit that medical/psychiatric standard of care correlates, e.g., with (a) American Psychiatric Association (APA) 1993 Guidelines for Psychiatric Practice in Psychiatric Inpatient Facilities in Am J Psychiatry 151:5, May 1994; (b) American Psychiatric Association (APA) Practice Guidelines for Treatment of Psychiatric Disorders-Compendium 2000; *(c) Kaplan & Sadock's* Comprehensive Textbook of Psychiatry, Seventh Edition, pub. Lippincott Williams & Wilkins; (c) Manual of Clinical Hospital Psychiatry, edited by Ole J. Thienhaus, M.D., Assoc, Prof Of Psychiatry, University of Cincinnati College of Medicine, Cincinnati, Ohio, published by American Psychiatric Press, Inc.; (d) World Psychiatric Association Guidelines; (e) Clinical Psychiatry for Medical Students, Third Edition (1998), Edited by Alan Stoudemire, MD. Published by Lippincott-Raven; and all are authoritative.

E4.48

**ANSWER**: Objection, irrelevant, ambiguous, overly broad, unduly burdensome and incapable of response as drafted.

26.    Admit that the medical records demonstrate that your "Physician Attestation" shows you made only primary psychiatric diagnosis but failed to make and document other secondary medical diagnosis and procedures.

**ANSWER**: Objection, the request is not properly addressed to this Defendant, as the "physician Attestation" was not completed by this Defendant; without waiving the objection, Defendant ADMITS that the referenced form states a "principal diagnosis" but does not list a "secondary diagnosis."



27.    Admit that the medical records contain document, e.g., "Doctor Certification of Patient Transfer Order", showing that standard of care for transfer was followed when MFH-Westernhills transferred plaintiff to MFH-Mt Airy but on the contrary, the medical records lacks "Doctor Certification of Patient Transfer Order" for transfer from MFHMA to CSC showing that transfer standard of care was not followed when MFH-Mt Airy transferred plaintiff to Crisis Stabilization Center (CSC)



**ANSWER:** Objection to the extent that the request is ambiguous, argumentative and sets forth unsubstantiated opinions on the "standard of care"; without waiving the objection, Defendant ADMITS there is a document titled "Doctor Certification Patient Transfer Order" for the plaintiff's transfer from MFHWH to MFHMA, but no such form for the patient's discharge to CSC.

28.    Admit that the medical records' Emergency Department Record & Dept of Emergency Services Triage Notes and Routing Form are without documentation for appropriate medical screenings such as triages, complaints, medical history, past medical history, review of systems, physical examinations, diagnostic tests, physical findings, diagnosis for plaintiff's medical or physical illnesses, namely, respiratory, digestive and genitourinary systems problems or illnesses

**ANSWER**: Objection, the request is ambiguous, irrelevant and sets forth unsubstantiated opinions; and to the extent that the request implies that the documentation for the referenced record is inadequate; without waiving the objection, Defendant ADMITS the form does not contain the listed documentation, but Defendant DENIES that the documentation referenced in the request is "appropriate" for the form.

29.    Admit that the medical records' "Discharge Summary" is deficient and without (a) summary of all the physical complaints, medical history, past medical history, review of systems, physical examination, pertinent diagnostic tests, physical findings, diagnosis for plaintiff's medical or physical illnesses, namely, respiratory, digestive and genitourinary systems problems or illnesses; (b) medical diagnosis for which Atrovent, Albuterol and Flagyl were prescribed and response thereto; (c) plaintiff condition when discharged and prognosis

E4.49

**ANSWER**: Objection, to the extent that the request is ambiguous, irrelevant, argumentative, and the request is improperly addressed to this Defendant as the physician completed the referenced Discharge Summary, and thus Defendant cannot admit or deny the request.

30.     Admit that plaintiff had general medical conditions that you failed to put in the Axis III of *Diagnostic and Statistical Manual ofMental Disorders,* (DSM) in your diagnosis by not entering plaintiffs general medical conditions (e.g., respiratory, digestive and genitourinary systems diseases) in "Axis III" of the DSM.

**ANSWER**: Objection, the request is improperly addressed to this Defendant; without waiving the object and to the extent that the request implies "failure" by this Defendant, DENIED.



31.     Admit that you documented in the medical record that plaintiff was transferred against his reluctance and transported by Taxis to CSC unaccompanied by any hospital medical staff



**ANSWER**: Objection, without reference to the particular record referred to in the request, Defendant is unable to respond, except to ADMIT that the Discharge and Continuing Care Plan indicates the patient was transported to CSC by taxi and to DENY documentation on that form related to "reluctance."

32.     Admit that your 'admission note' shows that you did not perform full medical and psychiatric assessment by failing to obtain, perform and or document physical complaints, medical history, past medical history, review of systems, physical examination, pertinent diagnostic tests, physical findings, diagnosis for plaintiffs medical or physical illnesses, namely, respiratory, digestive and genitourinary systems problems or illnesses;

**ANSWER**: Objection, the request is improperly addressed to this Defendant; without waiving the object and to the extent that the request implies "failure" by this Defendant, DENIED.

33.     Admit that your 'admission note' shows that on the first day 4/25/00 you met plaintiff, you immediately decided to transfer plaintiff to CSC without enabling data and without discussing it with plaintiff

**ANSWER**: Objection, the request is improperly addressed to this Defendant; without waiving the object and to the extent that the request implies "failure" by this Defendant, DENIED.

34.     Admit that your 'progress notes' from start to finish show that you to monitor, evaluate and note the condition, response of plaintiffs respiratory, and digestive systems problems or illnesses to the medications you prescribed without appropriate medical screening, data and diagnosis. And you failed to order respiratory therapists to manage plaintiffs respiratory problem.

$Ex. 50$

**ANSWER**: Objection, the request is improperly addressed to this Defendant; without waiving the object and to the extent that the request implies "failure" by this Defendant, DENIED.

35.     Admit as true the American Psychiatric Association (APA) guidelines/standard of care that: "mentally ill patients require comprehensive differential diagnostic evaluation, comprehensive and integrated treatment planning, and medical management in all three of the biological, psychological, and social spheres; medical problems frequently complicate the psychiatric problems of this patient population, requiring prompt diagnosis, treatment, and management; the treatment of mentally ill patients in inpatient facilities requires medical management that frequently includes the prescription of medication and other somatic therapies, which often require physical and psychological preparatory workup and continued monitoring; Practitioners of the medical specialty of psychiatry have the medical training and skills needed to evaluate physical problems as well as their relationship to psychological and social phenomena; but you failed to follow these APA's standard of care

**ANSWER**: Objection, the request is argumentative, ambiguous, irrelevant, and improperly framed as the document referred to in the request is not attached to the request, and to the extent that the request implies the statement is applicable to this case, DENY.

36.     Admit as true but you failed to adhere to APA guidelines that: each patient should receive timely, comprehensive psychiatric evaluation, diagnosis, and treatment planning in the biological, psychological, and social spheres; each patient should be medically screened and his or her history should be reviewed to assure that the full range of medical and surgical considerations is taken into account in determining the diagnosis and appropriate treatment; medical or surgical consultation should be assured; psychiatrist should assure involvement of patients and families in treatment and discharge planning.

**ANSWER**: Objection, the request is argumentative, ambiguous, irrelevant, and improperly framed as the document referred to in the request is not attached to the request, and to the extent that the request implies the statement is applicable to this case, DENY.

37.     Admit that, according to APA, psychiatrists should adhere to the Principles of Medical Ethics (of, e.g., APA, AMA, WPA-World Psychiatric Association)

**ANSWER:** Objection, the request is argumentative, ambiguous, irrelevant, and improperly framed as the document referred to in the request is not attached to the request, and to the extent that the request implies the statement is applicable to this case, DENY.

38.     Admit that Ohio and Federal statutory standard of care correlate with the professional standard of care of APA, AMA, WPA, ACEP, JCAHO and you failed to adhere to Ohio and Federal statutory as well as other professional standard of care while you were treating plaintiff

$Ef. \ 5/$

**ANSWER:** Objection, ambiguous, argumentative, unduly burdensome and incapable of an admission or denial as stated.

39.    Admit that the plaintiff's medical records demonstrate that you failed to adhere to Ohio and Federal statutory standard of care as well as the professional standard of care of APA, AMA, WPA, ACEP, and JCAHO for appropriate medical screening, evaluations, management, medical record documentations, informed consent, and transfer.

**ANSWER**: DENY.

40.    Admit that you or your designees failed to adhere to your Rules, e.g., your Rules #200, #300, #301, #302, #303, #304, *#305, #*500 while you were taking care of plaintiff. Requests for Admission to Mercy Mt. Airy

**ANSWER**: Objection, ambiguous, argumentative, unduly burdensome and improperly framed as the Rules referenced are not attached to the request; without waiving the objection, DENY that the Rules are applicable to Plaintiff's admission and denies a failure to follow applicable rules.

AS TO OBJECTIONS:

*Karen A Carroll*

Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH 45202
Email: kcarroll@kplaw.com
Phone: (513) 381-0656/381-5823
TRIAL COUNSEL FOR DEFENDANTS, MERCY
FRANCISCAN HOSPITAL – WESTERN HILLS, MERCY
FRANCISCAN HOSPITAL – MT. AIRY, S. GRINNEL, C.
LOBECK, J. BRONHERT, J. DALEIDEN, C. McCOY,
AND JANE(S) DOE(S) NURSES MERCY FRANCISCAN
HOSPITAL – MT. AIRY

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 7TH day of

November by regular U.S. mail upon the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
PLAINTIFF, PRO SE

Ex. 52

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **DARLINGTON AMADASU, pro se** | : | Case No. 1:01cv182 |
| | : | |
| Plaintiff, | : | (Judge Spiegel/Magistrate Judge Black) |
| | : | |
| vs. | : | |
| | : | |
| **MERCY FRANCISCAN HOSPITAL –** | : | **ANSWERS TO PLAINTIFF'S SET** |
| **WESTERN HILLS, et al.,** | : | **OF REQUESTS FOR** |
| | : | **PRODUCTION OF DOCUMENTS** |
| Defendant. | : | **TO MERCY FRANCISCAN** |
| | : | **HOSPITAL MT. AIRY** |

## GENERAL OBJECTIONS

(a)    The information supplied in these Responses is not based solely upon the

knowledge of the verifying party, but includes information assembled by and/or within the

knowledge of the party's authorized agents, representatives, and, unless privileged, attorneys.

Given the alleged facts and nature of Plaintiffs' claims combined with other circumstances, and

because much of the information is of, or relates to, events of several years ago, it may be

difficult, if not impossible, for Defendant to retrieve or produce some of the requested

information. It is also possible that some of the individuals who might have had personal

knowledge of the matters to which Plaintiffs' discovery relate are unavailable to Defendant.

Defendant is engaged in an ongoing investigation with respect to the matters inquired into by

Plaintiffs' discovery. Accordingly, Defendant, hereby reserves its right to amend these

Responses if new or more accurate information becomes available or if errors are discovered.

For this reason, Defendant cannot attest to the completeness, veracity or accuracy of all such

information. Furthermore, these Responses are given without prejudice to the Defendant's

1

$Ex \cdot 53$

respective rights to rely at trial upon subsequently discovered information, or upon information inadvertently omitted from these Responses as a result of mistake, error or oversight.

(b)     All Responses provided by or on behalf of Defendant are subject to continuing investigation and discovery, and Defendant reserves its individual rights to supplement or amend said Responses at any time during the course of this litigation.

(c)     Defendant objects to Plaintiff's Requests for Admissions as Defendant has not been provided with sufficient information by Plaintiff to enable it to respond completely to these discovery requests, either in whole or in part.

(d)     Defendant objects to Plaintiffs' Interrogatories and Requests for Production as being overly broad, exceedingly vague, inconsistent, irrelevant, prejudicial, unduly burdensome, harassing, oppressive, and lacking in requisite particularity.

(e)     Defendant further objects on the basis that some of Plaintiffs' Interrogatories and Requests for Production assume the truth of facts not in evidence or otherwise proven.

(f)     Plaintiffs' Interrogatories and Requests for Production are also objected to on the grounds that they seek to discover information which is irrelevant, lacking in materiality and/or not reasonably calculated to lead to the discovery of admissible evidence.

(g)     Defendant further objects to each and every one of Plaintiffs' Interrogatories and Requests for Production to the extent that that they seek to discover information which is privileged and/or immune from discovery, whether by virtue of the physician-patient, attorney-client, and/or work product doctrines, or any other applicable federal or state privilege.

(h)     Plaintiffs' Interrogatories and Requests for Production are further objectionable to the extent that some seek to discover information that is confidential, proprietary or privileged.

2

$F4.54$

(i)     Defendant specifically objects to any Interrogatory or Request for Production of

Documents that seeks to discover trial preparation or other privileged expert information and/or

data. Appropriate disclosures shall be made in accordance with the Court's Scheduling Order.

(j)     Defendant specifically objects to the Plaintiffs' use and definition of the term

"incident" in their Interrogatories and Requests for Production of Documents. General use of the

term "incident" is vague, ambiguous, subject to multiple interpretations and likely to engender

substantial confusion, particularly in light of the fact that no definition of the term has been

offered by Plaintiffs.

## REQUESTS FOR PRODUCTION

1.)     All records of communications between MFHMA and receiving Crisis Stabilization
Center (CSC) regarding transfer of plaintiff MFHMA.

RESPONSE:   See medical records for Plaintiff's April 2000 admission to MFHMA which have
previously been provided to Plaintiff.

2.)     Copies of documents employing, appointing or engaging Ravi Berry by MFHMA.

RESPONSE: Objection, to the extent implies a relationship between Dr. Berry and MFHMA
other than that Dr. Berry had privileges at MFHMA and on the basis that Dr. Berry's
credentialing file is irrelevant and privileged, not subject to discovery.

3.)     Copies of all licenses to practice medicine from Ohio and other local and foreign states
or countries where you have been licensed to practice.

RESPONSE: Objection, this request is ambiguous and more properly directed to Dr. Berry.

4.)     Copies of all documents you will use in your litigation of this case.

RESPONSE:   Objection, requests information protected by work product privilege, is overly
broad and unduly burdensome; without waiving the objections, other than the medical records,
Plaintiff's application for the position of echosonographer and related documents, and the
records of the October 6, 2000 calls to CPD and security, all of which have previously been
provided to Plaintiff, Defendant has not yet determined those documents it will use at trial.

3

$E4.55$

5.) Published qualifications for the positions of (i) ultrasound technologist, (ii) Echo Tech, and (iii) Regional Director of Epidemiology that plaintiff applied for and not hired.

RESPONSE: Objection, to the extent the request references an application by Plaintiff for position as Regional Director of Epidemiology and ultrasound technologist; without waiving the objections, published qualifications for an echosonographer's position in 2000 are no longer available.

6.) List and identification of specific witnesses with names, titles, positions, addresses who testify in this case and subject of testimonies.

RESPONSE: Objection, undetermined at this time.

7.) All records of communications between Berry and the Hospital and its employees relating to Plaintiff.

RESPONSE: Objection, ambiguous, overly broad and unduly burdensome; without waiving the objections, see Plaintiff's medical records for his April 2000 admission, previously provided to Plaintiff. Defendant reserves the right to supplement its response based on records that may be available through co-Defendant or otherwise.



8.) Copy of plaintiff's signed written informed consent for transfer to the purported Crisis Stabilization Center.

RESPONSE: Objection, to the extent the request implies the document is applicable to Plaintiff; without waiving the objection, Defendant is unaware of any such document.

9.) Documents reflecting all that you and or your qualified designee told plaintiff in order for him to make informed consent for transfer to Crisis Stabilization Center (CSC).

RESPONSE: Objection, overly broad and ambiguous; without waiving the objection, Defendant is unaware of any documents that are responsive to this request, other than Plaintiff's medical records.

10.) Signed "Doctor Certification for Patient-Plaintiff Transfer Order" to Crisis Stabilization Center (CSC) showing executed sections, i.e. Patient Condition, Receiving Facility-CSC, Method of Transfer. Reason for Transfer, Patient-Plaintiff Certification and Signature, Doctor's Certification and Signature, and Summary of the risks and benefits upon which the certification is based.

RESPONSE: Objection, overly broad, unduly burdensome, ambiguous and to the extent that the request implies that the identified document is applicable to Plaintiff; without waiving the objections, Defendant is aware of no such document.

4

Ex. 56

11.) The signed document or certification of the receiving facility-CSC showing available space and qualified personnel for the treatment of the plaintiff, agreement to accept transfer of plaintiff and to provide appropriate medical treatment.

RESPONSE: Objection, overly broad, unduly burdensome, ambiguous and to the extent that the request implies that the identified document is applicable to Plaintiff; without waiving the objections, Defendant is aware of no such document.

12.) Copy of documentary evidence of transmission or sending plaintiff's medical records to and receipt thereof by CSC.

RESPONSE: Objection, overly broad, unduly burdensome, ambiguous and to the extent that the request implies that the identified activity is applicable to Plaintiff; without waiving the objections, Defendant is aware of no such "documentary evidence".

13.) Copy of plaintiff's signed written informed consent for transmission or sending his medical record to CSC.

RESPONSE: Objection, the request is ambiguous and overly broad; without waiving the objection, see plaintiff's medical records for his April 2000 admission, although this Defendant does not have specific knowledge to establish that the Plaintiff's medical records were provided to CSC.

14.) Copy of documentary evidence of date and time of the day of the transfer actual reception and acceptance of plaintiff by CSC's receiving physician or designated qualified medical staff.

RESPONSE: Objection, the request is improperly directed to this Defendant, and to the extent it implies that the requested documentation is applicable to Plaintiff; without waiving the objection, this Defendant is unaware of any documents responsive to this request, other than references to CSC contained in the Plaintiff's medical record.

15.) Copy of the transcript of the deposition of plaintiff.

RESPONSE: Objection, constitutes harassment, unduly burdensome, and may violate an implied contract with the court reporter who transcribed said deposition; without waiving the objection, Defendant is not obligated to provide said document.

16.) Copy of the policy of your general and medical liability insurance showing the amount of coverage.

RESPONSE: MFHWH is self-insured.

Et. 57

17.) Your published qualifications for the second – year family practice resident position that plaintiff applied for and not hired.

RESPONSE: Objection, overly broad, unduly burdensome and to the extent the request implies that MFHMA has "published" the requested information and to the extent that the request implies that MFHMA was involved in Plaintiff's alleged application for said position; without waiving the objections, this Defendant is unaware of documents responsive to this request.

18.) All documents respecting McCoy job interview of plaintiff.

RESPONSE: Objection, overly broad, ambiguous, without waiving the objection, other than information recorded on Plaintiff's application, copies of which have been provided, Defendant is not aware of any "interview notes."

19.) All documents respecting Daleiden job interview of plaintiff.

RESPONSE: Objection, overly broad, ambiguous, without waiving the objection, other than information recorded on Plaintiff's application, copies of which have been provided, Defendant is not aware of any "interview notes."

20.) All documents respecting testing plaintiff, doing and passing employment Echo scanning test.

RESPONSE: Objection, to the extent that the request refers to Plaintiff "passing" echocardiogram demonstration; without waiving the objection, see attached.

21.) All documents respecting communications between McCoy and Daleiden relating to testing, interviewing and evaluation of plaintiff for the Echo-Tech position.

RESPONSE: Objection, overly broad, ambiguous and privileged; without waiving the objection, see attached.

22.) All documents respecting communications between McCoy and Daleiden and the hiring manager relating to plaintiff.

RESPONSE: Objection, overly broad, ambiguous and to the extent the request implies that any such communication occurred and/or that it was required to be documented; without waiving the objection, Defendant is not aware of any such documentation.

23.) All documents respecting communications between hiring manager and vice-president of the human resources relating to plaintiff.

RESPONSE: Objection, overly broad, ambiguous and to the extent the request implies that any communication that may have occurred was or was required to be documented; without waiving the objection, Defendant is not aware of any such documentation.

6

Ex. 58

24.)   The Hospital's policy and procedures on patient informed consent.

RESPONSE:  Objection, irrelevant and ambiguous; without waiving the objection, Defendant has made a diligent search for the requested policy in effect in 2000, but is unable to locate this document.  In the event the document is located, Defendant will supplement it's responses.

25.)   The Hospital's policy and procedures on transfer and referral of patients.

RESPONSE:   Objection, overly broad, ambiguous and irrelevant; without waiving the objections, see attached.  Objection, irrelevant and ambiguous; without waiving the objection, Defendant has made a diligent search for the requested policy in effect in 2000, but is unable to locate this document.  In the event the document is located, Defendant will supplement it's responses.

26.)   Copy of the contract of affiliation with the participation of University of Cincinnati College of Medicine relating to the Family Practice Residency Training Program of MFHMA.

RESPONSE:  Objection, irrelevant and to the extent the requested information exists, it is privileged proprietary information, not subject to discovery.

27.)   Copy of the selection criteria for hiring second year family practice training resident, ultrasound technologist, echo-tech, regional director of epidemiology and information regarding the "selection criteria" for second year family practice residency is not a function of MFH.

RESPONSE:  Objection, irrelevant as to the positions of ultrasound technologist, and regional director of epidemiology; without waiving the objection, information regarding "selection criteria" for a second year family practice residency is not a function of MFH.

AS TO OBJECTIONS:

Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH  45202
Email:  kcarroll@kplaw.com
Phone:  (513) 381-0656/381-5823
TRIAL COUNSEL FOR DEFENDANTS, MERCY
FRANCISCAN HOSPITAL – WESTERN HILLS, MERCY
FRANCISCAN HOSPITAL – MT. AIRY, S. GRINNEL, C.
LOBECK, J. BRONHERT, J. DALEIDEN, C. MCCOY,
AND JANE(S) DOE(S) NURSES MERCY FRANCISCAN
HOSPITAL – MT. AIRY

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 1st day of

December, 2006, by regular U.S. mail and/or hand delivery upon the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
PLAINTIFF, PRO SE

Deborah R. Lydon, Esq.
Jennifer Mitchell, Esq.
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
TRIAL COUNSEL FOR DR. BERRY

Karen A. Carroll (0039350)

277478.1:CA042.AM001

8

Ex. 60

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU

Plaintiff

CASE No.: C-1-01-182
[Spiegel/Black]

**RESPONSES TO PLAINTIFF'S
SETS OF INTERROGATORY UPON
MERCY FRANCISCAN HOSPITAL MT AIRY**

MERCY FRANCISCAN HOSPITAL
Defendants

## GENERAL OBJECTIONS

(a)    The information supplied in these Responses is not based solely upon the knowledge of

the verifying party, but includes information assembled by and/or within the knowledge of the party's

authorized agents, representatives, and, unless privileged, attorneys. Given the alleged facts and nature

of Plaintiffs' claims combined with other circumstances, and because much of the information is of, or

relates to, events of several years ago, it may be difficult, if not impossible, for Defendant to retrieve or

produce some of the requested information. It is also possible that some of the individuals who might

have had personal knowledge of the matters to which Plaintiffs' discovery relate are unavailable to

Defendant. Defendant is engaged in an ongoing investigation with respect to the matters inquired into

by Plaintiffs' discovery. Accordingly, Defendant, hereby reserves its right to amend these Responses if

new or more accurate information becomes available or if errors are discovered. For this reason,

Defendant cannot attest to the completeness, veracity or accuracy of all such information.

Furthermore, these Responses are given without prejudice to the Defendant's respective rights to rely at

trial upon subsequently discovered information, or upon information inadvertently omitted from these

Responses as a result of mistake, error or oversight.

$Ex \cdot 61$

1

(b)    All Responses provided by or on behalf of Defendant are subject to continuing

investigation and discovery, and Defendant reserves its individual rights to supplement or amend said

Responses at any time during the course of this litigation.

(c)    Defendant objects to Plaintiff's Requests for Admissions as Defendant has not been

provided with sufficient information by Plaintiff to enable it to respond completely to these discovery

requests, either in whole or in part.

(d)    Defendant objects to Plaintiffs' Interrogatories and Requests for Production as being

overly broad, exceedingly vague, inconsistent, irrelevant, prejudicial, unduly burdensome, harassing,

oppressive, and  lacking in requisite particularity.

(e)    Defendant further objects on the basis that some of Plaintiffs' Interrogatories and

Requests for Production assume the truth of facts not in evidence or otherwise proven.

(f)    Plaintiffs' Interrogatories and Requests for Production are also objected to on the

grounds that they seek to discover information which is irrelevant, lacking in materiality and/or not

reasonably calculated to lead to the discovery of admissible evidence.

(g)    Defendant further objects to each and every one of Plaintiffs' Interrogatories and

Requests for Production to the extent that that they seek to discover information which is privileged

and/or immune from discovery, whether by virtue of the physician-patient, attorney-client, and/or work

product doctrines, or any other applicable federal or state privilege.

(h)    Plaintiffs' Interrogatories and Requests for Production are further objectionable to the

extent that some seek to discover information that is confidential, proprietary or privileged.

(i)    Defendant specifically objects to any Interrogatory or Request for Production of

Documents that seeks to discover trial preparation or other privileged expert information and/or data.

Appropriate disclosures shall be made in accordance with the Court's Scheduling Order.

(j)    Defendant specifically objects to the Plaintiffs' use and definition of the term "incident"

in their Interrogatories and Requests for Production of Documents. General use of the term "incident"

$E\mathcal{f} \cdot 6$

is vague, ambiguous, subject to multiple interpretations and likely to engender substantial confusion,

particularly in light of the fact that no definition of the term has been offered by Plaintiffs.

## INTERROGATORIES

1.      State the full name, job title and position of the persons who are participating or
participated in answering these interrogatories for and on behalf of MFHMA other than your
counsel [Attorneys are barred from answering interrogatories for and on behalf of their clients]

ANSWER: Michelle Byrd, Risk Manager, Mercy Franciscan Hospital Mt. Airy.

2.      Describe in complete detail MFH' Policies, Procedures. Rules, Regulations, Guidelines,
Standards and Practices for your Emergency Department (ED) to follow when a patient with
mental/psychiatric, and physical/medical illnesses come into the ED for care

ANSWER: Objection, overly broad, unduly burdensome, prejudicial, irrelevant, oppressive, seeks to
discovery sensitive or proprietary information not reasonably calculated to lead to the discovery of
admissible evidence. Defendant is unable to reasonably respond to Plaintiff's Interrogatory No. 2 in its
current form.

3.      Describe in complete detail MFH' Policies, Procedures, Rules, Regulations, Guidelines,
Standards and Practices for your Inpatient Department (ID) to follow when a patient with
mental/psychiatric, and physical or medical illnesses is ultimately hospitalized therein from the ED for
inpatient care

ANSWER: Please see Defendant's response to Interrogatory No. 2.

4.      Describe in complete detail the MFH's Policies, Procedures, Rules, Regulations, Guidelines,
Standards and Practices for MFH to follow when intending to transfer from MFH to another healthcare
facilities a patient like plaintiff with mental/psychiatric, and physical/medical illnesses who has been
hospitalized and undergoing care at your ID

ANSWER: Please see Defendant's response to Interrogatory No. 2.

5.      State/describe in complete detail nature and substance of the then and now relationship between
MFH and Berry

ANSWER: Objection, overly broad, irrelevant, not reasonably calculated to lead to the discovery of
admissible evidence and ambiguous. Without waiving the foregoing objections, and assuming that by
"Berry" Plaintiff is referring to Ravi Berry, M.D., Defendant states that Dr. Berry was an independent
medical practitioner with medical staff privileges at MFHMA during the "relevant period."

6.      During the relevant period, was Berry restricted, limited, or precluded upon type and scope of
practice by MFH's Policies, Procedures, Rules, Regulations, Guidelines, Physician-Privileges,
Standards and Practices from performing appropriate medical screening, taking complaint, history,

$Ex.63$

performing physical examination, review of systems, diagnostic tests, findings, diagnosis, monitoring, and obtaining consultations to other medical specialists for biological, physical or medical illnesses that co-existed with psychiatric illness of plaintiff? If yes, state the specific bases in facts, law and evidence and why plaintiff was not so informed by you; if no, explain why these components were not preformed

ANSWER: Objection, overly broad, unduly burdensome, prejudicial, ambiguous, confusing, compound, irrelevant, seeks to discovery information that is statutorily privileged and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving the objection MHF polices and regulations do not direct physicians' practices.

7.     Describe/state in complete detail the rationale, benefits and risks of transfer of plaintiff from MFH to CSC and how the benefits/risks ratio of transferring and treating plaintiff at Crisis Stabilization Center (CSC) outweigh the benefits/risks ratio of retaining and treating plaintiff at MFH.

ANSWER: Overly broad, unduly burdensome, irrelevant, ambiguous, prejudicial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendant is unable to reasonably respond to Plaintiff's Interrogatory No. 7 in it present form, particularly as the interrogatory is more appropriately directed to Dr. Berry.

8.     Did you adhere to the statutory, regulatory, and professional standard of care for appropriate medical screening, evaluation, management, informed consent and transfer of patient established by:

(a)    Mercy Franciscan Hospital (MFH) policies, procedures, rules, regulations and guidelines

("Bylaws")

(b)    Joint Commission on Accreditation of Healthcare Organizations (JCAHO)

(c)    American College of Emergency Physicians (ACEP)

(e)    Section 9121 of Consolidated Omnibus Budget Reconciliation Act of 1985, as amended

("COBRA")

Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 USC 1395 et seq. or Section 1867 of the Social Security Act. Collectively (" COBRA, EMTALA, or ANTI-DUMPING LAW")

(f)    American Medical Association ("AMA")

(g)    American Psychiatric Association ("APA")

(h)    Ohio Mental Health Law (OHMHL) and Ohio Administrative Code (OAC)—Anti-dumping law If your answer is "yes", please state when and how you step-by-step adhere to the standard of care for appropriate medical screening, evaluation and management of plaintiffs conditions, discharge and transfer of plaintiff to CSC, describing all due and reasonable care, steps taken and the rationale for them; and pointing to part of the medical records in support

Ex. 64

ANSWER: Objection, overly broad, unduly burdensome, prejudicial, oppressive, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent that this interrogatory requires it to offer testimony beyond the scope of its qualifications and is more appropriately directed to an expert witness qualified to address such issues. Without waiving the foregoing objections, Defendant contends that it did adhere to the applicable standard(s) of care at all times relevant hereto.

9.    As a defendant in employment discrimination and civil rights suits other than the present one, please identify the case by name, court and trial docket number, indicate the substance of the allegations against you and state the outcome of the case including the terms of any settlement for period from 2000 through 2006

ANSWER: Objection, irrelevant, overly broad and unduly burdensome; without waiving the objection, suits are public records. Settlements, if any, are confidential.

10.    During plaintiffs hospitalization, did you set up a combined multidisciplinary team through and by which care of plaintiff was delivered? If "yes"
(a)    state the date and time of the day the team was set up
(b)    state/describe the composition of the team, its leader, and how and when the leader directed the team
(c)    state dates, place, and time of the days it had session, those present and the decisions made
(d)    describe the observations and comments of each of the participating component members regarding treatment planning, discharge planning, transfer planning, referral and follow up
(e)    if you answer is "no", state the bases in facts, evidence, accepted standard and law

ANSWER: Objection, ambiguous and confusing as to the meaning of "combined" multidisciplinary team. This interrogatory requests a narrative response more appropriately reserved for deposition. Without waiving the objection, Defendant states that Plaintiff has been provided with a copy of his medical records which contain the information requested in Interrogatory No. 10.

11. Plaintiffs medical records contains the executed "Doctor Certification for Patient-Plaintiff Transfer Order" from MFHWH to MFHMA, explain why the same records lack "Doctor Certification for Patient-Plaintiff Transfer Order" from MFHMA to Crisis Stabilization Center (CSC) showing executed sections, i.e., Patient Condition, Receiving Facility-CSC, Method of Transfer, Reason for Transfer, Patient-Plaintiff Certification and Signature, Doctor's Certification and Signature, and Summary of the risks and benefits upon which the certification is based

ANSWER: Objection, to the extent the interrogatory implies the procedure is applicable to Plaintiff's discharge to CSC and to the extent that the interrogatory is more appropriately directed to Dr. Berry.

E4.65

12.    Do medical and psychiatric standard of care usually highly correlates with professionally accepted clinical medical and psychiatric textbooks, literatures, journals, treatises, guidelines, and clinical training programs? If yes, identify the title, author, publisher, edition and year of publication of clinical medical and psychiatric textbooks, literatures, journals, treatises, and guidelines which you considered authoritative in the standard of care for medical and psychiatric illnesses and kept in your library for reference by your medical staff during the relevant period and the present time.

ANSWER:  Objection, this interrogatory is overly broad, unduly burdensome, ambiguous, confusing, and more appropriately directed to a qualified expert witness.

13.    Do you or your designees contend that you did not failed to adhere to your MFH-Rules, e.g., your Rules #200, #300, #301, #302, #303, #304, #305, #500 while you were taking care of plaintiff during the relevant period of your care of plaintiff? if yes, state in complete detail the bases in facts, and evidentiary documentations in the medical record and or in your custody

ANSWER:  Objection, overly broad, unduly burdensome, oppressive, ambiguous, particularly as to "designees" and "rules," and to the extent the Interrogatory implies that the cited rules are applicable to this Defendant and/or to Plaintiff's MHF admission.

14.    Is it your contention that the plaintiff by any act or omission caused or contributed to cause you to call your campus security agents and Cincinnati Police to detain, harass and imprison plaintiff at your premises on about 10/6/00? If your answer is yes, please state in detail each act or omission by the plaintiff, which it is contended caused or contributed to cause the alleged occurrence.

ANSWER  Objection, overly broad, ambiguous and Defendant further objects to Plaintiff's assertion that Plaintiff was "detain[ed], harass[ed] and imprison[ed]." Without waiving the objection, the CPD and campus security reports speak for themselves and were provided to Plaintiff in July of 2001.

15.    Please set forth in complete detail the substance of all conversations between your employees, the Cincinnati Police and the plaintiff on or about 10/6/00 at your premises before and at the time you called the police.

ANSWER:  Objection, this interrogatory requires a narrative response and is more appropriately reserved for deposition. Without waiving the foregoing objections, see 10/6/00 security and police reports.

16.    If within the five-year period immediately preceding and after this action, any malpractice lawsuits were filed against the defendant for injury or damage resulting from any treatment, surgical procedure, or operation, therapeutic agent or drug, please state with regard to each such lawsuit from 2000 through 2006
(a)    its nature,
(b)    the date it was filed,
(c)    the place it was filed,

(d)     the court in which it was filed and its docket number,

(e)     the judgment or settlement reached,

**ANSWER**:     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

17. Please state in complete detail the medical history, not psychiatric history, that plaintiff related to you the first time you saw the plaintiff with regard to the medical problems for which you were attending to the plaintiff when he presented at your emergency department and inpatient floor.

**ANSWER**:     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

18. Please describe in complete detail the physical examinations, which you performed on the plaintiff relating to any medical conditions, which the plaintiff had at the emergency department and inpatient floor, stating:

(a)     the dates and places,

(b)     everything which you did and which was done by the plaintiff,

(c)     a description of all physical examination and diagnostic procedures which were done,

(d)     a comprehensive list of your findings.

(e)     Diagnosis and differential diagnoses

(f)     the substance of all conversations, which you had with the plaintiff at those times.

(g)     If you did not do any of them, please so state.

**ANSWER**:     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

Ex. 67

19. Did you classify the plaintiffs mental and medical or physical conditions in accordance with the standard classification of psychiatric disorders promulgated by the American Psychiatric Association or in accordance with the Standard Nomenclature in DSM-IV? If your answer is yes, please state as to each such classification:

(a)     the American Psychiatric Associations or the DSM designation of the mental and medical diagnoses,

(b)     the date on which you first made the diagnoses.

(c)     the complete description in lay terms of the meaning of each of the DSM `Axis' of the diagnosis or classification.

**ANSWER:**     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

20. Did you and the plaintiff enter into an agreement wherein the plaintiff employed you for the purpose of treating his mental and medical conditions? If your answer is yes, please state:

(a)     specifically all that you were to do by way of evaluations, managements and consultations.
(b)     the price you charged, paid and by whom

**ANSWER:**     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

21. Please list by date and time of day each occasion on which you saw the plaintiff from the time you first undertook the plaintiffs care for the medical problems for which you were attending to the plaintiff and describe in detail the course of symptoms and signs, what you observed or were told about the plaintiff's medical problems from the time you first undertook the plaintiffs care for the problem for which you were attending to the plaintiff until your professional relationship with the plaintiff ended.

**ANSWER:**     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

22. Did you evaluate plaintiff for infection of his digestive system or diarrhea for which you prescribed medication? If your answer is yes, please state as to each such evaluation:

(a)     the dates and time of day,
(b)     a complete description of the related physical examination, evidence of infection and diarrhea which you observed,
(c)     monitoring of the progression or courses of the signs and symptoms of infection or diarrhea
(d)     complete physical description of the stool including in your description of its frequency, its

E+.68

color, its smell, its consistency, its amount, its pus and its blood content
(e)     whether you cultured the stool and determine and sensitivity and if so the results thereof
(f)     whether you ordered or performed a gram stain, ova and parasites on the stool and if so the results thereof.
(g)     the steps you took to identify the microorganisms responsible for the infection and the diarrhea.
(h)     The medications you prescribed and administered and the result

**ANSWER:**    Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

23. On any occasion during your care of the plaintiff for the respiratory system problem for which you were attending to the plaintiff were a diagnostic X-ray or radiographic procedure, oximetry, peak flow, blood gases, pulmonary function test performed on and was respiratory therapy ordered for the plaintiff? If your answer is yes, please state as to each such test, order and occasion:
(a)     the date and time of day,
(b)     the type of X-ray or radiographic procedure which was performed, the part of the plaintiffs body which was X-rayed and the views which were taken, the interpretation which was made of the X-ray or radiographic procedure, the name, occupation, title, address, and professional relationship to you of the person who made the interpretation, and the name and address of the person who presently has custody of the films which were taken.
(c)     interpretations and results of other tests
(d)     the findings and diagnosis
(e)     medication(s) prescribed, administered and the response thereto
(f)     if your answer is no, explain why the tests were not ordered or performed

**ANSWER:**    Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

24.     During the relevant period, Plaintiff complained to you of genitourinary system, specifically, scrotal swelling. Explain why the followings were not done, performed or ordered by you:

(a)     the description of symptoms, history, physical examination, review of the system

(b)     diagnostic tests and procedures such as transillumination test, and ultrasound of the scrotum,

(c)     consultations to other specialists

**ANSWER:**    Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

$E \neq . 69$

25. Like in MFH, Plaintiff was hospitalized through the emergency room into inpatient floor of the Tri-Health Hospital (TRH) in Cincinnati for psychiatric and medical illnesses similar to the ones that plaintiff had when he sought care at MFH. Unlike MFH, the THH took, performed, ordered, or conducted, *inter alia,* both psychiatric and medical symptoms, present and past histories, social history, review of systems, diagnostic tests, medical procedures, findings, diagnoses, consultations to other specialists, treatment and discharge planning meetings led by the treating psychiatrist with plaintiff participating, referral, etc. Comparing and contrasting the care that MFH and THH gave plaintiff, will MFH agree if plaintiff contended that THH's care was below the due standard of care? If yes, state your bases in facts, evidence, accepted standard of care and law; and if no, explain why THH adhered to the standard of care and MFH did not

**ANSWER:**    Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

AS TO OBJECTIONS:

Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH 45202
Email: kcarroll@kplaw.com
Phone: (513) 381-0656/381-5823
TRIAL COUNSEL FOR DEFENDANTS, MERCY FRANCISCAN
HOSPITAL – WESTERN HILLS, MERCY FRANCISCAN
HOSPITAL – MT. AIRY, S. GRINNEL, C. LOBECK, J.
BRONHERT, J. DALEIDEN, C. MCCOY, AND JANE(S) DOE(S)
NURSES MERCY FRANCISCAN HOSPITAL – MT. AIRY

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 1st day of

December by regular U.S. mail and/or hand delivery upon the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
PLAINTIFF, PRO SE

Deborah R. Lydon, Esq.
Jennifer Mitchell Orr, Esq.
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
TRIAL COUNSEL FOR DR. BERRY

Karen A. Carroll (0039350)

Ex·70

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **DARLINGTON AMADASU, pro se** | : Case No. 1:01cv182 |
| | : |
| Plaintiff, | : (Judge Spiegel/Magistrate Judge Black) |
| | : |
| vs. | : **RESPONSES TO PLAINTIFF'S** |
| | : **REQUEST FOR ADMISSIONS TO** |
| **MERCY FRANCISCAN HOSPITAL –** | : **MERCY FRANCISCAN HOSPITAL** |
| **WESTERN HILLS, et al.,** | : **WESTERN HILLS** |
| | : |
| Defendant. | : |

## GENERAL OBJECTIONS

(a) The information supplied in these Responses is not based solely upon the knowledge of the verifying party, but includes information assembled by and/or within the knowledge of the party's authorized agents, representatives, and, unless privileged, attorneys. Given the alleged facts and nature of Plaintiffs' claims combined with other circumstances, and because much of the information is of, or relates to, events of several years ago, it may be difficult, if not impossible, for Defendant to retrieve or produce some of the requested information. It is also possible that some of the individuals who might have had personal knowledge of the matters to which Plaintiffs' discovery relate are unavailable to Defendant. Defendant is engaged in an ongoing investigation with respect to the matters inquired into by Plaintiffs' discovery. Accordingly, Defendant, hereby reserves its right to amend these Responses if new or more accurate information becomes available or if errors are discovered. For this reason, Defendant cannot attest to the completeness, veracity or accuracy of all such information. Furthermore, these Responses are given without prejudice to the Defendant's respective rights to rely at trial upon subsequently discovered information, or upon information inadvertently omitted from these Responses as a result of mistake, error or oversight.

1

E+·71

(j)    Defendant specifically objects to the Plaintiffs' use and definition of the term

"incident" in their Interrogatories and Requests for Production of Documents. General use of the

term "incident" is vague, ambiguous, subject to multiple interpretations and likely to engender

substantial confusion, particularly in light of the fact that no definition of the term has been

offered by Plaintiffs.

## REQUEST FOR ADMISSIONS

1. Admit that you have records of communications between you and receiving physician of MFHMA regarding your transfer of plaintiff to MFHMA, whereas MFHMA has no records of communications between it and the receiving physician of the purported Crisis Stabilization Center regarding transfer of plaintiff thereto.

**ANSWER:** Objection, overly broad and ambiguous; without waiving the objection, ADMIT the request as related to the transfer between MFHWH and MFHMA; this Defendant is unable to admit or deny the request as to the patient's transfer to CSC.

2. Admit that you have and can produce documents showing that you and or your qualified designee communicated with plaintiff in order for him to make informed consent for your transfer of plaintiff to MFHMA, whereas MFHMA has no and cannot produce documents showing that it and or its qualified designee communicated with plaintiff in order for him to make informed consent for transfer to Crisis Stabilization Center (CSC).

**ANSWER:** Objection, overly broad and ambiguous; without waiving the objection, ADMIT the request as related to the transfer of the patient from MFHWH to MFHMA; DENY the lack of documentation signifying plaintiff's agreement to discharge from MFHMA to CSC.

 3.    Admit that you executed "Doctor Certification for Patient-Plaintiff Transfer Order" to MFHMA showing executed sections, i.e., Patient Condition, Receiving Facility-CSC, Method of Transfer, Reason for Transfer, Patient-Plaintiff Certification and Signature, Doctor's Certification and Signature, and Summary of the risks and benefits upon which the certification is based, whereas MFHMA failed to execute "Doctor Certification for Patient-Plaintiff Transfer Order" to Crisis Stabilization Center (CSC) showing executed sections, i.e., Patient Condition, Receiving Facility-CSC, Method of Transfer. Reason for Transfer, Patient-Plaintiff Certification and Signature, Doctor's Certification and Signature, and Summary of the risks and benefits upon which the certification is based

 **ANSWER:** Objection, overly broad and ambiguous; without waiving the objection, MFHWH ADMITS that part of the request related to the "Doctor Certification Patient Transfer Order" for the patient's transfer from MFHWH to MFHMA. Defendant further objects to the extent that the request implies that the identified document has application to the patient's transfer from MFHMA; without waiving the objection, this Defendant cannot admit or deny the request as

3

$E4 \cdot 72$

related to the patient's transfer from MFHMA to CSC.



4.      Admit that you have or you can produce signed document or certification of the receiving facility MFHMA showing availability of space and qualified personnel for the treatment of the plaintiff, agreement to accept transfer of plaintiff and to provide appropriate medical treatment that have enabled your order to transfer, whereas MFHMA has no or it cannot produce signed document or certification of the receiving facility-CSC showing availability of space and qualified personnel for the treatment of the plaintiff, agreement to accept transfer of plaintiff and to provide appropriate medical treatment that should have enabled it order to transfer



**ANSWER:** Objection, overly broad and ambiguous; without waiving the objection, MFHWH ADMITS that part of the request related to the "Doctor Certification Patient Transfer Order" for the patient's transfer from MFHWH to MFHMA. Defendant further objects to the extent that the request implies that the identified document has application to the patient's transfer from MFHMA; without waiving the objection, this Defendant cannot admit or deny the request as related to the patient's transfer from MFHMA to CSC.

5.      Admit that you have document showing the date and time of the day that receiving facility-MFH and or receiving physician or designated qualified medical staff of MFHMA received and accepted plaintiff upon his transfer by you, whereas MFHMA has no document showing the date and time of the day that receiving facility-CSC and or receiving physician or designated qualified medical staff of CSC received and accepted plaintiff upon his transfer by MFHMA

**ANSWER:** Objection, overly broad and ambiguous; without waiving the objection, MFHWH ADMITS that part of the request related to the "Doctor Certification Patient Transfer Order" for the patient's transfer from MFHWH to MFHMA. Defendant further objects to the extent that the request implies that the identified document has application to the patient's transfer from MFHMA; without waiving the objection, this Defendant cannot admit or deny the request as related to the patient's transfer from MFHMA to CSC.

6.      Admit that when you first came into contact with the plaintiff with regard to the problem for which you were attending the plaintiff at your Emergency Department (ED) you were required under MFH's Rule #200 to perform medical screening of plaintiff

**ANSWER:**   Objection, to the extent the request is ambiguous, irrelevant, overly broad, improperly addressed to this Defendant; without waiving the objection, Defendant denies the rule is applicable.

7.      Admit that plaintiff's medical records show that like MFHMA, you failed to make appropriate medical screening, evaluation and management or document the plaintiff's medical or physical illnesses co-morbid with his psychiatric conditions required under

4

$Ex. 73$

COBRA/EMTALA, and MFH's Rule #200

**ANSWER:**  Objection, the request is ambiguous, irrelevant, argumentative, is improperly drafted in that the cited COBRA/EMTALA Sections are not adequately identified or attached, and improperly addressed to this Defendant; without waiving the request, DENY to the extent that the request implies a failure on the part of this Defendant.

8.  Admit:

(a) That on 10/6/00 Berry communicated to MFHMA security agents who documented that per Psych Dr Berry subject (plaintiff) has record for spousal abuse & assault on a police officer — Also per Dr. Berry subject is believed to carry out either threats mode or statements of violence by same."

(b) That Berry also told the MFHMA security agent who documented that "Dr. Berry informed security to have subject [plaintiff] taken off property"

(c) That the agents subsequently communicated those statements to other known and unknown third-parties, MFH employees and to the Cincinnati Police

(d) That the above statements about plaintiff are wholly false.

(e) That you, Berry and MFHMA have no evidentiary document for the truth of the above statement

(f) That Berry and MFHMA knowingly fabricated the false statements of fact.

(g) That Berry and MFHMA deliberately concocted the false statements of fact so as to instigate the agents and Police's injurious actions of harassment, detention and imprisonment against plaintiff

(h) That Berry and MFHMA have no basis or reason for directing security agent to take plaintiff off the MFHMA where plaintiff was there as peaceful MFH's business invitee and guest

**ANSWER:**  Objection, the request is ambiguous, improperly addressed to this Defendant, improperly drafted in that the documents allegedly containing the quoted statements are not attached and on the basis that there are numerous subparts to the request; without waiving the objection, Defendant cannot admit or deny the request as drafted.

9.  Regarding the informed consent for transfer to Crisis Stabilization Center, admit MFHMA

(a) failed to obtained plaintiff's signed written informed consent for transfer to Crisis Stabilization Center

(b) that no body or person obtained signed written informed consent from plaintiff before transfer,

(c) that neither MFHMA nor any other person made any communication or disclosure to the plaintiff for the purpose of obtaining the mandatory signed written informed consent for the transfer,

(d) that nobody in any manner, oral or in writing, communicated any plaintiff's consent to MFHMA that should have enabled it transfer plaintiff

(e) that MFH does not and cannot produce plaintiff's signed written informed consent for transfer

5

$E + 74$

(f) Whereas regarding the informed consent for transfer from MFHWH to MFHMA, the opposites of the (a) to (e)-facts are true for MFHWH



**ANSWER:** Objection, the request is ambiguous, improperly addressed to this Defendant, and improperly drafted on the basis of the numerous subparts; without waiving the objection, Defendant ADMITS that plaintiff gave informed consent for his transfer from MFHWH to MFHMA; Defendant cannot admit or deny the request as it relates to discharge of the patient from MFHMA to CSC, except to the extent that the MFHMA record reflects plaintiff agreed to be discharged to CSC.

10. Admit that MFH failed to follow the accepted standard of care for taking and documenting complete plaintiff's medical and psychiatric histories and records including all chief complaints, history of present illnesses, past history, family history, review of systems, personal or social history, physical examination, diagnostic tests, diagnosis as you received it or otherwise as you should have taken them at your ED

**ANSWER:** Objection, overly broad, ambiguous and improperly addressed to this Defendant; without waiving the objection, Defendant DENIES to the extent the request is intended to allege any failure on the part of this Defendant.

11. Concerning plaintiff's complaint at your ED of respiratory problems such as shortness of breath, chest tightness, admit

(a) that you failed to follow the accepted standard of care for plaintiff's presenting respiratory problems

(b) that you failed to document symptoms and history given by plaintiff or take your own history

(c) that you failed to perform medical screening, and related physical examination on the plaintiff on first and subsequent occasions and failed to make list of your findings.

(d) That you failed to perform or ordered diagnostic tests and procedures.

(e) That you failed to have conversations with the plaintiff during the course of your treating him (0 That you failed to make consultation requests to pulmonary/respiratory specialists or other health profession specialist on call at the ED

**ANSWER:** Objection, to the extent that the request sets forth unsubstantiated "facts"; is ambiguous, improperly drafted related to numerous subparts, and is improperly addressed to this Defendant; without waiving the objection, Defendant DENIES that plaintiff made the complaints referenced in the request.

12. At any time during your care of the plaintiff for the problem for which you were attending to the plaintiff at your ED, plaintiff complained of abdominal pain, diarrhea or an infection of the digestive system, and based on the review of the medical records, admit:

6

$E + .75$

(c) that no communications, discussions or disclosures were made to plaintiff to elicit his informed consent or plaintiff was not `informed' in order to give informed consent' to transfer

(d) that plaintiff did not fit into the characteristics of patient and had no type of crisis and illnesses indicative of being transferred to CSC and you had no clinical objectives and data upon which you based your determination to transfer

(e) that plaintiff had no crisis or condition whatsoever, indicative of being transferred to CSC and no data on which you based your order to transfer

(f) that plaintiff's medical record was transferred to CSC without plaintiff's authorization

(g) that you never took or executed any of the accepted steps, procedures and processes of professional and statutory standard of care for transfer established by MFH, JCAHO, ACEP, "COBRA, EMTALA, or federal ANTI-DUMPING LAW", APA, AMA, so state your bases

**ANSWER:** Objection, overly broad, unduly burdensome and ambiguous, and improperly directed to this Defendant; without waiving the objection, Defendant cannot admit or deny the request as it was not involved in the patient's "transfer" from MFHMA to CSC.

22. Regarding plaintiff's right of access to and to obtain his medical record, admit

(a) that on or about May 1 and 3, 2000, at MFH campuses, plaintiff executed Authorization for Release of Medical Information (ARMI) to obtain his medical records [Ex.3, 18 of Rule 26(a) Initial Disclosure]

(b) upon being informed by your employees, Diana and Cindy, about your lost of the initial ARMI, plaintiff executed another one on or about 8/21/2000 and 8/27/2000

(c) Inspite of plaintiff's repeated ARMI and telephone reminders MFH neglected, failed and refused to release to him his medical records

(d) On or about 10/4/2000, MFH invited plaintiff to pick up his medical records on 10/6/2000

(e) On or about 10/6/2000, plaintiff appeared at the Medical Records Office of MFHMA as your invited business guest to pick up his medical records and showed them his physician-ID

(f) Upon your refusal to deliver the records to him, plaintiff politely requested to meet with the MFHMA President, Grinnell. And defendant June Bronhert led plaintiff to Grinnell to whom plaintiff complained and requested to direct the release of his records

(g) Grinnell told plaintiff to go back with Bronhert to pick up his records.

(h) While plaintiff was peacefully with Grinnell on the 2nd floor, MFHMA communicated with and invited its security agents and Cincinnati Police

(i) The said security agents and the police detained and imprisoned plaintiff in a room of MFHMA

(j) There was no justification for calling the agents and police on plaintiff

**ANSWER:** Objection, overly broad, unduly burdensome, ambiguous, oppressive, improperly drafted and improperly directed to this Defendant; without waiving the objection, Defendant

11

Ex · 76



ADMITS that plaintiff attached Authorizations for the Release of Medical Information dated May 1st and August 21st to his Rule 26 initial disclosure; Defendant can neither admit or deny subparts (b) thru (j).

23. Regarding MFH's communication to 911-Public Communication Section, admit:

(a) that on 10/6/00, MFH by and through its employee, Dorothy Williams, communicated to the Public through operators of 911 that plaintiff was "disorderly person" and "pretending to be a doctor" that the statements are wholly untrue

(c) that plaintiff was and is a bona fide medical doctor and was never a "disorderly person"

(d) that Police Officer, Ralph Merritt, never observed, saw or reported plaintiff as a "disorderly person"

(e) that MFH has no testimonial or documentary evidence of the truth of the statements

(f) that MFH acknowledged to 911 that plaintiff "requested his records to be released and was "trying to get the same records" [see Ex.5, 18 of Plf. Rule 26(a) Initial Disclosure]

(g) that MFH acknowledged that "Amadasu leaving the president's office on the 2nd floor"

(h) that the medical record was belatedly released to plaintiff on or about postmarked 10/25/2001, i.e., after 15-months of denying plaintiff the records

**ANSWER:** Objection, overly broad, ambiguous, unduly burdensome, improperly directed to this Defendant; without waiving the objection and based on Ex. 5 of Plaintiff's Initial Disclosures, Defendant DENIES subparts (a), (c), (f), and (i); ADMITS that the referenced document contains the statements set forth in subparts (g) and (h); and is unable to admit or deny the statements set forth in subparts (d) and (e).

24. Admit
- (a) that by his 10/17/2000 letter to plaintiff, Defendant Grinnell acknowledged that plaintiff suffered "inconveniences and frustration" as a result of MFH's refusal to release to him medical records [see Ex.8 of Plf. Rule 26(a) Initial Disclosure]
- (b) that by 01/04/2001 letter to plaintiff, MFH acknowledged that plaintiff experienced "delay and frustration" in obtaining his chart [see Ex. 11 of Plf Rule 26(a) Initial Disclosure]

(c) that in the MFH's Security Incident Report dated 10/6/2000 and signed by Kevin L. Haines, Sr. Security Officer, MFH acknowledged (i) that plaintiff made repeated requests for his medical records and was denied and (ii) that on 10/6/2000 plaintiff came to MFHMA solely and purposely to pick up his medical records and again was denied [See Ex.7, Dft R.26 (a) Initial Disclosures]

**ANSWER:** Objection, overly broad, ambiguous, unduly burdensome, improperly directed to this Defendant, and improperly drafted; without waiving the objections, and based on the Exhibits referenced in the request, Defendant ADMITS the referenced letters contains the words quoted in subparts (a) and (b) and that the Security Report contains generally the information set forth in subpart (c), but DENIES the accuracy of Plaintiff's characterization re: "MFH's refusal" in subpart (a).

12

$E+.77$

25. Based upon review of the MFH Medical Staff Rules and Regulations (MFH Rule), admit

(a) that Emmett G. Cooper, M.D. (Dr. Cooper) was the Consultant Psychiatrist on-
    call when plaintiff presented at the Emergency Department
(b) that referral was not made to Dr. Cooper to see and manage plaintiff or

(c) that referral was made to Dr. Cooper but failed and refused to see and manage plaintiff.

(d) that MFH Rule #1 was not followed

**ANSWER:** Objection, ambiguous, unduly burdensome and improperly drafted; without waiving the objection, Defendant can neither admit or deny the statements made in subparts (a) thru (c) and DENIES the statement set forth in subpart (d).

26. Admit

(a) that MFH Rule #200 mandates performance of medical screening at the Emergency Department (ED)

(b) that medical screening was not performed on plaintiff at ED

**ANSWER:** DENY.

27. Admit

(a) that MFH Rule #300 mandates performance of complete history and physical examination by licensed doctor of medicine

(b) that complete history and physical examination by licensed doctor of medicine was not performed on plaintiff

(c) that Berry and MFH violated this Rule

**ANSWER:** Objection, overly broad, unduly burdensome and improperly drafted and improperly directed to this Defendant; without waiving the objections, Defendant ADMITS the substance of Rule 300 as set forth in subpart (a), but DENIES its application to plaintiff and DENIES subpart (c) as directed to MFH; Defendant can neither admit or deny the statement set forth in subpart (b).

28. Admit

(a) that MFH Rule #301 mandates performance of progress notes to be added to the patient's medical record

(b) that progress notes on plaintiff's medical illnesses were not performed or added to plaintiffs medical records

(c) that Berry and MFH violated this Rule

**ANSWER:** Objection, unduly burdensome, overly broad, improperly drafted and improperly directed to this Defendant; without waiving the objection and based on the medical records from MFHMA, Defendant ADMITS subpart (a) and DENIES subparts (b) and (c).

13

$Ex \cdot 78$



29. Admit

(a) that MFH Rule #302 mandates consultations to medical consultants to examine and manage plaintiff, review records and to make signed written opinion based on his/her examination, management of plaintiff and review of the records and such opinion is be added to the plaintiffs medical records

(b) that plaintiff's medical records are barren with (i) consultations to medical consultants to examine and manage plaintiff's medical illnesses and (ii) signed written opinion thereon

(c) that Berry and MFH violated this Rule



**ANSWER:** Objection, ambiguous, unduly burdensome, and improperly directed to this Defendant; without waiving the objection, and based on Plaintiff's record from MFHMA, Defendant DENIES subparts (a) and (c); Defendant ADMITS that Plaintiff's medical record does not evidence any "consultations."



30. Admit

(a) that MFH Rule #303 mandates "In order for a patient to be transferred from the care of one practitioner to another, the practitioner who will be assuming the care of patient must agree to the transfer prior to the actual transfer itself. A note covering the transfer of responsibility shall be recorded in the progress notes or on the order sheet of the medical record by the practitioner transferring the responsibility"

(b) that the plaintiffs medical records are without the documentations complying with this Rule

(c) that Berry and MFH violated this Rule



**ANSWER:** Objection, the request is improperly drafted and improperly directed to this Defendant; without waiving the objection, and based on Plaintiff's records from MFHMA, Defendant ADMITS subpart (a) in that Rule 303 contains the quoted language, but DENIES its application to Plaintiff; Defendant DENIES the subparts (b) and (c).

31. Admit

(a) that MFH Rule #304 mandates performance of complete and correct medical records of patients

(d) that Berry failed to make complete and correct medical records in general and specifically of plaintiffs medical illnesses

(e) that Berry and MFH violated this Rule

(f) that MFH received Plaintiffs complaints about this violation [See Ex.2, 9, 10, 11 of Plf. Rule 26(a) Initial Disclosures]



**ANSWER:** Objection, overly broad, ambiguous, improperly drafted and improperly directed to this Defendant; without waiving the objection, and based on Plaintiff's records from MFHMA, Defendant ADMITS subpart (a) and (f) and DENIES subparts (d) and (e).

32. Admit

14



(a) that MFH Rule #305 mandates performance of signed written complete and correct discharge summary for patients who are hospitalized over 48 hours or signed written transfer summary if the patient is transferred

(b) that Berry failed to make complete and correct discharge or transfer summary

(c) that Berry and MFH violated this Rule

**ANSWER:** Objection, overly broad, ambiguous, improperly drafted and improperly directed to this Defendant; without waiving the objection, and based on Plaintiff's records from MFHMA, Defendant admits subpart (a) and DENIES subparts (b) and (c).

33.  Admit

(d) that MFH Rule #500 requires members of the medical staff to fully comply with the

corporate policy regarding patient rights, inter alia, items #14 through #25 of the Rule

(e) that Berry and MFH denied plaintiff his rights of items #14 through #25

(f) that Berry and MFH violated this Rule

**ANSWER:** Objection, overly broad, ambiguous, improperly drafted and improperly directed to this Defendant; without waiving the objection, and based on Plaintiff's records from MFHMA, Defendant admits subpart (d) and DENIES subparts (e) and (f).

34.  Admit

(a) As true the American Psychiatric Association (APA) guidelines/standard of care that: "mentally ill patients require comprehensive differential diagnostic evaluation, comprehensive and integrated treatment planning, and medical management in all three of the biological, psychological, and social spheres; medical problems frequently complicate the psychiatric problems of this patient population, requiring prompt diagnosis, treatment, and management; the treatment of mentally ill patients in inpatient facilities requires medical management that frequently includes the prescription of medication and other somatic therapies, which often require physical and psychological preparatory workup and continued monitoring; Practitioners of the medical specialty of psychiatry have the medical training and skills needed to evaluate physical problems as well as their relationship to psychological and social phenomena";

(b) That you failed to follow these APA's standard of care

**ANSWER:** Objection, overly broad, unduly burdensome, improperly drafted and improperly directed to this Defendant; without waiving the objection, Defendant can neither admit or deny subpart (a); Defendant DENIES subpart (b).

35.  Admit as true but MFH failed to adhere to APA guidelines that: each patient should receive timely, comprehensive psychiatric evaluation, diagnosis, and treatment planning in the biological, psychological, and social spheres; each patient should be medically screened and his or her history should be reviewed to assure that the full range of medical and surgical considerations is taken into account in determining the diagnosis and appropriate treatment;

15

$E\gamma.\,8D$

medical or surgical consultation should be assured; psychiatrist should assure involvement of patients and families in treatment and discharge planning.

**ANSWER:** Objection, overly broad, unduly burdensome and oppressive, and improperly directed to this Defendant; without waiving the objection and based on the Plaintiff's medical records from MFHWH, DENY.

36.    Admit that, according to APA, psychiatrists should adhere to the Principles of Medical Ethics (of, e.g., APA, AMA, WPA-World Psychiatric Association)

**ANSWER:** Objection, overly broad, unduly burdensome, improperly drafted and improperly directed to this Defendant; without waiving the objection, Defendant can neither admit or deny the statement.

37.    Admit that Ohio and Federal statutory standard of care for psychiatric patients with medical problems correlate with the professional standard of care of APA, AMA, WPA, ACEP, JCAHO and you failed to adhere to Ohio and Federal statutory standard of care while Berry and MFH were treating plaintiff.

**ANSWER:** Objection, overly broad, unduly burdensome and oppressive, improperly drafted and improperly directed to this Defendant; without waiving the objection, DENY.

38.    Admit that the plaintiff's medical records demonstrate that MFH failed to adhere to Ohio and Federal statutory standard of care as well as the professional standard of care of APA, AMA, WPA, ACEP, and JCAHO for appropriate medical screening, treatment, management, medical record documentations, informed consent, and transfer.

**ANSWER:** Objection, overly broad, unduly burdensome and oppressive, improperly drafted and improperly directed to this Defendant; without waiving the objection, DENY.

39.    On 10/6/2000 when plaintiff came to MFHMA to pick up his medical records as per MFHMA inviting him on 10/4/2000 to sign for and pick up his medical records, admit (a) that plaintiff was business invitee or guest of MFHMA on 10/6/2000 and (b) plaintiff was entitled to full protection of MFH against harm at its premises.

**ANSWER:** Objection, overly broad, unduly burdensome, ambiguous, improperly drafted and improperly directed to this Defendant; without waiving the objection, Defendant can neither admit or deny subparts (a) and (b).

16

$Ex. 81$

40.    Admit

(a) that plaintiff never made any threat to or threatened MFH staff 3-34 times
before, on and after 10/6/2000 and you have no document to prove otherwise

(b) that plaintiff was/is never spousal abuser and you have no documents to prove
otherwise

(c) that plaintiff never made or attempted making assault on any police officer in his
entire life and you have documents to prove otherwise

(d) that plaintiff never "carry on either threats made or statements of violence" in his
entire life and you have no evidentiary documents to prove otherwise.

**ANSWER:** Objection, overly broad, unduly burdensome, ambiguous, improperly drafted and
improperly directed to this Defendant; without waiving the objection, Defendant can neither
admit or deny subparts (a) through (d).

AS TO OBJECTIONS:

*Karen A. Carroll* (signature)

Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH 45202
Email: kcarroll@kplaw.com
Phone: (513) 381-0656/381-5823
TRIAL COUNSEL FOR DEFENDANTS, MERCY
FRANCISCAN HOSPITAL – WESTERN HILLS, MERCY
FRANCISCAN HOSPITAL – MT. AIRY, S. GRINNEL, C.
LOBECK, J. BRONHERT, J. DALEIDEN, C. MCCOY,
AND JANE(S) DOE(S) NURSES MERCY FRANCISCAN
HOSPITAL – MT. AIRY

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 1 day of

November, regular U.S. mail upon the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
PLAINTIFF, PRO SE

17

$Ex.82$

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DARLINGTON AMADASU, pro se** | : | Case No. 1:01cv182 |
| | : | |
| Plaintiff, | : | (Judge Spiegel/Magistrate Judge Black) |
| | : | |
| vs. | : | |
| | : | |
| **MERCY FRANCISCAN HOSPITAL –** | : | **ANSWERS TO PLAINTIFF'S** |
| **WESTERN HILLS, et al.,** | : | **REQUESTS FOR PRODUCTION** |
| | : | **OF DOCUMENTS AND THINGS** |
| Defendant. | : | **TO MERCY FRANCISCAN** |
| | : | **HOSPITAL WESTERN HILLS** |
| | : | |

## GENERAL OBJECTIONS

(a)    The information supplied in these Responses is not based solely upon the

knowledge of the verifying party, but includes information assembled by and/or within the

knowledge of the party's authorized agents, representatives, and, unless privileged, attorneys.

Given the alleged facts and nature of Plaintiffs' claims combined with other circumstances, and

because much of the information is of, or relates to, events of several years ago, it may be

difficult, if not impossible, for Defendant to retrieve or produce some of the requested

information. It is also possible that some of the individuals who might have had personal

knowledge of the matters to which Plaintiffs' discovery relate are unavailable to Defendant.

Defendant is engaged in an ongoing investigation with respect to the matters inquired into by

Plaintiffs' discovery. Accordingly, Defendant, hereby reserves its right to amend these

Responses if new or more accurate information becomes available or if errors are discovered.

For this reason, Defendant cannot attest to the completeness, veracity or accuracy of all such

information. Furthermore, these Responses are given without prejudice to the Defendant's

Ex. 83

respective rights to rely at trial upon subsequently discovered information, or upon information inadvertently omitted from these Responses as a result of mistake, error or oversight.

(b)     All Responses provided by or on behalf of Defendant are subject to continuing investigation and discovery, and Defendant reserves its individual rights to supplement or amend said Responses at any time during the course of this litigation.

(c)     Defendant objects to Plaintiff's Requests for Admissions as Defendant has not been provided with sufficient information by Plaintiff to enable it to respond completely to these discovery requests, either in whole or in part.

(d)     Defendant objects to Plaintiffs' Interrogatories and Requests for Production as being overly broad, exceedingly vague, inconsistent, irrelevant, prejudicial, unduly burdensome, harassing, oppressive, and lacking in requisite particularity.

(e)     Defendant further objects on the basis that some of Plaintiffs' Interrogatories and Requests for Production assume the truth of facts not in evidence or otherwise proven.

(f)     Plaintiffs' Interrogatories and Requests for Production are also objected to on the grounds that they seek to discover information which is irrelevant, lacking in materiality and/or not reasonably calculated to lead to the discovery of admissible evidence.

(g)     Defendant further objects to each and every one of Plaintiffs' Interrogatories and Requests for Production to the extent that that they seek to discover information which is privileged and/or immune from discovery, whether by virtue of the physician-patient, attorney-client, and/or work product doctrines, or any other applicable federal or state privilege.

(h)     Plaintiffs' Interrogatories and Requests for Production are further objectionable to the extent that some seek to discover information that is confidential, proprietary or privileged.

Ex. 84

(i)     Defendant specifically objects to any Interrogatory or Request for Production of

Documents that seeks to discover trial preparation or other privileged expert information and/or

data. Appropriate disclosures shall be made in accordance with the Court's Scheduling Order.

(j)     Defendant specifically objects to the Plaintiffs' use and definition of the term

"incident" in their Interrogatories and Requests for Production of Documents. General use of the

term "incident" is vague, ambiguous, subject to multiple interpretations and likely to engender

substantial confusion, particularly in light of the fact that no definition of the term has been

offered by Plaintiffs.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.     If you denied plaintiff's request for admission from #1 through #40 already served
upon you, please produce documents or things that may support your answer(s) thereto.

**RESPONSE:** Objection, overly broad, unduly burdensome, constitutes harassment and
improperly drafted request, incapable of response as drafted.

2.     Produce copy of employment/personnel file for Judy Daleiden.

**RESPONSE:** Objection, irrelevant, and constitutes an invasion of Daleiden's right of privacy.

3.     Produce copy of employment/personnel file of Connie McCoy.

**RESPONSE:** Objection, irrelevant, and constitutes an invasion of McCoy's right of privacy.

4.     Produce copy of employment/personnel file of June Bronhert, n/k/a (Gatzke).

**RESPONSE:** Objection, irrelevant, and constitutes an invasion of Bronnert's right of privacy.

5.     Produce copy of employment/personnel file of Steven Grinnell.

**RESPONSE:** Objection, irrelevant, and constitutes an invasion of Grinell's right of privacy.

6.     Produce copy of employment/personnel file of Charles Lobeck.

**RESPONSE:** Objection, irrelevant, and constitutes an invasion of Lobeck's right of privacy.

7.     Produce copy of the transcript of deposition of Plaintiff.

E4.85

**RESPONSE:** Objection. Without waiving objection, production of this transcript may violate an implied contract with the court reporting service.

      8.      Produce copies of all plaintiff's applications for your jobs.

**RESPONSE:** Objection, to the extent the request implies an application for a position other than echosonographer; without waiving the objection, see attached.

      9.      Produce copy of the video recordings of the echocardiography scanning test that plaintiff did.

**RESPONSE:** See attached.

      10.      Produce copy of the evaluation, scoring, comments and opinion documents of the physician in-charge of the test.

**RESPONSE:** Objection , overly broad, ambiguous and irrelevant; without waiving the objection, see attachments to MFHMA's answers to Plaintiff's Requests for Production of Documents.

      11.      Produce copy of evaluation, scoring, weighing of plaintiff's applications for cardiac sonographer, general ultrasound tech and epidemiology director positions that plaintiff applied for.

**RESPONSE:** Objection, to the extent that the request implies applications for positions other than echosonographer and to the extent the request asks for "evaluation, scoring and weighing of Plaintiff's application," it is ambiguous and incapable of response as drafted. Without waiving the objection, applications/notes, demonstration tape and comments have been provided to Plaintiff.

      12.      Produce copy of the hiring manager decisions on plaintiff's applications for the said jobs

**RESPONSE:** Objection, the request is ambiguous, and to the extent that the request implies Plaintiff applied for positions other than echosonographer; without waiving the objection, the request cannot be answered as drafted.

      13.      Produce copy of documents between Daleiden, McCoy and the hiring manager relating to plaintiff's applications for the said jobs.

**RESPONSE:** Objection, to the extent the request references a "hiring manager" and to the extent that it implies applications for positions other than echosonographer; without waiving the objection, applications and notes have been provided.

      14.      Produce copy of documents between hiring manager and the director/vice-president of personnel department relating to plaintiff's applications for the said jobs.

E4.86

**RESPONSE:** Objection, to the extent the request implies applications for positions other than echosonographer; without waiving the objection, Defendant is unaware of any such documents.

    15.    Produce copy of documents showing the job title, position, job descriptions, duty, and power of Deleiden during the relevant period.

 **RESPONSE:** Objection, overly broad, unduly burdensome and ambiguous, without waving the objection, Defendant has made a diligent search for a copy of the requested job description, but has been unable to locate same. If the requested document is located, Defendant will amend its answer.

     16.    Produce copy of documents showing the job title, position, job descriptions, duty, and power of McCoy during the relevant period.

**RESPONSE:** Objection, overly broad, unduly burdensome and ambiguous, without waving the objection, Defendant has made a diligent search for a copy of the requested job description, but has been unable to locate same. If the requested document is located, Defendant will amend its answer.

     17.    Produce copy of documents showing the job title, position, job descriptions, duty, and power of Bronhert during the relevant period.

**RESPONSE:** Objection, overly broad, unduly burdensome and ambiguous, without waving the objection, Defendant has made a diligent search for a copy of the requested job description, but has been unable to locate same. If the requested document is located, Defendant will amend its answer.

.

    18.    Produce copy of documents showing the job title, position, job descriptions, duty, and power of Grinnell during the relevant period.

**RESPONSE:**    Objection, overly broad and ambiguous; without waiving the objection, the job description for Grinnell was provided in July 2001.

    19.    Produce copy of documents showing the job title, position, job descriptions, duty, and power of Lobeck during the relevant period.

**RESPONSE:** Objection, overly broad and ambiguous; without waiving the objection, the job description for Steven Grinnell is equally applicable to the position held by Charles Lobeck, which job description has previously been provided to Plaintiff.

    20.    All documents and things that you will use to litigate this action.

Ex. 87

**RESPONSE:** Objection, ambiguous, overly broad, unduly burdensome, constitutes harassment and an invasion of work product privilege; without waiving the objections, Defendant has not yet determined what documents and things will be offered as exhibits at trial.

AS TO OBJECTIONS:

*Karen A. Carroll*

Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH 45202
Email: kcarroll@kplaw.com
Phone: (513) 381-0656/381-5823
TRIAL COUNSEL FOR DEFENDANTS, MERCY
FRANCISCAN HOSPITAL – WESTERN HILLS, MERCY
FRANCISCAN HOSPITAL – MT. AIRY, S. GRINNEL, C.
LOBECK, J. BRONHERT, J. DALEIDEN, C. MCCOY,
AND JANE(S) DOE(S) NURSES MERCY FRANCISCAN
HOSPITAL – MT. AIRY

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 1st day of December, 2006 by regular U.S. mail and/or hand delivery upon the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
PLAINTIFF, PRO SE

Deborah R. Lydon, Esq.
Jennifer Mitchell, Esq.
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
TRIAL COUNSEL FOR DR. BERRY

*Karen A. Carroll*

Karen A. Carroll (0039350)

277479.1:CA042.AM001

EX. 88

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DARLINGTON AMADASU, pro se** | : | Case No. 1:01cv182 |
| | : | |
| Plaintiff, | : | (Judge Spiegel/Magistrate Judge Black) |
| | : | |
| vs. | : | |
| | : | |
| **MERCY FRANCISCAN HOSPITAL –** | : | **ANSWERS TO PLAINTIFF'S SET** |
| **WESTERN HILLS, et al.,** | : | **OF INTERROGATORIES TO** |
| | : | **MERCY FRANCISCAN HOSPITAL** |
| Defendant. | : | **WESTERN HILLS** |

## GENERAL OBJECTIONS

(a)    The information supplied in these Responses is not based solely upon the

knowledge of the verifying party, but includes information assembled by and/or within the

knowledge of the party's authorized agents, representatives, and, unless privileged, attorneys.

Given the alleged facts and nature of Plaintiffs' claims combined with other circumstances, and

because much of the information is of, or relates to, events of several years ago, it may be

difficult, if not impossible, for Defendant to retrieve or produce some of the requested

information. It is also possible that some of the individuals who might have had personal

knowledge of the matters to which Plaintiffs' discovery relate are unavailable to Defendant.

Defendant is engaged in an ongoing investigation with respect to the matters inquired into by

Plaintiffs' discovery. Accordingly, Defendant, hereby reserves its right to amend these

Responses if new or more accurate information becomes available or if errors are discovered.

For this reason, Defendant cannot attest to the completeness, veracity or accuracy of all such

information. Furthermore, these Responses are given without prejudice to the Defendant's

*E+. 89*

respective rights to rely at trial upon subsequently discovered information, or upon information inadvertently omitted from these Responses as a result of mistake, error or oversight.

(b)     All Responses provided by or on behalf of Defendant are subject to continuing investigation and discovery, and Defendant reserves its individual rights to supplement or amend said Responses at any time during the course of this litigation.

(c)     Defendant objects to Plaintiff's Requests for Admissions as Defendant has not been provided with sufficient information by Plaintiff to enable it to respond completely to these discovery requests, either in whole or in part.

(d)     Defendant objects to Plaintiffs' Interrogatories and Requests for Production as being overly broad, exceedingly vague, inconsistent, irrelevant, prejudicial, unduly burdensome, harassing, oppressive, and lacking in requisite particularity.

(e)     Defendant further objects on the basis that some of Plaintiffs' Interrogatories and Requests for Production assume the truth of facts not in evidence or otherwise proven.

(f)     Plaintiffs' Interrogatories and Requests for Production are also objected to on the grounds that they seek to discover information which is irrelevant, lacking in materiality and/or not reasonably calculated to lead to the discovery of admissible evidence.

(g)     Defendant further objects to each and every one of Plaintiffs' Interrogatories and Requests for Production to the extent that that they seek to discover information which is privileged and/or immune from discovery, whether by virtue of the physician-patient, attorney-client, and/or work product doctrines, or any other applicable federal or state privilege.

(h)     Plaintiffs' Interrogatories and Requests for Production are further objectionable to the extent that some seek to discover information that is confidential, proprietary or privileged.

$E+. 90$

(i)    Defendant specifically objects to any Interrogatory or Request for Production of

Documents that seeks to discover trial preparation or other privileged expert information and/or

data. Appropriate disclosures shall be made in accordance with the Court's Scheduling Order.

(j)    Defendant specifically objects to the Plaintiffs' use and definition of the term

"incident" in their Interrogatories and Requests for Production of Documents. General use of the

term "incident" is vague, ambiguous, subject to multiple interpretations and likely to engender

substantial confusion, particularly in light of the fact that no definition of the term has been

offered by Plaintiffs.

## INTERROGATORIES

INTERROGATORY NO. 1:  Identify the individual by name, address and job title, and
relationship to Defendant, who participated in or prepared the answers to these Interrogatories,
other than in a purely clerical capacity. If more than one person was involved in preparing the
Answers to Interrogatories, describe for each such individual the information, which that person
provided.

**ANSWER:**    Linda Kemper, Risk Manager, Mercy Franciscan Hospital Western Hills  and
counsel, Karen A. Carroll

INTERROGATORY NO. 2:  Did Plaintiff possess the qualification for the position of
Echo Tech? If your answer is "no", state in detail and with particularly the qualifications that
Plaintiff did not possess.

**ANSWER:**    Without waiving general objections, Defendant further objects on the basis that
the interrogatory is not properly addressed to this Defendant, and is thus overly broad, unduly
burdensome and irrelevant; without waiving any objection, apparently it was determined that
Plaintiff was not the best candidate for the position, the basis, in part, for that determination
appears to be the applicant's failure to provide complete information and the lack of positive
reference from the applicant's prior employer. Defendant reserves the right to supplement it's
response as necessary.

INTERROGATORY NO. 3:  Identify each individual who you believe has knowledge of
the facts and circumstances surrounding the non-hiring of Plaintiff for the position of Echo Tech
and in your response, describe in detail and with particularly each person's knowledge.

**ANSWER:**    Without waiving general objections, Defendant further objects on the basis that
this interrogatory is more properly directed to other Defendants, and is thus overly broad and
unduly burdensome; without waiving the objection, Defendant believes that Judy Daleiden,

*Ex. 9/*