Connie McCoy and the **reviewing cardiologist's** would have information regarding the basis for decision not to hire Plaintiff.

INTERROGATORY NO. 4: Identify the name, title, position of official of MFH with ultimate authority and responsibility for deciding whom to hire or not to hire for the position of Echo Tech.

**ANSWER:** Judy Daleiden, Director of Cardiopulmonary Services.

INTERROGATORY NO. 5: Please describe in detail the test to which you subjected Plaintiff for the Echo Tech position including the name, title, position, and race of each person who administered, evaluated and scored test for the Echo Tech position and attaching all relevant documentations.

**ANWSER:** Without waiving the general objections, Defendant objects to the use of the word "subjected" and further objects on the basis that the interrogatory is not properly addressed to this Defendant and is thus unduly burdensome, overly broad and irrelevant. Persons who were present during or who reviewed the Plaintiff's echocardiogram demonstration included: Drs. Ghazi and Desai, the echosonographer present during the demonstration was Phyllis Stripling.

INTERROGATORY NO. 6: Identify by name, race, ethnicity, national origin and job title of all person who played any role whatsoever in the decision to not hire Plaintiff for Echo Tech position and describe in detail and complete the reason(s) for each such person's role and the particular role of each such person.

**ANSWER:** Without waiving the general objections; Defendant further objects on the basis that the interrogatory is improperly addressed to this Defendant, is overly broad, unduly burdensome and irrelevant in part, without waiving the objection, Plaintiff, Judy Daleiden and Connie McCoy.

INTERROGATORY NO. 7: Did Plaintiff possess the qualifications for the position of Ultrasound Tech? If you answer is "no" state in detail and with particularity the qualifications that Plaintiff did not possess and state whether or not provisions or opportunities existed locally in your facilities to acquire the qualifications.

**ANSWER:** Without waiving the general objections, Defendant objects on the basis that the interrogatory is improperly addressed to this Defendant, is overly broad, unduly burdensome and irrelevant with regard to "whether provision or opportunities existed locally in your facilities to acquire the qualifications and on the basis that Plaintiff applied for the position of "echosonographer".

INTERROGATORY NO. 8: Identify each individual who you believe has knowledge of the facts and circumstances surrounding the non-hiring of Plaintiff for the position of Ultrasound Tech and in your response, describe in detail and with particularity each person's knowledge.

$E4.92$

**ANSWER:** Without waiving the general objections, Plaintiff was only considered for the position of echosonographer, not ultrasound tech. Defendant further objects on the basis that the request is overly broad, unduly burdensome and call for an extensive narrative response and is more appropriately addressed by way of deposition.

INTERROGATORY NO. 9: Identify the name, title, position of the official of MFH with ultimate authority and responsibility for deciding whom to hire or not hire for the position of Ultrasound Tech.

**ANSWER:** Without waiving the general objections, Defendant further objects on the basis that Plaintiff was considered for the position of echosonographer, not "ultrasound tech".

INTERROGATORY NO. 10: Identify by name, race, ethnicity, national origin and job title of all persons who played any role whatsoever in the decision to not hire Plaintiff or Ultrasound Tech position and describe in detail and complete the reason(s) for each such person's role and the particular role of each such person.

**ANSWER:** See answer to Interrogatory #9.

INTERROGATORY NO. 11: Identify and itemize all the salary, wage or compensation, and all fridge benefits for the positions of Echo Tech and Ultrasound Tech respectively.

**ANSWER:** Without waiving the general objections, Defendant further objects on the basis of relevancy, and because requesting this information generally for a position available in 2000 is unduly burdensome, and requesting information as to a specific applicant who was never offered a position, is impossible.

INTERROGATORY NO. 12: Identify the name, age, ethnicity, race, national origin, qualifications, address and telephone number of all person(s) who were hire to the positions of Echo Tech and Ultrasound Tech which plaintiff had applied for and not hired.

**ANSWER:** Without waiving the general objection, Defendant further objects on the basis that the request is overly broad and the requested information is irrelevant and privileged pursuant to an applicant/employee's right of privacy.

INTERROGATORY NO. 13: Identify the name, job title, age, ethnicity, national origin and race of each employee regardless of temporary or permanent status, terminated by MFH from Defendant's operations from 01/01/2000 to the present.

**ANSWER:** Without waiving the general objections, Defendant further objects on the basis of relevancy, unduly burdensome, constitutes harassment, and requests privileged information.

INTERROGATORY NO. 14: Identify the name, job title, age, ethnicity, national origin and race of each person hired by defendant into both temporary and permanent positions in your operations from October 27, 1997 to the present.

E+ 93

**ANSWER:** Without waiving the general objections, Defendant further objects on the basis of relevancy, unduly burdensome, constitutes harassment, and requests privileged information.

INTERROGATORY NO. 15: Identify all other employees and job-applicants by date of birth, ethnicity, race, national origin, disability, whether temporary or permanent, who have alleged race, age, ethnicity, disability, national origin and pay discrimination against Defendant from January 2000 to the present.

**ANSWER:** Without waiving the general objections, Defendant further objects on the basis of relevancy, unduly burdensome, constitutes harassment, and requests privileged information.

INTERROGATORY NO. 16: State the specific qualifications for both Echo Tech and Ultrasound Tech positions during the relevant period and attach the written qualifications policies and procedures.

**ANSWER:** Objection, overly broad, unduly burdensome, irrelevant as to "ultrasound tech positions"; without waiving the objection Defendant has diligently searched for the requested information, but has been unable to locate same. Defendant will supplement its response if written a job for echosonographer for the year 2000 is located.

INTERROGATORY NO. 17: When, why and by whom and with what authority and particular policies and procedures, was Plaintiff not hired for Regional Epidemiology Director position? Please attach the enabling policies and procedures relied on to not hire.

**ANSWER:** Without waiving the general objections, Defendant further objects on the basis the request is ambiguous and irrelevant, as this Defendant has no information to suggest the Plaintiff applied for a position as Regional Epidemiology Director.

INTERROGATORY NO. 18: Describe completely the circumstances leading up to your inviting Cincinnati Police Department (CPD) to MFHMA and the circumstances under which Plaintiff was held, restricted or arrested by the CPD on 10/6/2000, but not limited to, what was said and by whom to the CPD, and to Plaintiff when he was held by CPD.

**ANSWER**: Without waiving the general objection, Defendant further objects on the basis that the request is overly broad and unduly burdensome, calls for a narrative response more properly addressed at deposition, and to the extent that the request states that Plaintiff was "held, restricted, or arrested" by CPD on 10/6/00; without waiving the objections, the report of the CPD is already in Plaintiff's possession and speaks for itself.

INTERROGATORY NO. 19: Describe the title, position, job descriptions, level of authority, control and responsibility of Judy Daleiden, Connie McCoy, and June Bronnert relative to selection and hiring of job applicants during the period relevant to this case.

**ANSWER:** Without waiving the general objections, Defendant further objects on the basis that the request is ambiguous, overly broad, unduly burdensome and requests irrelevant information; without waiving the objections, as to the echosonographer position Judy Daleiden had ultimate

Ex. 94

decision-making authority with regard to Plaintiff's application for the position of echosonographer.

INTERROGATORY NO. 20: Prior to answering these Interrogatories, have you made due and diligent search of your files, books, records, papers, database, computer base, and due diligent inquiry of your employees, servants, consultants, affiliates, and agents?

**ANSWER:** Without waiving the general objections, and to the extent that the request is properly one for response by this Defendant, yes.

INTERROGATORY NO. 21: Please describe the defendant's affirmative action plan and state whether the plan includes:

(a) Quotas for hiring Blacks,
(b) Goals for hiring blacks or minority groups
(c) A requirement that the defendant's work force reflects the defendant's applicant pool,
(d) A requirement that the defendant hiring reflect the relevant labor market.
(e) A requirement that the defendant's employee pool reflect diversity.

**ANSWER:** Objection, overly broad and ambiguous; without waiving the objection, Defendant has an affirmative action plan that complies with applicable law.

INTERROGATORY NO. 22: State whether or not provisions or opportunities existed locally in your facilities to acquire the qualifications for echo Tech and Ultrasound Tech by in service, on-job and or cross training.

**ANSWER:** Without waiving general objections, this request is not properly addressed to this Defendant.

AS TO OBJECTIONS:

Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH 45202
Email: kcarroll@kplaw.com
Phone: (513) 381-0656/381-5823
TRIAL COUNSEL FOR DEFENDANTS, MERCY
FRANCISCAN HOSPITAL – WESTERN HILLS, MERCY
FRANCISCAN HOSPITAL – MT. AIRY, S. GRINNEL, C.
LOBECK, J. BRONHERT, J. DALEIDEN, C. MCCOY,
AND JANE(S) DOE(S) NURSES MERCY FRANCISCAN
HOSPITAL – MT. AIRY

E4. 95

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 1st day of

December, 2006, by regular U.S. mail and/or hand delivery upon the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
PLAINTIFF, PRO SE

Deborah R. Lydon, Esq.
Jennifer Mitchell, Esq.
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
TRIAL COUNSEL FOR DR. BERRY

Karen A. Carroll (0039350)

277155.1:CA042.AM001

$E4.96$

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **DARLINGTON AMADASU, pro se** | : | Case No. 1:01cv182 |
| | : | |
| Plaintiff, | : | (Judge Spiegel/Magistrate Judge Black) |
| | : | |
| vs. | : | **RESPONSES TO PLAINTIFF'S** |
| | : | **REQUEST FOR ADMISSIONS TO** |
| **MERCY FRANCISCAN HOSPITAL –** | : | **STEVEN GRINNELL** |
| **WESTERN HILLS, et al.,** | : | |
| | : | |
| Defendant. | : | |

### GENERAL OBJECTIONS

(a)    The information supplied in these Responses is not based solely upon the

knowledge of the verifying party, but includes information assembled by and/or within the

knowledge of the party's authorized agents, representatives, and, unless privileged, attorneys.

Given the alleged facts and nature of Plaintiffs' claims combined with other circumstances, and

because much of the information is of, or relates to, events of several years ago, it may be

difficult, if not impossible, for Defendant to retrieve or produce some of the requested

information.  It is also possible that some of the individuals who might have had personal

knowledge of the matters to which Plaintiffs' discovery relate are unavailable to Defendant.

Defendant is engaged in an ongoing investigation with respect to the matters inquired into by

Plaintiffs' discovery.  Accordingly, Defendant, hereby reserves its right to amend these

Responses if new or more accurate information becomes available or if errors are discovered.

For this reason, Defendant cannot attest to the completeness, veracity or accuracy of all such

information.  Furthermore, these Responses are given without prejudice to the Defendant's

Ex. 97

respective rights to rely at trial upon subsequently discovered information, or upon information inadvertently omitted from these Responses as a result of mistake, error or oversight.

(b)    All Responses provided by or on behalf of Defendant are subject to continuing investigation and discovery, and Defendant reserves its individual rights to supplement or amend said Responses at any time during the course of this litigation.

(c)    Defendant objects to Plaintiff's Requests for Admissions as Defendant has not been provided with sufficient information by Plaintiff to enable it to respond completely to these discovery requests, either in whole or in part.

(d)    Defendant objects to Plaintiffs' Interrogatories and Requests for Production as being overly broad, exceedingly vague, inconsistent, irrelevant, prejudicial, unduly burdensome, harassing, oppressive, and lacking in requisite particularity.

(e)    Defendant further objects on the basis that some of Plaintiffs' Interrogatories and Requests for Production assume the truth of facts not in evidence or otherwise proven.

(f)    Plaintiffs' Interrogatories and Requests for Production are also objected to on the grounds that they seek to discover information which is irrelevant, lacking in materiality and/or not reasonably calculated to lead to the discovery of admissible evidence.

(g)    Defendant further objects to each and every one of Plaintiffs' Interrogatories and Requests for Production to the extent that that they seek to discover information which is privileged and/or immune from discovery, whether by virtue of the physician-patient, attorney-client, and/or work product doctrines, or any other applicable federal or state privilege.

(h)    Plaintiffs' Interrogatories and Requests for Production are further objectionable to the extent that some seek to discover information that is confidential, proprietary or privileged.

$Ex. 98$

(i)    Defendant specifically objects to any Interrogatory or Request for Production of

Documents that seeks to discover trial preparation or other privileged expert information and/or

data. Appropriate disclosures shall be made in accordance with the Court's Scheduling Order.

(j)    Defendant specifically objects to the Plaintiffs' use and definition of the term

"incident" in their Interrogatories and Requests for Production of Documents. General use of the

term "incident" is vague, ambiguous, subject to multiple interpretations and likely to engender

substantial confusion, particularly in light of the fact that no definition of the term has been

offered by Plaintiffs.

## REQUEST FOR ADMISSIONS

1.    Admit that you failed to perform your duty to make sure that Berry and MFH adhere to
standard of care mandated by Ohio and Federal laws – COBRA/EMTALA and by MFH Rules
and Regulations, Joint Commission for Accreditation and Healthcare Organization (JCAHO),
American Psychiatric Association (APA), World Psychiatric Association (WPA), American
College of Emergency Physician (ACEP), for appropriate medical screening, evaluation and
management of psychological, biological and social illnesses or conditions and transfer of
plaintiff.

RESPONSE: **Objection**, the Request is factually inaccurate, overly broad, ambiguous,
oppressive and irrelevant; without waiving the objection, DENY.

2.    Admit that you have no documents, audio-visual recordings, emails, written materials,
notes, data-discs, photographs or other evidentiary materials and things in support of your
defenses or to negate Plaintiff's claims. If you deny please identify and produce such
documents.

RESPONSE: **Objection**, overly broad, ambiguous, oppressive and irrelevant; without
waiving the objection, DENY.

3.    Admit that you have no bylaws, rules, regulations, policies, procedures, guidelines and
criteria of MFH used by MFH in recruiting, selection, assessment, evaluation, interviewing and
hiring for the Epidemiology Director during the relevant time period, i.e., year 2000. If you
deny, produce them.

RESPONSE: **Objection**, overly broad, ambiguous, irrelevant and oppressive and
improperly addressed to this Defendant; without waiving the objection, DENY.

$Ex. 99$

4.      Admit that plaintiff possessed the qualifications for Epidemiology Director applied for.

RESPONSE: **Objection**, the Request is ambiguous, irrelevant, unduly burdensome and improperly addressed to this Defendant; without waiving the objection, Defendant has no information regarding Plaintiff's alleged application for a position as an "Epidemiology Director", and can therefore, neither admit or deny.

5.      Admit that the person hired for Epidemiology Director position was younger than plaintiff, below 40 years of age, and belonged to non-protected class.

RESPONSE: **Objection**, ambiguous, irrelevant, unduly burdensome, and improperly addressed to this Defendant; without waiving the objection, Defendant has no information regarding Plaintiff's alleged application for this position and can therefore neither admit nor deny.

6.      Admit that Plaintiff met the minimum, optimum, and maximum acceptable qualifications required for Cardiac Sonographer, General Sonographer and Epidemiology Director positions respectively.

RESPONSE: **Objection**, the request is improperly directed to this Defendant, is overly broad, ambiguous, and irrelevant; without waiving the objection, DENY.

7.      Admit that you failed to follow manners, processes, and procedures to be used by you and/or your hiring manager to determine qualification, eligibility and employability of each applicant for the position and to fill the job position from the time you received all the job applications until the position was filled.

RESPONSE: **Objection**, the Request is improperly addressed to this Defendant, is ambiguous, overly broad and oppressive; without waiving the objection, DENY.

8.      Admit the Plaintiff possessed the qualifications for second-year family practice resident position at MFH applied for.

RESPONSE: Objection, ambiguous, factually inaccurate and is improperly addressed to this Defendant; without waiving the objection, this Defendant is unaware of any application by Plaintiff for a position as a second year resident in the family practice program and further DENIES that such application would be handled by MFH.

9.      Admit that you had no rules, regulations, policies, procedures, guidelines and criteria that must be followed in advertisement, recruitment, selection and hiring of second-year family practice resident at MFH during the relevant time period.

RESPONSE: Objection, the Request is improperly directed to this Defendant, is overly broad and ambiguous; without waiving the objection, ADMIT, in that MFH did not process any applications for the Family Practice Residency.

$Ex.100$

10.    Admit that you and residency selection committee (RSC) did not evaluate the plaintiff in order to determine his eligibility and employability for the second-year family practice resident and you have no summary of the evaluation, recommendations and decision made by you and/or the RSC; the weight given to such evaluation in the final decision relative to other criteria, the criteria and guidelines used by you and RSC, name, address, age, race, national origin and qualification of each member of the RSC who participated in the evaluation and decision not to hire plaintiff, dates, location, time of starting and ending, the elements, substance, components, skills nad trait you and RSC evaluation, how scored and weighted, identify and attached copies of the minutes, the instruments, processes and evaluation Forms used for all the applicants.

RESPONSE: **Objection**, the Request is improperly addressed to this Defendant, is overly broad, ambiguous, oppressive, and is factually inaccurate; without waiving the objection, ADMIT to the extent that MFH was not involved in any of the functions set forth in the Request; DENY knowledge of Plaintiff's alleged application for a family practice residency position.

11.    Admit that the Residency Selection Committee did not review, evaluate or assess plaintiff's application for the second-year family practice resident at MFH.

RESPONSE: **Objection**, the Request is improperly addressed to this Defendant, is ambiguous and factually inaccurate; without waiving the objection, DENY knowledge of Plaintiff's alleged application to the above-mentioned residency; DENY that any such application would be handled at MFH; Defendant cannot admit or deny the request with regard to actions of a Residency Selection Committee.

12.    Admit the plaintiff's application for second-year family practice resident position was not evaluated, scored and weighed comparatively with other applicants according to the processes, criteria and procedures under the hiring policy, equal opportunity/affirmative action policy of MFH.

RESPONSE: **Objection**, the Request is improperly addressed to this Defendant, is ambiguous and factually inaccurate; without waiving the objection, Defendant DENIES knowledge of Plaintiff's alleged application for the above-described residency program and DENIES that the functions set forth are performed by him or MFH.

13.    Admit that neither the University of Cincinnati (UC) nor University of Cincinnati College of Medicine (UCCM) has the ultimate authority, control and responsibility over the family practice residency-training program at MFH according to the accreditation criteria of the Accreditation Council for Graduate Medical Education (ACGME).

RESPONSE: **Objection**, ambiguous, irrelevant and improperly addressed to this Defendant; without waiving the objection, DENY.

$Ef. /D/$

14.  Admit that MFH was/is the accredited sponsoring institution and had/has accredited ultimate authority, control and responsibility over family practice residency-training program at MFH according to the accreditation criteria of the Accreditation Council for Graduate Medical Education (ACGME).

RESPONSE: **Objection**, irrelevant, overly broad and ambiguous; without waiving the objection, DENY.

15.  Admit that the person who was hired for the second-year family practice resident opposition at MFH was less qualified than plaintiff.

RESPONSE: **Objection**, overly broad, ambiguous, and not properly addressed to this Defendant; without waiving the objection, for reasons previously stated, Defendant can neither admit or deny the request.

16.  Admit that MFH had/has no legitimate nondiscriminatory reasons for not affording plaintiff equal employment opportunity/affirmative action right to compete fairly and equally with other applicants for the second-years family practice resident position of MFH.

RESPONSE: **Objection**, the Request is improperly addressed to this Defendant, is factually inaccurate, ambiguous and oppressive, without waiving the objection, DENY.

17.  On or about 10/6/00, while plaintiff was complaining to you at your office about your staff refusal to release his medical records to him admit that your subordinate had no justifiable reason(s) to have called Cincinnati Police to harass, arrest and imprison or detain plaintiff.

RESPONSE: **Objection**, the Request is factually inaccurate and ambiguous, without waiving the objection, DENY.

18.  Admit that you failed to protect plaintiff from your staff's conduct resulting in police detaining plaintiff when on or about 10/6/00 at the invitation of your medical record staff on 10/4/00 plaintiff came to MFHWH as your invitee-guest or invitee-business guest to collect his medical records.

RESPONSE: DENY.

19.  Admit that at the invitation of your medical record staff on 10/4/00 plaintiff came to MFHMA as your invitee-guest or invitee-business guest to collect his medical records on or about 10/6/00.

RESPONSE: Defendant ADMITS that Plaintiff came to MFHMA on October 6, 2000 requesting his medical records; Defendant is without knowledge sufficient to allow him to admit or deny the remainder of the request.

$Ex. 102$

20.     Admit MFH failed and refused to release plaintiff's medical records to plaintiff from 05/10/00 until 11/22/06 without justification.

⟩·     RESPONSE: Objection, overly broad, ambiguous and irrelevant; without waiving the objection, DENY.

21.     Admit that it is untrue the statement that you or your staff med to Cincinnati Police that plaintiff was a doctor-impersonator, "insane, dangerous and violent mental patient."

RESPONSE: **Objection**, the request is ambiguous and incapable of response as drafted; without waiving the objection, Defendant has no knowledge that any such statement was made.



22.     Admit that your social worker, rather than Berry, ordered that plaintiff be transported by taxis unaccompanied by medical staff to Crisis Stabilization Center on 5/1/00 and without plaintiff's consent.

RESPONSE: **Objection**, the request is improperly addressed to this Defendant, is ambiguous, argumentative, and incapable of response by this Defendant as drafted; without waiving the objection, Defendant cannot reasonably respond to requests related to treatment decisions, however, based on the Plaintiff's medical record, DENY.



23.     Admit that Timothy Sillman, Social Worker complained in the medical record that he was frustrated by Berry by "his directing the team to decide what to do with patient (sic)", i.e. plaintiff.

RESPONSE: **Objection**, the request is improperly addressed to this Defendant, is ambiguous, argumentative, and incapable of response by this Defendant as drafted; without waiving the objection, Defendant cannot reasonably respond to requests related to treatment decisions, and finds no such information in the medical record or otherwise that would be applicable to Plaintiff's discharge to CSC.

24.     Admit that Berry failed to provide leadership to the interdisciplinary team as mandated by American Psychiatric Association (APA)'s Guidelines and you failed to discipline Berry for failing to provide leadership to the team purportedly taking care of plaintiff and for abdicating his duty to social worker to make decision whether or not sent plaintiff to Crisis Stabilization Center.

RESPONSE: **Objection**, the request is improperly addressed to this Defendant, is ambiguous, argumentative, and unduly burdensome; without waiving the objection, DENY.

25.     Admit that when MFH transferred plaintiff to Crisis Stabilization Center by taxis unaccompanied by medical staff, did it not adhere to the standard of care for transfer prescribed by MFH's Rules and Regulations, JCAHO, COBRA/EMTALA, APA, ACEP, Ohio law, etc.

$E \varkappa \cdot 103$

RESPONSE: **Objection**, the request is improperly addressed to this Defendant, is ambiguous, argumentative, and incapable of response by this Defendant as drafted; without waiving the objection, Defendant cannot reasonably respond to requests related to treatment decisions.



26.    Admit that the privileges that MFH accorded and or contracted with Berry did not preclude Berry from taking medical history, performing physical examination, review of systems, diagnostic tests, medical diagnoses of physical illnesses, seeking consultations, and making proper documentations?

RESPONSE: **Objection**, the request is ambiguous and irrelevant; without waiving the objection ADMIT.

27.    Admit that MFH failed to fulfill its obligation imposed upon it by COBRA/EMTALA of providing appropriate medical screening for plaintiff's medical problems.

RESPONSE: DENY.

28.    Admit that MFH had/has no legitimate nondiscriminatory reasons for not hiring plaintiff for Cardiac Sonography, General Sonography, Epidemiology Director and the second-year family practice resident position at MFH.

RESPONSE: **Objection**, overly broad, ambiguous and repetitive; without waiving this objection and prior objections on the same subject, DENY.

29.    Admit that you breached your duty and obligation to make sure that Berry and MFH adhere to standard fo care mandated by Ohio and Federal laws – COBRA/EMTALA and by MFH Rules and Regulations, Joint Commission for Accreditation of Healthcare Organization (JCAHO), American Psychiatric Association (APA), World Psychiatric Association (WPA), American College of Emergency Physician (ACEP) for transfer of plaintiff, for appropriate medical screening, evaluation and management of his medical illnesses.

RESPONSE: **Objection**, overly broad, ambiguous, factually inaccurate, irrelevant and improperly drafted; without waiving the objection, and to the extent that any of the "standards" or organizations are applicable to this case, DENY.

30.    Admit that MFH has no executed documentary evidence that the receiving physician at Crisis Stabilization Center (CSC) actually received and accepted plaintiff upon his transfer.

RESPONSE: **Objection**, the request is improperly addressed to this Defendant, is ambiguous, argumentative, and unduly burdensome; without waiving the objection, Defendant ADMIT.

31.    Admit that MFH has no executed documentary evidence that the Taxis-cab operator actually delivered and handed plaintiff over to the receiving physician at Crisis Stabilization Center (CSC).

Ex.104

RESPONSE: Objection, to the extent the request implies a requirement and on the basis of relevancy; without waiving the objection, ADMIT.

32.    Admit that MFH has no executed documentary evidence that Crisis Stabilization Center (CSC) actually received and accepted plaintiff from the Taxis-cab operator.

RESPONSE: Objection, to the extent the request implies a requirement and on the basis of relevancy; without waiving the objection, ADMIT.

33.    Admit that MFH has no executed documentary evidence that Crisis Stabilization Center (CSC) actually admitted plaintiff, and continued management of his psychiatric and medical illnesses following the transfer.

RESPONSE: Objection, to the extent the request implies a requirement and on the basis of relevancy; without waiving the objection, ADMIT.

34.    Admit that plaintiff's medical illnesses, namely, respiratory, and digestive systems diseases for which medications were prescribed, were not stabilized before Berry and MFH transferred him to CSC.

RESPONSE: **Objection**, unduly burdensome, overly broad, and improperly directed to this Defendant; without waiving the objection, Defendant cannot admit or deny requests directed to clinical decisions.

35.    Admit that Berry and MFH have no documentary evidence in the medical records that Berry and MFH stabilized plaintiff's medical illnesses, namely, respiratory, and digestive systems diseases for which medications were prescribed, before Berry and MFH transferred plaintiff to CSC.

RESPONSE: **Objection**, unduly burdensome, overly broad, and improperly directed to this Defendant; without waiving the objection, DENY on the basis that Defendant finds no evidence in the Plaintiff's medical record to support said request.

36.    Admit that the taxicab operator dropped plaintiff at roadside-gate of CSC without actually delivering and handing plaintiff over to the receiving/accepting physician or designee-appropriate medical personnel of CSC.

RESPONSE:  Defendant cannot admit or deny the request.

37.    Admit that transporting plaintiff without accompanying MFH medical staff by taxicab drive to CSC breached the standard of care for transfer.

RESPONSE: **Objection**, unduly burdensome, overly broad, and improperly directed to this Defendant; without waiving the objection, Defendant cannot comment on clinical decisions, and is unaware of any standard of care that would preclude such transfer.

*knowing of the law* ✳

E4 . /05

 38.    Admit that Berry and MFH failed in their duty to make inquiry from CSC as to whether or not plaintiff was actually delivered and handed over by the Taxis driver to and actually received and accepted by receiving CSC's physician and or CSC's other medical staff following the transfer.

RESPONSE: **Objection**, unduly burdensome, overly broad, and improperly directed to this Defendant; without waiving the objection, Defendant cannot admit or deny requests directed to clinical decisions and is unaware of any duty to make such inquiry.

 39.    Admit that the safety and custody of plaintiff during transfer from MFH to CSC remained under the care and responsibility of Berry and MFH until actual deliver and handover of plaintiff by MFH's accompanying medical personnel to and actual receipt and acceptance of plaintiff by receiving physician or designee at CSC.

RESPONSE: **Objection**, unduly burdensome, overly broad, and improperly directed to this Defendant; without waiving the objection, Defendant cannot comment on clinical decisions, and otherwise DENIES the request.

 40.    Admit that Berry and MFH failed to transport plaintiff accompanied by medical personnel in an ambulance and failed to deliver and hand over plaintiff directly to the receiving/accepting physician at CSC, and such failure breached their duty of care they owe to plaintiff and also violated the standard of care for transfer.

RESPONSE: Objection, to the extent that the request implies a requirement/asserts a duty, is ambiguous and improperly addressed to this Defendant; without waiving the objection, Defendant ADMITS that the record does not indicate that Plaintiff was accompanied by medical personnel or transported by ambulance; Defendant DENIES the remainder of the request.

AS TO OBJECTIONS:

*Karen A. Carroll*

Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH 45202
Email: kcarroll@kplaw.com
Phone: (513) 381-0656/381-5823
TRIAL COUNSEL FOR DEFENDANTS, MERCY
FRANCISCAN HOSPITAL – WESTERN HILLS, MERCY
FRANCISCAN HOSPITAL – MT. AIRY, S. GRINNEL, C.
LOBECK, J. BRONHERT, J. DALEIDEN, C. McCOY,
AND JANE(S) DOE(S) NURSES MERCY FRANCISCAN
HOSPITAL – MT. AIRY

Ex. 106

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 7th day of

November, by regular U.S. mail upon the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
PLAINTIFF, PRO SE

Deborah R. Lydon, Esq.
Jennifer Mitchell, Esq.
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
TRIAL COUNSEL FOR DR. BERRY
*ALSO SERVED VIA EMAIL*

Karen A. Carroll (0039350)

276068.1:CA042.AM001

Ex.107

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **DARLINGTON AMADASU, pro se** | : | Case No. 1:01cv182 |
| | : | |
| Plaintiff, | : | (Judge Spiegel/Magistrate Judge Black) |
| | : | |
| vs. | : | |
| | : | **RESPONSE TO PLAINTIFF'S** |
| **MERCY FRANCISCAN HOSPITAL –** | : | **REQUESTS FOR PRODUCTION** |
| **WESTERN HILLS, et al.,** | : | **TO STEVEN GRINNELL** |
| | : | |
| Defendant. | : | |

### GENERAL OBJECTIONS

(a)    The information supplied in these Responses is not based solely upon the

knowledge of the verifying party, but includes information assembled by and/or within the

knowledge of the party's authorized agents, representatives, and, unless privileged, attorneys.

Given the alleged facts and nature of Plaintiffs' claims combined with other circumstances, and

because much of the information is of, or relates to, events of several years ago, it may be

difficult, if not impossible, for Defendant to retrieve or produce some of the requested

information. It is also possible that some of the individuals who might have had personal

knowledge of the matters to which Plaintiffs' discovery relate are unavailable to Defendant.

Defendant is engaged in an ongoing investigation with respect to the matters inquired into by

Plaintiffs' discovery. Accordingly, Defendant, hereby reserves its right to amend these

Responses if new or more accurate information becomes available or if errors are discovered.

For this reason, Defendant cannot attest to the completeness, veracity or accuracy of all such

information. Furthermore, these Responses are given without prejudice to the Defendant's

respective rights to rely at trial upon subsequently discovered information, or upon information

inadvertently omitted from these Responses as a result of mistake, error or oversight.

Ex. 108

(b)    All Responses provided by or on behalf of Defendant are subject to continuing investigation and discovery, and Defendant reserves its individual rights to supplement or amend said Responses at any time during the course of this litigation.

(c)    Defendant objects to Plaintiff's Requests for Admissions as Defendant has not been provided with sufficient information by Plaintiff to enable it to respond completely to these discovery requests, either in whole or in part.

(d)    Defendant objects to Plaintiffs' Interrogatories and Requests for Production as being overly broad, exceedingly vague, inconsistent, irrelevant, prejudicial, unduly burdensome, harassing, oppressive, and lacking in requisite particularity.

(e)    Defendant further objects on the basis that some of Plaintiffs' Interrogatories and Requests for Production assume the truth of facts not in evidence or otherwise proven.

(f)    Plaintiffs' Interrogatories and Requests for Production are also objected to on the grounds that they seek to discover information which is irrelevant, lacking in materiality and/or not reasonably calculated to lead to the discovery of admissible evidence.

(g)    Defendant further objects to each and every one of Plaintiffs' Interrogatories and Requests for Production to the extent that that they seek to discover information which is privileged and/or immune from discovery, whether by virtue of the physician-patient, attorney-client, and/or work product doctrines, or any other applicable federal or state privilege.

(h)    Plaintiffs' Interrogatories and Requests for Production are further objectionable to the extent that some seek to discover information that is confidential, proprietary or privileged.

(i)    Defendant specifically objects to any Interrogatory or Request for Production of Documents that seeks to discover trial preparation or other privileged expert information and/or data. Appropriate disclosures shall be made in accordance with the Court's Scheduling Order.

2

Ex. 109

(j) Defendant specifically objects to the Plaintiffs' use and definition of the term "incident" in their Interrogatories and Requests for Production of Documents. General use of the term "incident" is vague, ambiguous, subject to multiple interpretations and likely to engender substantial confusion, particularly in light of the fact that no definition of the term has been offered by Plaintiffs.

**REQUESTS FOR PRODUCTION**

1. If you denied Request for Admission #1, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, unduly burdensome and incapable of complete response as stated; without waiving the objection, or applicable general objections, see Plaintiff's medical records from MFHMA and MFHWH.

2. If you denied Request for Admission #2, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, unduly burdensome and incapable of complete response as stated; without waiving the objection, or applicable general objections, see Plaintiff's medical records from MFHMA and MFHWH.

3. If you denied Request for Admission #3, produce documentary evidence in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and incapable of complete response as stated; without waiving the objection, or applicable general objection, see general policies related to MFH hiring practices previously provided to Plaintiff.

4. If you denied Request for Admission #4, produce documentary evidence in support.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

5. If you denied Request for Admission #5, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.



Ex. 110

6.      If you denied Request for Admission #6, produce documentary evidence in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and incapable of complete response as stated; without waving the objection, or applicable general objections, see Plaintiff's application for the position of sonographer and related notes, attached. Defendant reserves the right to supplement this answer as additional information becomes available.

7.      If you denied Request for Admission #7, produce documentary evidence in support

**REPONSE:** Objection, overly broad, ambiguous, unduly burdensome, irrelevant, and requests information related to other applicants that is privileged and not subject to discovery; without waiving the objection, or applicable general objections, see Plaintiff's application, attached.

8.      If you denied Request for Admission #8, produce documentary evidence in support

**RESPONSE:** Objection, overly broad, ambiguous, irrelevant, and unduly burdensome; without waiving the objection, or applicable general objections, the documents responsive to Plaintiff's assumptions are not in possession of this Defendant.

9.      If you denied Request for Admission #9, produce documentary evidence in support.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

10.     If you denied Request for Admission #10, produce documentary evidence in support.

**RESPONSE:** Objection, overly broad, ambiguous, irrelevant, and unduly burdensome; without waiving the objection, or applicable general objections, the documents responsive to Plaintiff's assumptions are not in possession of this Defendant.

11.     If you denied Request for Admission #11, produce documentary evidence in support.

**RESPONSE:** Objection, overly broad, ambiguous, irrelevant, and unduly burdensome; without waiving the objection, or applicable general objections, the documents responsive to Plaintiff's assumptions are not in possession of this Defendant.

12.     If you denied Request for Admission #12, produce documentary evidence in support.

**RESPONSE:** Objection, overly broad, ambiguous, irrelevant, and unduly burdensome; without

4

$Ex. 111$

waiving the objection, or applicable general objections, the documents responsive to Plaintiff's assumptions are not in possession of this Defendant.

13.     If you denied Request for Admission #13, produce documentary evidence in support.

**RESPONSE:** Objection, overly broad, ambiguous, irrelevant, and unduly burdensome; without waiving the objection, or applicable general objections, the documents responsive to Plaintiff's assumptions are not in possession of this Defendant.

14.     If you denied Request for Admission #14, produce documentary evidence in support.

**RESPONSE:** Objection, overly broad, ambiguous, irrelevant, and unduly burdensome; without waiving the objection, or applicable general objections, the documents responsive to Plaintiff's assumptions are not in possession of this Defendant.

15.     If you denied Request for Admission #15, produce documentary evidence.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

16.     If you denied Request for Admission #16, produce documentary evidence in support.

**RESPONSE:** Objection, overly broad, ambiguous, irrelevant, and unduly burdensome; without waiving the objection, or applicable general objections, the documents responsive to Plaintiff's assumptions are not in possession of this Defendant.

17.     If you denied Request for Admission #17, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and irrelevant; without waiving the objection, or applicable general objections, see report from CPD and MFHMA Security, both of which have been previously provided to Plaintiff by either MFH and/or CPD.

18.     If you denied Request for Admission #18, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and irrelevant; without waiving the objection, or applicable general objections, see report from CPD and MFHMA Security, both of which have been previously provided to Plaintiff by either MFH and/or CPD.

19.     If you denied Request for Admission #19, produce documentary evidence and point to portion of medical record in support.

$Ex. //2$

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

20.     If you denied Request for Admission #20, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome and irrelevant; without waiving the objection, or applicable general objections, see numerous references by Plaintiff establishing that he has been in possession of his medical records since October of 2000, including letters to and from Plaintiff from Steven Grinnell, which are in Plaintiff's possession.

21.     If you denied Request for Admission #21, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

22.     If you denied Request for Admission #22, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and irrelevant; without waiving the objection, or applicable general objections, see Plaintiff's medical records.

23.     If you denied Request for Admission #23, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and irrelevant; without waiving the objection, or applicable general objections, see Plaintiff's medical records.

24.     If you denied Request for Admission #24, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and irrelevant; without waiving the objection, or applicable general objections, see Plaintiff's medical records.

25.     If you denied Request for Admission #25, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and irrelevant; without waiving the objection, or applicable general objections, see Plaintiff's medical records.

26.     If you denied Request for Admission #26, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and irrelevant; without waiving the objection, or applicable general objections, see Plaintiff's medical records.

$E \mathcal{F} \cdot //3$

27.    If you denied Request for Admission #27, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and irrelevant; without waiving the objection, or applicable general objections, see Plaintiff's medical records.

28.    If you denied Request for Admission #28, produce documentary evidence in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and incapable of complete response as stated; without waving the objection, or applicable general objections, see Plaintiff's application for the position of sonographer and related notes, attached. Defendant reserves the right to supplement this answer as additional information becomes available.

29.    If you denied Request for Admission #29, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and irrelevant; without waiving the objection, or applicable general objections, see Plaintiff's medical records.

30.    If you denied Request for Admission #30, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

31.    If you denied Request for Admission #31, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

32.    If you denied Request for Admission #32, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

33.    If you denied Request for Admission #33, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

Ex. 114

34.    If you denied Request for Admission #34, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

35.    If you denied Request for Admission #35, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous, unduly burdensome, and irrelevant; without waiving the objection, or applicable general objections, see Plaintiff's medical records.

36.    If you denied Request for Admission #36, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

37.    If you denied Request for Admission #37, produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

38.    If you denied Request for Admission #.1! produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, ambiguous and unduly burdensome; without waiving the objection, or applicable general objections, N/A.

39.    If you denied Request for Admission #A-' ,produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, unduly burdensome, ambiguous and incapable of response as stated.

40.    If you denied Request for Admission produce documentary evidence and point to portion of medical record in support.

**RESPONSE:** Objection, overly broad, unduly burdensome, ambiguous and incapable of response as stated.

8

$Ex. 1/5$

41.     Please produce copy of your Curriculum Vitae as of 1999-2000 and your most recent

**RESPONSE:** Objection, overly broad, unduly burdensome, irrelevant and not likely to lead to admissible evidence; without waiving the objection, will supplement.

42.     Please produce copy of your job descriptions, specifications and functions

**RESPONSE:** Objection, this information was provided to Plaintiff in July, 2001.

43.     Please produce copy of your investigation report into plaintiff s complaint to you about his treatment by MFH

**RESPONSE:** Objection, overly broad and ambiguous and to the extent the request implies the existence of an investigation report; without waiving the objection, or applicable general objections, N/A.

44.     Please produce copy of plaintiffs signed written informed consent for transfer to Crisis Stabilization Center (CSC)

**RESPONSE:** Objection, the request is improperly direct to this Defendant, is unduly burdensome, ambiguous and to the extent the request implies the need for written consent; without waiving the objection, or applicable general objections, Defendant is unaware of any such document.

45.     Product copy of your affiliation contract with the University of Cincinnati (UC) and or University of Cincinnati College of Medicine (UCCM) regarding the Family Practice Residency Training Program at MFH

**RESPONSE:** Objection, overly broad, unduly burdensome, irrelevant and an unnecessary invasion of proprietary information; without waiving the objection, or applicable general objections, this Defendant is not in possession of nor does he have access to the described contract.

46.     Produce copy of all documents, materials and things that you will rely on in litigation of the case

**RESPONSE:** Objection, requests privileged information; without waiving the objection, or applicable general objections, other than documents previously provided to Plaintiff or attached to these responses, undetermined at this time.

47.     Produce copy of the transcript of the deposition of plaintiff

**RESPONSE:** Objection, this request is inappropriately addressed to this Defendant.

9

*Ex. 116*

48.    Produce copy of your federal tax returns for 2000 through 2006

**RESPONSE:** Subject to general objections, Defendant objects on the basis that the requested documents are irrelevant, and the request constitutes harassment and is an unnecessary invasion of privacy.

AS TO OBJECTIONS:

*Karen A Carroll*

Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH 45202
Email: kcarroll@kplaw.com
Phone: (513) 381-0656/381-5823
TRIAL COUNSEL FOR DEFENDANTS, MERCY
FRANCISCAN HOSPITAL – WESTERN HILLS, MERCY
FRANCISCAN HOSPITAL – MT. AIRY, S. GRINNEL, C.
LOBECK, J. BRONHERT, J. DALEIDEN, C. MCCOY,
AND JANE(S) DOE(S) NURSES MERCY FRANCISCAN
HOSPITAL – MT. AIRY

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 1st day of

December, 2006, by regular U.S. mail and/or hand delivery upon the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
PLAINTIFF, PRO SE

Deborah R. Lydon, Esq.
Jennifer Mitchell, Esq.
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
TRIAL COUNSEL FOR DR. BERRY

*Karen A Carroll*

Karen A. Carroll (0039350)

277168.1:CA042.AM001

10

E4.117

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DARLINGTON AMADASU, pro se** | : | Case No. 1:01cv182 |
| | : | |
| Plaintiff, | : | (Judge Spiegel/Magistrate Judge Black) |
| | : | |
| vs. | : | **RESPONSES TO PLAINTIFF'S SET** |
| | : | **OF INTERROGATORIES TO** |
| **MERCY FRANCISCAN HOSPITAL –** | : | **STEVEN GRINNELL** |
| **WESTERN HILLS, et al.,** | : | |
| | : | |
| Defendant. | : | |

## GENERAL OBJECTIONS

(a)     The information supplied in these Responses is not based solely upon the

knowledge of the verifying party, but includes information assembled by and/or within the

knowledge of the party's authorized agents, representatives, and, unless privileged, attorneys.

Given the alleged facts and nature of Plaintiffs' claims combined with other circumstances, and

because much of the information is of, or relates to, events of several years ago, it may be

difficult, if not impossible, for Defendant to retrieve or produce some of the requested

information. It is also possible that some of the individuals who might have had personal

knowledge of the matters to which Plaintiffs' discovery relate are unavailable to Defendant.

Defendant is engaged in an ongoing investigation with respect to the matters inquired into by

Plaintiffs' discovery. Accordingly, Defendant, hereby reserves its right to amend these

Responses if new or more accurate information becomes available or if errors are discovered.

For this reason, Defendant cannot attest to the completeness, veracity or accuracy of all such

information. Furthermore, these Responses are given without prejudice to the Defendant's

respective rights to rely at trial upon subsequently discovered information, or upon information

inadvertently omitted from these Responses as a result of mistake, error or oversight.

Ex. 118

(b)     All Responses provided by or on behalf of Defendant are subject to continuing investigation and discovery, and Defendant reserves its individual rights to supplement or amend said Responses at any time during the course of this litigation.

(c)     Defendant objects to Plaintiff's Requests for Admissions as Defendant has not been provided with sufficient information by Plaintiff to enable it to respond completely to these discovery requests, either in whole or in part.

(d)     Defendant objects to Plaintiffs' Interrogatories and Requests for Production as being overly broad, exceedingly vague, inconsistent, irrelevant, prejudicial, unduly burdensome, harassing, oppressive, and lacking in requisite particularity.

(e)     Defendant further objects on the basis that some of Plaintiffs' Interrogatories and Requests for Production assume the truth of facts not in evidence or otherwise proven.

(f)     Plaintiffs' Interrogatories and Requests for Production are also objected to on the grounds that they seek to discover information which is irrelevant, lacking in materiality and/or not reasonably calculated to lead to the discovery of admissible evidence.

(g)     Defendant further objects to each and every one of Plaintiffs' Interrogatories and Requests for Production to the extent that that they seek to discover information which is privileged and/or immune from discovery, whether by virtue of the physician-patient, attorney-client, and/or work product doctrines, or any other applicable federal or state privilege.

(h)     Plaintiffs' Interrogatories and Requests for Production are further objectionable to the extent that some seek to discover information that is confidential, proprietary or privileged.

(i)     Defendant specifically objects to any Interrogatory or Request for Production of Documents that seeks to discover trial preparation or other privileged expert information and/or data. Appropriate disclosures shall be made in accordance with the Court's Scheduling Order.

2

$E_{4}. 119$

(j)    Defendant specifically objects to the Plaintiffs' use and definition of the term

"incident" in their Interrogatories and Requests for Production of Documents. General use of the

term "incident" is vague, ambiguous, subject to multiple interpretations and likely to engender

substantial confusion, particularly in light of the fact that no definition of the term has been

offered by Plaintiffs.

## INTERROGATORIES

1.   State/describe your full name, social security number, home address,
qualifications, date of birth, race, ethnicity, national origin, any, every and all job titles and
positions you held/hold at MFH and for each title and position recite and describe your duties,
obligations, responsibilities and job specifications and cite enabling MFH bylaws, rules,
regulations, policies and procedures or documents. Identify each such document for production.
Attach copy of your most current CV/Resume and submit your personnel file.

**ANSWER:**  Without waiving the general objections, Defendant further objects on the basis that
the request is overly broad and unduly burdensome and irrelevant; without waiving the
objection, a job description was provided to Plaintiff in July 2001 and defendant reserves the
right to supplement.

2.     Identify any and all documents, audio-visual recordings, emails, written
materials, notes, data-discs, about plaintiff and/or the subject matter of this action, which you
intend to introduce into evidence; and state the locations, and identify of the person(s) having
custody and control of all such documents, records or written materials.

**ANSWER**:   Without waiving the general objection, Defendant has not yet determined what
exhibits will be introduced at trial on his behalf, particularly since the allegations as to him have
not been clearly established.

3.     Please describe the contents of the bylaws, rules, regulations, policies,
procedures, guidelines and criteria of MFH used by MFH in recruiting, selection, assessment,
evaluation, interviewing and hiring for the Epidemiology Director during the relevant time
period, i.e. year 2000.

**ANSWER**:   Without waiving the general objections, the interrogatory is not properly
addressed to this Defendant and as such is irrelevant, overly broad and unduly burdensome;
without waiving the objections, copies of general policies related to hiring have previously been
provided to plaintiff.

4.     Did plaintiff possess the qualifications for Regional Epidemiology Director
applied for?  If "NO," state in detail and with specificity and particularity the qualifications that

3

$E4.120$

plaintiff did not possess for the position identifying the specific factual, evidentiary and policy bases.

**ANSWER**:    Without waiving the general objections, the interrogatory is not properly addressed to this Defendant, and as such is overly broad, unduly burdensome, ambiguous and this Defendant has no information to establish that Plaintiff applied for a position described as "Regional Director Epidemiology."

5.    State the total number of persons who applied for General Sonographer position; total number of them short listed, the total number of them who were interviewed and for each such total specify the proportion that were:

|  | Total applied | Total Short listed | Total interviewed | Hired |
|---|---|---|---|---|
| Caucasian | | | | |
| Black | | | | |
| Under 40 | | | | |
| Over 40 | | | | |
| Nigeria origins | | | | |

**ANSWER**:    Without waiving the general objections, Defendant further objects on the basis that the discovery is improperly addressed to this Defendant, is overly broad, unduly burdensome, irrelevant and this Defendant has no information to establish that Plaintiff applied for a position as "General Sonographer."

6.    Please state with reference to the qualifications required for Cardiac Sonographer, General Sonographer and Epidemiology Director positions respectively the minimum, optimum, and maximum acceptable qualifications for the job, components of the qualifications, scoring for each component of the qualifications, the relative weight assigned to each qualification in making the final hiring decision; the date the qualifications were instituted, and all previous qualifications required for the position during the relevant time period and the dates during which such qualifications were required.

**ANSWER:**    Without waiving the general objections, this interrogatory is improperly directed to this Defendant and is thus overly broad and unduly burdensome. Defendant further objects to the extent that he had no prospective knowledge of applications allegedly submitted by Plaintiff or any other applicant for any position at MFHMA.

7.    Please state the full name, address, telephone number, age, sex, race, ethnicity, date of birth, national origin, all qualifications, salary, fringe benefits of the person who was hired with date for the Epidemiology Director position. Identify and attach the employment/personnel file of the person hired.

**ANSWER:**    Without waiving the general objections, overly broad, ambiguous, irrelevant and incapable of response by this Defendant.

8.    Please describe the manners, processes, and procedures used by you and/or your

4

$Ex. 12)$

hiring committee to determine qualification, eligibility and employability of each applicant for the position and to fill the job position from the time you received all the job applications until the position was filled.

**ANSWER:**    Without waiving the general objections, overly broad, ambiguous, irrelevant and incapable of response by this Defendant.

9.    Did Plaintiff possess the qualifications for second-year family practice resident position at MFH applied for? If "NO," state in detail and with specificity and particularity the qualifications that plaintiff did not possess for the position identifying the specific factual, evidentiary and policy bases.

**ANSWER:**    Subject to the general objections, Defendant further objects on the basis that the interrogatory is improperly addressed to this Defendant and to the extent that the interrogatory implies Plaintiff applied to MFH for a position as a second year family practice resident.

10.    Please state the title, detail job specifications, the gross monthly salary, description of all the fringe benefits, for second-year family practice resident position at MFH during the relevant time period.

**ANSWER:**    Subject to the general objections, Defendant further objects to the extent that the interrogatory implies Plaintiff applied to MFH for a position as a second year family practice resident.

11.    State the rules, regulations, policies, procedures, guidelines and criteria that must be followed in advertisement, recruitment, selection and hiring of second-year family practice resident at MFH during the relevant time period.

**ANSWER:**    Subject to the general objections, Defendant further objects on the basis that the interrogatory is improperly directed to this Defendant and to the extent it implies the processes described in the interrogatory are applicable to MFH.

12.    Did you and residency selection committee (RSC) evaluated the plaintiff in order to determine his eligibility and employability for the second-year family practice resident? If "yes", state: the bases and a summary of the evaluation, recommendations and decisions made by you and/or the RSC; the weights given to such evaluation in the final decision relative to other criteria, the criteria and guidelines used by you and RSC, name, address, age, race, national origin and qualification of each member of the RSC who participated in the evaluation and decision not to hire plaintiff, dates, location, time of starting and ending, the elements, substance, components, skills and trait you and RSC evaluated, how scored and weighted, identify and attach copies of the minutes, the instruments, processes and evaluation Forms used for all the applicants.

5

$E4.122$

**ANSWER:** Subject to the general objections, Defendant further objects on the basis that the interrogatory is improperly directed to this Defendant and to the extent it implies the processes described in the interrogatory are applicable to MFH, without waiving the objections, I did not evaluate the Plaintiff in regard to a position as a second year family practice resident.

13. Did/do you deny that the Residency Selection Committee did not review, evaluate or assess plaintiff's application for the second-year family practice resident at MFH? If "yes", state your specific bases in facts, evidence and policy, or, if "no" state the date and time of the date that review, and evaluation took place and the result thereof.

**ANSWER:** Subject to the general objections, Defendant further objects on the basis that the interrogatory is improperly directed to this Defendant and to the extent it implies the processes described in the interrogatory are applicable to MFH; without waiving the objections, this Defendant has no knowledge as to action taken, if any, by an entity known as "Residency Selection Committee".

14. Did/do you deny that plaintiff's application for second-year family practice resident position was not evaluated, scored and weighed comparatively with other applicants according to the processes, criteria and procedures under the hiring policy, equal opportunity/affirmative action policy of MFH? If "yes," state your specific bases in facts, evidence and policy.

**ANSWER:** Subject to the general objections, Defendant further objects on the basis that the interrogatory is improperly directed to this Defendant and to the extent it implies the process described in the interrogatory are applicable to MFH.

15. Do you contend that University of Cincinnati (UC) or University of Cincinnati College of Medicine (UCCM) has the ultimate authority, control and responsibility over the family practice residency-training Accreditation Council for Graduate Medical Education (ACGME).

**ANSWER:** Subject to the general objections, Defendant further objects on the basis that the interrogatory is improperly addressed to this Defendant is ambiguous, unduly burdensome, overly broad, and incapable of response by this Defendant.

16. Do you contend that MFH was/is not the accredited sponsoring institution and had/has no accredited ultimate authority, control and responsibility over family practice residency-training program at MFH? If "yes", state your specific bases in facts, evidence and policy.

**ANSWER:** Without waiving the general objections, overly broad, ambiguous, irrelevant and incapable of response by this Defendant.

17. Did/do you deny that the person who was hired for the second-year family practice resident position at MFH was less qualified than plaintiff? If "yes," state your specific bases in facts, evidence and policy.

6

$E4.123$

**ANSWER:**    Without waiving the general objections, overly broad, ambiguous, irrelevant and incapable of response by this Defendant.

18.    Did/do you deny that FMH had/has no legitimate nondiscriminatory reasons for not affording plaintiff equal employment opportunity/affirmative action right to compete fairly and equally with other applicants for the second-year family practice resident position at MFH? If "yes," state your specific bases in facts, evidence and policy.

**ANSWER:**    Without waiving the general objections, Defendant further objects to the extent that the interrogatory is overly broad, ambiguous, irrelevant and incapable of response by this Defendant, and to the extent it implies Plaintiff applied to MHF for the described residency.

19.    On or about 10/6/00, while plaintiff was complaining to you at your office about your staff refusal to release his medical records to him, explain why your subordinates called Cincinnati Police to harass, arrest and imprison plaintiff?

**ANSWER:**    Subject to the general objections, Defendant further objects on the basis that the interrogatory asks him to explain the actions of persons other than himself and to the extent that the request states the Plaintiff was harassed, arrested and imprisoned by the CPD; without waiving the objections, see the CPD and Security reports already in Plaintiff's possession.

20.    Explain why you failed to protect plaintiff from your staff's conduct resulting in policy harassing plaintiff when on or about 10/6/00 at the invitation of your medical record staff on 10/4/00 plaintiff came to MFHMA as your invitee-guest or invitee-business guest to collect his medical records.

**ANSWER:**    Subject to the general objections, Defendant further objects on the basis that the request is ambiguous, sets forth inflammatory, conclusory opinions, and is incapable of response by this Defendant as stated.

21.    Explain in detail why MFH failed and refused to release plaintiff's medical records to plaintiff form 5/01/00 until 11/28/06.

**ANSWER:**    Without waiving the general objections, overly broad, ambiguous, irrelevant and incapable of response by this Defendant. Without waiving the objections, Defendant believes Plaintiff was provided his medical records in October of 2000.

22.    Do you contend that it is true the statement that you or your staff made to Cincinnati Police that plaintiff was a doctor-impersonator, "insane, dangerous and violent mental patient? If "yes", state your specific bases in facts and evidence.

**ANSWER:**    Subject to the general objections, Defendant further objects on the basis that the interrogatory asks him to explain the alleged conduct of persons other than himself, and to the extent that Defendant has no information leading him to believe the Plaintiff was described as an "insane, dangerous and violent mental patient."

7

*Ex. 124*

23. Explained why your social worker, rather than Berry, ordered that plaintiff be transported by taxis unaccompanied by medical staff to Crisis Stabilization Center on 5/1/00 and without Plaintiff's consent, and when MFH transferred plaintiff to Crisis Stabilization Center by taxis unaccompanied by medical staff, did it adhere to the standard of care for transfer prescribed by MFH's Rules and Regulations, JCAHO, COBRA, AMTALA, APA, ACEP, Ohio law, etc.? If "yes", state your specific bases in facts, evidence, and point to the portion of medical records that may support your contention; if "no", explain why it failed to adhere to the standard.

**ANSWER:** Without waiving the general objections, overly broad, ambiguous, irrelevant and incapable of response by this Defendant

24. Timothy Sillman, Social Worker complained in the medical record that he was frustrated by Berry by "his directing the team to decide what to do with patient (sic)", i.e., plaintiff, evidence that Berry failed to provide leadership to the interdisciplinary team as mandated by APA's Guidelines. Explained why you failed to discipline Berry for failing to provide leadership to the term purportedly taking care of plaintiff and why he abdicated his duty to social worker to make decision whether or not send plaintiff to Crisis Stabilization Center.

**ANSWER:** Without waiving the general objections, overly broad, ambiguous, irrelevant and on the basis that the request asks for an explanation of alleged behavior other than his own; without waiving the objection, Defendant finds no such reference in the medical record.

25. Did the privileges that MFH accorded and or contract with Berry precluded Berry from taking medical history, performing physical examination, review of systems, diagnostic tests, medical diagnoses of physical illnesses, seeking consultations, and making proper documentations? If "yes", state your specific bases in facts, law, evidence, policy; if "no" explain why Berry failed to these procedures and why you failed to discipline him.

**ANSWER:** Subject to the general objections, Defendant objects on the basis that the interrogatory is improperly directed to this Defendant, and to the extent that the request implies failures on the part of Dr. Berry; without waiving the objection, no.

AS TO OBJECTIONS:

*Karen A Carroll*

Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH 45202
Email: kcarroll@kplaw.com
Phone: (513) 381-0656/381-5823
TRIAL COUNSEL FOR DEFENDANTS, MERCY
FRANCISCAN HOSPITAL – WESTERN HILLS, MERCY
FRANCISCAN HOSPITAL – MT. AIRY, S. GRINNEL, C.
LOBECK, J. BRONHERT, J. DALEIDEN, C. MCCOY, AND
JANE(S) DOE(S) NURSES MERCY FRANCISCAN
HOSPITAL – MT. AIRY

8

$E4.125$

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 1st day of

December, 2006, by regular U.S. mail and/or hand delivery upon the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
PLAINTIFF, PRO SE

Deborah R. Lydon, Esq.
Jennifer Mitchell, Esq.
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
TRIAL COUNSEL FOR DR. BERRY

Karen A. Carroll (0039350)

277481.1:CA042.AM001

9

$Ex. 126$

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLINGTON AMADASU
Plaintiff

CASE No.: C-1-01-182

Speigel/Black

vs.

MERCY FRANCISCAN HOSPITAL, et al,
Defendants

ANSWERS TO
PLAINTIFF REQUESTS FOR COMBINED
PRODUCTION OF DOCUMENTS and
THINGS UPON MCCOY, DALEIDEN,
BRONNERT AND LOBECK

## GENERAL OBJECTIONS

(a)    The information supplied in these Responses is not based solely upon the knowledge

of the verifying party, but includes information assembled by and/or within the knowledge of the

party's authorized agents, representatives, and, unless privileged, attorneys. Given the alleged facts

and nature of Plaintiffs' claims combined with other circumstances, and because much of the

information is of, or relates to, events of several years ago, it may be difficult, if not impossible, for

Defendant to retrieve or produce some of the requested information. It is also possible that some of

the individuals who might have had personal knowledge of the matters to which Plaintiffs' discovery

relate are unavailable to Defendant. Defendant is engaged in an ongoing investigation with respect to

the matters inquired into by Plaintiffs' discovery. Accordingly, Defendant, hereby reserves its right to

amend these Responses if new or more accurate information becomes available or if errors are

discovered. For this reason, Defendant cannot attest to the completeness, veracity or accuracy of all

such information. Furthermore, these Responses are given without prejudice to the Defendant's

respective rights to rely at trial upon subsequently discovered information, or upon information

inadvertently omitted from these Responses as a result of mistake, error or oversight.

1

$E4.127$

(b)     All Responses provided by or on behalf of Defendant are subject to continuing investigation and discovery, and Defendant reserves its individual rights to supplement or amend said Responses at any time during the course of this litigation.

(c)     Defendant objects to Plaintiff's Requests for Admissions as Defendant has not been provided with sufficient information by Plaintiff to enable it to respond completely to these discovery requests, either in whole or in part.

(d)     Defendant objects to Plaintiffs' Interrogatories and Requests for Production as being overly broad, exceedingly vague, inconsistent, irrelevant, prejudicial, unduly burdensome, harassing, oppressive, and lacking in requisite particularity.

(e)     Defendant further objects on the basis that some of Plaintiffs' Interrogatories and Requests for Production assume the truth of facts not in evidence or otherwise proven.

(f)     Plaintiffs' Interrogatories and Requests for Production are also objected to on the grounds that they seek to discover information which is irrelevant, lacking in materiality and/or not reasonably calculated to lead to the discovery of admissible evidence.

(g)     Defendant further objects to each and every one of Plaintiffs' Interrogatories and Requests for Production to the extent that that they seek to discover information which is privileged and/or immune from discovery, whether by virtue of the physician-patient, attorney-client, and/or work product doctrines, or any other applicable federal or state privilege.

(h)     Plaintiffs' Interrogatories and Requests for Production are further objectionable to the extent that some seek to discover information that is confidential, proprietary or privileged.

(i)     Defendant specifically objects to any Interrogatory or Request for Production of Documents that seeks to discover trial preparation or other privileged expert information and/or data. Appropriate disclosures shall be made in accordance with the Court's Scheduling Order.

E4. 128

(j)     Defendant specifically objects to the Plaintiffs' use and definition of the term

"incident" in their Interrogatories and Requests for Production of Documents.  General use of the term

"incident" is vague, ambiguous, subject to multiple interpretations and likely to engender substantial

confusion, particularly in light of the fact that no definition of the term has been offered by Plaintiffs.

## REQUESTS FOR PRODUCTION

1.      Produce copy of employment/personnel file of Judy Daleiden

RESPONSE:  Objection, constitutes harassment, privileged, irrelevant, and unlikely to lead to the
discovery of admissible evidence.


2.      Produce copy of employment/personnel file of Connie McCoy

RESPONSE:  Objection, constitutes harassment, privileged, irrelevant, and unlikely to lead to the
discovery of admissible evidence.


3.      Produce copy of employment/personnel file of June Bronhert, n/k/a (Gatzke)

RESPONSE:  Objection, constitutes harassment, privileged, irrelevant, and unlikely to lead to the
discovery of admissible evidence.

4.      Produce copy of employment/personnel file of Charles Lobeck

RESPONSE:  Objection, constitutes harassment, privileged, irrelevant, and unlikely to lead to the
discovery of admissible evidence.

5.      Produce copy of the transcript of deposition of plaintiff

RESPONSE:  Objection, constitutes harassment, unduly burdensome, and may violate an implied
contract with the court reporter who transcribed said deposition; without waiving the objection,
Defendant is not obligated to provide said document.

6.      Produce copies of all plaintiff's applications for your jobs

RESPONSE:  Objection, ambiguous; without waiving the objection, Defendant does not have a
record of any application by Plaintiff for any position other than echosonographer, which application
has previously been provided to plaintiff.

Ex. 129

7.    Produce copy of the video recordings of the echocardiography scanning test that plaintiff did

RESPONSE: Attached.

8.    Produce copy of the evaluation, scoring, comments and opinion documents of the physician in-charge of the test

RESPONSE: To the extent the physicians' comments were reduce to writing, see attached.

 9.    Produce MFH policy, procedures, rules, regulations, guidelines, criteria enabling MFH to subject applicants to tests for all jobs in general, and that had enabled McCoy and Daleiden to have subjected plaintiff to tests for Cardiac Sonographer position during the relevant period

RESPONSE: Objection, overly broad and ambiguious and to the extent the request implies that Plaintiff was "subjected" or singled our for testing. Without waiving the objection, there are no written policies; however, the cardiologists require a demonstration tape for any applicant for the position of echosonographer.          $\mathcal{N}_{o} \mathcal{T} \mathcal{O} \cdot _{\mathcal{I}} \mathcal{L}_{\mathcal{I}} _{\mathcal{I}} _{\mathcal{L}}$

10.    Produce copy of evaluation, scoring, weighing of plaintiff's applications for cardiac sonographer, general ultrasound tech and epidemiology director positions that plaintiff applied for.

RESPONSE: Objection, ambiguous, irrelevant, and there is no evidence to support Plaintiff's claim that he applied for any positions other than echosonographer; without waiving the objection, see demo tape, application and related notes previously provided.

 11.    Produce copy of the hiring manager decisions on plaintiff's applications for the said jobs

RESPONSE: Objection, privileged, ambiguous as to the reference to "hiring manager decisions" and to the extent the request implies Plaintiff applied for positions other than echosonographer; without waiving the objections, and with the understanding that the reasons for the decision not to offer plaintiff a position may not be wholly reflected on the written notes, see notes related to plaintiff's application, previously provided.

12.    Produce copy of documents between Daleiden, McCoy and the hiring manager relating to plaintiff's applications for the said jobs

RESPONSE: Objection, privileged, ambiguous as to reference to "hiring manager decisions" and to the extent the request implies Plaintiff applied for positions other than echosonographer; without waiving the objection, and with the understanding that the reasons for the decision not to offer plaintiff a position may not be wholly reflected on the written notes, see notes related to plaintiff's application, previously provided.

$Ex. 13D$

13.     Produce copy of documents between hiring manager and the director/vice-president of personnel department relating to plaintiff's applications for the said jobs

RESPONSE:  Objection, ambiguous and to the extent the request implies the existence of said documents; without waiving the object, see notes related to Plaintiff's application, previously provided.

14.     Produce copy of document showing the job title, position, job descriptions, duty, and power of Daleiden during the relevant period

RESPONSE:  Objection, overly broad, unduly burdensome and ambiguous, without waving the objection, Defendant has made a diligent search for a copy of the requested job description, but has been unable to locate same. If the requested document is located, Defendant will amend it's answer.

15.     Produce copy of document showing the job title, position, job descriptions, duty, and power of McCoy during the relevant period

RESPONSE:  Objection, overly broad, unduly burdensome and ambiguous, without waving the objection, Defendant has made a diligent search for a copy of the requested job description, but has been unable to locate same. If the requested document is located, Defendant will amend its answer.

16.     Produce copy of document showing the job title, position, job descriptions, duty, and power of Bronhert during the relevant period

RESPONSE:  Objection, overly broad, unduly burdensome and ambiguous, without waving the objection, Defendant has made a diligent search for a copy of the requested job description, but has been unable to locate same. If the requested document is located, Defendant will amend its answer.

17.     Produce copy of document showing the job title, position, job descriptions, duty, and power of Lobeck during the relevant period

RESPONSE:  Objection, overly broad and ambiguous; without waiving the objection, the job description for Charles Lobeck has previously been provided to Plaintiff.

18.     All documents and things that you will use to litigate this action

RESPONSE:  Objection, overly broad, unduly burdensome, and incapable of response other than documents previously provided by any Plaintiff or any Defendants. Defendant reserves the right to amend it's answer in a timely manner prior to trial.

2

$Ex. 131$

19.     Produce copy of documents reflecting McCoy and Daleiden's job-interviews with plaintiff

RESPONSE:  Previously provided.

20.     Produce copies of curriculum vitae of McCoy, Daleiden, Bronhert and Lobeck existing during the relevant period and the most current ones

RESPONSE:  Objection, overly broad, unduly burdensome, irrelevant and not likely to lead to admissible evidence; without waiving the objection, will supplement.

21.     Produce copies of educational diplomas, degrees, and certificates of McCoy, Daleiden, Bronhert and Lobeck

RESPONSE:  Objection, overly broad, unduly burdensome, irrelevant and not likely to lead to admissible evidence.

22.     Produce copies of 2000 through 2006 federal tax returns with all schedules of McCoy, Deleiden, Bronhert and Lobeck

RESPONSE:  Objection, constitutes harassment, overly broad, unduly burdensome, irrelevant and unlikely to lead to admissible evidence.

AS TO OBJECTIONS:

Karen A. Carroll

Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH 45202
Email: kcarroll@kplaw.com
Phone: (513) 381-0656/381-5823
TRIAL COUNSEL FOR DEFENDANTS, MERCY FRANCISCAN
HOSPITAL – WESTERN HILLS, MERCY FRANCISCAN
HOSPITAL – MT. AIRY, S. GRINNELL, C. LOBECK, J.
BRONNERT, J. DALEIDEN, AND C. MCCOY

Ex. 132

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 1st day of

December, 2006, by regular U.S. mail and/or hand delivery upon the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH 45206
PLAINTIFF, PRO SE

Deborah R. Lydon, Esq.
Jennifer Mitchell, Esq.
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
TRIAL COUNSEL FOR DR. BERRY

Karen A. Carroll (0039350)

277170.1;CA042.AM001

Ex. 133

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **DARLINGTON AMADASU, pro se** | : | Case No. 1:01cv182 |
| | : | |
| Plaintiff, | : | (Judge Spiegel/Magistrate Judge Black) |
| | : | |
| vs. | : | **ANSWERS TO PLAINTIFF'S SET** |
| | : | **OF INTERROGATORIES TO** |
| **MERCY FRANCISCAN HOSPITAL –** | : | **CHARLES LOBECK** |
| **WESTERN HILLS, et al.,** | : | |
| | : | |
| Defendant. | : | |

## GENERAL OBJECTIONS

(a)     The information supplied in these Responses is not based solely upon the

knowledge of the verifying party, but includes information assembled by and/or within the

knowledge of the party's authorized agents, representatives, and, unless privileged, attorneys.

Given the alleged facts and nature of Plaintiffs' claims combined with other circumstances, and

because much of the information is of, or relates to, events of several years ago, it may be

difficult, if not impossible, for Defendant to retrieve or produce some of the requested

information. It is also possible that some of the individuals who might have had personal

knowledge of the matters to which Plaintiffs' discovery relate are unavailable to Defendant.

Defendant is engaged in an ongoing investigation with respect to the matters inquired into by

Plaintiffs' discovery. Accordingly, Defendant, hereby reserves its right to amend these

Responses if new or more accurate information becomes available or if errors are discovered.

For this reason, Defendant cannot attest to the completeness, veracity or accuracy of all such

information. Furthermore, these Responses are given without prejudice to the Defendant's

Ex. 134

respective rights to rely at trial upon subsequently discovered information, or upon information inadvertently omitted from these Responses as a result of mistake, error or oversight.

    (b)    All Responses provided by or on behalf of Defendant are subject to continuing investigation and discovery, and Defendant reserves its individual rights to supplement or amend said Responses at any time during the course of this litigation.

    (c)    Defendant objects to Plaintiff's Requests for Admissions as Defendant has not been provided with sufficient information by Plaintiff to enable it to respond completely to these discovery requests, either in whole or in part.

    (d)    Defendant objects to Plaintiffs' Interrogatories and Requests for Production as being overly broad, exceedingly vague, inconsistent, irrelevant, prejudicial, unduly burdensome, harassing, oppressive, and lacking in requisite particularity.

    (e)    Defendant further objects on the basis that some of Plaintiffs' Interrogatories and Requests for Production assume the truth of facts not in evidence or otherwise proven.

    (f)    Plaintiffs' Interrogatories and Requests for Production are also objected to on the grounds that they seek to discover information which is irrelevant, lacking in materiality and/or not reasonably calculated to lead to the discovery of admissible evidence.

    (g)    Defendant further objects to each and every one of Plaintiffs' Interrogatories and Requests for Production to the extent that that they seek to discover information which is privileged and/or immune from discovery, whether by virtue of the physician-patient, attorney-client, and/or work product doctrines, or any other applicable federal or state privilege.

    (h)    Plaintiffs' Interrogatories and Requests for Production are further objectionable to the extent that some seek to discover information that is confidential, proprietary or privileged.

$Ex. 135$

(i)     Defendant specifically objects to any Interrogatory or Request for Production of

Documents that seeks to discover trial preparation or other privileged expert information and/or

data. Appropriate disclosures shall be made in accordance with the Court's Scheduling Order.

(j)     Defendant specifically objects to the Plaintiffs' use and definition of the term

"incident" in their Interrogatories and Requests for Production of Documents. General use of the

term "incident" is vague, ambiguous, subject to multiple interpretations and likely to engender

substantial confusion, particularly in light of the fact that no definition of the term has been

offered by Plaintiffs.

## INTERROGATORIES

1.     State/describe you full name, social security number, home address, qualifications, date
of birth, race, ethnicity, national original, any, every and all job titles and positions you held/hold
at MFH and for each title and position recite and describe your duties, obligations,
responsibilities and job specifications and cit enabling MFH bylaws, rules, regulations, policies
and procedures or documents. Identify each such documents for production. Attach copy of
your most current CV/Resume and submit your personnel file.

**ANSWER:**     Without waiving the general objections, Defendant further objects on the basis
that the request is overly broad and unduly burdensome and irrelevant; without waiving the
objection, see attached.

2.     Identify any and all documents, audio-visual recordings, emails, written materials, notes,
data-discs, about plaintiff and/or the subject matter of this action, which you intend to introduce
into evidence; and state the locations, and identify of the person(s) having custody and control of
all such documents, records or written materials.

**ANSWER:**     Without waiving the general objection, Defendant has not yet determined what
exhibits will be introduced at trial on his behalf, particularly since the allegations as to him have
not been clearly established.

3.     Please describe the contents of the bylaws, rules, regulations, policies, procedures,
guidelines and criteria of MFH used by MFH in recruiting, selection, assessment, evaluation,
interviewing and hiring for the Epidemiology Director during the relevant time period, i.e. year
2000.

$E4.136$

**ANSWER:** Without waiving the general objections, the interrogatory is not properly addressed to this Defendant and as such is irrelevant, overly broad and unduly burdensome; without waiving the objections, copies of general policies related to hiring have previously been provided to plaintiff.



4. Please state the title, detail job specifications, the gross monthly salary, description of all the fringe benefits, for Cardiac Sonographer and General Sonographer positions at MFH during the relevant time period.



**ANSWER:** Without waiving the general objections, Defendant further objects on the basis that the discovery is not properly addressed to this Defendant, is irrelevant, overly broad and unduly burdensome.

5. State the total number of persons who applied for General Sonographer position; total number of them short listed, the total number of them who were interviewed and for each such total specify the proportion that were:

|  | Total applied | Total Short listed | Total interviewed | Hired |
|---|---|---|---|---|
| Caucasian |  |  |  |  |
| Black |  |  |  |  |
| Under 40 |  |  |  |  |
| Over 40 |  |  |  |  |
| Nigeria origins |  |  |  |  |

**ANSWER:** Without waiving the general objections, Defendant further objects on the basis that the discovery is improperly addressed to this Defendant, is overly broad, unduly burdensome and irrelevant, in that Plaintiff did not apply for a position as a general sonographer.

6. Did MFH allege that plaintiff made threat to or threatened statement to MFH staff during the relevant period: If you answer is yes, state/describe in detail.

(a) the total number of threats or threatening statements allegedly made

(b) the specific location, date and time of the day of each threat

(c) the name, address, race, national origin, sex phone number, job title, position of each person allegedly threatened

(d) the nature, circumstance and substance of each alleged threat or threatening statement

(e) the name, address, race, national original, sex, phone number, job title, position of each witness with personal knowledge to the alleged threat or threatening statement

(f) attach hereto any and all documentary evidence of the alleged threat or threatening statement that you have.

**ANSWER:** Without waiving the general objections, Defendant further objects on the basis that the discovery is improperly directed to this Defendant, is overly broad, unduly burdensome and ambiguous; without waiving the objection, the police report of October 6, 2000, already in Plaintiff's possession, speaks to the issue of "threats."

$Ex. 137$

7.    Did MFH allege that plaintiff was/is spousal abuser? If your answer is yes, state/describe in detail

(a)   the total number of reported or documented spousal abuses allegedly made by plaintiff
(b)   the specific location, date and time of day each spousal abuse
(c)   the name, address, race, national origin, sex, phone number, job title, position of the spouse(s) allegedly abused
(d)   the nature, circumstance and substance of each alleged spousal abuse
(e)   the name, address, race, national origin, sex, phone number, job title, position of each witness with personal knowledge to the alleged spousal abuse.
(f)   attach hereto any and all documentary evidence of the alleged spousal abuse.

**ANSWER**:    Without waiving the general objections, Defendant further objects on the basis that the discovery is improperly directed to this Defendant, is overly broad, unduly burdensome and irrelevant; without waiving the objection, this Defendant has no information responsive to the request.

8.    Did MFH allege that plaintiff made or attempted making assault on police officer? If your answer is yes, state/describe in detail
(a)   the total number of reported or documented allegedly made/attempted assault on police officer
(b)   the specific location, date and time of the day of each allegedly made/attempted assault
(c)   the name, address, race, national origin, sex, phone number, job title, position of the police officer allegedly assaulted
(d)   the nature, circumstance and substance of each allegedly made/attempted assault
(e)   the name, address, race, national origin, sex phone number, job title, position of each witness with personal knowledge to the allegedly made/attempted assault.
(f)   attach hereto any and all documentary evidence of the allegedly made/attempted assault.

**ANSWER**:    Without waiving the general objections, Defendant further objects on the basis that the discovery is improperly directed to this Defendant, is overly broad, unduly burdensome and irrelevant; without waiving the objection, this Defendant has no information responsive to the request.

9.    State the definition or the meaning of "standard of care" and describe in detail its fundamental components as it is generally applied in the medical spheres.

**ANSWER**:    Without waiving the general objections, Defendant states that his general understanding of the "standard of care" for medical cases, refers to what the reasonably prudent health care provider would do under like or similar circumstances.

Ex. 138

10.    Describe in detail the plaintiff's presented psychiatric and medical/physical condition(s) during the relevant period and the standard of due care applicable to such conditions so described.

**ANSWER:**    Without waiving the general objections, Defendant further objects on the basis that the discovery is not properly addressed to this Defendant and should be directed to Plaintiff's treating psychiatrist and/or a competent medical expert.

11.    Describe in detail the standard of due care for a patient with mental illness and co-morbid physical illnesses presenting at your Emergency Department and state how Berry and MFH's care of plaintiff and treatment met it.

**ANSWER:**    Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

12.    Describe in detail the standard of due care for a patient with mental illness and co-morbid physical illnesses hospitalized in your hospital.

**ANSWER:**    Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

13.    Describe in detail the standard of care for a patient complaining of mental illness and diarrhea hospitalized in your hospital and nationally.

**ANSWER:**    Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

14.    Describe in detail the standard of care for a patient with mental illness and respiratory problems hospitalized in your hospital and nationally.

**ANSWER:**    Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

15.    Describe in detail the standard of care for a patient with mental illness and scrotal swell hospitalized in your hospital and nationally.

**ANSWER:**    Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

Ex. 139

16.     Are MFH and Berry required to adhere to Federal Law, COBRA/EMTALA, which prescribes uniform benchmark standard of due care for transfer of patient? If you answer yes, state/describe in detail

(a) the COBRA/EMTALA standard of care for transfer of a patient

(b) how the transfer of a plaintiff to CSC by Berry and MFH confirm to the COBRA/EMTALA standard

(c) the portion of the medical records that support your contention and attach the portion hereto.

**ANSWER:**     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

17.     Describe the components of and fundamental difference(s) between ordinary consent and informed consent as they relate to medical services and procedures and summarize how plaintiff's consent confirm to applicable fundamental requirements of informed consent principle.

**ANSWER:**     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

18.     Describe in detail how you determine and evaluate whether a given medical/psychiatric service and /or procedure is in conforming to and in deviation from applicable standard of care thereof.

**ANSWER:**     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

19.     Describe in detail the indication for, method of transfer to and how the Crisis Stabilization Center (CSC) was an appropriate facility to which plaintiff could have been transferred and attach portion of medical record reflecting his signed written consent to that transfer and state whether method of transportation met the due care.

**ANSWER:**     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

20.     Describe in detail the meaning and components of "appropriate medical screening" under COBRA/EMTALA and how the care and treatment Berry and MFH gave plaintiff complied with it.

**ANSWER:**     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

Ex. 140

21.     Summarize how the care and treatment Berry and MFH gave plaintiff meet eth accepted standard of due care applicable to:

(a) evaluation and management of plaintiff's mental illness condition,
(b) physical illness of digestive condition of diarrhea,
(c) physical illness of respiratory condition of chest tightness and breathing problem,
(d) physical illness fo genitourinary condition of scrotal swelling
(e) documentation f the treatment and care
(f) informed consent
(g) transfer

**ANSWER**:     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

22.     Are MFH and Berry required to adhere to JCAHO requirements, which prescribe applicable standard of due care applicable to transfer of patient?     If you answer yes, state/describe in detail

(d) the JCAHO standard of due care applicable to transfer of a patient
(e) how the transfer of plaintiff to CSC by Berry and MFH conformed to the JCAHO standard
(f) attach hereto the portion of the medical records that support your response.

**ANSWER**:     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

23.     Are MFH and Berry required to adhere to ACEP – American College of Emergency Physician requirements which prescribe standard of due care applicable to transfer of patient? If you answer yes, state/describe in detail

(g) the ACEP standard of due care for transfer of a patient
(h) how the transfer of plaintiff to CSC by Berry and MFH conformed to the ACEP standard
(i) the portion of the medical records that support your response and attach hereto
(j) the bases in facts, applicable standard, if you answer no,

**ANSWER**:     Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

24.     Are MFH and Berry required to adhere to APA-American Psychiatric Association standard, which prescribes the standard of due care applicable to psychiatric patients? If you answer yes, state/describe in detail

$E4. /4/$

(k) the APA standard of care applicable for psychiatric patients

(l) how the treatment and care of plaintiff by Berry and MFH conformed to the APA standard

(m) the portion of the medical records that support your response and attach hereto

(n) the bases in facts, applicable standard, if you answer no,

**ANSWER**:    Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

25.    Are MFH and Berry required to adhere to federal, state and MFH's mental health patient's bill of rights, which guarantee those rights? If you answer yes, state/describe in detail

(o) the federal, state and MFH mental health patients' bill of rights

(p) how the treatment and care of plaintiff by Berry and MFH conformed to the bills or rights

(q) the portion of the medical records that support your response and attach hereto

(r) the bases in facts, applicable standard, if you answer no,

**ANSWER**:    Without waiving the general objections, Defendant asserts that Plaintiff has exceeded the number of interrogatories allowed pursuant to Rule 33(a) of the FRCP and as set forth in the parties' Rule 26 Disclosures.

AS TO OBJECTIONS:

Karen A. Carroll (0039350)
201 E. Fifth Street, Suite 800
Cincinnati, OH 45202
Email: kcarroll@kplaw.com
Phone: (513) 381-0656/381-5823
TRIAL COUNSEL FOR DEFENDANTS, MERCY
FRANCISCAN HOSPITAL – WESTERN HILLS, MERCY
FRANCISCAN HOSPITAL – MT. AIRY, S. GRINNEL, C.
LOBECK, J. BRONHERT, J. DALEIDEN, C. McCOY,
AND JANE(S) DOE(S) NURSES MERCY FRANCISCAN
HOSPITAL – MT. AIRY

Ex. 142

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 1st day of December, 2006, by regular U.S. mail and/or hand delivery upon the following:

Darlington Amadasu
P.O. Box 6263
Cincinnati, OH  45206
PLAINTIFF, PRO SE

Deborah R. Lydon, Esq.
Jennifer Mitchell, Esq.
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
TRIAL COUNSEL FOR DR. BERRY

Karen A. Carroll (0039350)

277131.1:CA042.AM001

Ex. 143