RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 08a0068p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

DARLINGTON AMADASU,

    *Plaintiff-Appellant,*

v.

MERCY FRANCISCAN HOSPITAL, Western Hills;
MERCY FRANCISCAN HOSPITAL, Mt. Airy; STEVEN
GRINNELL; JUNE BRONHERT; JUDY DALEIDEN;
CONNIE MCCOY; JANE DOE(S), Nurses; CHARLES
LEUBECK; RAVI B. BERRY,

    *Defendants-Appellees.*

No. 07-4116

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 01-00182—S. Arthur Spiegel, District Judge.

Submitted: November 8, 2007

Decided and Filed: February 8, 2008

Before: KENNEDY, MARTIN, and COLE, Circuit Judges.

---

**PRO SE**

Darlington Amadasu, Cincinnati, Ohio, pro se.

---

**COUNSEL**

Karen A. Carroll, RENDIGS FRY KIELY & DENNIS LLP, Cincinnati, Ohio, Deborah R. Lydon, Jennifer Orr Mitchell, DINSMORE & SHOHL, Cincinnati, Ohio, for Appellees.

---

**OPINION**

    BOYCE F. MARTIN, JR., Circuit Judge. Darlington Amadasu, proceeding pro se, appeals a district court order dismissing his civil complaint. He moves for a copy of the transcripts at the government's expense, for a stay of the briefing schedule, and for miscellaneous relief. The

No. 07-4116     *Amadasu v. Mercy Franciscan Hospital, et al.*                    Page 2

defendants move to dismiss the appeal for lack of jurisdiction due to Amadasu's failure to file objections to a magistrate judge's report and recommendation.

Relying on federal laws such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; as well as 42 U.S.C. §§ 1981, 1983, 1985, and 1986; the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; and the Americans with Disabilities Act, 42 U.S.C. § 12201 et seq., Amadasu filed suit in 2001 against Mercy Franciscan Hospital, Western Hills; Mercy Franciscan Hospital, Mt. Airy; several Mercy Hospital employees (Steven Grinnell, June Bronhert, Judy Daleiden, Connie McCoy, Jane Doe(s), Charles Leubeck), and an attending physician (Ravi B. Berry). Amadasu's claims related to psychiatric treatment provided by the defendants, their failure to hire him for various positions, and their handling of his medical records. Amadasu also asserted supplemental state law claims such as medical malpractice. Upon filing the complaint, he was granted leave to proceed as a pauper.

After six years of proceedings, a magistrate judge held a hearing on December 11, 2006, to consider assorted motions by the defendants. The magistrate judge recommended granting the defendants' motion for summary judgment on the medical malpractice claim because Amadasu had not offered any expert testimony to prove causation as required by state law. The magistrate judge further recommended granting the defendants' motion to dismiss the action due to Amadasu's failure to cooperate in discovery. *See* Fed. R. Civ. P. 37(b), 41, and 56(c). Over the course of the proceedings, Amadasu had not provided basic personal information to the defendants, had not provided initial Fed. R. Civ. P. 26 disclosures, had not appeared for his deposition, and had not appeared at a court conference.

Amadasu moved for an extension of time to file objections to the magistrate judge's report. The district court granted his request, but Amadasu did not file any objections by the deadline and instead requested another extension. Without ruling on Amadasu's second request for an extension, the district court adopted the magistrate judge's report as "well-reasoned, thorough, and correct" and noted that neither party had filed objections to the report despite a warning that the failure to do so would result in a waiver of the right to appeal. On the day judgment was entered, Amadasu filed objections and a cross-motion for summary judgment. A month later, the district court denied as moot Amadasu's request for an extension as well as his cross-motion for summary judgment.

Amadasu filed a notice of appeal and has moved for a free copy of the transcript of the December 11, 2006, hearing, as well as of an alleged deposition on March 28, 2002. His statement of substantial issues includes the defendants' failure to cooperate in discovery and judicial bias. He also moves for a stay of the briefing schedule and for miscellaneous relief. The defendants have filed a motion to dismiss the appeal for lack of jurisdiction due to Amadasu's failure to file objections to a magistrate judge's report and recommendation. This court has not yet issued a briefing schedule in this case, nor has any party tendered a brief.

Before considering the aforementioned motions, we note that this court has recently decided another appeal brought by Amadasu. *Amadasu v. Christ Hosp.*, No. 07-3224, 2008 WL 268690 (6th Cir. Feb. 1, 2008). Although Amadasu brought similar claims in the prior action, he named here a completely different group of defendants: Christ Hospital; Thomas Kemme; David Parlato; Sharon Evans; Janet Patterson; Sharyn Makrancy; Health Alliance of Greater Cincinnati Inc.; and Michael A. Roberts. The cases can be distinguished. Amadasu had been employed and discharged by Christ Hospital, in this proceeding he had sought employment without success at the Mercy Hospitals.

Upon review of the motions in the present case, we first deny the motion for a copy of the transcripts at the government's expense. *See* 28 U.S.C. § 753(f). Under 28 U.S.C. § 753(f), the United States shall pay the fees for transcripts provided to an individual with pauper status if the trial judge or circuit judge certifies that the appeal is not frivolous, but presents a substantial question.

*King v. Carmichael*, 268 F.2d 305, 306 (6th Cir. 1959). Conclusory allegations in support of a request for free transcripts do not satisfy these requirements. *See United States v. MacCollom*, 426 U.S. 317, 327 (1976) (holding a bare allegation of a claim is insufficient).

Here Amadasu fails to raise a substantial question on appeal. First, he does not contest that he failed to offer expert testimony, nor does he argue that it was an improper basis for dismissal. Second, he does not contest that his failure to cooperate in discovery, but merely attempts to argue that dismissal was inequitable because the defendants also failed to cooperate. Third, he refers only in passing to his failure to file objections and erroneously asserts that a district court must still review the transcripts when reviewing a magistrate judge's report. *See United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that a failure to file objections results in a waiver of the right to challenge a magistrate judge's findings). Finally, his assertion of judicial bias is conclusory and appears to be improperly based on dissatisfaction with court rulings. *See Liteky v. United States*, 510 U.S. 540, 551 (1994) (holding that judicial rulings rarely constitute a valid basis for recusal).

Next, we deny the defendants' motion to dismiss the appeal. "Motions to dismiss ordinarily may not be filed on grounds other than lack of jurisdiction." 6 Cir. R. 27(e)(1). Despite the defendants' assertion to the contrary, this court does not lack jurisdiction to consider an appeal where the appellant failed to file objections to the magistrate judge's report. "[T]he requirement of specific objections is procedural rather than jurisdictional . . . ." *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 714 (6th Cir. 2001).

This is the seventh case filed in this court by Mr. Amadasu.

They are, in addition to the present case, as follows:

Case No. 04-4241    *Amadasu v. Health Alliance of Greater Cincinnati, Inc.*
    A Rule 34 Panel affirmed the district court in an order of November 7, 2005. This was the order that provided the basis for the res judicata ruling in Case No. 07-3224.

Case No. 05-3222    *Amadasu v. Macheret, et al.*
    Rule 34 Panel disposition on December 7, 2005.

Case No. 05-3279    *Amadasu v. University Hospital, et al.*
    Rule 34 Panel disposition on August 8, 2006.

Case No. 06-3855    *Amadasu v. Donovan, et al.*
    Dismissed on November 27, 2006, for failure of the petitioner to file his appellate brief.

Case No. 06-4564    *Amadasu v. Donovan, et al.*
    Dismissed on June 22, 2007, for failure of the petitioner to file his appellate brief.

Case No. 07-3224    *Amadasu v. The Christ Hospital, et al.*
    Affirmed by published Rule 34 Opinion on February 1, 2008.

Accordingly, all pending motions are denied. The Clerk shall accept no further pleadings from Mr. Amadasu without approval from a panel of this court.